IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| **NuStar Farms, LLC, Anthony Nunes, Jr., and Anthony Nunes, III,**<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>**Ryan Lizza** and **Hearst Magazine Media, Inc.,**<br><br>　　　　　Defendants. | Case No. 5:20-cv-04003-CJW-MAR<br><br>**Defendants' Pre-Answer Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), and for a More Definite Statement Pursuant to Fed. R. Civ. P. 12(e)**<br><br>**(Telephonic Oral Argument Requested)** |

Defendants Ryan Lizza and Hearst Magazine Media, Inc. ("Defendants") hereby move (i) to dismiss the Complaint of Plaintiffs NuStar Farms, LLC ("NuStar"), Anthony Nunes, Jr. ("Anthony Jr."), and Anthony Nunes, III ("Anthony III"), *see* ECF No. 1 (the "Complaint"), pursuant to Fed. R. Civ. P. 12(b)(6), and, in the alternative, (ii) for a more definite statement pursuant to Fed. R. Civ. P. 12(e) because the Complaint's vague and ambiguous allegations prevent Defendants from reasonably preparing their answers and defenses.

In support of this Motion, Defendants state:

*Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)*

1.　　NuStar operates a dairy farm in Sibley, Iowa. Compl. ¶ 4. Anthony Jr. and Anthony III "manage the business of NuStar," with Anthony III running the farm's day-to-day operations. *Id.* ¶ 5. Anthony Jr. is the father of Devin Nunes, the California Congressman who currently represents the state's 22nd Congressional District and who serves as the ranking Republican member on the House Permanent Select Committee on Intelligence. Anthony III is Congressman Nunes's brother.

2. Plaintiffs initiated this action by filing a complaint with this Court on January 16, 2020. ECF No. 1 (the "Complaint"). The Complaint asserts one count of defamation against the Defendants based on 16 allegedly false statements in the *Esquire* article by Ryan Lizza entitled "*Devin Nunes's Family Farm Is Hiding a Politically Explosive Secret*," Sept. 30, 2018, *available at* https://www.esquire.com/news-politics/a23471864/devin-nunes-family-farm-iowa-california/ (the "Article"), true and correct copies of which are attached as Exhibits A and B to the accompanying March 23, 2020 declaration of Ravi V. Sitwala in Support of the Motion (the "Sitwala Declaration"). HMMI and Lizza both returned waivers of service forms, *see* ECF No. 6, and their deadline to answer, move, or otherwise respond to the Complaint is today, March 23, 2020.

3. The Complaint asserts one count of defamation based on 16 allegedly false statements in the Article. Based on the facts alleged in the Complaint, accepted as true for purposes of this Motion only, together with permitted references to (i) matters incorporated by reference or integral to the claims in the Complaint (such as the Article), and (ii) matters of public record, such as (a) a 2012 quarterly fundraising and expenditures report submitted by "King for Congress," Steve King's campaign for the United States Congress, a true and correct copy of which is attached as Exhibit C to the Sitwala Declaration, and (b) a report obtained from the Iowa Ethics and Campaign Disclosure Board's Web Reporting System's website reflecting Anthony Jr.'s contributions to the Osceola County Republican Central Committee, a true and correct copy of which is attached as Exhibit D to the Sitwala Declaration, Plaintiffs' Complaint lacks sufficient factual matter to state a claim for relief that is plausible on its face.

4. Plaintiffs have not pleaded facts that would make their otherwise-conclusory allegations of falsity (or lack of substantial truth) plausible. Plaintiffs' Complaint does not

2

explain why or how any of the 16 challenged statements are actionable, beyond simply quoting them and declaring them "false and defamatory." The Complaint does not provide any factual information as to what aspects of the statements—some of which are an entire paragraph in length—are false, and why that it so. Plaintiffs have therefore failed to carry their burden of pleading falsity with sufficient factual detail to make the allegation plausible, as required by *Twombly* and *Iqbal*.

5. Notwithstanding Plaintiffs' failure to satisfy Rule 8, none of the 16 challenged statements are actionable, each for one or more reasons. Most are not statements "of and concerning" Plaintiffs. Most are not defamatory; that is, the statements would not tend to injure any of Plaintiffs' reputations in the community. Several are actually or substantially true, as admitted in the Complaint; and the remainder are nonactionable opinions.

6. For these reasons, Plaintiffs' Complaint fails to state a claim upon which relief may be granted and Defendants are entitled to complete dismissal as a matter of law.

7. This Court therefore should dismiss Plaintiffs' lawsuit with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

*Motion for a More Definite Statement Pursuant to Fed. R. Civ. P. 12(e)*

8. In the alternative, the Court should, pursuant to Fed. R. Civ. P. 12(e), order Plaintiffs to plead a more definite statement. The Complaint provides no explanation as to (i) what aspect(s) of the challenged statements are supposedly false and defamatory, and (ii) what Plaintiffs allege the truth of the matters to be. While this failing warrants dismissal, should the Court decline to dismiss the Complaint, it should, at a minimum, require Plaintiffs to provide these explanations in order to allow Defendants to meaningfully respond.

\* \* \* \*

3

Case 5:20-cv-04003-CJW-MAR   Document 15   Filed 03/23/20   Page 3 of 8

9. Defendants contemporaneously file their request for overlength brief and ask that the Court consider its accompanying Brief in Support of this Motion pursuant to L.R. 7(d) upon grant of that request. The overlength brief request and its accompanying brief are conditionally incorporated here by this reference.

10. Defendants contemporaneously file the Declaration of Ravi V. Sitwala in Support of Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), and for a More Definite Statement Pursuant to Fed. R. Civ. P. 12(e), and incorporate it and its Exhibits A, B, C, and D here by this reference.

11. Because the matters in that Declaration and its Exhibits A, B, C, and D are quoted, referred to, or incorporated in the Complaint, or otherwise constitute official publications or other published matter that is self-authenticating and reliable, Defendants request that this Court take judicial notice of them and/or use and rely upon them as permitted by Fed. R. Civ. P. 12 as matters presented within the pleadings. *See, e.g.*, Fed. R. Evid. 201(c)(2) (permitting judicial notice upon request); *Stutzka v. McCarville*, 420 F.3d 757, 762 n.2 (8th Cir. 2005) (permitting judicial notice of public records); *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012) (permitting district court to consider materials that are "necessarily embraced by the pleadings" because they are not outside the pleadings and such matter includes "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading") (citing *Enervations, Inc. v. Minn. Mining & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004)); *Kushner v. Beverly Enters., Inc.*, 317 F.3d 820, 831 (8th Cir. 2003); *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996)).

12. Or, as this Court has held, "[i]n ruling on a Rule 12(b)(6) motion to dismiss, the Court may consider, in addition to the face of the complaint, 'matters incorporated by reference or integral to the claim, items subject to judicial notice, *matters of public record*, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned.'" *Lee v. Lincoln Nat'l Life Ins. Co.*, No. 18-CV-2063-CJW, 2018 WL 5660553, at *2 (N.D. Iowa Oct. 31, 2018) (Williams, J.) (emphasis added) (quoting *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012)).

13. Pursuant to Fed. R. Civ. P. 12(a)(4)(A), Defendants will defer filing any Answer and Affirmative Defenses until after the Court rules on this Pre-Answer Motion, unless the Court orders otherwise.

14. Defendants request that the Court grant them 14 days to file their Answer and Affirmative Defenses to those portions of the Complaint remaining, if any, after the Court's ruling on this Motion.

15. Good cause exists for oral argument on Defendants' Pre-Answer Motion because, among other things:

    a. The Motion raises numerous issues concerning the law of libel, the elements of which have been constitutionalized over the last 56 years to protect media defendants' important First Amendment rights.

    b. Each of the 16 allegedly defamatory statements presented in the Amended Complaint suffer from various infirmities, and Defendants anticipate that the Court would benefit from a discussion concerning the application of libel law to the challenged statements.

c. In the Complaint, Plaintiffs allege, in conclusory fashion, that all 16 challenged statements are "false," without any explanation as to how or why any of the statements are in fact false (or, at least, not substantially true). The raises issues an issue that, to the best of Defendants' research, is one of first impression in this Court: The application of the pleading standards under *Iqbal* and *Twombly* to Plaintiffs' obligation, under the First Amendment and Iowa common law, to plead (and ultimately prove) that the challenged statements are not substantially true.

16. Therefore, pursuant to L.R. 7(c), Defendants request the opportunity to be heard orally on this Pre-Answer Motion.

WHEREFORE, Defendants Ryan Lizza and Hearst Magazine Media, Inc. respectfully request that this Court, in reliance upon all of the pleadings, proceedings, filings, and matters properly before the Court on judicial notice or otherwise and based on the accompanying briefing, (i) dismiss the Complaint in its entirety and with prejudice; or, in the alternative, (ii) order that Plaintiffs replead with a more definite statement pursuant to Fed. R. Civ. P. 12(e).

*[signature block on next page]*

March 23, 2020

**Ryan Lizza and Hearst Magazine Media, Inc.,
Defendants**

By: /s/ Jonathan R. Donnellan
Jonathan R. Donnellan, *Lead Counsel*\*
  *jdonnellan@hearst.com*
Ravi V. Sitwala\*
  *rsitwala@hearst.com*
Nathaniel S. Boyer\*
  *nathaniel.boyer@hearst.com*
THE HEARST CORPORATION
Office of General Counsel
300 West 57th Street
New York, New York 10019
Telephone: (212) 841-7000
Facsimile: (212) 554-7000
*\*Admitted Pro Hac Vice*

Michael A. Giudicessi
  *michael.giudicessi@faegrebd.com*
Nicholas A. Klinefeldt
  *nick.klinefeldt@faegrebd.com*
Susan P. Elgin
  *susan.elgin@faegrebd.com*
FAEGRE DRINKER BIDDLE & REATH LLP
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309-8003
Telephone: (515) 248-9000
Facsimile: (515) 248-9010

*Attorneys for Defendants*

**Certificate of Service**

      The undersigned certifies that a true copy of **Defendants' Pre-Answer Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), and for a More Definite Statement Pursuant to Fed. R. Civ. P. 12(e) (Telephonic Oral Argument Requested)** was served upon the following parties through the court's CM/ECF electronic filing system on March 23, 2020.

                                                                       /s/  Jonathan R. Donnellan

Copy to:
      Joseph M. Feller
       *jfeller@kkfellerlaw.com*
      Steven S. Biss
       *stevenbiss@earthlink.net*
      *Attorneys for Plaintiff*