IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| NuStar Farms, LLC, Anthony Nunes, Jr., and Anthony Nunes, III, <br><br> Plaintiffs, <br><br> v. <br><br> Ryan Lizza and Hearst Magazine Media, Inc., <br><br> Defendants. | Case No. 5:20-cv-04003-CJW-MAR <br><br> **Defendants' Reply Brief in Further Support of Their Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), and for a More Definite Statement Pursuant to Fed. R. Civ. P. 12(e)** |

Defendants Ryan Lizza and Hearst Magazine Media, Inc. respectfully submit this reply brief in further support of their pre-answer motion to dismiss or strike the Complaint filed in this case by Plaintiffs, *see* ECF No. 1, and in reply to Plaintiffs' Resistance and Memorandum in Opposition to the Motion, *see* ECF No. 20 (the "Resistance" or "Res.").[1]

---

[1] Except where defined herein, all capitalized terms in this reply brief have the same definition as in Defendants' opening brief, *see* ECF No. 18 ("Opening Brief" or "Opening Br.").

**Table of Contents**

Argument ..................................................................................................................................1

    I.       Plaintiffs' Complaint Should be Dismissed.............................................................1

           A.      Plaintiffs Cannot State a Claim Based Only on Their Perceived Gist of the Article........................................................................................1

           B.      Plaintiffs Fail to Plead Facts Supporting Their Sole Claim of Falsity........................................................................................................1

           C.      Plaintiffs' Resistance Ignores the Remaining 15 Challenged Statements ................................................................................................3

    II.      Should the Complaint Not Be Dismissed, the Court Should Order Plaintiffs to Replead with a More Definite Statement .............................................5

Conclusion ...............................................................................................................................5

## Table of Authorities

**Page(s)**

**Cases**

*Abbas v. Foreign Policy Grp., LLC*,
    783 F.3d 1328 (D.C. Cir. 2015)...................................................................................5

*Bierman v. Weier*,
    826 N.W.2d 436 (Iowa 2013) ........................................................................................2

*Chapin v. Knight-Ridder, Inc.*,
    993 F.2d 1087 (4th Cir. 1993) .......................................................................................5

*Jones v. Palmer Commc'ns, Inc.*,
    440 N.W.2d 884 (Iowa 1989) ........................................................................................1

*Kent v. Iowa*,
    651 F. Supp. 2d 910 (S.D. Iowa 2009) ..........................................................................1

*Lundell Mfg. Co. v. Am. Broad. Cos., Inc.*,
    98 F.3d 351 (8th Cir. 1996) ...........................................................................................2

*Mills v. State*,
    924 F. Supp. 2d 1016 (S.D. Iowa 2013) ........................................................................4

*Stahl v. Big Lots Stores, Inc.*,
    No. 06-CV-1026-LRR, 2007 WL 3376707 (N.D. Iowa Nov. 7, 2007).........................1

*Tannerite Sports, LLC v. NBCUniversal News Group*,
    864 F.3d 236 (2d Cir. 2017)......................................................................................2, 4

*Yates v. Iowa W. Racing Ass'n*,
    721 N.W.2d 762 (Iowa 2006) ...................................................................................2, 4

Plaintiffs have abandoned 15 of the 16 allegedly defamatory statements set out in their Complaint. Compl. ¶ 14. Their late-filed Resistance[1] focuses only on the Article's reporting concerning Plaintiffs' hiring of undocumented laborers, but ignores Defendants' arguments for dismissal of that claim. Rather than pleading facts showing that this reporting is false, Plaintiffs simply dispute whether Lizza had reliable sources. Not only is this argument itself unsupported by any pleaded facts, it misses the point and reveals the true intent of this case, which is to uncover Lizza's sources in violation of the First Amendment.

## Argument

**I.     Plaintiffs' Complaint Should be Dismissed.**

**A. Plaintiffs Cannot State a Claim Based Only on Their Perceived Gist of the Article.**

A defamation claim must be rooted in the actual published statements—Iowa law does not permit a free-floating defamation claim divorced from any challenged statements.[2] *See Kent v. Iowa*, 651 F. Supp. 2d 910, 964 (S.D. Iowa 2009) (dismissing defamation claim where plaintiffs pleaded "generic and unspecific assertions" but "fail[ed] to identify any specific [defamatory] statements"; the Court was "hard pressed to determine that any . . . statement [was] defamatory" and considered only specific published statements). Plaintiffs' attempt to avoid having to address particular statements in the Article by claiming to dispute the Article's "gist" should be rejected as a matter of law. Res. 6.

**B. Plaintiffs Fail to Plead Facts Supporting Their Sole Claim of Falsity.**

While Plaintiffs purport to challenge the "gist" of the Article that "Plaintiffs employ

---

[1]     Plaintiffs' Resistance was filed a day late without leave of the Court. That is reason enough to grant the Motion in full. *See Stahl v. Big Lots Stores, Inc.*, No. 06-CV-1026-LRR, 2007 WL 3376707, at *2 (N.D. Iowa Nov. 7, 2007).

[2]     It is certainly true that an article must be considered as whole and in context, Res. 5, but that means that the *actual challenged statements* must be considered in that context. *See Jones v. Palmer Commc'ns, Inc.*, 440 N.W.2d 884, 892 (Iowa 1989).

undocumented labor on their dairy farm," Res. 6, they never join issue with any of the arguments that Defendants raise in their Opening Brief regarding this issue.  First, Plaintiffs do not dispute that this statement is only "of and concerning" NuStar, not Anthony Jr. or Anthony III.  Opening Br. 20.  Second, Plaintiffs have not challenged other related statements in the Article, including statements from (i) a source who said he or she has "been [to NuStar] and br[ought] illegal people,'" and (ii) "an undocumented immigrant" who said he or she "worked at NuStar for several years."  Opening Br. 21.  As these are unchallenged, it follows that the challenged statement must be substantially true.  *Id.* (citing case law).

Third, Plaintiffs ignore *Tannerite Sports, LLC v. NBCUniversal News Group*, which holds that, because "falsity—or lack of substantial truth—is an element of a . . . defamation claim," "a plaintiff must plead facts demonstrating falsity to prevail on a motion to dismiss the complaint in federal court."  864 F.3d 236, 247 (2d Cir. 2017); Opening Br. 6-7 (collecting cases).  This applies the *Twombly/Iqbal* pleading requirement to Plaintiffs' Constitutional and common law burden to plead falsity.  Opening Br. 8.  Instead, Plaintiffs attempt to sidestep the issue by arguing that they need not plead falsity or lack of substantial truth.  Res. 7 n.3.  Not so.  *See Bierman v. Weier*, 826 N.W.2d 436, 443 (Iowa 2013) ("When the defendant is a media defendant, . . . presumptions of fault, falsity, and damages are not permissible . . . .").  And because "[s]light inaccuracies of expression are immaterial provided the defamatory charge is true in substance," *Yates v. Iowa W. Racing Ass'n*, 721 N.W.2d 762, 769-70 (Iowa 2006) (citation omitted), Plaintiffs must plead and prove that the statement is not substantially true, *Lundell Mfg. Co. v. Am. Broad. Cos., Inc.*, 98 F.3d 351, 359 (8th Cir. 1996).

The Resistance belies the ways in which the Complaint fails to plead facts supporting falsity.  Plaintiffs claim that "[t]he falsity of Defendants' statement *may be* proven by NuStar's

business records and course of dealing," Res. 10 (emphasis added), but the Complaint fails to describe NuStar's relevant business records or practices. Plaintiffs claim that they will provide relevant testimony, Res. 10-11, but the Resistance says nothing about what Anthony Jr. and Anthony III will testify to concerning the issue of undocumented laborers. Most remarkably: Plaintiffs acknowledge that the Article's reporting regarding undocumented workers "*may be proven or disproven* by evidence," Res. 10 (emphasis added), suggesting they have no reason to believe that the evidence will support their conclusory allegation of falsity. The Complaint does not specify whether Plaintiffs are claiming they have never hired undocumented workers, do not currently do so, have not knowingly done so, or something else—and the Resistance makes no attempt to paper over that fatal deficiency, which was front-and-center in Defendants' Motion.

The only aspect of the undocumented workers statement that Plaintiffs address in their Resistance is Lizza's sourcing: "Plaintiffs challenge whether there were any real 'sources' and whether those 'sources,' if any, were reliable." Res. 7. Setting aside that this is conclusory— Plaintiffs proffer no reason to believe that Lizza fabricated his sources or that his sources were unreliable—this is a misdirection. Challenging the strength of the sourcing for a statement is not the same as saying that the statement itself is false. Plaintiffs' fixation on the identity of Defendants' sources—taken together with Plaintiffs' inability and/or unwillingness to explain *how* or *why* the Article's reporting regarding NuStar's hiring of undocumented laborers is false—leads Defendants to believe that this lawsuit is a veiled attempt to discover the identity of Lizza's confidential sources. If so, that would be antithetical to First Amendment interests, and all the more reason to insist that Plaintiffs satisfy their burden under *Twombly/Iqbal*.

### C. Plaintiffs' Resistance Ignores the Remaining 15 Challenged Statements.

Plaintiffs make no meaningful effort to argue that any of the other 15 challenged statements are actionable. They do not even dispute their failure to "plead facts demonstrating

3

falsity," as required to survive a motion to dismiss. *Tannerite Sports*, 864 F.3d at 247.

Beyond that, Plaintiffs argue that all 15 challenged statements are "of and concerning" them because their "names and references . . . are all over the" Article. Res. 8. Plaintiffs cite nothing for this proposition; the fact that some statements in the Article might be "of and concerning" Plaintiffs does not mean that all statements in the Article are "of and concerning" them. Revealingly, Plaintiffs argue that the Article was "intended to injure *Congressman Nunes*," Res. 11 (emphasis added), which—accepting that as true for the purposes of this Motion—further undermines any suggestion that the Article is "of and concerning" any or all of Plaintiffs.

Similarly, Plaintiffs argue that "Defendants' [s]tatements [a]re [n]ot [p]ure [o]pinion," Res. 9—but the only statement they then address is the statement concerning NuStar's use of undocumented laborers, which Defendants did *not* argue is a statement of opinion in their Motion. *Compare* Opening Br. 20-21, *with* Res. 10. Plaintiffs also argue that the statement that Anthony Jr. "was seemingly starting to panic" is not protected opinion because it "is capable of objective proof." Res. 6 & 11 n.4. Plaintiffs cite nothing for this proposition, and plainly this is a subjective inquiry; two people can look to the same conduct and reach different but reasonable conclusions as to whether the conduct evinces "panic," *see Mills v. State*, 924 F. Supp. 2d 1016, 1033 (S.D. Iowa 2013) (dismising claims where it would be "entirely reasonable for some jurors to believe, and for some to disbelieve" the challeged statements),[3] and Plaintiffs offer no metrics

---

[3] Plaintiffs also do not dispute that "Anthony Jr. . . . had called the newspaper and demanded that the editors take the nine-year-old story down," and "Anthony Jr. allegedly said that he was hiring a lawyer and that he was convinced that his dairy would soon be raided by ICE." Sitwala Decl, Exs. A, B. These are the disclosed facts on which the opinion that Anthony Jr. was "panicking" are based. *Yates*, 721 N.W.2d at 773 (nonactionable opinion where defendant "disclos[ed] of the facts underlying his statement of 'substandard and poor performers,' facts that [the plaintiff] conceded were true").

4

by which one could objectively assess whether in fact Anthony Jr. was "panicking."[4]

Beyond that, Plaintiffs dispute that the Article is a work of literary journalism, Res. 4 n.1, but do not explain why that characterization is inaccurate. They also argue that the Court should ignore the Article's literary journalism format because (i) Plaintiffs do not describe it as such in their Complaint, Res. 11, and (ii) "[t]he 'style' employed by Defendants . . . is irrelevant to the Court's analysis of Defendants' motion to dismiss," Res. 4 n.1 (emphasis omitted). The Court can consider the Article itself, as the Complaint incorporates it. Mot. 2. And the tenor and tone of the Article as a whole is part of the context that must be considered. Opening Br. 13.

## II. Should the Complaint Not Be Dismissed, the Court Should Order Plaintiffs to Replead with a More Definite Statement.

As argued in the Opening Brief, "the Complaint provides no explanation as to (i) what aspect(s) of each statement is supposedly false and defamatory, and (ii) what Plaintiffs allege the truth of the matter to be." Opening Br. 23. In their Resistance, Plaintiffs argue that "[i]t is obvious from a review of paragraphs 14, 15, 19 and 20 [of the Complaint] what aspects of the challenged statements are false," Res. 13—but they do not explain how that is so. These paragraphs contain no explanation as to how or why any of the challenged statements are false. While this should warrant dismissal, at the very least a more definite pleading would help the parties and the Court understand whether there are dispositive threshold questions to which the challenged statements may be susceptible. Opening Br. 24.

### Conclusion

For the reasons stated above and the Opening Brief, the Motion should be granted in full.

---

[4] Plaintiffs argue that the question, "Is it possible the Nuneses have nothing to be seriously concerned about?," "implies that Plaintiffs do indeed have something to be concerned about." Res. 10. Plaintiffs cite nothing for this proposition, and do not distinguish or address precedent to the contrary. *See Abbas v. Foreign Policy Grp., LLC*, 783 F.3d 1328, 1338 (D.C. Cir. 2015) (Kavanaugh, J.); *Chapin v. Knight-Ridder, Inc.*, 993 F.2d 1087, 1094 (4th Cir. 1993).

April 14, 2020

**Ryan Lizza and Hearst Magazine Media, Inc., Defendants**

By: /s/ Jonathan R. Donnellan
Jonathan R. Donnellan, *Lead Counsel*\*
 jdonnellan@hearst.com
Ravi V. Sitwala\*
 rsitwala@hearst.com
Nathaniel S. Boyer\*
 nathaniel.boyer@hearst.com
THE HEARST CORPORATION
Office of General Counsel
300 West 57th Street
New York, New York 10019
Telephone: (212) 841-7000
Facsimile: (212) 554-7000
*\*Admitted Pro Hac Vice*

Michael A. Giudicessi
 michael.giudicessi@faegrebd.com
Nicholas A. Klinefeldt
 nick.klinefeldt@faegrebd.com
Susan P. Elgin
 susan.elgin@faegrebd.com
FAEGRE DRINKER BIDDLE & REATH LLP
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309-8003
Telephone: (515) 248-9000
Facsimile: (515) 248-9010

*Attorneys for Defendants*

**Certificate of Service**

    The undersigned certifies that a true copy of **Defendants' Reply Brief in Further Support of Their Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), and for a More Definite Statement Pursuant to Fed. R. Civ. P. 12(e)** was served upon the following parties through the court's CM/ECF electronic filing system on April 14, 2020.

                                                         /s/ Jonathan R. Donnellan
Copy to:                                            Jonathan R. Donnellan

    Joseph M. Feller
     *jfeller@kkfellerlaw.com*
    Steven S. Biss
     *stevenbiss@earthlink.net*

    *Attorneys for Plaintiff*