IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

|  |  |
|---|---|
| **NuStar Farms, LLC, Anthony Nunes, Jr., and Anthony Nunes, III,** | Case No. 5:20-cv-04003-CJW-MAR |
| Plaintiffs, | **Defendants' Pre-Answer Motion to Dismiss the Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)** |
| v. | |
| **Ryan Lizza** and **Hearst Magazine Media, Inc.,** | **(Telephonic Oral Argument Requested)** |
| Defendants. | |

Defendants Ryan Lizza and Hearst Magazine Media, Inc. ("Defendants") hereby move to dismiss the Amended Complaint of Plaintiffs NuStar Farms, LLC ("NuStar"), Anthony Nunes, Jr. ("Anthony Jr."), and Anthony Nunes, III ("Anthony III"), *see* ECF No. 28 (the "Amended Complaint"), pursuant to Fed. R. Civ. P. 12(b)(6).

In support of this Motion, Defendants state:

1. NuStar operates a dairy farm in Sibley, Iowa. Am. Compl. ¶ 4. Anthony Jr. and Anthony III "manage the business of NuStar," with Anthony III running the farm's day-to-day operations. Am. Compl. ¶ 5. Anthony Jr. is the father of Devin Nunes, the California Congressman who currently represents the state's 22nd Congressional District and who serves as the ranking Republican member on the House Permanent Select Committee on Intelligence. Anthony III is Congressman Nunes's brother.

2. Plaintiffs initiated this action by filing a complaint with this Court on January 16, 2020. ECF No. 1. Defendants moved to dismiss the complaint or, in the alternative, for a more definite statement. On May 12, 2020, the Court granted Defendants' motion for a more definite

statement, giving Plaintiffs leave to file an amended complaint by May 26, 2020. *See* ECF No. 27 (the "Order"). On May 24, 2020, Plaintiffs filed the Amended Complaint.

3. The Amended Complaint asserts one count of defamation against the Defendants based on 14 allegedly false statements and one allegedly false implication in the *Esquire* article by Ryan Lizza entitled "*Devin Nunes's Family Farm Is Hiding a Politically Explosive Secret*," Sept. 30, 2018, *available at* https://www.esquire.com/news-politics/a23471864/devin-nunes-family-farm-iowa-california/ (the "Article"), true and correct copies of which are attached as Exhibits A and B to the accompanying June 22, 2020 declaration of Ravi V. Sitwala in Support of the Motion (the "Sitwala Declaration"). HMMI and Lizza's deadline to answer, move, or otherwise respond to the Amended Complaint is today, June 22, 2020. *See* ECF No. 30.

4. Based on the facts alleged in the Amended Complaint, accepted as true for purposes of this Motion only, together with permitted references to (i) matters incorporated by reference or integral to the claims in the Amended Complaint (such as the Article and an article in the published in a trade publication, the *Dairy Star*), and (ii) matters of public record and/or materials of which the Court can take judicial notice (such as (a) a government record reflecting a deed of transfer of real property in Tulare County, California, (b) an obituary published in a newspaper, and (c) initial disclosures), Plaintiffs have failed to state an actionable claim for defamation. None of the 14 challenged statements are actionable, because they are not "of and concerning" Plaintiffs, are not defamatory, are literally or substantially true, and/or are nonactionable opinions. Moreover, the Article does not support the one alleged implication, and Plaintiffs have failed to satisfy their burden of pleading that the author intended or endorsed the alleged implication.

5. An additional, independent ground to dismiss the Amended Complaint in its

entirety is that Plaintiffs are involuntary public figures who have failed to plead Constitutional "actual malice"—that is, they have failed to plausibly allege, with sufficient factual matter, that Defendants made any of the challenged statements with knowledge of their falsity or reckless disregard of falsity.

6. Plaintiffs are involuntary public figures because, according to the Amended Complaint, they are "collateral damage" in the Article, which is really about Congressman Nunes and which was a matter of substantial interest to Congressman Nunes's "agricultural and Republican" "voter bases." *See* Am. Compl. ¶¶ 14, 15. Congressman Nunes is certainly subject to the actual malice standard, as he is the quintessential "public official" under *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964). Plaintiffs—immediate relatives of Congressman Nunes who are inextricably intertwined with the substantial public controversy that is the subject of the Article—should be compelled to satisfy the same high burden of pleading and proof. Otherwise, the press would feel compelled to self-censor on important matters concerning public officials where, as here, a private individual is an unavoidable part of an important report about the official's activities or misdeeds. Because Plaintiffs have failed to plead actual malice with sufficient facts to make the allegation plausible, their claim must be dismissed.

7. For these reasons, Plaintiffs' Amended Complaint fails to state a claim upon which relief may be granted and Defendants are entitled to complete dismissal as a matter of law.

8. This Court therefore should dismiss Plaintiffs' lawsuit with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

9. Defendants contemporaneously file their request for overlength brief and ask that the Court consider its accompanying Brief in Support of this Motion pursuant to L.R. 7(d) upon

grant of that request. The overlength brief request and its accompanying brief are conditionally incorporated here by this reference.

10. Defendants contemporaneously file the Declaration of Ravi V. Sitwala in Support of Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), and for a More Definite Statement Pursuant to Fed. R. Civ. P. 12(e), and incorporate it and its Exhibits A, B, C, D, E, and F here by this reference.

11. Because the matters in that Declaration and its Exhibits A, B, C, D, E, and F are quoted, referred to, or incorporated in the Amended Complaint, or otherwise constitute official publications or other published matter that is self-authenticating and reliable, Defendants request that this Court take judicial notice of them and/or use and rely upon them as permitted by Fed. R. Civ. P. 12 as matters presented within the pleadings. *See, e.g.*, Fed. R. Evid. 201(c)(2) (permitting judicial notice upon request); *Stutzka v. McCarville*, 420 F.3d 757, 762 n.2 (8th Cir. 2005) (permitting judicial notice of public records); *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012) (permitting district court to consider materials that are "necessarily embraced by the pleadings" because they are not outside the pleadings and such matter includes "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading") (citing *Enervations, Inc. v. Minn. Mining & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004); *Kushner v. Beverly Enters., Inc.*, 317 F.3d 820, 831 (8th Cir. 2003); *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996)); *Wilson v. Gordon & Wong Law Grp., P.C.*, No. 2:13-CV-00609-MCE-KJN, 2013 WL 6858975, at *4 (E.D. Cal. Dec. 24, 2013) (court may take judicial notice of an obituary); *United States v. Beeman*, No. 1:10-CV-237-SJM, 2011 WL 3021789, at *3 (W.D. Pa. July 22, 2011) (same); *Amin v. Mercedes-Benz USA, LLC*, 349 F. Supp. 3d 1338, 1346 (N.D. Ga. 2018) (taking

judicial notice of initial disclosures); *Thomas v. Abbott Labs.*, No. CV-12-07005-MWF (CWx), 2014 WL 4197494, at *3 (C.D. Cal. Jul. 29, 2014) (same).

12. Or, as this Court has held, "[i]n ruling on a Rule 12(b)(6) motion to dismiss, the Court may consider, in addition to the face of the complaint, 'matters incorporated by reference or integral to the claim, items subject to judicial notice, *matters of public record*, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned.'" *Lee v. Lincoln Nat'l Life Ins. Co.*, No. 18-CV-2063-CJW, 2018 WL 5660553, at *2 (N.D. Iowa Oct. 31, 2018) (Williams, J.) (emphasis added) (quoting *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012)).

13. Pursuant to Fed. R. Civ. P. 12(a)(4)(A), Defendants will defer filing any Answer and Affirmative Defenses until after the Court rules on this Pre-Answer Motion, unless the Court orders otherwise.

14. Defendants request that the Court grant them 14 days to file their Answer and Affirmative Defenses to those portions of the Amended Complaint remaining, if any, after the Court's ruling on this Motion.

15. Good cause exists for oral argument on Defendants' Pre-Answer Motion because, among other things:

    a. The Motion raises numerous issues concerning the law of libel, the elements of which have been constitutionalized over the last 56 years to protect media defendants' important First Amendment rights.

    b. Each of the 14 allegedly defamatory statements presented in the Amended Complaint suffer from various infirmities, and Defendants anticipate that

the Court would benefit from a discussion concerning the application of libel law to the challenged statements.

c. Defendants' argument that Plaintiffs are involuntary public figures appears to be a matter of first impression for the federal courts of the Eighth Circuit, and has not been addressed by the Eighth Circuit Court of Appeals. Defendants submit that the Court would be benefit from oral argument concerning this matter of first impression.

16. Therefore, pursuant to L.R. 7(c), Defendants request the opportunity to be heard orally on this Pre-Answer Motion.

WHEREFORE, Defendants Ryan Lizza and Hearst Magazine Media, Inc. respectfully request that this Court, in reliance upon all of the pleadings, proceedings, filings, and matters properly before the Court on judicial notice or otherwise and based on the accompanying briefing, (i) dismiss the Amended Complaint in its entirety and with prejudice; or, in the alternative, (ii) order that Plaintiffs replead with a more definite statement pursuant to Fed. R. Civ. P. 12(e).

*[signature block on next page]*

6

Case 5:20-cv-04003-CJW-MAR   Document 33   Filed 06/22/20   Page 6 of 8

June 22, 2020

**Ryan Lizza and Hearst Magazine Media, Inc., Defendants**

By:   /s/ Jonathan R. Donnellan
Jonathan R. Donnellan, *Lead Counsel*\*
 *jdonnellan@hearst.com*
Ravi V. Sitwala\*
 *rsitwala@hearst.com*
Nathaniel S. Boyer\*
 *nathaniel.boyer@hearst.com*
THE HEARST CORPORATION
Office of General Counsel
300 West 57th Street
New York, New York 10019
Telephone: (212) 841-7000
Facsimile: (212) 554-7000
*\*Admitted Pro Hac Vice*

Michael A. Giudicessi
 *michael.giudicessi@faegrebd.com*
Nicholas A. Klinefeldt
 *nick.klinefeldt@faegrebd.com*
Susan P. Elgin
 *susan.elgin@faegrebd.com*
FAEGRE DRINKER BIDDLE & REATH LLP
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309-8003
Telephone: (515) 248-9000
Facsimile: (515) 248-9010

*Attorneys for Defendants*

## Certificate of Service

The undersigned certifies that a true copy of **Defendants' Pre-Answer Motion to Dismiss the Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)** was served upon the following parties through the court's CM/ECF electronic filing system on June 22, 2020.

/s/  Jonathan R. Donnellan

Copy to:
    Joseph M. Feller
     *jfeller@kkfellerlaw.com*
    Steven S. Biss
     *stevenbiss@earthlink.net*
    *Attorneys for Plaintiff*