Exhibit F

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
Western Division

NUSTAR FARMS, LLC                  )
        et al                      )
                                   )
        Plaintiffs,                )
                                   )
v.                                 )        Case No. C20-4003-CJW-MAR
                                   )
                                   )
RYAN LIZZA                         )
        et al                      )
                                   )
        Defendants.                )
_____)

# PLAINTIFFS' RULE 26(a)(1) DISCLOSURES

Plaintiffs, NuStar Farms, LLC, Anthony Nunes, Jr. and Anthony Nunes, III ("Plaintiffs"), by counsel, pursuant to Rule 26(a)(1) Fed. R. Civ. Pro. ("FRCP"), provide the following Disclosures:

1.      *Individuals Likely to Have Discoverable Information*.      The following persons are likely to have discoverable information that the Plaintiffs may use to support the facts and allegations in his Complaint [*ECF Document 1*]:

        a.      Plaintiffs, c/o Steven S. Biss, Esquire.  Plaintiffs and their family members, including Lori Nunes, have knowledge and information relevant to all facts, allegations and claims stated in his Complaint as it may be amended, including, without limitation, Lizza's actions while in Sibley, Defendants' publication of false and defamatory statements, the republication of those statements, Defendants' actual malice, and the presumed damages and actual damages, including insult, pain, embarrassment,

1

humiliation, mental suffering, and injury to his reputation, caused by the Defendants' defamation and conspiracy.

b. <u>Sibley Citizens</u>. Citizens of Sibley identified in the Lizza Hit Piece have knowledge of Lizza's statements and actions while in Sibley.

c. <u>Devin G. Nunes</u>, c/o Steven S. Biss, Esquire. Devin Nunes has knowledge and information relevant to all facts, allegations and claims stated in his Amended Complaint filed in Case C19-4064 as it may be amended, including, without limitation, Defendants' publication of false and defamatory statements, the republication of those statements, Defendants' actual malice, and the presumed damages and actual damages, including insult, pain, embarrassment, humiliation, mental suffering, and injury to his reputation, caused by the Defendants' defamation and conspiracy.

d. <u>Mollie Hemingway</u>,

https://twitter.com/MZHemingway?ref_src=twsrc%5Egoogle%7Ctwcamp%5Eserp%7Ctwgr%5Eauthor; https://thefederalist.com/author/mzhemingway/. Hemingway has knowledge of the falsity of Defendants' statements in the Lizza Hit Piece and Lizza's actual malice towards Plaintiff.

e. <u>Ryan Lizza and Esquire</u>, c/o Counsel of Record. Lizza and Esquire (Hearst) have knowledge and information relevant to all facts, allegations and claims stated in Plaintiff's Complaint, including, without limitation, Lizza's conspiracy to publish false and defamatory statements, the publication and republication of the Lizza Hit Piece, actual malice, and the damage caused to Plaintiff by the defamation. Lizza and Esquire (Hearst) also have knowledge of their respective audiences, reach and the breadth

2

of the publication and republications at issue in this case, both online and via various Twitter properties.

f.    Jay Fielden, https://twitter.com/jayfielden?lang=en.    Fielden has knowledge of the editing and publication of the Lizza Hit Piece.

g.    Olivia Nuzzi, Washington, D.C.

https://twitter.com/Olivianuzzi?ref_src=twsrc%5Egoogle%7Ctwcamp%5Eserp%7Ctwgr%5Eauthor.  Nuzzi has knowledge of Lizza's false and defamatory statements, his actual malice, publication of the Lizza Hit Piece, conspiracy with Lizza to defame Plaintiff, and communications with Lizza about the Lizza Hit Piece and this case.

h.    Cable News Network, Inc. (CNN), c/o Dana Nolan, Dana.Nolan@turner.com.  CNN has knowledge of the publication and republication of Lizza's false and defamatory statements.  CNN also has knowledge of Lizza's employment as an "analyst" and of communications with Lizza about Plaintiff and the Lizza Hit Piece.

i.    The New Yorker, https://www.newyorker.com/.  The New Yorker has knowledge of Lizza's employment prior to Esquire (Hearst) and the sexual misconduct allegations that led to Lizza's termination.

j.    Twitter Users.  Users of Twitter identified in Plaintiffs' complaint have knowledge of the publication of the Lizza Hit Piece and its defamatory meaning.

2.    *Documents*.    Plaintiff will use the following documents to support his claims:

a.    All documents identified and referred to in the parties' pleadings;

b.    All documents produced in discovery by the parties;

3

c.     All documents produced by third-parties, including, without limitation, CNN, in response to Rule 45 Subpoenas and FOIA requests.

All documents will be produced electronically upon request in PDF or in native format.

3.     *Computation of Damages*.     Plaintiffs compute their damages caused by Defendants' defamation as follows:

A.     Insult – including pain, embarrassment, humiliation, and mental suffering in the sum of **$25,000,000.00**.

B.     Injury to Business/Reputation – in the sum of **$25,000,000.00**.

C.     Prejudgment Interest – interest on the principal sum awarded by the Jury from January 16, 2020 until the date Judgment is entered at the maximum rate under Iowa law.

D.     Punitive Damages – in the amount of **$10,000,000.00**.

E.     Costs – **$400**.

Defendants' publication and republication of false factual statements have caused Plaintiffs to continuously suffer emotional distress, anxiety, fear of ICE raids and prosecution, fear that the defaming remarks have reached family and others in the farming community, loss of standing and credibility, fear that they will never be able to clear their names and restore their reputations, fear that they will be forever and permanently the subject of personal attacks and attacks on Twitter, fear for personal safety as a result of answering machine messages (see attached), disruption to their business, irritability, sleeplessness, and lack of concentration.

In determining the damages claimed in this action, Plaintiffs have taken into consideration all of the circumstances surrounding the Defendants' statements, the

4

occasion on which they were made and the extent of the publications and republications, the nature and character of the insult, the probable effect on those who read and heard the statements, and the probable and natural effect upon the Plaintiffs' personal feelings and upon his standing in the community and in business.

4. _Insurance Agreement_.  Plaintiffs do not yet know if there is an insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment against Defendants or to indemnify or reimburse for payments made to satisfy such judgment.

Plaintiffs reserve the right to amend and supplement their Rule 26(a)(1) Disclosures in accordance with the Rule 26 FRCP.


DATED:        April 14, 2020


Signature of Counsel on Next Page

NUSTAR FARMS, LLC
ANTHONY NUNES, JR.
ANTHONY NUNES, III


By:___*/s/ Steven S. Biss*_____
      Steven S. Biss (VSB # 32972)
      300 West Main Street, Suite 102
      Charlottesville, Virginia 22903
      Telephone:    (804) 501-8272
      Facsimile:    (202) 318-4098
      Email:      stevenbiss@earthlink.net
      (*Admitted Pro Hac Vice*)

      Joseph M. Feller, Esquire
      (Iowa State Bar No. AT0002512)
      Koopman, Kennedy & Feller
      823 3rd Avenue
      Sibley, Iowa 51249
      Telephone:    (712) 754-4654
      Facsimile:    (712) 754-2507
      jfeller@kkfellerlaw.com

      *Counsel for the Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2020 a copy of the foregoing was served via email in PDF on counsel for the Defendants.

By: ___/s/ Steven S. Biss_____
    Steven S. Biss (VSB # 32972)
    300 West Main Street, Suite 102
    Charlottesville, Virginia 22903
    Telephone:    (804) 501-8272
    Facsimile:    (202) 318-4098
    Email:        stevenbiss@earthlink.net
    (*Admitted Pro Hac Vice*)

    Joseph M. Feller, Esquire
    (Iowa State Bar No. AT0002512)
    Koopman, Kennedy & Feller
    823 3rd Avenue
    Sibley, Iowa 51249
    Telephone:    (712) 754-4654
    Facsimile:    (712) 754-2507
    jfeller@kkfellerlaw.com

    *Counsel for the Plaintiffs*