IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| NuStar Farms, LLC, Anthony Nunes, Jr., and Anthony Nunes, III, <br><br> Plaintiffs, <br><br> v. <br><br> Ryan Lizza and Hearst Magazine Media, Inc., <br><br> Defendants. | Case No. 5:20-cv-04003-CJW-MAR <br><br> **Defendants' Brief in Support of Their Motion to Stay Discovery and for a Protective Order** |

Defendants Ryan Lizza ("Lizza") and Hearst Magazine Media, Inc. ("Hearst," together with Lizza, "Defendants"), submit this brief in support of their motion to stay discovery pursuant to Federal Rule of Civil Procedure 26(c) and for a protective order (the "Motion"). This Motion is submitted concurrently with Defendants' motion to dismiss the Amended Complaint. *See* ECF No. 33 (the "Motion to Dismiss").

This is a defamation case brought by U.S. Congressman Devin Nunes's father, brother, and their farm (together, "Plaintiffs"). Plaintiffs' original complaint summarily alleged that 16 statements in the *Esquire* article "Devin Nunes's Family Farm Is Hiding a Politically Explosive Secret" (the "Article") were false and defamatory. *See* ECF No. 1.

Upon Defendants' motion, the Court found the original complaint wanting and directed Plaintiffs to file a more definite statement. *See* ECF No. 27 (the "Order"). In the Order, the Court held that "the complaint fails to allege facts which, if proven, would show that any of the alleged facts are false." *Id.* at 19. Given leave to replead, Plaintiffs filed an amended complaint on May 24. *See* ECF No. 28 (the "Amended Complaint").

Plaintiffs' Amended Complaint is not substantively different from the original complaint.

1

As before, Plaintiffs fail to state a claim for relief, as explained in Defendants' brief in support of their Motion to Dismiss. *See* ECF No. 34-1 (the "Motion to Dismiss Brief," as conditionally filed with an unresisted motion for leave to file an overlength brief), at 7-28.

Because the Amended Complaint does not advance a claim of defamation any more than did the original complaint, a temporary stay of discovery while the Court considers the Motion to Dismiss is warranted. Entry of a stay of discovery would conserve the parties' and judicial resources while the Court sifts through Plaintiffs' allegations to determine what, if any, statements are actionable. Because in all likelihood the case will be narrowed substantially or dismissed in its entirely, the scope of appropriate discovery in this case will be shaped by the Court's decision on the Motion to Dismiss. This guidance will be particularly valuable in this case, as Plaintiffs have already served objectionable document requests and subpoenas.

Moreover, the Amended Complaint brings the First Amendment issues into stark relief: A stay of discovery is warranted to avoid chilling core political speech. Based on the allegations in the Amended Complaint, Plaintiffs are involuntary limited purpose public figures who are required to, but have failed to, plausibly allege constitutional "actual malice" with sufficient factual allegations. *See* Motion to Dismiss Brief, at 28-35. For these reasons, the Court should stay discovery pending a decision on the Motion to Dismiss.

### Discovery to Date

**A.** **NuStar Serves Document Requests that Implicate the Reporter's Privilege.**

On April 22, the Court held an initial conference and entered a scheduling order in this case. *See* ECF No. 24.[1] Less than three weeks later, the Court granted Defendants' motion for a

---

[1] Prior to submitting the scheduling report, the parties discussed whether discovery should be stayed pending a resolution of Defendants' motion to dismiss the original complaint or, in the

more definite statement, holding that Plaintiffs had failed to plead sufficient factual allegations to state a claim for relief. Order at 19.

Five days after Plaintiffs filed their Amended Complaint, NuStar served document requests on Lizza. Four days after that, NuStar served document requests on Hearst. On their face, the requests call for documents that implicate the reporter's privilege, including the journalist's right to keep unpublished information confidential. NuStar seeks from Hearst categories of documents "that govern or relate to newsgathering, reporting, editing and publishing of articles and pieces similar to the Article" and all documents showing the "degree of care" Hearst and Lizza exercised in publishing the article at issue. Mot. Exs. A, B. From Lizza, NuStar similarly seeks documents directly implicating the reporter's privilege. Mot. Ex. A.

**B.      NuStar Issues Subpoenas to Fusion GPS, TDIP, Politico, and Lizza's Girlfriend.**

Beyond these document requests to Defendants, NuStar has issued four puzzling third-party subpoenas. One was to Bean, LLC d/b/a Fusion GPS ("Fusion GPS"), Mot. Ex. C, and one was to The Democracy Integrity Project ("TDIP"), Mot. Ex. D. NuStar seeks from Fusion GPS "[a]ll information collected and/or obtained by Fusion from any source as a result of any research, investigation, inquiry, analysis or operation undertaken or performed by Fusion GPS into the business and affairs of NuStar," the other Plaintiffs, *and* other parties, including U.S. Representative Devin Nunes. Mot. Ex. C at 6-7. NuStar is seeking from the TDIP all communications between it and Fusion GPS mentioning the Plaintiffs or Rep. Devin Nunes, and

---

alternative, for a more definite statement. *See* ECF No. 22, at 1-2. To conserve the parties' and judicial resources, Defendants agreed not to move for a stay at the time, subject to an agreement to a short extension to the response date for any written discovery. *Id.* at 1-2. As described in this Motion, however, changed circumstances—including the Court's Order, the allegations in the Amended Complaint, and Plaintiffs' suspect actions in discovery so far—warrant a stay of discovery so that objections and responses can be deferred until after an Answer and Affirmative Defenses are on file should this case not be dismissed in its entirety.

3

"[a]ll information collected and/or obtained by TDIP from any source as a result of any research" into Plaintiffs and Rep. Devin Nunes. Mot. Ex. D at 7. Defendants have never heard of TDIP before seeing this subpoena, but some public reporting states that TDIP provides some funding to Fusion GPS. *See* https://nymag.com/intelligencer/2019/11/fusion-gps-interview-glenn-simpson-on-the-steele-dossier.html. Although the relevance of this information in this case is not immediately apparent,[2] Devin Nunes has a pending, unrelated RICO action against Fusion GPS. In that case, Devin Nunes is represented by the same counsel as represents Plaintiffs in this case. *See, e.g.*, *Nunes v. Fusion GPS*, No. 1:19-cv-01148 (E.D. Va. Sept. 4, 2019).[3]

NuStar's other two subpoenas are to Olivia Nuzzi, Mot. Ex. E, and to Politico, LLC ("Politico"), Mot. Ex. F. NuStar seeks *inter alia* all information possessed by Politico concerning Rep. Devin Nunes, Mot. Ex. F at 7, and all records of calls between Lizza and Nuzzi while Lizza was in Iowa in 2018, Mot. Ex. E at 6. However, the Amended Complaint merely alleges Nuzzi sent a tweet with a link to the Article with a comment based on how she "understood the Article," Am. Compl. ¶ 13, and there are no allegations suggesting involvement by Politico whatsoever.

Defendants have now moved to dismiss the Amended Complaint. For the reasons described below, discovery should be stayed pending the disposition of that motion.

---

[2] The Amended Complaint alleges that the "storyline" that "the Nunes family dairy moved to Iowa—was created by Fusion GPS or other political operatives and fed to select media sympathizers[.]" Am. Compl. ¶ 5 n.2. However, there are no allegations suggesting Defendants communicated with Fusion GPS or TDIP, that any information from Fusion GPS or TDIP informed the Article, or that communications between TDIP and Fusion GPS could have any possible relevance to this case.

[3] From a review of the docket, it would appear that Congressman Nunes has been unable to obtain discovery in his case against Fusion GPS, as the case has not progressed past the pleadings and no initial pre-trial conference has taken place. The issuance of a subpoena to Fusion GPS in this case is therefore, at least, consistent with Plaintiffs' counsel using this case as a vehicle to obtain discovery for use in unrelated matters for other clients.

## Legal Standard

District courts have broad discretion to stay discovery under Rule 26(c) including through entry of a protective order under Rule 26(c)(A). *See Devin Nunes v. Lizza*, No. 19-cv-4064-CJW (ECF No. 26) (N.D. Iowa Feb. 4, 2020) (hereinafter "*Devin Nunes* Stay Order"), at 3 (Roberts, J.) (citing cases); *Allen v. Agreliant Genetics, LLC*, No. 15-CV-3172-LTS, 2016 WL 5416418, at *2 (N.D. Iowa Sept. 26, 2016) (Williams, J.). It is a "settled proposition that a court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Blair v. Douglas Cty.*, No. 8:11-cv-349, 2013 WL 2443819, at *1 (D. Neb. June 4, 2013) (citation omitted).

District courts consider these factors when determining whether to grant a stay of discovery:

(1) whether there is a strong showing that a claim is unmeritorious;

(2) the breadth of discovery and burden of responding to it; and

(3) the risk of unfair prejudice to the party opposing the stay.

*Devin Nunes* Stay Order, at 3; *United Fire & Cas. Co. v. Ill. Constructors Corp.*, No. 16-CV-0055-EJM, 2017 WL 11452040, at *2 (N.D. Iowa Feb. 1, 2017) (Williams, J.).

A district court also considers "the complexity of the action, the stage of litigation, and conservation of judicial resources." *United Fire*, 2017 WL 11452040, at *2. This inquiry should be conducted "on a case-by-case basis" because it "depends on the particular circumstances and posture of each case." *Blankenship v. Napolitano*, No. 2:19-CV-00236, 2019 WL 6173530, at *2 (S.D.W. Va. Nov. 19, 2019) (citation omitted).

**Argument**

**A.      Plaintiffs' Claim Is Unmeritorious.**

In its Order, the Court explained why Plaintiffs had failed to explain how any of the 16 statements identified by Plaintiffs in the original complaint were actionable. While the Court need not definitively judge here whether the Amended Complaint likewise fails to state a claim, the Amended Complaint does not materially alter the allegations from the original complaint. *See* Motion to Dismiss Brief, at 3-4. The Amended Complaint does, however, make clear that Plaintiffs are involuntary limited purpose public figures in connection with the Article's reporting on Congressman Nunes, and they have failed to plausibly plead actual malice.

As this Court recognized in the *Devin Nunes* Stay Order, the merits can and should be viewed "along with the First Amendment concerns" implicated by discovery in a case such as this. *Id.* at 4; *see also id.* at 5 (noting "the chilling effect of expensive discovery on [Defendants'] First Amendment rights"). In cases implicating the First Amendment, "there is a powerful interest in ensuring that free speech is not unduly burdened by the necessity of defending against expensive yet groundless litigation." *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 702 (11th Cir. 2016). "Indeed, the actual malice standard was designed to allow publishers the 'breathing space' needed to ensure robust reporting on public figures and events." *Id.* (citing *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 271-72 (1964)). "Forcing publishers to defend inappropriate suits through expensive discovery proceedings in all cases would constrict that breathing space in exactly the manner the actual malice standard was intended to prevent." *Id.*

Defendants are members of the news media. *See* Am. Compl. ¶¶ 6, 7. Because Defendants have made a strong showing that they will succeed in having Plaintiffs' claim dismissed, discovery should be stayed. *See Blankenship*, 2019 WL 6173530, at *5-6 (granting

6

stay pending resolution of dispositive motions to dismiss by media defendants in defamation case, to ensure "that the defendants' free speech is not unduly burdened by the necessity of defending" the case by engaging in discovery before the dispositive motions were resolved).

As was the case in this Court's *Devin Nunes* Stay Order, the First Amendment implications are readily apparent. The Article presents core political speech about a public official. Plaintiffs admit that the Article was highly relevant to Devin Nunes's constituents, as it cast doubt on Congressman Nunes's *bona fides* as a conservative Republican and member of the California "agricultural community." *See* Am. Compl. ¶ 14. As Plaintiffs allege, they are "collateral damage" in Defendants' reporting on Congressman Nunes. *See* Am. Compl. ¶ 15. Discovery in this litigation carries just as much of a risk of chilling core political speech as does discovery in the *Devin Nunes* case in this Court. *See generally Devin Nunes* Stay Order.

**B.     The Discovery Sought Is Unduly, Even Brazenly, Broad and Burdensome.**

If the Court grants Defendants' pending motion to dismiss, this stay of discovery will conserve the Court's and the parties' resources and allow the parties to "avoid fruitless expenditures in discovery . . . ." *Blankenship*, 2019 WL 6173530, at *5; *Devin Nunes* Stay Order at 4. The "interests of judicial economy favor reducing the burden of discovery on parties when the motion to dismiss raises potentially dispositive legal issues and the resolution of which may obviate the need for or limit discovery . . . ." *Blankenship*, 2019 WL 6173530, at *5 (quotation marks and citation omitted).

A stay of discovery is appropriate here because resolution of Defendants' motion to dismiss will likely dispose of the case, mooting the need for any discovery into topics that may implicate the reporter's privilege. At the very least, Defendants' motion to dismiss the case will likely narrow it. As this Court ruled in the *Devin Nunes* Stay Order, while the precise contours

of the reporter's privilege need not be decided on a motion to stay discovery, it may weigh in favor of a stay if "the scope and contours of that privilege will be more readily ascertained— along with any proportionality concerns under Rule 26(b)—once the Court has ruled on the Motion to Dismiss." *Id.* at 3-4. Precisely the same is true here.

As shown above, the reporter's privilege is directly implicated in NuStar's requests, which seek *inter alia* "[a]ll correspondent's notes, reporter's notes, records of conversations, transcripts of interviews, memoranda, minutes, emails, text messages," and similar records. Mot. Ex. A at 7. NuStar also seeks comparable material from unrelated third-party media outlets, even when there is no reason to believe they possess material relevant to this case. *See, e.g.*, Mot. Ex. D at 6–7; Ex. E at 6; Ex. F at 7. If the Iowa reporter's privilege applies, it protects "against disclosure of confidential sources, unpublished information, and reporter's notes obtained in the newsgathering process." *Nelle v. WHO Television, LLC*, No. 4:17-CV-107-RP-RAW, 2017 WL 7049237, at *1 (S.D. Iowa Dec. 20, 2017) (Walters, J.) (quotation marks and citation omitted); *Lamberto v. Bown*, 326 N.W.2d 305, 309 (Iowa 1982) (recognizing the reporter's privilege and extending it to unpublished information). If the District of Columbia's shield law applies (Lizza resides in the District of Columbia), it provides an absolute privilege against disclosing confidential sources, and a qualified privilege against disclosing unpublished newsgathering information. D.C. Code §§ 16-4701 *et seq.*[4]

Because NuStar's requests are unduly burdensome and invade the reporter's privilege on their face, and Defendants' motion to dismiss the Amended Complaint may narrow these requests or obviate them completely, a stay is appropriate here. *Devin Nunes* Stay Order at 3-4.

---

[4] This choice of law inquiry is another difficult question that may be mooted or, at least, informed by the Court's ruling on Defendants' Motion to Dismiss.

8

Case 5:20-cv-04003-CJW-MAR   Document 35-1   Filed 06/22/20   Page 8 of 11

Absent a stay, Defendants would almost certainly object to those (and other) requests on the basis of the reporter's privilege, necessitating "discovery disputes that will require the expenditure of judicial resources." *See Allen*, 2016 WL 5416418, at *3 (granting motion to stay discovery until the outcome of the dispositive motion is known because "it will likely decrease the expenditure of judicial resources in resolving discovery disputes").

**C.     A Stay of Discovery Will Not Prejudice Plaintiffs.**

As for the third factor, Plaintiffs will not suffer unfair prejudice if the Court stays discovery, particularly given the early stage of this case. "Granting a stay is more appropriate when the action is early in the litigation process, especially before discovery is underway." *Blankenship*, 2019 WL 6173530, at *4; *Devin Nunes* Stay Order, at 4 ("I also find that a stay at this early stage of discovery would conserve the Court's and the parties' resources."). Discovery has not proceeded beyond NuStar's service of its requests, described above. With the case at its pleading stage, and unlikely even to move beyond it, the Court should grant a stay here.

Furthermore, Plaintiffs seek only monetary damages. Incremental prejudice caused by a short delay in undertaking discovery, if any, can be rectified by monetary damages. Without any "concrete example[s] of how a temporary stay would cause [Plaintiffs] real prejudice," *Allen*, 2016 WL 5416418, at *3, this third factor—like the others—strongly weighs in favor of a stay.

**Conclusion**

For the foregoing reasons, Defendants request that this Motion be granted and discovery stayed, and/or a protective order be entered under Rule 26(c)(A) forbidding the currently served and any other merits discovery, until 30 days from the date Defendants have filed their answer and affirmative defenses to the then-operative pleading if any.

[*signature block on next page*]

June 22, 2020

**Ryan Lizza and Hearst Magazine Media, Inc., Defendants**

By: /s/ Jonathan R. Donnellan
Jonathan R. Donnellan, *Lead Counsel*\*
 *jdonnellan@hearst.com*
Ravi V. Sitwala\*
 *rsitwala@hearst.com*
Nathaniel S. Boyer\*
 *nathaniel.boyer@hearst.com*
THE HEARST CORPORATION
Office of General Counsel
300 West 57th Street
New York, New York 10019
Telephone: (212) 649-2030
Telephone: (212) 649-2035
*\*Admitted Pro Hac Vice*

Michael A. Giudicessi
 *michael.giudicessi@faegredrinker.com*
Nicholas A. Klinefeldt
 *nick.klinefeldt@faegredrinker.com*
Susan P. Elgin
 *susan.elgin@faegredrinker.com*
FAEGRE DRINKER BIDDLE & REATH LLP
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309-8003
Telephone: (515) 248-9000
Facsimile: (515) 248-9010

*Attorneys for Defendants*

## Certificate of Service

The undersigned certifies that a true copy of **Defendants' Brief in Support of Their Motion to Stay Discovery and for a Protective Order** was served upon the following parties through the court's CM/ECF electronic filing system on June 22, 2020.

/s/ Jonathan R. Donnellan

Copy to:

Joseph M. Feller
 *jfeller@kkfellerlaw.com*

Steven S. Biss
 *stevenbiss@earthlink.net*

*Attorneys for Plaintiff*