IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| ANTHONY NUNES, JR., ANTHONY NUNES, III, and NUSTAR FARMS, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>RYAN LIZZA and HEARST MAGAZINE MEDIA, INC.,<br><br>Defendants. | No. 20-cv-4003-CJW<br><br><br>**ORDER** |

_____

Before the Court is a Resisted Motion to Stay Discovery and for Protective Order filed by Defendants Hearst Magazine Media, Inc. and Ryan Lizza ("Defendants"). (Doc. 35.) Plaintiffs Anthony Nunes, Jr., Anthony Nunes, III, and NuStar Farms, LLC ("Plaintiffs"), filed a timely Resistance to the Motion. (Doc. 42.) Defendants filed a timely Reply. (Doc. 44.) Neither party has requested a hearing and none is necessary.

## *I. Background*

Plaintiffs operate a family business. Defendant Hearst Magazine Media, Inc. publishes *Esquire* magazine. Plaintiffs claim a September 2018 issue of *Esquire* contained an article written by Defendant Lizza about Plaintiffs' family dairy business that was defamatory. Plaintiffs' Amended Complaint seeks compensatory and punitive damages but does not seek an injunction or other equitable relief. (Doc. 28 at 29.) Plaintiff's Amended Complaint is subject to a Motion to Dismiss. (Doc. 33.)

1

## II.  Discussion

There is parallel litigation proceeding in this Court in the matter of *Devin Nunes v. Ryan Lizza, et al.*, No. 19-cv-4064-CJW.  In that matter I temporarily stayed discovery for the reasons set forth in my order of February 4, 2020.  (Doc. 26.)  On July 10, 2020, I stayed discovery pending the Court's ruling on the pending motion to dismiss.  (Doc. 52.)  The Parties' arguments in the parallel litigation are essentially the same as in the case at bar.  My reasoning here follows my reasoning in the parallel litigation, although there are some differences based on the arguments asserted and the posture of the cases.

Rule 26(c) authorizes the entry of a protective order for good cause limiting or otherwise controlling discovery.  District courts have broad discretion to stay discovery under Rule 26(c).  *Steinbuch v. Cutler*, 518 F.3d 580, 588 (8th Cir. 2008) (citing *Lakin v. Prudential Sec., Inc.*, 348 F.3d 704, 713 (8th Cir. 2003)); *see also Maune v. Int'l Bhd. of Elec. Workers*, 83 F.3d 959, 963 (8th Cir. 1996) (upholding request to stay); *Blair v. Douglas County*, No. 8:11CV349, 2013 WL 2443819, at *1 (D. Neb. June 4, 2013) (noting broad discretion and inherent power to stay pending outcome of dispositive motions).  "The grant of a stay is a matter of judicial discretion, which is 'dependent upon the circumstances of the particular case,' and '[t]he party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion.'" *United Fire & Cas. Co. v. Illinois Constructors Corp.*, No. 16-CV-0055-EJM, 2017 WL 11452040, at *1 (N.D. Iowa Feb. 1, 2017) quoting *Nken v. Holder*, 556 U.S. 418, 433–34 (2009) (citing Clinton v. Jones, 520 U.S. 681, 708 (1997)).

As this Court has noted:

> Courts have used various standards in determining whether to stay discovery, including: (1) whether there is a strong showing that a claim is unmeritorious; (2) the breadth of discovery and burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay. *Chesney v. Valley Stream Union Free Sch. Dist.*, 236 F.R.D. 113, 116 (E.D. N.Y. 2006). Courts may also consider the complexity of the action and the stage

> of litigation. *Chesney*, 236 F.R.D. at 116. *See also Benge v. Eli Lilly & Co.*, 553 F. Supp. 2d 1049, 1050 (N.D. Ind. 2008) (identifying three factors in determining whether a stay is appropriate: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the matter is not stayed; and (3) economy of judicial resources.").

*Allen v. Agreliant Genetics, LLC*, No. 15-CV-3172-LTS, 2016 WL 5416418, at *2 (N.D. Iowa Sept. 26, 2016); *see also United States ex rel. Donegan v. Anesthesia Assocs. of Kansas City*, PC, No. 4:12-CV-0876-DGK, 2014 WL 12618074, at *1 (W.D. Mo. Jan. 7, 2014) ("In determining whether to grant a motion to stay discovery pending the outcome of a dispositive motion, a court considers a variety of factors, including the movant's likelihood of success on the underlying motion; whether the movant will be irreparably harmed absent a stay; the breadth of the pending discovery; the balance of harms in delaying discovery against the possibility that the underlying motion will dispose of the case; the public interest; and judicial economy.").

I turn now to the application of these factors. Defendants' motion to dismiss is not before me and I decline to predict the outcome of a similar motion by declaring whether there has been a strong showing that the underlying claim is unmeritorious. Defendants assert that Defendants assert the Plaintiffs herein are involuntary limited public figures whereas in the in the parallel litigation, Congressman Nunes is clearly a public figure. (Doc. 35-1 at 6.) Plaintiffs' resistance does not contest this point or address why the distinction effects the request for a stay. While this case is not particularly complex, it does raise First Amendment concerns that weigh in favor of a stay.

I find that a stay at this early stage of discovery would conserve the Court's and the parties' resources. Whether Plaintiffs' discovery seeks to invade the reporter's privilege is not before me. However, the scope and contours of that privilege will be more readily ascertained – along with any proportionality concerns under Rule 26(b) – once the Court has ruled on the Motion to Dismiss.

3

The possibility of prejudice, hardship, or inequity weighs in favor of granting the stay. Defendants have pointed to the chilling effect of expensive discovery on their First Amendment rights. Plaintiffs have not identified any real prejudice or other consequence they might suffer as a result of a stay at this stage of the litigation. Considering these factors, I find they weigh in favor of a stay of discovery.

### *III.* *Conclusion*

For the reasons set forth herein, Defendants' motion for a stay of discovery (Doc. 35) is granted. Discovery is stayed until a ruling by the district court on Defendants' motion to dismiss. The Court will enter a scheduling order or set a scheduling conference thereafter.

**IT IS SO ORDERED** this 23rd day of July, 2020.

Mark A. Roberts, United States Magistrate Judge
Northern District of Iowa