| | |
|---|---|
| **NuStar Farms, LLC, Anthony Nunes, Jr., and Anthony Nunes, III,** <br><br> Plaintiffs, <br><br> v. <br><br> **Ryan Lizza** and **Hearst Magazine Media, Inc.,** <br><br> Defendants. | Case No. 5:20-cv-04003-CJW-MAR <br><br> **Defendants' Answer to Plaintiffs' Second Amended Complaint** |

Defendants Ryan Lizza ("Lizza") and Hearst Magazine Media, Inc. ("Hearst," together with Lizza, "Defendants"), by and through their attorneys, hereby answer the Second Amended Complaint (the "Complaint") filed in this case by Plaintiffs NuStar Farms, LLC's ("NuStar"), Anthony Nunes, Jr. ("Anthony Jr."), and Anthony Nunes, III ("Anthony III," together with NuStar and Anthony Jr., "Plaintiffs"), and assert their denials and defenses to the Complaint.

The following headings and numbered paragraphs correspond to the headings and numbered paragraphs in the Complaint. Except as expressly admitted in the following enumerated Paragraphs 1-36, Hearst denies each and every allegation in the Complaint, including allegations contained in any headings or in unnumbered paragraphs of the Complaint.

The untitled first three paragraphs in the Complaint contain no allegations, so no response is required. To the extent a response is required, Defendants admit that Plaintiffs seek compensatory damages with interest and costs, but deny that Plaintiffs are entitled to recover anything, and further deny the remaining allegations in the paragraphs.

## Introduction

1. Defendants deny that "Plaintiffs are private individuals" or that they "operate a private business." Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and therefore deny them.

2. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning the alleged "threatening phone calls," and therefore deny them. Defendants deny all other allegations in this paragraph.

3. Defendants admit that Plaintiffs seek money damages. Defendants deny that Plaintiffs are entitled to any money damages, and deny all other allegations in this paragraph.

4. Defendants admit that NuStar operates a dairy farm in Sibley, Iowa. Defendants admit that Devin Nunes, a California Congressman, is Anthony, Jr.'s son and Anthony III's brother. Defendants lack knowledge or information sufficient to form a belief as to the allegation that Anthony Jr. and Anthony III "manage" NuStar, and therefore deny that allegation. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and therefore deny them.

5. Defendants admit that, "in 2006, Anthony Jr., Anthony Jr.'s wife Toni Dian ("Dian"), Anthony III and his family moved to Iowa [and] formed NuStar." Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and therefore deny them.

6. Lizza denies that he "is a senior correspondent for Hearst," or that he was ever "employ[ed]" by Hearst, or that he ever "[a]ct[ed] in a managerial capacity" with Hearst. Lizza admits that he "wrote the article at issue in this action for Hearst for publication in *Esquire* magazine." Lizza admits that the "article at issue in this case did not appear in any 'op-ed'

column," but Hearst adds that *Esquire* magazine does not typically include distinct "op-ed" pages or columns like those typically found in newspapers. Lizza admits that he is a "political news correspondent." Defendants deny all remaining allegations in this paragraph.

7. Hearst admits that it is a Delaware corporation with its headquarters and principal place of business in New York. Hearst admits that it is an indirect subsidiary of the Hearst Corporation, a global media, information, and services company. With regard to the allegations concerning Hearst and *Esquire*'s circulation and reach, Defendants observe that, in this paragraph, Plaintiffs link to a publicly available document; Hearst refers Plaintiffs and the Court to the document for its true content and meaning, and otherwise denies the allegations. Hearst denies that it "operates multiple active websites that target Iowans." Hearst lacks knowledge or information sufficient to form a belief as to the truth of the allegation that it has "hundreds of thousands of print and digital subscribers, followers and viewers who live and work in Iowa, and has sold millions of copies of *Esquire* to Iowans," and therefore denies these allegations. Hearst admits that it published the article at issue in this action. Defendants deny all remaining allegations in this paragraph.

8. Defendants admit that this Court has jurisdiction of this action.

9. Defendants do not dispute that they are subject to personal jurisdiction in Iowa for purposes of this action.

10. Defendants do not dispute that venue is proper in this District in this Court.

**Statement of the Facts**

A. <u>Publication and Republication</u>

11. Hearst admits that it published the article at issue in this action, which is entitled "Devin Nunes's Family Farm is Hiding a Politically Explosive Secret" (the "Article"). Hearst

3

admits that the Article was published on the Esquire.com website on September 30, 2018, and that it was and is accessible by following the hyperlink referenced in this paragraph. Hearst admits that the Article appeared in the November 2018 print edition of *Esquire* magazine. Hearst admits that the words "Milking the System" appear in the print version, along with the text, "So why did [Devin Nunes's] parents and brother cover their tracks after quietly moving the farm to Iowa? Are they hiding something politically explosive?," together with other text. Defendants deny all remaining allegations in this paragraph.

12. Lizza admits that he tweeted a hyperlink to the Article as it appeared on Esquire.com, but Defendants deny that this constitutes a "republi[cation]," and deny all remaining allegations in this paragraph.

13. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore deny them.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

B. <u>The False Statements And Why They Are False</u>

19. Defendants admit the Article includes the words that are quoted in this paragraph, but observe that Plaintiffs have omitted many sentences and words from the quoted paragraphs from the Article, and refer Plaintiffs and the Court to the Article for the accurate quotation and its full context and meaning. Defendants deny all remaining allegations in this paragraph.

4

C.  Defamatory Meaning

20. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore deny them.

D.  The False And Defamatory Statements Are Of Or Concerning Plaintiffs

21. Defendants admit that Plaintiffs are identified in the Article. Defendants deny all remaining allegations in this paragraph.

22. Defendants admit that Plaintiffs are identified in the Article. Defendants deny all remaining allegations in this paragraph.

E.  Negligent Breach Of The Standard Of Care

23. Denied.

24. Denied.

25. Denied.

F.  Plaintiffs Suffered Actual Injury And Damages

26. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore deny them.

27. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph concerning effects on Plaintiffs' reputations, and therefore deny them. Defendants deny all remaining allegations in this paragraph.

28. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore deny them.

## Count I – Defamation

29. Defendants incorporate by reference their responses to all preceding paragraphs of the Complaint as if fully set forth herein. This paragraph fails to state any allegation of fact and is therefore denied.

30. This paragraph consists of legal conclusions to which no response is required, but to the extent a response is required, Defendants deny these allegations.

31. This paragraph consists of legal conclusions to which no response is required, but to the extent a response is required, Defendants deny these allegations.

32. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph concerning effects on Plaintiffs' reputations, and therefore deny them. The rest of the paragraph consists of legal conclusions to which no response is required, but to the extent a response is required, Defendants deny these allegations.

33. Defendants deny that any challenged statements are false. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph concerning effects on Plaintiffs' reputations, and therefore deny them. The rest of the paragraph consists of legal conclusions to which no response is required, but to the extent a response is required, Defendants deny these allegations.

34. This paragraph consists of legal conclusions to which no response is required, but to the extent a response is required, Defendants deny these allegations.

35. Defendants deny that any challenged statements are false. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph concerning effects on Plaintiffs' reputation, and therefore deny them. Defendants deny the rest of the allegations in this paragraph.

36. Defendants deny the allegations in this paragraph. Prior to filing this action, Plaintiffs notified Hearst, but not Lizza, that they took issue with multiple statements in the Article. Through counsel, Hearst asked for Plaintiffs to explain why each of the challenged statements were false. Plaintiffs did not respond to this request from Defendants' counsel, and instead filed this lawsuit.

## Conclusion and Request for Relief

Defendants deny any factual allegations contained in any paragraph or un-numbered heading of the Complaint, except as expressly admitted above. Defendants also deny that Plaintiffs are entitled to any of the relief requested in the Request for Relief.

## Defenses

As and for separate and distinct defenses (the statement of a defense hereafter does not assume the burden of proof for any issue as to which applicable law places the burden on Plaintiffs), Defendants allege as follows:

1. Only one claim remains in this case—specifically, "a claim that defendants defamed plaintiffs by falsely alleging that they knowingly employed undocumented workers." *See* ECF No. 50 (order granting in part Defendants' Motion to Dismiss), at 42 (the "Remaining Claim"). To the extent the Complaint alleges any other claims, the Complaint fails to state a claim upon which relief can be granted. *See* ECF No. 50.

2. Any express and/or implied statements at issue in the Remaining Claim are not "of and concerning" Anthony Jr. or Anthony III.

3. Any express and/or implied statements at issue in the Remaining Claim are true or substantially true.

4. Plaintiffs are public figures, and Plaintiffs have failed to plead, and cannot prove, that any express and/or implied statements at issue in the Remaining Claim were made with actual malice—that is, with knowledge of falsity or reckless disregard for the truth.

5. Plaintiffs' claim is barred because Defendants did not make any express and/or implied statements at issue in the Remaining Claim with negligence, or with any degree of fault that may be applicable.

6. Plaintiffs' claim against Defendants is barred under the doctrine of incremental harm.

7. Any express and/or implied statements at issue in the Remaining Claim are protected by and privileged under the First Amendment to the Constitution of the United States and any applicable state constitutions.

8. Plaintiffs did not request a retraction in compliance with the Iowa retraction statute, so Plaintiffs' recovery is limited to actual damages.

9. Plaintiffs' claimed damages are purely speculative, and Plaintiffs did not suffer actual, special, exemplary, or any other damages as a result of the publication(s) of which they complain.

10. To the extent Plaintiffs have been harmed, that harm was caused by individuals or entities other than Defendants or an individual or entity within Defendants' control.

11. To the extent Plaintiffs have been harmed, they have failed to mitigate their damages.

12. To the extent Plaintiffs have been harmed, any damages they have suffered were the result of intervening or superseding cause(s).

13. Plaintiffs' claim is barred in whole or in part by the doctrines of waiver, laches, estoppel, and/or unclean hands.

14. Defendants presently have insufficient knowledge or information upon which to form a belief as to whether there may be other, as yet unstated, defenses available to them, and therefore expressly: (a) reserve the right to amend or supplement their Answer, defenses, and all other pleadings; and (b) reserve the right to assert any and all additional defenses under any applicable law in the event that discovery indicates such defenses would be appropriate.

| | |
|---|---|
| October 1, 2020 | **Ryan Lizza and Hearst Magazine Media, Inc., Defendants** |
| | By: /s/ Jonathan R. Donnellan |
| | Jonathan R. Donnellan, *Lead Counsel*\* |
| | jdonnellan@hearst.com |
| | Ravi V. Sitwala\* |
| | rsitwala@hearst.com |
| | Nathaniel S. Boyer\* |
| | nathaniel.boyer@hearst.com |
| | THE HEARST CORPORATION |
| | Office of General Counsel |
| | 300 West 57th Street |
| | New York, New York 10019 |
| | Telephone: (212) 841-7000 |
| | Facsimile: (212) 554-7000 |
| | *\*Admitted Pro Hac Vice* |
| | |
| | Michael A. Giudicessi |
| | michael.giudicessi@faegredrinker.com |
| | Nicholas A. Klinefeldt |
| | nick.klinefeldt@faegredrinker.com |
| | Susan P. Elgin |
| | susan.elgin@faegredrinker.com |
| | FAEGRE DRINKER BIDDLE & REATH LLP |
| | 801 Grand Avenue, 33rd Floor |
| | Des Moines, Iowa 50309-8003 |
| | Telephone: (515) 248-9000 |
| | Facsimile: (515) 248-9010 |
| | |
| | *Attorneys for Defendants* |

**Certificate of Service**

      The undersigned certifies that a true copy of **Defendants' Answer to Plaintiffs' Second Amended Complaint** was served upon the following parties by ECF on October 1, 2020.

                                                   /s/ Jonathan R. Donnellan

Original to:

Joseph M. Feller
 *jfeller@kkfellerlaw.com*

Steven S. Biss
 *stevenbiss@earthlink.net*

*Attorneys for Plaintiff*