IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
Western Division

| | |
|---|---|
| NUSTAR FARMS, LLC *et al* | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. C20-4003-CJW-MAR |
| | )<br>) **REQUEST FOR EXPEDITED** |
| RYAN LIZZA *et al* | ) **RELIEF PURSUANT TO**<br>) **LR 7(i)** |
| | ) |
| Defendants. | )<br>) |

# PLAINTIFFS' BRIEF IN SUPPORT
# OF RESISTED MOTION TO COMPEL DISCOVERY

Plaintiffs, NuStar Farms, LLC, Anthony Nunes, Jr. and Anthony Nunes, III ("Plaintiffs"), by counsel, pursuant to Local Civil Rule ("LR") 7, respectfully submit this Brief in Support of their motion to compel discovery from Defendants, Ryan Lizza and Hearst Magazine Media, Inc. ("Defendants") and to award Plaintiffs their reasonable expenses incurred in making the motion, including attorney's fees.

### I. BACKGROUND

1. On January 16, 2020, Plaintiffs commenced this action.

2. On April 22, 2020, the Court entered a Scheduling Order and Discovery Plan in this case. [*ECF No. 24*]. The Scheduling Order and Discovery Plan establishes deadlines, *inter alia*, for the completion of discovery. In this case, all discovery must be completed by January 11, 2021.

3. On April 23, 2020, the Court entered a Trial Management Order ("TMO") in this case. [*ECF No. 25*]. The TMO sets the trial date (August 9, 2021) and the date of the final pretrial conference (July 26, 2021). No party requested a continuance of the trial date within 14 days of entry of the TMO. Accordingly, "no continuance of the trial date will be granted except for exceptional cause."

4. On May 29, 2020, Plaintiffs served Defendant Lizza with a request for production of documents.

5. On June 2, 2020, Plaintiff served Defendant Hearst with a request for production of documents.

6. On July 23, 2020, the Court entered an Order staying discovery until the Court ruled on Defendants' motion to dismiss. [*ECF No. 45*].

7. On September 11, 2020, the Court ruled on Defendants; motion to dismiss. [*ECF No. 50*].

8. On September 25, 2020, the Defendants served objections and responded to Plaintiffs' discovery requests. Copies of the objection/responses at issue are attached to Plaintiffs' motion to compel discovery as *Exhibits "A" and "B"*.

9. Defendants produced no documents or any privilege list.

## II. DISCUSSION

10. The express purpose of the Federal Rules of Civil Procedure (the "Rules") is to "secure the just, speedy, and inexpensive determination of every action and proceeding." *Fed. R. Civ. P. 1*. The Federal Rules authorize broad discovery. Rule 26(b) states that parties "may obtain discovery regarding any nonprivileged matter that is

relevant to any party's claim or defense." Rule 34 states that a party "may serve on any other party a request [for the production of documents] within the scope of Rule 26(b)".

11. For purposes of pretrial discovery, relevancy "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Daniels v. City of Sioux City*, 294 F.R.D. 509, 512 (N.D. Iowa 2013) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). "Discovery Rules are to be broadly and liberally construed in order to fulfill discovery's purposes of providing both parties with 'information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement.'" *Daniels*, 294 F.R.D. at 512 (quoting *Marook v. State Farm Mut. Auto Ins. Co.*, 259 F.R.D. 388, 394 (N.D. Iowa 2009) (further quotation omitted)); *see id. St. Paul Reinsurance Co., Ltd. v. Commercial Financial Corp.*, 198 F.R.D. 508, 511 (N.D. Iowa 2000) ("In order to fulfill discovery's purposes of providing both parties with 'information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement,' the discovery rules mandate a liberality in the scope of discoverable material … Thus, as long as the parties request information or documents relevant to the claims at issue in the case, and such requests are tendered in good faith and are not unduly burdensome, discovery shall proceed … The party resisting production bears the burden of establishing lack of relevancy or undue burden") (quotations and citations omitted).

12. "In almost every respect, as will be demonstrated below, each objection asserted by the [Defendants] is boilerplate, obstructionist, frivolous, overbroad, and,

significantly, contrary to well-established and long standing federal law." *St. Paul*, 198 F.R.D. at 511.

A. <u>**Lizza**</u>

13. Lizza has failed to produce a single document or a privilege list. Lizza's objections fail to satisfy Rule 26(b)(5). *See Rule 26(b)(5)(A) ("When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents ... not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.")*; *St. Paul*, 198 F.R.D. at 513 ("The plaintiffs' objections fail to satisfy the requirements of Rule 26(b)(5). Specifically, the plaintiffs' boilerplate objections fail to identify the lawyers involved in the conversations, the people present during the conversation, and a description of the nature of the communication sufficient to enable CFC to assess the applicability of the claimed privilege").

14. Lizza lodges a blanket objection (No. 3) to the production of any documents until a protective order is in place. This is improper, and, in any case, Defendants failed to take any action to obtain an appropriate protective order. On November 4, 2020, *Plaintiffs'* counsel prepared and submitted a proposed Stipulated Protective Order ("SPO") to counsel for the Defendants, a copy of which is attached to Plaintiffs' motion to compel discovery as <u>Exhibit "D"</u>. Almost 10 days later, on November 13, 2020, Defendants' counsel rejected Plaintiffs' proposed SPO, and submitted a brand new form. This is a delay tactic only, as is Defendants' contention that

their search for documents is "ongoing". The Defendants have had the discovery requests for months. The documents should have been readied for production months ago.

15. Defendants invoke Iowa "reporter's privilege". In *Nelle v. WHO Television, LLC*, 2017 WL 7049237 (S.D. Iowa), the Court reviewed the scope of the privilege. "Iowa recognizes a qualified reporter's (journalist's) privilege against disclosure of 'confidential sources, unpublished information, and reporter's notes' obtained in the newsgathering process." *Id.* at * 1. In a case such as this, where the "resisting party is a member of the protected class engaged in the newsgathering process", the requesting party (Plaintiffs) must demonstrate:

> "[1] there is a probability or likelihood that the evidence is necessary and (2) it cannot be secured from any less obtrusive source … If this is done, the Court should examine the material in camera to determine if the evidence is necessary to the claim or defense, and ... would probably be admissible at trial. Necessity in this context means more than merely useful, but does not mean the claim or defense would fail without the evidence. It means the need for the evidence is substantial in the sense of going to the heart of the litigant's case. If all of these elements are in place the qualified privilege gives way."

*Id.* at * 2 (citations and quotations omitted). Importantly, as the *Nelle* Court emphasized, the reporter's privilege is most likely overcome in a civil case, such as this, in which the privilege holder is a party. When the "actions, motivations or thought processes" of the newsgatherer "are integral elements of the claim," most notably in libel cases, "disclosure is often compelled." *Id.* at * 2-3.

16. Here, as in *Nelle*, there is no question that the documents, including Lizza's notes, records of conversations, audio and video recordings of interviews, etc. are relevant and substantial in the sense of going to the heart of Plaintiff's libel case.

Moreover, there is no question that the documents can only be obtained from Lizza. The Court should compel disclosure.[1]

17. With regard to the specific document requests at issue, Plaintiffs submit the following:

    a.     <u>Request No. 1</u>

Plaintiffs are entitled to discover the full legal relationship between Lizza and Hearst for purposes of determining and establishing Hearst's liability for Lizza's defamatory statements. If there is only a freelance agreement, as Defendants suggest, they need to say so, and produce the document. If there are other agreements, Plaintiffs are entitled to see those as well. Other agreements, such as revenue-sharing or indemnification agreements, are relevant to show motive and bias.

    b.     <u>Request No. 3</u>

In September, Lizza promised to produce a true and complete copy of the Article in PDF.

    c.     <u>Request No. 5</u>

Where or from whom did Lizza get the idea for the story? A reporter's "pitch" for a story is not vague or ambiguous. Plaintiffs are entitled to discover the genesis of the idea for the Article at issue in this case, whether it was Lizza's idea or someone else's, and how Lizza presented the "proposal" to Hearst. Plaintiffs contend that Lizza got the story from DNC/Clinton opposition research firm Fusion GPS or another political operative specializing in "smear" campaigns, such as Liz Mair. Plaintiffs contend that

---

[1] Plaintiffs further contend that by failing to produce a privilege list and failing to seek any relief under Rue 26(c), Lizza waiver the reporter's privilege, and should be compelled to produce the documents without more.

Lizza did not think up the idea out of the blue, on his own, 36 days ahead of the 2018 Congressional Election.

        d.        <u>Request No. 6</u>

The expense documents will show where Lizza went, who he met with, who he may have paid for information, whether he fabricated the statements at issue, and the identity of persons at CNN to whom he republished the false statements.

        e.        <u>Request No. 7</u>

Plaintiffs are entitled to the production of all photographs, video and audio recordings, and dash cam footage, not simply those that concern the false statements about Plaintiff's hiring and employment practices. Even though the District Court limited the claim in the case to actionable statements about Plaintiffs' employment practices, Lizza's other false statements in the Article bear on his credibility, bias, etc. Lizza made multiple false statements in the Article about Plaintiffs, in addition to the statements that the District Court found to be actionable.

        f.        <u>Request No. 8</u>

Plaintiffs are entitled to see all the reporter's notes, which are relevant to the overall context of the defamatory publication, and which provide relevant background information concerning Lizza's actions while in Sibley, Iowa.

        g.        <u>Request No. 9</u>

Lizza's research or lack of research is relevant to show his negligence and malice.

        h.        <u>Request No. 10</u>

Substantial truth is Defendants' burden. Plaintiffs agree to limit Request No. 10 to the production of all documents that prove or evidence that the statements in the

Article concerning Plaintiffs' hiring and employment practices were true or substantially true. **If Lizza has no documents, he needs to admit that**.

    i.  <u>Request Nos. 11 and 14</u>

These documents, if they exist, provide relevant background information and context for Lizza's false statements about Plaintiffs and their business.

    j.  <u>Request No. 15</u>

The documents are fully discoverable. Further, the Stipulated Protective Order obviates any concerns about confidentiality and privilege.

    k.  <u>Request No. 16</u>

These documents are relevant to show Lizza's bias and lack of credibility. They also relate to the falsity of the statements at issue, since the misconduct falsely attributed to Plaintiffs, even though not actionable, suggests that they were trying to dissuade Lizza from reporting on Plaintiffs' hiring and employment practices.

    l.  <u>Request No. 18</u>

Bills and records of phone calls are relevant to the issues of Defendants' negligence and publication, and will show who Lizza talked to and when. Plaintiffs will agree to narrow the time frame to August 1, 2018 to October 31, 2018.

    m.  <u>Request No. 20</u>

Drafts of the Article are entirely discoverable. Changes made to the substance of the Article bear the issues of negligence, falsity and malice. Any documents withheld on claim of any privilege must be properly identified on a privilege list that complies with Rue 26(b)(5). No privilege list was produced.

n. Request No. 21

Communications between the parties prior to publication are fully discoverable, and may provide substantive and impeachment evidence. For instance, Lizza misrepresented the subject matter of his reporting. This bears directly on his credibility.

o. Request No. 22 and 24

Communications between Lizza and others, including his girlfriend, Olivia Nuzzi, and CNN, may lead to the discovery of admissible evidence, including admissions against interest. Lizza and Nuzzi were not married in 2018. There is no spousal privilege. Further, there is no attorney-client privilege or "common interest" privilege that attaches, and Defendants have produced no privilege log in any case. At the time Hearst published the Article, Lizza was an "analyst" for CNN. Both Hearst and Nuzzi advertised the fact that Lizza was going on CNN to promote his false narrative abut Plaintiffs, *e.g.*:



Nuzzi was obviously in direct contact with Lizza while Lizza was in Sibley, Iowa, because Lizza was calling his girlfriend and offering a play-by-play account of crimes allegedly committed by Plaintiffs:

9



Ms. Nuzzi also promoted Lizza's republication on CNN:



p. Request No. 30

This Request seeks documents that are relevant to Lizza's motive.

**B.** **Hearst**

18. No documents were produced. No privilege log has been produced.

19. The documents requested from Hearst are relevant to the issue of Lizza's negligence, and, thus are fully discoverable.

**C.** **Depositions**

20. In spite of several requests for dates for Lizza's deposition, Plaintiffs have yet to receive dates. Discovery closes on January 11, 2021. Plaintiffs request the Court to compel Lizza to provide his available dates for deposition.

**CONCLUSION AND REQUEST FOR RELIEF**

For the reasons stated above, Plaintiffs respectfully request the Court to grant their Motion to Compel Discovery and award their attorney's fees incurred in making this motion. As in *St. Paul*, Defendants have peppered Plaintiffs with boilerplate objections and – with less than two (2) months left to complete discovery – Defendants have failed to produce a single document or any privilege list.

DATED: November 18, 2020

Signature of Counsel on Next Page

NUSTAR FARMS, LLC
ANTHONY NUNES, JR.
ANTHONY NUNES, III


By: */s/ Steven S. Biss*
    Steven S. Biss (VSB # 32972)
    300 West Main Street, Suite 102
    Charlottesville, Virginia 22903
    Telephone:  (804) 501-8272
    Facsimile:  (202) 318-4098
    Email:  stevenbiss@earthlink.net
    (*Admitted Pro Hac Vice*)

    Joseph M. Feller, Esquire
    (Iowa State Bar No. AT0002512)
    Koopman, Kennedy & Feller
    823 3rd Avenue
    Sibley, Iowa 51249
    Telephone:  (712) 754-4654
    Facsimile:  (712) 754-2507
    jfeller@kkfellerlaw.com

    *Counsel for the Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2020 a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will send notice of electronic filing to counsel for the Defendants and all interested parties receiving notices via CM/ECF.

By: */s/ Steven S. Biss*
Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone: (804) 501-8272
Facsimile: (202) 318-4098
Email: stevenbiss@earthlink.net
(*Admitted Pro Hac Vice*)

Joseph M. Feller, Esquire
(Iowa State Bar No. AT0002512)
Koopman, Kennedy & Feller
823 3rd Avenue
Sibley, Iowa 51249
Telephone: (712) 754-4654
Facsimile: (712) 754-2507
jfeller@kkfellerlaw.com

*Counsel for the Plaintiffs*