# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| **NuStar Farms, LLC, Anthony Nunes, Jr., and Anthony Nunes, III,** | Case No. 5:20-cv-04003-CJW-MAR |
| Plaintiffs, | **Protective Order** |
| v. | |
| **Ryan Lizza** and **Hearst Magazine Media, Inc.,** | |
| Defendants. | |

The Court held a status conference in this matter on December 3, 2020 at which the parties expressed their positions on a proposed stipulated discovery order. The parties represented to the Court that most issues had been resolved; however, they had not reached an agreement regarding permissible disclosure of documents designated as "counsel's eyes only" and the manner of transmission. Thus, the order that follows is largely stipulated by the parties. The Court has accepted and rejected changes regarding the issues in dispute and otherwise edited the proposed order to resolve the remaining issues.

WHEREAS, certain books and records required to be produced by the parties in discovery contain sensitive personal, proprietary, business and/or financial information and material that is not generally known to the public and that is the subject of efforts by the parties and their employees, respectively, that are reasonable under the circumstances to maintain the confidentiality of such material;

WHEREAS, the parties, by and through their respective counsel, have stipulated that the books, records and other personal and financial information to be produced as

part of discovery in this action shall be treated as confidential pursuant to the terms of this Stipulated Protective Order ("Order");

WHEREAS, the Court finds and concludes that entry of this Order is reasonable and proper under the circumstances and necessary to expedite the flow of discovery and adequately protect information the parties desire to keep confidential, and that its benefits outweigh any burden on access to the judicial process, and that it represents the least onerous alternative for balancing the specific legitimate interests of the litigants, related third-parties, and other affected and interested persons;

Accordingly, for good cause, it is ORDERED pursuant to Fed. R. Civ. P. 26(c) that the parties' books, records and other confidential personal and financial information may only be disclosed in the following designated ways:

1. **Purpose**. The purpose of this Order is to protect the privacy of the parties, their current and former employees and third-parties, the confidentiality of their legitimate business interests and other non-public, sensitive personal, proprietary and/or financial information, and to permit both compliance with discovery and trial preparation to proceed with a minimum of motions over matters of confidentiality and privilege.

2. As used in this Order, these terms have the following meanings:

   a. "Counsel" means the attorneys who have entered an appearance in this action and who have been admitted pro hac vice, and the paralegals, paraprofessionals and administrative assistants who are working with Counsel on this case;

   b. "Designated" documents or information are those documents or information designated as "Confidential" or "Counsel's Eyes Only" pursuant to paragraphs 3, 4 and 5 of this Order;

   c. "Document" means and includes all materials within the scope of Fed. R. Civ. P. 26, 30, 33, 34, and 36, as well as all documents produced in accordance with any Order entered in this case, all documents produced in the course of discovery, all documents received from both parties and non-parties (including current or former

employees of any party), all answers to interrogatories, all responses to requests for admission, all responses to requests for production of documents and subpoenas *duces tecum*, all deposition testimony, transcripts and deposition exhibits, all written testimony such as declarations and affidavits, and all copies, summaries, demonstrative exhibits and information derived therefrom;

      d.    "Outside Vendors" means messenger, copy, coding, and other clerical-services vendors; and

      e.    "Written Assurance Declaration" means an executed document in the form attached hereto as Exhibit A.

3.    A Party may designate a Document or information "Confidential" to protect information within the scope of Fed. R. Civ. P. 26(c), including but not limited to:

      a.    information prohibited from disclosure by statute or regulation;

      b.    information that reveals trade secrets or proprietary business information;

      c.    research, technical, commercial, newsgathering, or financial information that the party has maintained as confidential;

      d.    medical information concerning any individual;

      e.    personal identity information, including but not limited to names, addresses, workplaces or employers, birthdates, citizenship, contact information, taxpayer identification numbers, Social Security numbers, driver license numbers and/or alien registration numbers;

      f.    income tax returns; and

      g.    personnel or employment records of a party or a person who is not a party to the case.

4.    A Party may designate a Confidential Document or Confidential information "Counsel's Eyes Only" to protect information that the disclosing party reasonably believes is so sensitive that it could jeopardize the safety, security, or well-

being of a party or an individual or cause substantial harm to that party or a nonparty, if disclosed to persons other than Counsel.

5. The designation of "Confidential" or "Counsel's Eyes Only" shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word(s) "CONFIDENTIAL" or "COUNSEL'S EYES ONLY". A party who produces books, records, files, and other documents and material may designate them as Confidential or Counsel's Eyes Only only when such party in good faith believes such documents contain sensitive business and/or individual personal information that the party has maintained as confidential. The designation of Confidential or Counsel's Eyes Only information shall be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked Confidential or Counsel's Eyes Only. Once specific documents have been designated for copying, printing or downloading, any documents containing Confidential or Counsel's Eyes Only information will then be marked confidential after review by the producing party, but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of Confidential or Counsel's Eyes Only documents before they are copied, printed or downloaded and marked confidential pursuant to this procedure. In the event documents are produced for inspection electronically, such documents may be marked "CONFIDENTIAL" or "COUNSEL'S EYES ONLY" by (a) a computer generated watermark on the document, (b) being part of an email or located in a file folder which is itself marked as "CONFIDENTIAL" or " COUNSEL'S EYEES ONLY", or (c) being located on a CD or storage device which is itself marked as "CONFIDENTIAL" or "COUNSEL'S EYES ONLY".

6. All Designated Documents or information, along with the information contained in the Designated Documents, shall be used solely for the purpose of this

action, and no person receiving such Confidential or Counsel's Eyes Only Documents or information shall, directly or indirectly, use, transfer, disclose, or communicate in any way the Documents or information to any person except in strict accordance with the express terms and conditions of this Order. However, nothing in this Order applies to a party's own use of material that such party designated pursuant to this Order. Further, this Order does not prohibit either party from using materials already in its possession prior to this litigation in any other litigation, arbitration, mediation or legal proceedings.

7. Access to any Document or information designated as "Confidential" shall be limited to:

    a. The Court, including the court reporter and the Court's clerks;

    b. Counsel and Outside Vendors specifically engaged by Counsel to work on or provide services in connection with this case;

    c. Persons shown on the face of the Document to have authored or received it (not including a person who received the Document in the course of litigation);

    d. In the case of employment files and employment records (or portions thereof) concerning specific persons, the specific persons who are the subject of those files or records, even if they did not author or receive the Document;

    e. Court reporters retained by Counsel to transcribe testimony;

    f. The parties and the officers and employees of any party who need this information in order to do their jobs;

    g. Outside independent persons (*i.e.*, persons not currently or formerly employed by any party) who are retained by a party or Counsel to furnish technical, consulting, or expert services, and/or to give testimony in this action;

    h. Parties' insurers and accountants;

    i. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of Documents containing Confidential information, except witnesses may review (at Counsel's office or at the

office of the court reporter transcribing the deposition) a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

    j. Any mediator hired by the parties, and;

    k. Any other person or entity agreed upon by the parties in writing.

  8. Access to any Document or information designated as Counsel's Eyes Only shall be limited to:

    a. The Court, including the court reporter and the Court's clerks;

    b. Counsel and Outside Vendors[1] specifically engaged by Counsel to work on or provide services in connection with this case;

    c. Court reporters retained by Counsel to transcribe testimony, but only during the deposition and as necessary to prepare a transcript if ordered;

    d. Outside independent persons (*i.e.*, persons not currently or formerly employed by any party) who are retained by a party or Counsel to furnish technical, consulting, or expert services, and/or to give testimony in this action;

    e. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of Documents containing Counsel's Eyes Only information, except witnesses may review (at Counsel's office or at the office of the court reporter transcribing the deposition) a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

---

[1] Any party engaging an Outside Vendor shall exercise due care to ensure such Outside Vendor can and will protect the confidentiality of documents provided hereunder.

6

f. Any other person or entity agreed upon by the parties in writing.

9. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Designated Documents and information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order pursuant to their internal record retention practices. Documents designated as Counsel's Eyes Only shall be kept and maintained by Counsel in a secure manner and shall be held in the strictest of confidence. Such documents shall be transmitted and stored in a manner calculated to protect their confidentiality. Counsel for the parties shall meet and confer regarding necessary protections.

10. Third parties producing Documents in the course of this action may also designate Documents or information as "Confidential" or "Counsel's Eyes Only" subject to the same protections and constraints as the parties to the action. A copy of this Order shall be served along with any subpoena served in connection with this action. All Documents or information produced by such third parties shall be treated as "Confidential" for a period of 14 days from the date of their production, and during that period any party may designate such Documents or information as "Confidential" or "Counsel's Eyes Only" pursuant to the terms of the Protective Order.

11. Each person appropriately designated pursuant to paragraphs 7 and 8 to receive Confidential Documents or information or Counsel's Eyes Only Documents or information shall be given a copy of this Order and shall execute a "Written Assurance Declaration" in the form attached hereto as Exhibit A. Counsel shall be deemed to have executed a Written Assurance Declaration. Counsel acknowledge and agree that any unauthorized disclosure or use of Counsel's Eyes Only Documents or information shall subject such Counsel to referral for disciplinary action by the appropriate licensing authority and such sanctions as the Court deems necessary and proper under the circumstances.

12. All depositions or portions of depositions taken in this action that contain Confidential and Counsel's Eyes Only Documents or information, as well as all transcripts of such depositions, may be designated "Confidential" or "Counsel's Eyes Only" and thereby obtain the protections accorded other "Confidential" or "Counsel's Eyes Only" Documents and information. Such designations for depositions shall be made either on the record or by written notice to the other party within 14 days of receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses Confidential or Counsel's Eye's Only Documents or information shall be taken only in the presence of persons who are qualified under this Order to have access to such Documents or information.

13. Any party who inadvertently fails to identify Documents or information as "Confidential" or "Counsel's Eyes Only" shall, within 21 days of the discovery of its oversight, provide written notice of the error to the other parties and substitute appropriately designated the Documents or information. Any party receiving such improperly designated Documents or information shall, upon notice, retrieve such Documents or information from all persons not entitled to receive those Documents or information and, upon receipt of substitute Documents or information, if any, shall return or destroy the improperly designated Documents or information.

14. If a party files a Designated Document with the Court, it must be filed under seal in compliance with the Local Rule 5(c) and the Electronic Case Filing Procedures for the United States District Court for the Northern District of Iowa. Prior to disclosure at trial or a hearing of materials or information designated "Confidential" or "Counsel's Eyes Only," the parties may seek further protections against public disclosure from the Court. The parties may make recommendations to the Court regarding handling of Designated Documents or information at trial, but the presiding judge will make the ultimate decision.

15.     Any party may object to the propriety of the designation of Documents or information as "Confidential" or "Counsel's Eyes Only" by serving a written objection on the designating party's counsel.  If the designating party fails to agree to remove or modify the designation in accordance with the objection within ten (10) days of its receipt of the written objection, the non-designating party may move the Court for an Order declaring such material not Confidential or Counsel's Eyes Only.  The party asserting that the material is Confidential or Counsel's Eyes Only shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c) and this Order.

16.     Upon entry of a final and unappealable order in this action and upon request of the designating party, the non-designating party shall either destroy or return to the opposing party all Documents designated by the opposing party as "Confidential" or "Counsel's Eyes Only," and all copies of such Documents and shall destroy all extracts and/or data taken from such Documents.  Each party shall provide a certification as to such return or destruction within 30 days of the designating party's request.  However, Counsel shall be entitled to retain a set of all Documents filed with the Court. In addition, Counsel shall be entitled to retain all correspondence and attorneys' notes generated in connection with the action.

17.     The production of privileged or work-product protected Documents, electronically stored information, or other materials, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d).  Further, no action taken or failed to be taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

9

18. Any party may apply to the Court for a modification of this Order, and nothing in this Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

19. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order nor the designation of any Document or information as "Confidential" or "Counsel's Eyes Only," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action. Further, no action taken or failed to be taken in accordance with this Order shall be construed as a waiver of any claim or defense in this action or of any position as to discoverability or admissibility of evidence.

20. The obligations imposed by this Order are binding upon Counsel, the parties and all persons signing a Witness Assurance Declaration, and shall survive the termination of this action.

21. This Order is subject to the Federal Rules of Civil Procedure and Local Civil Rules of the United States District Court for the Northern District of Iowa on matters of procedure and calculation of time periods.

IT IS SO ORDERED this 3rd day of December, 2020.

_____
Mark A. Roberts, United States Magistrate Judge
Northern District of Iowa

# Exhibit A

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| NuStar Farms, LLC, Anthony Nunes, Jr., and Anthony Nunes, III, ) ) ) ) Plaintiffs, ) ) v. ) ) Ryan Lizza and Hearst Magazine Media, Inc., ) ) ) Defendants. ) ) ) | Case No. 5:20-cv-04003-CJW-MAR<br><br>**Witness Assurance Declaration for Stipulated Protective Order** |

I, _____ declare as follows:

1. I reside at _____ in the City/Town of _____, County of _____, State of _____. My telephone number is _____. I am currently employed by _____, located at _____, and my current job title is _____.

2. I have read and I understand the terms of the Protective Order dated _____, filed in the above-captioned case. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

3. I shall not divulge any Documents or information, or copies of Documents, designated "Confidential" or "Counsel's Eyes Only" obtained pursuant to such Protective Order, or the contents of such Documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such Documents except for the purposes of this action and pursuant to the terms of the Protective Order.

4. As soon as practical, but no later than 30 days after final termination of this action, I shall destroy or return to the attorney from whom I have received them, any Documents in my possession designated "Confidential" or "Counsel's Eyes Only," and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such Documents.

5. I submit myself to the jurisdiction of the United States District Court for the Northern District of Iowa for the purpose of enforcing or otherwise providing relief relating to the Protective Order. I acknowledge that violation of the Protective Order may result in penalties for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct. Executed this ____ day of _____, 202__.

Signature: _____

Name (print): _____