# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

| | |
|---|---|
| NuStar Farms, LLC, Anthony Nunes, Jr., and Anthony Nunes, III, | Case No. 5:20-cv-04003-CJW-MAR |
| Plaintiffs, | Defendants' Response to the United States' Motion for Extension of Time |
| v. | |
| Ryan Lizza and Hearst Magazine Media, Inc., | |
| Defendants. | |

## DEFENDANTS' RESPONSE TO THE UNITED STATES' MOTION FOR EXTENSION OF TIME

Defendants Hearst Magazine Media, Inc. and Ryan Lizza ("Defendants"), by and through the undersigned attorneys, respectfully submit this response to the United States' ("Government") Resisted Motion for Extension of Time (the "Motion"), ECF No. 87.

Over the last three days, counsel for Defendants and for the Government have had productive conversations to address the concerns raised by the Government in its Motion. Defendants believe they have reached an agreement with the Government on all material matters. The terms of agreement are described below. Defendants have shared this response with counsel for the Government, who agrees with the representations in this response. Where Plaintiffs object to the agreement reached between Defendants and the Government, their position is stated below.

In light of these agreements, Defendants ask that the Government's Motion be denied without prejudice to re-filing, subject to revising the terms of the Order Granting Defendants' Resisted Discovery Motion and Directing the Social Security Administration to Produce Certain

Records, ECF No. 80 (the "Order"), as described below. The proposed order submitted herewith reflects the terms of this proposed agreement.

* * * *

First, in its Motion, the Government expressed concern about agreeing to be bound by the terms of the Protective Order in this case, *see* ECF No. 80-1, insofar as it has provisions to which the Government cannot agree to be bound. To address this concern, Defendants and the Government agree that the Government does not need to sign Exhibit A to the Protective Order. *See* Order ¶ 4. Defendants therefore do not object to the Government foregoing signing the Protective Order by April 1, 2021, as was contemplated by the Order.

The Government will, to the extent responsive documents exist, still produce the requested documents and information bearing a "Counsel's Eyes Only" designation, *see* Order ¶ 5, and the parties to this litigation will treat the documents and information accordingly pursuant to the Protective Order. Further, the Government will treat the Chart as confidential, and will not further disclose the Chart unless doing so is consistent with its normal operations.

Plaintiffs object to this change to the Order, stating that the Government must sign on to the Protective Order before receiving the Chart (which will be designated as Counsel's Eyes Only and treated accordingly by the parties).

However, the SSA—being the agency that administers the Social Security program— already has these proffered names and Social Security numbers of Plaintiffs' employees (as do Defendants). Based on the Government's representations, any requirement that it sign and become a party to the Protective Order is unnecessary.

Second, to aid the SSA in completing the Chart, Defendants will include a column containing the listed workers' reported dates of birth, to the extent that information is known or

available.  *See* Order ¶ 3 (prescribing the format of the Chart).  Defendants also agree to pay for the costs associated with the SSA needing to prepare a response to the chart, as required by 42 U.S.C. § 1306(c), prior to the chart being provided by SSA.  (Plaintiffs have stated that they do not object to this change to the Order, subject to their position regarding the Government agreeing to be bound by the Protective Order, as stated above.)

Third, for expediency, Defendants will send the Chart directly to the Government, rather than the Government requesting the Chart from the Court, with a copy to Plaintiffs' counsel.  *See* Order ¶ 3.  Defendants are currently updating the Chart with additional information received from Plaintiffs in recent supplemental interrogatory responses and productions; Defendants will provide the Chart to the Government by Monday, April 5, 2021.  Defendants therefore do not object to the Government foregoing requesting a copy of the Chart from the Court by April 1, 2021, as was contemplated in the Order.

Plaintiffs object to this proposal, expressing a concern about the Defendants' attorneys communicating with the Government's attorneys.  Of course, Defendants' counsel will (and are happy to) copy Plaintiffs' counsel on the transmission of the Chart.

Fourth:  In its Motion, the Government expressed concern that the No-Match Files meet the definition of "return information" that the SSA may be prohibited from disclosing, even in response to a Court order.  *See* 26 U.S.C. § 6103(b)(2) (defining "return information").  Accepting the Government's position for the sake of argument, the Government recommends and Defendants propose the following solution:  Plaintiff NuStar Farms, LLC, should provide the Government with a written request for the SSA and/or IRS to produce to it "return information" that is responsive to Paragraph 2 in the Order in the format required by 26 U.S.C. § 6103(e) and

the Internal Revenue Manual, Part 11, Chapter 3, Section 2.[1]  Plaintiff NuStar Farms, LLC ("NuStar") must specify in its request the return information it is seeking and for what tax years it is seeking such information.  Once the Plaintiffs receive the return information, they will produce that to Defendants.[2]  Defendants also agree to pay for the costs associated with production of any documents, as required by 42 U.S.C. § 1306(c), prior to the production of any documents.

NuStar does not object to requesting a copy of its No-Match Files, but argues that the request should be limited to No-Match Files from 2017 to 2018, because "any other time period is irrelevant."

The Order should not be modified, at this 13th hour, to limit the scope of No-Match Files, as NuStar requests.  NuStar did not resist Defendants' motion seeking entry of the Order (despite indicating that it would do so).  Any objections to the scope of what was requested could and should have been raised at that time.  But no resistance was filed, and no concerns were raised.

---

[1]  *See* 26 U.S.C. § 6103(c) (the Government may "disclose the return of any taxpayer, or return information with respect to such taxpayer, to such person or persons as the taxpayer may designate in a request for or consent to such disclosure, or to any other person at the taxpayer's request to the extent necessary to comply with a request for information or assistance made by the taxpayer to such other person.").

[2]  This solution is consistent with the approach taken in other cases, in which a party has put at issue documents that the Government possesses, but which they have the ability to obtain from the Government upon written authorization.  *See Khosroabadi v. Mazgani Soc. Servs., Inc.*, No. 17-CV-00644, 2018 WL 1858153, at *10 (C.D. Cal. Mar. 1, 2018) (over the defendants' objections, ordering the defendants to "provide" the plaintiff "and the SSA with the appropriate authorization(s) to release information contained in the Defendants' representative file(s)" with the SSA, where records were relevant to issues in the case); *Santillan v. City of Reedley*, No. 07-CV-00391, 2008 WL 62180, at *3 (E.D. Cal. Jan. 4, 2008) (ordering "plaintiff to sign the Social Security Administration authorization to release records," over the plaintiff's objections, where records were relevant to issues in the case).  Further, the No-Match files are within the Plaintiffs' control under Fed. R. Civ. P. 34.

Any such objections would have been baseless. If NuStar received No-Match Letters in or for years other than 2017 and 2018, that is obviously relevant to this case, for reasons that have been discussed in detail in discovery conferences in this case. Plaintiffs have responded to discovery requests for employee information and documents dating back to 2006. Indeed, the Chart now lists employees dating back to 2006, and Plaintiffs have produced documents and information dating back to that time, as well.

In any event, Plaintiffs' relevance objection is misplaced. The SSA has agreed to produce the information, should it exist (with Defendants bearing the costs, as described above), and Plaintiffs are free to argue that information produced by third-party SSA is not relevant, meritless as that argument may be.

<u>Fifth</u> and finally: With the foregoing having been resolved, it is Defendants' understanding that the Government should not need a 28-day extension to respond to the Order (as it is proposed herein to be modified). Defendants propose that, instead, the Court deny the Government's Motion without prejudice, with the additional direction that (i) Defendants continue to work with the Government to accommodate reasonable deadline concerns, and (ii) if necessary, the Government can re-file a motion for an extension of time.

[*Signature block on next page*]

Respectfully submitted,

Dated:  April 2, 2021

**Ryan Lizza and Hearst Magazine Media, Inc.**

/s/ Nathaniel S. Boyer
Jonathan R. Donnellan, *Lead Counsel\**
 *jdonnellan@hearst.com*
Ravi R. Sitwala*
 *rsitwala@hearst.com*
Nathaniel S. Boyer*
 *nathaniel.boyer@hearst.com*
Sarah S. Park*
 *sarah.park@hearst.com*
Nina N. Shah*
 *nina.shah@hearst.com*
THE HEARST CORPORATION
Office of General Counsel
300 West 57th Street
New York, New York 10019
Telephone: (212) 841-7000
Facsimile: (212) 554-7000
*Admitted Pro Hac Vice*

Michael A. Giudicessi
 *michael.giudicessi@faegredrinker.com*
Nicholas A. Klinefeldt
 *nick.klinefeldt@faegredrinker.com*
Susan P. Elgin
 *susan.elgin@faegredrinker.com*
FAEGRE DRINKER BIDDLE & REATH LLP
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309-8003
Telephone: (515) 248-9000
Facsimile: (515) 248-9010

**Attorneys for Defendants**

**Certificate of Service**

The undersigned certifies that a true copy of **Defendants' Response to the United States' Motion for Extension of Time** was served upon the following parties through the court's CM/ECF electronic filing system on April 2, 2021.

/s/ Nathaniel S. Boyer
Nathaniel S. Boyer

Copy to:

Joseph M. Feller
 *jfeller@kkfellerlaw.com*
Steven S. Biss
 *stevenbiss@earthlink.net*

*Attorneys for Plaintiff*