# Exhibit B

# UNITED STATES DISTRICT COURT
for the
Northern District of Iowa

| NuStar Farms, LLC et al. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 5:20-cv-04003-CJW-MAR |
| Ryan Lizza et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Woods, Fuller, Shultz & Smith P.C., c/o Amanda Bahena, Esq.
101 South Main Avenue, Sioux Center, IA 51250

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A

| Place: Regus<br>101 S Reid St, Ste 307<br>Sioux Falls, SD, 57103 | Date and Time:<br>03/30/2021 4:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/11/2021

*CLERK OF COURT*

OR

_____  /s/ Nathaniel S. Boyer
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants Ryan Lizza and Hearst Magazine Media, Inc._____, who issues or requests this subpoena, are:

Nathaniel S. Boyer, Hearst Corporation, 300 W 57 St. 40 Fl, NY, NY 10019; nathaniel.boyer@hearst.com; 212-649-2030

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 5:20-cv-04003-CJW-MAR

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SCHEDULE A

## Definitions

1. The requests for documents set forth in this Subpoena (the "Requests," or each a "Request") incorporate by reference and use the definitions set forth in Rule 34 of the Federal Rules of Civil Procedure.

2. The "Action" refers to the matter *NuStar Farms, LLC, et al. v. Lizza, et al.*, No. 5:20-cv-4003-CJW-MAR (N.D. Iowa), commenced on January 16, 2020.

3. "Anthony Jr." refers to Plaintiff Anthony Nunes, Jr. in the Action, and those employees, agents, attorneys, and any other person who acted or purported to act on his behalf at any and all times relevant to the issues in the Action.

4. "Anthony III" refers to Plaintiff Anthony Nunes, III in the Action, and those employees, agents, attorneys, and any other person who acted or purported to act on his behalf at any and all times relevant to the issues in the Action.

5. "Document(s)" shall have the broadest meaning ascribed to it by Rule 34 of the Federal Rules of Civil Procedure, and includes (but is not limited to) any written, recorded or graphic information however produced or reproduced, of every kind, source, and authorship, including both originals and all non-identical copies and drafts thereof, irrespective of whether the information is intended for or transmitted internally by you, or intended for or transmitted by any other person or entity, or transmitted to no one, including without limitation any government agency, department, administrative entity, or personnel. This term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter, including but not limited to communications in words, symbols, pictures, sound recordings, films, tapes, emails, and other ESI. For purposes of illustration and not limitation, the term includes: correspondence;

transcriptions of testimony; letters; notes; papers; files; records; contracts; agreements; telegraphs; teletypes; emails; text messages; messages and posts conveyed via social media such as Facebook, LinkedIn, Twitter, Instagram, Pinterest, Flickr, Google+, Tumblr; websites; blogs; diaries; calendars; logs; circulars; announcements; advertisements; instructions; schedules; minutes; summaries; notes and other records and recordings of any conferences, meetings, visits, statements, interviews, or telephone conversations; bills; statements and other records of obligations and expenditures; canceled checks; vouchers; receipts and other records of payments; ledgers; journals; balance sheets; profit and loss statements; interviews; affidavits; printed matter (including published books, articles, speeches, and newspaper clippings); press releases; charts; drawings; specifications; manuals; brochures; parts lists; memoranda of all kinds to and from any persons, agencies, or entities; technical and engineering reports; evaluations; advises; recommendations; commentaries; conclusions; studies; test plans; procedures; data; reports, results, and conclusions; records of administrative, technical, and financial actions taken or recommended; and all other materials the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

      6.     "Communication" or "communications" means the transmission of information by any means, whether written, oral, or nonverbal, as well as any documents reflecting or recording the content of any oral, written, or other communications in any form, and specifically includes, but is not limited to, emails, instant messages, text messages, phone records, voice mails, voice messages, letters, handwritten notes, and telegrams.

      7.     "Electronically Stored Information" or "ESI" means and refers to computer-generated information or data, of any kind, stored on computers, file servers, disks, tape or other

devices or media, or otherwise evidenced by recording on some storage media, whether real, virtual, or cloud-based.

8. "NuStar" refers to Plaintiff NuStar Farms, LLC in the Action, and those affiliates, subsidiaries, divisions, officers, directors, employees, agents, attorneys, and any other person who acted or purported to act on any or all of its behalf at any and all times relevant to the issues in the Action.

9. "Plaintiffs" refers to NuStar (as defined above), Anthony Jr. (as defined above), and Anthony III (as defined above), collectively.

10. "Relate" or "relating to" means constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, concerning, supporting, refuting, or referring to, directly or indirectly.

11. "Woods Fuller," "You," and "Your" refer to Woods, Fuller, Shultz & Smith P.C., together with any affiliates, parents, subsidiaries, predecessors-in-interest, employees, attorneys, consultants, or other agents who acted or purported to act on your behalf at any and all times relevant to the Requests.

12. The singular includes the plural and vice versa; the terms "and" and "or" shall be both conjunctive and disjunctive; the past tense includes the present tense and vice versa; the term "including" means "including but not limited to"; and the terms "all," "each," and "every" shall be construed as inclusive or exclusive, as necessary to afford the widest possible scope to the Request containing such terms.

13. For any term used herein which is not otherwise specifically defined, the common and usual meaning of such term is intended. Any ambiguity in these Requests shall be resolved

3

so as to construe the Requests as broadly as possible. Defined terms need not be capitalized to retain their defined meaning.

## Instructions

1. In producing documents in response to these Requests, you must furnish all documents in your possession, custody, or control, regardless of whether the documents are possessed: directly by you; by your relatives, agents, employees, representatives, investigators, or any other person acting or purporting to act on your behalf; by your present or former attorneys or their agents, employees, representatives, or investigators; or by any other legal entities controlled or in any manner affiliated with you.

2. These Requests seek production of all described documents, in their entirety, along with any attachments, emailed or electronic versions, drafts, and non-identical copies.

3. If any document or thing cannot be produced in full, you must produce it to the extent possible, specifying the reasons for your inability to produce the remainder.

4. If any document responsive to these Requests once existed, but has been destroyed, discarded, or is otherwise not capable of being produced, you must furnish a list specifying each such document, why the document is not capable of being produced, the date of the document, a description of the document, the name and address of each person who prepared and received the document, the date and manner of disposal of the document, and persons currently in possession or likely to be in possession of copies of the document.

5. If, after producing documents, you obtain or become aware of any further documents responsive to these Requests, you are requested to produce such additional documents.

6. If you withhold or redact any responsive document under a claim of privilege or attorney work-product protection, you must provide the following information with respect to each such document: (a) type of document (*e.g.*, letter, memoranda, email, etc.); (b) general subject matter of the document; (c) date of the document; (d) author of the document, addressees of the document and any other recipients, and, where not apparent, the relationship of the author, addressees and recipients to each other; (e) the nature of the privilege which is being claimed.

7. If any document responsive to these Requests is produced in redacted form, that portion of the document that is redacted should be identified.

8. Documents originating in paper format and tangible things shall be copied as they are kept in the normal course of business, and any titles, labels, or other descriptions on any box, folder, binder, file cabinet, or other container shall be copied as well. Documents originating in paper format and tangible things should be scanned as single-page *.tiff image files at the time of copying. Such *.tiff files shall be at 300 dpi or greater, with optical character recognition ("OCR"), and a unique name matching the unique identifying (Bates) number of the corresponding document page. Scanned images shall be produced in the same load format as ESI, as set forth in paragraph 9 below.

9. ESI shall be produced in a reasonably usable form that includes an ability to search the content of the documents produced. More specifically:

   a. <u>General Provisions.</u> Unless otherwise specified below, documents originally collected as electronic files will be converted to Group IV single-page *.tiff image files at 300 dpi or greater. Original document orientation will be maintained (*i.e.*, portrait to portrait and landscape to landscape). Each *.tiff file will be assigned a unique name matching the unique identifying (Bates) number of the corresponding page. Such files will be grouped together in folders of 1,000 *.tiff files each. Separate folders will not be created for each document.

b. <u>Document Text.</u>  All un-redacted electronic files must be provided with complete document-level extracted text files.  In the event an electronic file contains text which is to be redacted, then OCR text files should be provided for any un-redacted portions of the documents.  The extracted full text or OCR text must be in separate document-level TXT files.  These TXT files can either be provided in a separate folder or included in the same folder as their corresponding images.  The number of TXT files per folder should be limited to 1,000 files.

c. <u>Parent-Child Relationships.</u>  Parent-child relationships (the association between emails and attachments) will be preserved.  Email attachments will be consecutively produced with the parent email record.

d. <u>Word Processing Files.</u>  All word processing files, including without limitation Microsoft Word files, will be processed to *.tiff images.  Word Processing files saved in Microsoft Office (and other similar documents created in programs for which there is an option to show tracked changes and/or comments as last saved by the custodian) will be processed to a *.tiff format showing tracked changes or comments.

e. <u>Spreadsheet Files.</u>  Spreadsheet files, including without limitation Microsoft Excel files, shall be produced in native file format, including a UNC file path in the ESI load file, and a Bates-stamped *.tiff placeholder matching the Bates number of the native file will be included in the production and reflected in the image load file.

f. <u>Presentation Files.</u>  Presentation files, including without limitation Microsoft PowerPoint files, will be processed to *.tiff format showing comments, hidden slides, speakers' notes, and similar data.

g. <u>Bates Numbering.</u>  Files will be named according to the Bates number of the corresponding *.tiff image.  The Bates number will be consistent across the production; contain no special characters; and be numerically sequential within a given document.  Attachments to documents will be assigned Bates numbers that directly follow the Bates numbers on the documents to which they were attached.  If a Bates number or set of Bates numbers is skipped, the skipped number or set of numbers will be noted.  In addition, wherever possible, each *.tiff image will have its assigned Bates number electronically "burned" onto the image.

h. <u>Load File Formats.</u>  ESI will be produced in standard Concordance load file formats and an image file that is in .OPT format.

i. <u>Metadata to be Produced.</u>  To the extent available, the following metadata files shall be produced for each document, including documents originally collected in hard copy:  BEGBATES; ENDBATES; BEGATTACH; ENDATTACH; PAREN_BATES; CHILD_BATES; CUSTODIAN; FROM;

TO; CC; BCC; SUBJECT/TITLE; DATE_SENT; TIME_SENT; FILE_EXTEN; AUTHOR; DATE_CREATED; DATE_MOD; FULLTEXT.

10. Questions regarding the interpretation of these Requests and an acceptable production format should be resolved through a meet and confer with undersigned counsel.

## DOCUMENT REQUESTS

**REQUEST NO. 1.** Any and all documents and communications relating to any of the Plaintiffs. Responsive documents include but are not limited to any documents and communications received from or exchanged with any of the Plaintiffs; any internal communications concerning any of the Plaintiffs; any draft or final documents created by You in connection with services for any of the Plaintiffs; and any documents—including in native, raw, and/or electronic format—received, considered, and/or used by You in connection with rendering any services for any of the Plaintiffs. The aforementioned services include but are not limited to any so-called "I-9 audits" that were performed for any of the Plaintiffs in or around October 2018, or at any other time.