# Exhibit C

**Boyer, Nathaniel**
_____

| From: | Sander Morehead <Sander.Morehead@woodsfuller.com> |
|---|---|
| Sent: | Tuesday, April 6, 2021 1:51 PM |
| To: | Steven S. Biss; Boyer, Nathaniel |
| Cc: | 'Joe Feller'; Amanda Bahena; Donnellan, Jonathan; Sitwala, Ravi; Shah, Nina; Park, Sarah; 'Giudicessi, Michael A.'; 'Elgin, Susan P.'; 'Klinefeldt, Nicholas A.' |
| Subject: | RE: [EXTERNAL] Objections to Subpoena to Woods Fuller |

Mr. Boyer:

Your email is incorrect. Woods Fuller has so far declined to meet and confer; but not for any of the reasons you have stated. The reasons have previously been stated clearly and in detail. Woods Fuller's communications have been the opposite of "obfuscatory."

Please send me a hard copy and email copy of any motion you file on this topic, because Woods Fuller, as a non-party, will not receive electronic notice of it.

Thank you.

Sincerely,



**Sander J. Morehead**
Attorney
300 S. Phillips Avenue, Suite 300
Sioux Falls, SD 57104-6322
Office (605) 336-3890 | Direct (605) 978-0629 | Fax (605) 339-3357
www.WoodsFuller.com

---

**From:** Steven S. Biss [mailto:stevenbiss@earthlink.net]
**Sent:** Tuesday, April 06, 2021 11:28 AM
**To:** Boyer, Nathaniel; Sander Morehead
**Cc:** 'Joe Feller'; Amanda Bahena; Donnellan, Jonathan; Sitwala, Ravi; Shah, Nina; Park, Sarah; 'Giudicessi, Michael A.'; 'Elgin, Susan P.'; 'Klinefeldt, Nicholas A.'
**Subject:** Re: [EXTERNAL] Objections to Subpoena to Woods Fuller

Nate,

As you know, the client owns and controls the privilege. We properly asserted the privilege. We produced a complete Privilege List.

I'm not directing anyone to not meet or confer. Never have.

I am only speaking for me and the Plaintiffs. My time is valuable. I am sorry you do not respect that.

**From:** Boyer, Nathaniel
**Sent:** Tuesday, April 06, 2021 11:27 AM
**To:** Sander Morehead ; Steven S. Biss
**Cc:** 'Joe Feller' ; Amanda Bahena ; Donnellan, Jonathan ; Sitwala, Ravi ; Shah, Nina ; Park, Sarah ; 'Giudicessi, Michael A.' ; 'Elgin, Susan P.' ; 'Klinefeldt, Nicholas A.'
**Subject:** RE: [EXTERNAL] Objections to Subpoena to Woods Fuller

Mr. Morehead,

Here is what I understand to be the case, from the emails that I received last week from you and Mr. Biss on this matter:

1. Woods Fuller is taking direction from its former clients, NuStar Farms, LLC, Anthony Nunes, Jr., and/or Anthony Nunes III (collectively and/or separately, the "Clients"), as to whether to meet and confer with me.

2. Through Steve Biss (counsel for the Clients in this litigation), one or more of the Clients is directing Woods Fuller to refuse to meet and confer with me concerning this Subpoena.

3. Woods Fuller is therefore refusing to meet and confer with me regarding its response to the Subpoena.

Please let me know by tomorrow, 4/7, if any of that is incorrect (and if so, how it is incorrect).

Otherwise, it will be our understanding that Woods Fuller is refusing to meet and confer for the reasons stated above, and we will proceed accordingly. This may include but is not limited to moving to compel Woods Fuller to respond more fully to the Subpoena, and/or seeking sanctions against Woods Fuller for refusing to meet and confer regarding its response to the Subpoena (which has been obfuscatory and puzzling).

Nate

**Nathaniel S. Boyer** | Counsel | The Hearst Corporation | Office of General Counsel | 300 W. 57th St. - 40th Fl. | New York, NY 10019 | Tel. 212 649 2030 | Fax. 212 649 2035 | nathaniel.boyer@hearst.com

---

**From:** Sander Morehead <Sander.Morehead@woodsfuller.com>
**Sent:** Tuesday, March 30, 2021 3:30 PM
**To:** Boyer, Nathaniel <Nathaniel.Boyer@hearst.com>; Steven S. Biss <stevenbiss@earthlink.net>
**Cc:** 'Joe Feller' <jfeller@kkfellerlaw.com>; Amanda Bahena <Amanda.Bahena@woodsfuller.com>; Donnellan, Jonathan <JDonnellan@hearst.com>; Sitwala, Ravi <RSitwala@hearst.com>; Shah, Nina <Nina.Shah@hearst.com>; Park, Sarah <Sarah.Park@hearst.com>; 'Giudicessi, Michael A.' <michael.giudicessi@faegredrinker.com>; 'Elgin, Susan P.' <susan.elgin@faegredrinker.com>; 'Klinefeldt, Nicholas A.' <nick.klinefeldt@faegredrinker.com>
**Subject:** RE: [EXTERNAL] Objections to Subpoena to Woods Fuller

Mr. Boyer:

Woods Fuller cannot unilaterally meet and confer about the subpoena. Woods Fuller must and will defer to the party asserting the privilege.

Sincerely,



**Sander J. Morehead**
Attorney
300 S. Phillips Avenue, Suite 300
Sioux Falls, SD 57104-6322
Office (605) 336-3890 | Direct (605) 978-0629 | Fax (605) 339-3357
www.WoodsFuller.com

---

**From:** Boyer, Nathaniel [mailto:Nathaniel.Boyer@hearst.com]
**Sent:** Tuesday, March 30, 2021 9:01 AM
**To:** Steven S. Biss; Sander Morehead
**Cc:** 'Joe Feller'; Amanda Bahena; Donnellan, Jonathan; Sitwala, Ravi; Shah, Nina; Park, Sarah; 'Giudicessi, Michael A.'; 'Elgin, Susan P.'; 'Klinefeldt, Nicholas A.'
**Subject:** RE: [EXTERNAL] Objections to Subpoena to Woods Fuller

Steve,

That's fine, you don't have to join my meet and confer with Mr. Morehead, although you are certainly welcome to join.

Mr. Morehead: Please see my email from last night, requesting a time to meet and confer today. Let me know what works for you.

And Steve, I don't know what you plan to address at a conference with Judge Roberts you intend to request – I think you have an incomplete sentence in your email – but of course, you need to meet and confer with us before bringing a discovery dispute to the Court's attention, and we are happy to meet and confer.

Best,
Nate

**Nathaniel S. Boyer** | Counsel | The Hearst Corporation | Office of General Counsel | 300 W. 57th St. - 40th Fl. | New York, NY 10019 | Tel. 212 649 2030 | Fax. 212 649 2035 | nathaniel.boyer@hearst.com

---

**From:** Steven S. Biss <stevenbiss@earthlink.net>
**Sent:** Tuesday, March 30, 2021 9:45 AM
**To:** Boyer, Nathaniel <Nathaniel.Boyer@hearst.com>; 'Sander Morehead' <Sander.Morehead@woodsfuller.com>
**Cc:** 'Joe Feller' <jfeller@kkfellerlaw.com>; 'Amanda Bahena' <Amanda.Bahena@woodsfuller.com>; Donnellan, Jonathan <JDonnellan@hearst.com>; Sitwala, Ravi <RSitwala@hearst.com>; Shah, Nina <Nina.Shah@hearst.com>; Park, Sarah <Sarah.Park@hearst.com>; 'Giudicessi, Michael A.' <michael.giudicessi@faegredrinker.com>; 'Elgin, Susan P.' <susan.elgin@faegredrinker.com>; 'Klinefeldt, Nicholas A.' <nick.klinefeldt@faegredrinker.com>
**Subject:** Re: [EXTERNAL] Objections to Subpoena to Woods Fuller

Nate,

Thank you for this email. We do not see any need for a meet and confer. It is a waste of time. Woods Fuller has fully responded to your Subpoena and we have provided a complete Privilege List.

I am requesting a conference with Judge Roberts about.

Finally, you should be troubled about the additional documents. They confirm everything we said about NuStar's business practices. The documents bury Hearst and Lizza. You made us do this Chart for you. You reap what you sow.

---

**From:** Boyer, Nathaniel
**Sent:** Tuesday, March 30, 2021 9:34 AM
**To:** Steven S. Biss ; 'Sander Morehead'
**Cc:** 'Joe Feller' ; 'Amanda Bahena' ; Donnellan, Jonathan ; Sitwala, Ravi ; Shah, Nina ; Park, Sarah ; 'Giudicessi, Michael A.' ; 'Elgin, Susan P.' ; 'Klinefeldt, Nicholas A.'
**Subject:** RE: [EXTERNAL] Objections to Subpoena to Woods Fuller

Steve,

First, I am asking to meet and confer today. My email referencing "tomorrow" was from yesterday. Yesterday's tomorrow is today. I've provided my availability for today. I take it you want to join my call with Mr. Morehead? That'd be great.

Second, I am not aware of a requirement that a meet and confer precatory to any motion practice be completed by the subpoena's return date—obviously, we've been diligently trying to schedule this meet and confer since receiving Mr. Morehead's email last week—but in any event, I share your desire to meet and confer today.

Third, "sticky notes" is plural. So we expect that the privilege log to have multiple entries. The log should also specify the document to which each note was affixed. It's akin to, *e.g.*, a withheld or redacted cover email to an underlying document; the log would identify that the redacted or withheld document was a cover email (what may also be clear from what exactly is redacted), so we can understand over what, precisely, the privilege is being asserted.

Fourth and lastly—but importantly—we are troubled by the fact that your clients continue to find additional documents, including these sticky notes (which were presumably known to your clients at the time the underlying I-9s were produced, but were set aside and not disclosed until now), and the "trove" of additional documents about which you just emailed me and Mike. But, we will address that issue to you and Mr. Feller in separate correspondence; Mr. Morehead and Ms. Bahena don't need to be subjected to that conversation, except to observe that Plaintiffs' production issues in this case underscore the value of today's meet and confer call to discuss Woods Fuller's response to the subpoena.

Nate

**Nathaniel S. Boyer** | Counsel | The Hearst Corporation | Office of General Counsel | 300 W. 57th St. - 40th Fl. | New York, NY 10019 | Tel. 212 649 2030 | Fax. 212 649 2035 | nathaniel.boyer@hearst.com

---

**From:** Steven S. Biss <stevenbiss@earthlink.net>
**Sent:** Tuesday, March 30, 2021 9:13 AM
**To:** Boyer, Nathaniel <Nathaniel.Boyer@hearst.com>; 'Sander Morehead' <Sander.Morehead@woodsfuller.com>
**Cc:** 'Joe Feller' <jfeller@kkfellerlaw.com>; 'Amanda Bahena' <Amanda.Bahena@woodsfuller.com>; Donnellan, Jonathan <JDonnellan@hearst.com>; Sitwala, Ravi <RSitwala@hearst.com>; Shah, Nina <Nina.Shah@hearst.com>; Park, Sarah <Sarah.Park@hearst.com>; 'Giudicessi, Michael A.' <michael.giudicessi@faegredrinker.com>; 'Elgin, Susan P.' <susan.elgin@faegredrinker.com>; 'Klinefeldt, Nicholas A.' <nick.klinefeldt@faegredrinker.com>
**Subject:** Re: [EXTERNAL] Objections to Subpoena to Woods Fuller

Nate,

Tomorrow is too late. We have stated objections. We provided a Privilege List. Your subpoena is returnable today, so if you have any questions about Sander's response and the objections, we need to meet and confer today sometime. If that is not possible, I will be advising Judge Roberts and seeking a discovery conference.

I am told by NuStar that there is one addition to the privilege log, which consists of sticky notes that were affixed to certain I-9s during the audit. The stick notes contain attorney-client communications that are privileged. I plan to add a document to the Privilege List today.

**From:** Boyer, Nathaniel
**Sent:** Monday, March 29, 2021 10:49 PM
**To:** 'Sander Morehead' ; 'Steven S. Biss'
**Cc:** 'Joe Feller' ; 'Amanda Bahena' ; Donnellan, Jonathan ; Sitwala, Ravi ; Shah, Nina ; Park, Sarah ; 'Giudicessi, Michael A.' ; 'Elgin, Susan P.' ; 'Klinefeldt, Nicholas A.'
**Subject:** RE: [EXTERNAL] Objections to Subpoena to Woods Fuller

Mr. Morehead,

Circling back on my request to meet and confer. I am available tomorrow before 10 a.m. CT, or at or after 3:30 p.m. CT. Let me know if either of those times work for you.

Nate

**Nathaniel S. Boyer** | Counsel | The Hearst Corporation | Office of General Counsel | 300 W. 57th St. - 40th Fl. | New York, NY 10019 | Tel. 212 649 2030 | Fax. 212 649 2035 | nathaniel.boyer@hearst.com

**From:** Boyer, Nathaniel
**Sent:** Thursday, March 25, 2021 2:47 PM
**To:** Sander Morehead <Sander.Morehead@woodsfuller.com>; Steven S. Biss <stevenbiss@earthlink.net>
**Cc:** Joe Feller <jfeller@kkfellerlaw.com>; Amanda Bahena <Amanda.Bahena@woodsfuller.com>; Donnellan, Jonathan <JDonnellan@hearst.com>; Sitwala, Ravi <RSitwala@hearst.com>; Shah, Nina <Nina.Shah@hearst.com>; Park, Sarah <Sarah.Park@hearst.com>; Giudicessi, Michael A. <michael.giudicessi@faegredrinker.com>; 'Elgin, Susan P.' <susan.elgin@faegredrinker.com>; Klinefeldt, Nicholas A. <nick.klinefeldt@faegredrinker.com>
**Subject:** RE: [EXTERNAL] Objections to Subpoena to Woods Fuller

Mr. Morehead,

Thank you for your response.

Can we please schedule a time to meet and confer regarding this response? We want to make sure we have a shared understanding as to what documents would be responsive to the subpoena.

As of now, I have good availability tomorrow; just let me know any time that works for you other than 2-3 p.m. CT.

Best,
Nate

5

**Nathaniel S. Boyer** | Counsel | The Hearst Corporation | Office of General Counsel | 300 W. 57th St. - 40th Fl. | New York, NY 10019 | Tel. 212 649 2030 | Fax. 212 649 2035 | nathaniel.boyer@hearst.com

**From:** Sander Morehead <Sander.Morehead@woodsfuller.com>
**Sent:** Wednesday, March 24, 2021 3:29 PM
**To:** Boyer, Nathaniel <Nathaniel.Boyer@hearst.com>; Steven S. Biss <stevenbiss@earthlink.net>
**Cc:** Joe Feller <jfeller@kkfellerlaw.com>; Amanda Bahena <Amanda.Bahena@woodsfuller.com>; Donnellan, Jonathan <JDonnellan@hearst.com>; Sitwala, Ravi <RSitwala@hearst.com>; Shah, Nina <Nina.Shah@hearst.com>; Park, Sarah <Sarah.Park@hearst.com>; Giudicessi, Michael A. <michael.giudicessi@faegredrinker.com>; 'Elgin, Susan P.' <susan.elgin@faegredrinker.com>; Klinefeldt, Nicholas A. <nick.klinefeldt@faegredrinker.com>
**Subject:** RE: [EXTERNAL] Objections to Subpoena to Woods Fuller

Mr. Boyer:

I am an attorney with Woods, Fuller, Shultz & Smith, P.C. ("Woods Fuller"). Woods Fuller agrees the referenced subpoena seeks information subject to the attorney-client privilege. That privilege has been asserted. Woods Fuller therefore objects to the subpoena on the same grounds.

Woods Fuller also believes that the privilege log referenced in Mr. Biss's email below is complete.

Sincerely,



**Sander J. Morehead**
Attorney
300 S. Phillips Avenue, Suite 300
Sioux Falls, SD 57104-6322
Office (605) 336-3890 | Direct (605) 978-0629 | Fax (605) 339-3357
www.WoodsFuller.com

---

**From:** Boyer, Nathaniel [mailto:Nathaniel.Boyer@hearst.com]
**Sent:** Sunday, March 14, 2021 11:05 PM
**To:** Steven S. Biss
**Cc:** Joe Feller; Amanda Bahena; Donnellan, Jonathan; Sitwala, Ravi; Shah, Nina; Park, Sarah; Giudicessi, Michael A.; 'Elgin, Susan P.'; Klinefeldt, Nicholas A.
**Subject:** RE: [EXTERNAL] Objections to Subpoena to Woods Fuller

Steve,

See our responses below, in red. I've copied in all counsel of record, and I ask that we keep all counsel of record copied on this correspondence.

Nate

**Nathaniel S. Boyer** | Counsel | The Hearst Corporation | Office of General Counsel | 300 W. 57th St. - 40th Fl. | New York, NY 10019 | Tel. 212 649 2030 | Fax. 212 649 2035 | nathaniel.boyer@hearst.com

**From:** Steven S. Biss <stevenbiss@earthlink.net>
**Sent:** Saturday, March 13, 2021 10:04 AM
**To:** Boyer, Nathaniel <Nathaniel.Boyer@hearst.com>
**Cc:** Joe Feller <jfeller@kkfellerlaw.com>; Amanda Bahena <Amanda.Bahena@woodsfuller.com>
**Subject:** [EXTERNAL] Objections to Subpoena to Woods Fuller

Nate,

This email states and preserves Plaintiffs' objections to the Subpoena you issued to Woods, Fuller, Shultz & Smith, P.C. pursuant to Rule 45 of the Federal Rules of Civil Procedure (the "Subpoena"). A copy of the Subpoena is attached.

> **REQUEST NO. 1.** Any and all documents and communications relat[ing to] Plaintiffs. Responsive documents include but are not limited to any documents [and] communications received from or exchanged with any of the Plaintiffs; any inte[rnal] communications concerning any of the Plaintiffs; any draft or final documents c[reated in] connection with services for any of the Plaintiffs; and any documents—includin[g in paper] and/or electronic format—received, considered, and/or used by You in connecti[on with] rendering any services for any of the Plaintiffs. The aforementioned services in[clude but are not] limited to any so-called "I-9 audits" that were performed for any of the Plaintiff[s in] October 2018, or at any other time.

Plaintiffs object to the Subpoena on the following grounds and for the following reasons:

1. The Subpoena exceeds the scope of discovery permitted under Rule 26(b)(1). It seeks documents that have no relevance to this action. It is not proportional to the needs of the case.

<span style="color:red">I'll address your relevance and proportionality objections in turn.</span>

<span style="color:red">*Relevance.* Plaintiffs' document production and privilege log suggest that Woods Fuller was engaged by NuStar in connection with an "audit" of I-9 records that took place in October 2018, immediately after the article at issue in this case first appeared on esquire.com. Plaintiffs chose to put this audit at issue by bringing this defamation case, which is proceeding on the "claim that defendants defamed Plaintiffs by falsely alleging that they knowingly employed undocumented workers." ECF No. 50, at 42. By prosecuting this case, Plaintiffs have put at issue (i) whether they have ever hired or used any undocumented workers, and if so, (ii) what they knew (or tried to avoid knowing) about the</span>

7
Case 5:20-cv-04003-CJW-MAR   Document 93-3   Filed 04/13/21   Page 8 of 12

status of any such worker. Any I-9 audit for which Woods Fuller was engaged is directly relevant to the central issue in this case, and you have previously acknowledged that any and all documents concerning this audit are relevant and responsive. To the extent Woods Fuller has been separately engaged by any of the Plaintiffs on entirely unrelated matters, I would be happy discuss that with Ms. Bahena.

*Proportionality*. Plaintiffs lack standing to assert a "proportionality" objection to this third-party subpoena to Woods Fuller. To the extent Woods Fuller has any concerns regarding the burden associated with responding to the Subpoena, I would be happy to discuss that issue with Ms. Bahena. I would note, however, that given the centrality of the documents maintained by Woods Fuller to this defamation case—in which your clients are demanding tens of millions of dollars on the basis that the Article falsely reported that your clients hired undocumented workers—it would be hard to see how a burden borne by Plaintiffs' lawyers in connection with a contemporaneous I-9 audit would be an "undue" burden.

2. The Subpoena seeks documents that are protected by the attorney-client privilege. A revised Privilege List is attached in PDF.

*Regarding this objection*: This objection is premature. To start, we would expect that not all of the materials maintained by Woods Fuller would be the subject of even an arguable assertion of the attorney-client privilege. For example, we anticipate that Woods Fuller is in possession of documents that your clients shared with Woods Fuller, such as copies of Form I-9s and supporting documents. Any such documents are not subject to the privilege. Similarly, any work product or communications (or portions therefor) that recite or describe facts (as opposed to offering or requesting counsel on those facts) would also not be privileged. And of course, to the extent any documents or communications were shared with third parties, such documents or communications are not privileged.

Subject to that understanding—and please let me know immediately if you have a different understanding—if Woods Fuller is going to withhold any responsive documents on the basis of the attorney-client privilege, then it will do so in a privilege log that it produces at the time of its objections, which will separately itemize every withheld communication and document with sufficient detail so that the parties can understand the basis for the assertion of the privilege. Once that is done, then we can have a more informed discussion regarding the assertion of privilege over Woods Fuller's files.

*Regarding this privilege log*: Now—only after Defendants served a subpoena on Woods Fuller—Plaintiffs disclosed a single outbound email from Lori Nunes to Woods Fuller. Did Lori Nunes *never* receive *any* responsive emails from Woods Fuller? Were there never any other email correspondence with Woods Fuller? And were there any attachments to the documents you are withholding? If so, please produce them or, if Plaintiffs claim a privilege, please supplement your log.

Plaintiffs intend to file a motion to quash the Subpoena. Until the above Objections are resolved, Plaintiffs instruct Woods Fuller not to produce any privileged documents, including those identified on the Privilege List.

For the reasons described above, a motion to quash is premature. Plaintiffs' relevance objections are baseless; Plaintiffs lack standing to assert a proportionality objection; and Plaintiffs can and should await any assertion of privilege by Woods Fuller in the form of an itemized privilege log.

As for your instruction that Woods Fuller "not . . . produce any privileged documents": Woods Fuller is fully capable of asserting privilege over at least some of the responsive documents in its possession on your clients' behalf. And, while we reserve our rights concerning the assertion of privilege by your clients in this case, as an initial matter, Woods Fuller should respond to the Subpoena, itemizing any documents it is withholding on the basis of the attorney-client privilege, along with any other any objections it asserts to the Subpoena.

We hope that you agree with this path forward; please confirm by Monday at 5 p.m. CT that Plaintiffs will allow Woods Fuller to respond to the Subpoena, itemizing all documents it is withholding on the basis of the attorney-client

8

privilege.  Otherwise, Defendants will raise this matter with the Court at Thursday's status conference, noting that Plaintiffs are prematurely instructing a third party to refuse to respond to a duly-noticed and served Subpoena.

Please let me know when you are available for a meet and confer.

Certainly, I would be happy to discuss this further.  I expect that it would make sense for Ms. Bahena to join the call, and I would welcome her attendance.  As of now, I can talk tomorrow (Monday) before 11 a.m. ET; between 2:30 and 4 p.m. ET, or at or after 5 p.m. ET.  Or, I can make time later in the week, as well.

Steven S. Biss
(Virginia State Bar # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone (804) 501-8272
Facsimile: (202) 318-4098
Email: stevenbiss@earthlink.net
Email: stevensbiss@protonmail.ch
www.linkedin.com/in/steven-s-biss-6517037

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, any tax advice that may be contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding any penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction(s) or tax-related matter(s) that may be addressed herein.

This communication (including any attachments) may contain legally privileged and confidential information intended solely for the use of the intended recipient. If you are not the intended recipient, immediately stop reading this email and delete it from your system.

---

**CONFIDENTIALITY NOTICE** This e-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 USC §§ 2510-2521, contains confidential information, and is legally privileged. If you are not the intended recipient, any retention, dissemination, distribution or copying of this communication is strictly prohibited. Please reply to the sender that you received the message in error, then delete it.

If this e-mail contains attached files and documents, please note any alteration or changes may result in changes to the legal effect of these documents. Woods, Fuller, Shultz & Smith P.C. has no responsibility for any alterations or changes made by you to these documents.

This email has been scanned for email related threats and delivered safely by Mimecast.

---

Steven S. Biss
(Virginia State Bar # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone (804) 501-8272
Facsimile: (202) 318-4098
Email: stevenbiss@earthlink.net

Email: stevensbiss@protonmail.ch
www.linkedin.com/in/steven-s-biss-6517037

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, any tax advice that may be contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding any penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction(s) or tax-related matter(s) that may be addressed herein.

This communication (including any attachments) may contain legally privileged and confidential information intended solely for the use of the intended recipient. If you are not the intended recipient, immediately stop reading this email and delete it from your system.


Steven S. Biss
(Virginia State Bar # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone (804) 501-8272
Facsimile: (202) 318-4098
Email: stevenbiss@earthlink.net
Email: stevensbiss@protonmail.ch
www.linkedin.com/in/steven-s-biss-6517037

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, any tax advice that may be contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding any penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction(s) or tax-related matter(s) that may be addressed herein.

This communication (including any attachments) may contain legally privileged and confidential information intended solely for the use of the intended recipient. If you are not the intended recipient, immediately stop reading this email and delete it from your system.


Steven S. Biss
(Virginia State Bar # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone (804) 501-8272
Facsimile: (202) 318-4098
Email: stevenbiss@earthlink.net
Email: stevensbiss@protonmail.ch
www.linkedin.com/in/steven-s-biss-6517037

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, any tax advice that may be contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding any penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction(s) or tax-related matter(s) that may be addressed herein.

This communication (including any attachments) may contain legally privileged and confidential information intended solely for the use of the intended recipient. If you are not the intended recipient, immediately stop reading this email and delete it from your system.