# STEVEN S. BISS
Attorney At Law
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone: 804-501-8272
Fax: 202-318-4098
EMAIL: stevenbiss@earthlink.net
stevensbiss@protonmail.ch
www.linkedin.com/in/steven-s-biss-6517037

Matter No.

254-001

April 13, 2021

**VIA CM/ECF AND EMAIL**

Hon. Mark A. Roberts
United States Magistrate Judge
Northern District of Iowa
111 Seventh Avenue SE
Cedar Rapids, IA 52401

**RE:** **NuStar Farms, LLC et al. v. Ryan Lizza et al.**
**Case 5:20-cv-04003-CJW-MAR**

Dear Judge Roberts:

Joe Feller and I represent Plaintiffs, NuStar Farms, LLC, Anthony Nunes, Jr. and Anthony Nunes, III.

We are in receipt of a letter filed with the Court by counsel for the Defendants this morning. [*ECF No. 93* (the "Hearst Letter")].

The Hearst Letter contains serious misstatements and appears to have been filed for an improper purpose. Plaintiffs move the Court to strike the Hearst Letter from the record pursuant to Rule 12(f).

1. **Misstatements**

In the Hearst Letter, counsel for the Defendants represents to the Court that "Plaintiffs and their former law firm declined to provide responsive documents and information and further have refused to meet and confer regarding their incomplete and implausible privilege log and responses to Defendants' subpoena".

This is a serious misstatement:

- Plaintiffs and Woods Fuller <u>never</u> declined to provide responsive documents and information;

- There are <u>no</u> non-privileged documents in the possession and control of Wood Fuller – Woods Fuller's response to the subpoena is complete;

- <u>All</u> non-privileged documents related to the I-9 audit have been produced by Plaintiffs;

- Plaintiffs timely and properly invoked the attorney-client privilege as to three (3) documents, and identified those documents on a Privilege List;

- The Privilege List is complete – the identity of documents (I-9s) to which sticky notes were affixed during the audit is irrelevant and, in any case, is a privileged part of the legal services provided by Woods Fuller;

- Counsel's characterization of the Privilege List as "implausible" is an irrelevant opinion;

- Counsel's disparaging comments about Woods Fuller and personal attacks are untrue and undeserved.

**2.     Improper Purposes**

For several months, counsel for Hearst has filed letters with the Court ahead of the status conferences, knowing that those letters are in the public domain, falsely accusing Plaintiffs of failing to comply with discovery requests, etc., and arguing their case in the press.

Defendants are also aware that Plaintiffs continue to be defamed and harassed on Twitter as a result of publication of the defamatory article.

Defendants' letters appear calculated to satisfy the cravings of their Twitter audience. This is improper and inflammatory.

**3.     There Is No Need For More Than 10 Depositions**

Rule 30 caps the number of depositions at ten. There is no good cause to exceed that number in this case.

This case involves one false and defamatory statement.

The offending article represents (falsely) that 3 sources provided information to Lizza. The deposition of Source A will be taken on May 10, 2021. Sources B and C, whose identity is unknown to the Defendants, are nowhere to be found, and Defendants are likely very happy to have them remain missing.

The article identifies several other persons that Lizza purportedly interviewed, including Jerry Nelson, Father Callahan and two unidentified farmers. Father Callahan's deposition is scheduled for April 27, 2021. It is unclear whether Jerry Nelson will claim a "reporters privilege" and will refuse to appear for deposition.

Defendants are on a fishing expedition in search of evidence to support a substantial truth defense. All of NuStar's 14 workers are authorized and NuStar has produced identity and employment authorization documents for every single one. These depositions are solely intended to harass and intimidate the workers, and disrupt NuStar's dairy business.

Defendants offer the Court no good reason why they need to take the depositions of eight workers, or which eight, or why the depositions of any NuStar worker is proportional to the needs of the case. Defendants fail to show why each of the requested depositions concerns an issue material to the case and why each deposition is not unreasonably cumulative or duplicative.

Defendants also offer no reason for the deposition of Mollie Hemingway. Ms. Hemingway wrote a scathing article about Lizza that was published in the *Federalist*. [https://thefederalist.com/2018/10/02/ryan-lizzas-hit-piece-on-devin-nunes-extended-family-is-deeply-flawed/]. By deposing Ms. Hemingway, Defendants certainly agree that Lizza's activities while he was in Sibley and the reasons why Plaintiffs were concerned about stalking and why they followed Lizza are relevant.

Plaintiffs fairly question why Defendants destroyed the notes taken by their staff of fact-checkers, and why they destroyed virtually all emails and other communications by and between the 7+ researchers, editors, and producers involved in publication of the piece at issue. They still have not produced Lizza's phone records or his tax returns. Yet, they claim that they need to take more than ten (10) depositions.

Counsel for the Plaintiffs has participated in numerous telephone conferences with the five+ attorneys representing the Defendants. The conferences have worked. In the case of the Privilege List, however, a meet and confer would be futile and would only unnecessarily multiply these proceedings.

Thank you Your Honor.

Yours very truly,

*/s/ Steven S. Biss*

Steven S. Biss

cc.   Joseph Feller, Esq.
      Sander Morehead, Esq,
      Counsel of Record (via email)