IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| NuStar Farms, LLC, Anthony Nunes, Jr., and Anthony Nunes, III, <br><br> Plaintiffs, <br><br> v. <br><br> Ryan Lizza and Hearst Magazine Media, Inc., <br><br> Defendants. | Case No. 5:20-cv-04003-CJW-MAR <br><br> **Defendants' Resisted <u>Expedited</u> Motion to Compel and Other Relief Regarding NuStar Employee Depositions** |

Defendants Ryan Lizza ("Lizza") and Hearst Magazine Media, Inc. ("Hearst") (collectively "Defendants"), by and through the undersigned attorneys, file this Expedited Motion to Compel and for Other Relief regarding NuStar Employee Depositions (the "Motion").

Defendants respectfully request that the Court enter an order pursuant to Fed. R. Civ. P. 30, 37, 45 and the Court's inherent authority: (i) compelling the NuStar employee deponents to comply with the subpoenas *duces tecum*; (ii) directing Plaintiffs' counsel to refrain from improper objections, witness coaching, interruptions, and disruptions during the employee depositions; ▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

The Motion should be granted for multiple reasons, which are described in detail in the accompanying brief in support of this Motion, and are summarized below:

*First*, NuStar's employees—▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

███████████████████████████████████████████████████ to the allegations Plaintiffs made to state a claim sufficient to survive Defendants' motion to dismiss.

Plaintiffs' lawsuit is proceeding solely on the "claim that defendants defamed Plaintiffs by falsely alleging that they knowingly employed undocumented workers." ECF No. 50, at 42. NuStar's laborers are critical witnesses to this central issue. Depositions of six NuStar employees were scheduled for last week, pursuant to duly noticed and properly served subpoenas. The witnesses were to be represented by independent counsel made available to them by NuStar.

Defendants were only able to complete part of the first deposition, before the depositions were all adjourned *sine die*.

Specifically, ████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████

This startling event, together with the surrounding circumstances discussed in greater detail in the accompanying brief ██████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████████████████

      Mr. Biss appears to not appreciate the seriousness of this matter. ███████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████████████████

      *Second*, the first witness to be deposed did not comply with the subpoena *duces tecum* seeking production at the deposition of current identification documents and any identification documents presented to NuStar. In fact, ████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████

      *Third*, Plaintiffs' counsel's behavior at the first NuStar employee's deposition violated the Federal Rule of Civil Procedure 30, and was clearly intended to intimidate the witness and signal to the witness how to answer questions. Plaintiffs' conduct—████████████████████

███████████████████████████████████████

████████████████████████████—prevented the deposition from going forward.

      For the reasons above, as well as those included in Defendants' brief in support of this Motion (which is incorporated here by this reference pursuant to Local Rule 7(d)), Defendants

respectfully request that the Court grant this Motion. In further support of this Motion, Defendants contemporaneously file the Declaration of Nathaniel S. Boyer and its exhibits, some of which are submitted under seal pursuant to the protective order applicable to this action, and incorporate that declaration and its exhibits here by this reference.

Pursuant to Local Rule 7(k), Defendants have conferred with Plaintiffs regarding this Motion. Plaintiffs resist the Motion.

WHEREFORE, for the reasons stated above and in their contemporaneously filed supporting brief, Defendants Ryan Lizza and Hearst Magazine Media, Inc. respectfully request that this Court issue a discovery order:

(i) Compelling the NuStar employee deponents to comply with the subpoenas *duces tecum* and produce the requested identification documents at their depositions;

(ii) Directing Plaintiffs' counsel, including Mr. Biss and Mr. Feller, to comply with the Federal Rules of Civil Procedure and Iowa Rules of Professional Conduct with respect to depositions in this case. Specifically, Plaintiffs' counsel should be ordered to refrain from:

  a. Interrupting the witness, questioner, interpreter, counsel for the witness, videographer, and court reporter;

  b. Making improper speaking or argumentative objections or narrative statements or misstatements, particularly such statements that are intended to or may have the effect of intimidating the witness or coaching the witness to testify a certain way; and

  c. Otherwise interfering with the depositions or witnesses or interacting with their counsel in a way to influence the employees' testimony;

(iii) 

(iv)

(v) such other relief the Court deems just and proper.

[*signature block on next page*]

Dated: May 17, 2021

**Ryan Lizza & Hearst Magazine Media, Inc., Defendants**

/s/ Nathaniel S. Boyer
Jonathan R. Donnellan, *Lead Counsel\**
 jdonnellan@hearst.com
Ravi R. Sitwala\*
 rsitwala@hearst.com
Nathaniel S. Boyer\*
 nathaniel.boyer@hearst.com
Sarah S. Park\*
 sarah.park@hearst.com
Nina Shah\*
 nina.shah@hearst.com
THE HEARST CORPORATION
Office of General Counsel
300 West 57th Street
New York, New York 10019
Telephone: (212) 841-7000
Facsimile: (212) 554-7000
*\*Admitted Pro Hac Vice*

Michael A. Giudicessi
 michael.giudicessi@faegredrinker.com
Nicholas A. Klinefeldt
 nick.klinefeldt@faegredrinker.com
Susan P. Elgin
 susan.elgin@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309-8003
Telephone: (515) 248-9000
Facsimile: (515) 248-9010

**Attorneys for Defendants**

## Certificate of Service

      The undersigned certifies that a true copy of **Defendants' Resisted <u>Expedited</u> Motion to Compel and Other Relief Regarding NuStar Employee Depositions** was served upon the following parties through the court's CM/ECF electronic filing system on May 17, 2021.

                                         /s/ Nathaniel S. Boyer

Copy to:

Joseph M. Feller
 *jfeller@kkfellerlaw.com*
Steven S. Biss
 *stevenbiss@earthlink.net*

*Attorneys for Plaintiff*