# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

| | | |
|---|---|---|
| **NuStar Farms, LLC, Anthony Nunes, Jr., and Anthony Nunes, III,** | ) | **Case No. 5:20-cv-04003-CJW-MAR** |
| | ) | |
| Plaintiffs, | ) | **Defendants' Brief in Support of Their** |
| | ) | **Resisted <u>Expedited</u> Motion to Compel** |
| v. | ) | **and for Other Relief Regarding** |
| | ) | **Depositions of NuStar Employees** |
| **Ryan Lizza** and **Hearst Magazine Media, Inc.,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**Table of Contents**

Introduction ........................................................................................................................ 1

Factual Background ........................................................................................................... 2

    A.    NuStar's Employees Are Key Witnesses to the Central Issue in
this Case ............................................................................................................ 2

    B.    ███████████████████████████████ ........................ 3

    C.    ███████████████████████████ ................... 5

    D.    ███████████████████████████████ ............ 7

    E.    Mr. Biss's Behavior at and in Connection with the Employee Depositions
Was Improper ................................................................................................... 9

Argument ......................................................................................................................... 12

    I.    The Court Should Compel Compliance with the Subpoenas ........................... 14

    II.    The Court Should Direct Plaintiffs' Counsel to Abide by Federal and
Ethics Rules .................................................................................................... 16

    III.    ███████████████████ .................................................. 17

    IV.    ███████████████████ ............................................. 20

Conclusion ....................................................................................................................... 20

i

# Table of Authorities

Page(s)

**Cases**

*Armstrong v. Hussmann Corp.*,
    163 F.R.D. 299 (E.D. Mo. 1995) ............................................................17

*Central States, Se. Areas Pension Fund v. King Dodge, Inc.*,
    No. 11MC00233, 2011 WL 2784118 (E.D. Mo. July 15, 2011) ........................15

*GMAC Bank v. HTFC Corp.*,
    248 FRD 182 (E.D. Penn. 2008) ............................................................20

*Hall v. Clifton Precision*,
    150 F.R.D. 525 (E.D. Pa. 1993) ............................................................16

*Harvey v. Cable News Network, Inc.*,
    No. CV 20-3068, 2021 WL 1751121 (D. Md. May 4, 2021) .............................11

*Lokhova v. Halper*,
    995 F.3d 134 (4th Cir. 2021) ........................................................11, 12

*Lund v. Matthews*,
    No. 13CV144, 2014 WL 517569 (D. Neb. Feb. 7, 2014) ...............................16

*Pillsbury Co. v. Conboy*,
    459 U.S. 248 (1983) ..........................................................................8

*Rakes v. Life Investors Ins. Co. of Am.*,
    No. C06-0099, 2008 WL 429060 (N.D. Iowa Feb. 14, 2008) ..........................17

*Sec. Nat'l Bank of Sioux City, Iowa v. Day*,
    800 F.3d 936 (8th Cir. 2015) ..............................................................16

*United States v. Blanche*,
    149 F.3d 763 (8th Cir. 1998) ..............................................................18

*Vallejo v. Amgen, Inc.*,
    No. 14-CV-50, 2017 WL 3037391 (D. Neb. May 30, 2017) ...........................20

*Van Pilsum v. Iowa State Univ. of Sci. & Tech.*,
    152 F.R.D. 179 (S.D. Iowa 1993) .........................................................16

**Statutes**

8 U.S.C. § 1304(e) ................................................................................15

Case 5:20-cv-04003-CJW-MAR   Document 106-1   Filed 05/18/21   Page 3 of 26

8 U.S.C. § 1324c ................................................................................................4, 17, 19

Criminal Justice Act, 18 U.S.C. § 3006A ........................................................................18

**Other Authorities**

Dep't of Homeland Security, *Immigrant Classes of Admission*,
    https://www.dhs.gov/immigration-statistics/lawful-permanent-
    residents/ImmigrantCOA (last visited May 15, 2021)..............................................6

Fed. R. Civ. P. 30 ..............................................................................14, 16, 17, 20

Fed. R. Civ. P. 37 ..........................................................................................14, 20

Fed. R. Civ. P. 45 ..........................................................................................14, 15

Iowa Court R. 33.1(1) ..........................................................................................16

Iowa R. Prof. Conduct 32:1.1 ...............................................................................18

Iowa R. Prof. Conduct 32:1.3 ...............................................................................18

Iowa R. Prof. Conduct 32:1.7 ...............................................................................19

Iowa R. Prof. Conduct 32:1.8 ...............................................................................19

Iowa R. Prof. Conduct 32:3.3 ...............................................................................18

Iowa R. Prof. Conduct 32:4.2 .................................................................................3

Defendants Ryan Lizza ("Lizza") and Hearst Magazine Media, Inc. ("Hearst") (collectively "Defendants"), by and through the undersigned attorneys, respectfully submit this brief in support of their Expedited Motion to Compel and for Other Relief Regarding Depositions of NuStar Employees (the "Motion"). Defendants have a serious concern that Plaintiffs NuStar Farms, LLC, Anthony Nunes, Jr., and Anthony Nunes, III ("Plaintiffs") may be ███████████████████████████████████████████████████ ████████████████████████████████

**Introduction**

This Motion comes in the wake of an unusual and troubling series of events in this case, which were previewed for the Court during last week's telephone conferences with Judge Roberts. The events, described in more detail below, demonstrate that Plaintiffs and their counsel, Steven S. Biss, ████████████████████████████████ ██████████████████████████████████████████████████ ███████████████████████████████████████████ █████████████████████████ ███████████████████████████████████ █████████████████████████████████████████ ██████████████████████████████████████████████████ █████████████████████████████████████████████████ ██████████████████████████████████████████. He does so ████████ ██████████████████████████; notwithstanding that he (now) claims to not even represent the employees; and ███████████████████████████████████ █████████████████████████████████

There is an obvious conflict between the interests of Plaintiffs and the rights and interests of their employees, and therefore between the interests of Plaintiffs' counsel and Plaintiffs' employees. And, just as importantly, there is a grave risk that ██████████████████ ███████████████████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████. *See infra* Point III. Beyond that, ███████ ██████████ comply with the subpoena's requirement to produce the documents; the Court should order that all witnesses do so. *See infra* Point I. Moreover, ████████████ ████████████████████████████████████; the Court should order that Plaintiffs' counsel refrain from speaking objections, speeches, or other interruptions during the questioning. *See infra* Point II. Lastly, Defendants respectfully request that, in this unusual posture, the Court ████████████████████████████████████████████████████████████████. *See infra* Point IV.



## Factual Background

### A.  NuStar's Employees Are Key Witnesses to the Central Issue in this Case.

In September 2020, Judge Williams dismissed all but one of the 14 statements challenged by Plaintiffs. This case has proceeded to discovery solely on the "claim that defendants defamed Plaintiffs by falsely alleging that they knowingly employed undocumented workers." ECF No. 50, at 42. Thus, by prosecuting this action, Plaintiffs have put at issue (i) whether they ever hired, retained, or used an undocumented worker, and (ii) what they knew, should have known, or purposely avoided knowing about the status of each person providing services and labor to them. These are the central issues in this case.

NuStar's current and former employees are, obviously, percipient witnesses with direct knowledge of these issues. Yet from the outset of this case, Plaintiffs' counsel has stymied Defendants' ability to gather relevant information from any current NuStar employees. Plaintiffs' counsel has repeatedly told Defendants' counsel that they are prohibited by the Iowa Rules of Professional Conduct from communicating with *any* NuStar's employees, at one point expressly agreeing that all of NuStar's employees "ha[ve] authority to obligate the organization with respect to the matter or whose act or omission in connection with the matter may be imputed to the organization for purposes of civil or criminal liability." *See* Iowa R. Prof. Conduct 32:4.2, comment no. 7 (identifying which "constituents" of a "represented organization," like NuStar, may not be contacted by Defendants' counsel about the subject of the representation). Declaration of Nathaniel S. Boyer, dated May 17, 2021 ("Boyer Decl.") ¶ 12.

Unlikely as Plaintiffs' position may seem, Defendants have nonetheless honored Plaintiffs' counsel's representation, and have instead focused their efforts on document collection and review in advance of the employee depositions.

**B.** █████████████████████████████████████████████████████████████.

To satisfy their burden of pleading falsity with sufficient factual matter to make the allegation plausible, Plaintiffs alleged that "NuStar did not hire undocumented labor." ECF No. 51 (Second Am. Compl.) ¶ 19. They also alleged that "NuStar documents all labor and employment decisions," *id.* ¶¶ 4, 19, and that "[t]hose records, including documents establishing both employment authorization and identity and Forms [I]-9 – Employment Eligibility Verifications, are reviewed and maintained by NuStar in the ordinary course of its business in accordance with Federal law," *id.* ¶ 4; *see also id.* ¶ 19.

To defend against those allegations, Defendants obtained in discovery from NuStar

records concerning its hiring of workers.  These include ████████████████████████

███████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████ Boyer Decl., ¶ 3,

Ex. A; *e.g.*, *id.* Ex. G.  Defendants also obtained from the SSA, pursuant to this Court's order,

ECF Nos. 80, 89, a chart indicating whether or not the Social Security Numbers ("SSNs") that

the workers provided to NuStar matched the SSA's records.  Boyer Decl., ¶ 3, Ex. B.

    Those documents demonstrate that ████████████████████████████████

███████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████

████████████████████████████████ What follows is a small sampling of the reasons.

    *First,* ███████████████████████████████████████████████

███████████████████████████████████████████████████████ *See* Boyer

Decl., Ex. B, at lines 8, 50, 92, 128, 233, 275. ████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████████████████████

    *Second—*████████████████████████████████████████████████

███████████████████████████████████████████████████████



─────────────────────────

[1]     *See* Boyer Decl., ¶ 4, Ex. C, at pp. 2, 7, 11, 15, 26, 30; the subpoenaed employee deponents are: ████████████████████████████████████████████████████████████████ *see id.* ¶ 13, Ex. L.

[2]     Defendants also informed Plaintiffs' counsel that they intended to depose current employees ████████████████████████████. Following that notice, Plaintiffs' counsel responded that he could not accept service for ██████████████████████████ because the former had recently left the employment of NuStar (and NuStar did not have a forwarding address), and the latter recently died.  Boyer Decl., Ex. D; *id.* ¶ 13.  In any event, ████████████████████████████████████████████████████████████████ Boyer Decl., Ex. B, at lines 184, 196.

4



*See* Boyer Decl., Ex. A at PX2264-67, PX2268-75. ████████████████████████████████████████████████████

████████████████████████████████████████. *Id.* ████ is important if the employees are here legally, as otherwise the SSA will not be able to accurately account for their Social Security benefits. Tellingly, Plaintiffs did not produce any documents indicating they had done so.[3]

*Third,* ████████████████████████████████████████████████ the (yet-completed) deposition of ████████████████, the first NuStar employee to testify.

The first employee witness was ████████████████████████████ Boyer Decl., Ex. B, line 275.

████████. Boyer Decl., Ex. G at PX 687. ████████████████████████████

---

[3] The names and SSNs in the SSA's chart are the same as those listed in NuStar Farms, LLC's Verified Employee/Worker Supplement, sworn to on April 1, 2021. *Compare,* Boyer Decl. Ex. B, *with id.,* Ex. C. ████████████████████████ *Id.*, Ex. B. Notably, to control for mistakes, at the request of the SSA, the chart also includes a column with the ████████████████████████████

[4] ████████████████████████████████████████. Boyer Decl., Ex. F at 19:23-20:4, 20:8-9.



. Boyer Decl., Ex. F at 20:12-13, 28:9-21, 48:5-11.[5]

Boyer Decl., Ex. G.

Boyer Decl., Ex. F at 71:17-25.

Most significantly:

Boyer Decl.,

¶ 14; *id.*, Ex. G.

. *See*

Dep't of Homeland Security, *Immigrant Classes of Admission*,

https://www.dhs.gov/immigration-statistics/lawful-permanent-residents/ImmigrantCOA (last

visited May 15, 2021); Boyer Decl. ¶ 14.

. Boyer Decl., Ex. F at

<hr />

5

. Boyer Decl., Ex. G

at PX 688; *id.*, Ex. F at 48:9-11.

20:8-9; *id.*, Ex. G at PX 687-88. ███████████████████████

███████████████████████████████████████████████████████

████████████████████████

     Defendants' counsel intended to ask ████████████████████████

██████████████████████████████████████.  And, when ████████████

████████████ testimony resumes, Defendants' counsel intends to ask ██████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████

     But, as the Court knows, █████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

      ████████████████████████████████████████
████████████████████████

      ██████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████

---

██████████████████████████████████████████████████
██████████████████████████████████



deposition was adjourned *sine die*. The five other employees

for whom subpoenas were accepted by NuStar's attorney— ████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

---

[7] ████████████████████████████. *See Pillsbury Co. v. Conboy*, 459 U.S.
248, 263-64 (1983).

**E. Mr. Biss's Behavior at and in Connection with the Employee Depositions Was Improper.**

Mr. Biss's ███████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████. *See, e.g.*, Boyer Decl., Ex. H at 20:21-23:15. These follow

numerous misrepresentations to the Court and to Defendants' counsel regarding these witnesses.

As noted above, up until about a week ago, Mr. Biss consistently maintained that he

represented NuStar's employees in connection with this lawsuit. When Defendants' counsel

suggested to him on April 23 ████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████, Mr. Biss stated that he would consider it. Boyer

Decl. ¶ 15. He later said he would seek an order prohibiting this inquiry altogether (but did not).

Boyer Decl., Ex. D at 4.

Despite ████████████████████████████████████████████

████████████████████████████████████████████████████," Boyer

Decl., Ex. J, at 18:12-13, and Defendants' prompt and diligent efforts to schedule the

depositions, it was not until May 6, 2021 that Mr. Biss confirmed that he would even accept

service of the subpoenas on behalf of NuStar's employees and ensure their compliance with

them. Boyer Decl., Ex. D. Yet, ████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████ Boyer Decl., Ex. F at 20:20-23:4, 47:8-48:11; *id.*, Ex. E. And in the end, Mr. Biss stated

that he would not be representing the employees at their depositions—notwithstanding his

refrain, which prevented Defendants from conducting their investigation, that he represented NuStar's employees by virtue of serving as its counsel of record. Boyer Decl. ¶ 12.

Before, during, and after the first employee deposition, Mr. Biss represented, consistent with the Plaintiffs' pleadings, █████████████████████████████████████████ ███████████████████████████████████████████████████████████. *See, e.g.*, Boyer Decl., Ex. F at 74:1-20; *id.*, Ex. H at 20:21-23:15; *id.*, Ex. I. That Mr. Biss would make these representations—despite ████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████

At the deposition of ██████████████████████████████████ ██████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████ █████████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████ ██████████████████████████████████     █████████████████████

---

[8] █████████████ are pertinent under Federal Rule of Civil Procedure 26(b)(1) for multiple reasons, including (1) verifying signatures, ████████████████████████ (ii) ████████ ███████████████████████████████████████████████████████████ identification, (iii) relatedly, ████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████. *See, e.g.*, *id.* at 51:22-53:4, 58:5-7, 66:6-67:21, 72:24-74:20.

And, most recently, ████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████. *See* Boyer Decl., Ex. I.

Mr. Biss's conduct begs the question of whether and to what extent Plaintiffs' Iowa counsel, Joseph Feller, remains active in the representations of Plaintiffs alongside of Mr. Biss, who is appearing in this case by a *pro hac vice* admission under the supervision of Mr. Feller.

And, with a largely absent Iowa counsel, Mr. Biss has litigated this matter consistent with his record in other jurisdictions around the country. For example, the United States District Court for the District of Maryland recently sanctioned Mr. Biss and his local counsel in the amount of $21,437.50 in fees and $52.26 in costs and expenses for vexatiously prolonging the litigation with a baseless amended complaint. *See Harvey v. Cable News Network, Inc.*, No. CV 20-3068, 2021 WL 1751121, at *3 (D. Md. May 4, 2021).

But Mr. Biss's record of misconduct goes beyond dubious pleadings; as the *Harvey* court noted, its sanctions decision joined a "chorus" of courts that sanctioned Mr. Biss and/or his local counsel for his litigation conduct. In particular, the United States Court of Appeals for the Fourth Circuit last month in, *Lokhova v. Halper*, observed:

> [T]his is not the first time attorney Biss's litigation conduct has earned reprimand. His history of unprofessional conduct is long. *See, e.g.*, *Nunes v. Cable News Network, Inc.*, No. 3:19-cv-889, 2020 WL 2616704, at *2 (E.D. Va. May 22, 2020) ("It is with chagrin that the Court must begin to address this motion by observing that Plaintiff engages in ad hominin attacks against CNN and others in

████████████████████████████████████████████████████

the Amended Compliant which the Court cannot tolerate." (alterations and internal quotation marks omitted) (quoting *Steele v. Goodman*, No. 3:17-cv-601, 2019 WL 3367983, at \*3 (E.D. Va. July 25, 2019))); *see also Nunes v. Lizza*, 486 F. Supp. 3d 1267, 1299–1300 (N.D. Iowa 2020) (requiring Biss to file "a second amended complaint . . . stripped of all such spurious allegations" and directing Biss "not to file any further public pleadings referencing such matters without first obtaining leave of the Court and showing that there is a good faith factual basis for the allegations and that they are relevant and material to some matter at issue in this litigation"). In fact, attorney Biss had his license suspended in 2009 for unprofessional conduct including breaching fiduciary duties and violating federal securities law. *See Va. State Bar v. Biss*, No. CL07-1846 (Va. Cir. Ct. Nov. 26, 2008). And, even during his suspension period, attorney Biss failed to be forthright about his suspension status with an opposing party when engaging in negotiations on behalf of a client, resulting in an additional 30 day suspension of his license. *See In re Steven Scott Biss*, No. 09-032-078962 (Va. State Bar Disciplinary Bd. Nov. 3, 2009).

*Lokhova v. Halper*, 995 F.3d 134, 149 (4th Cir. 2021).



Mr. Biss's history of misconduct underscores ███████████████

### Argument

For all the noise that Mr. Biss has made about Mr. Lizza coming to Iowa with a "preconceived storyline," it is actually Mr. Biss who will do anything to preserve the story that fits Plaintiffs' pre-conceived narrative and theory of the case—███████████

█████ [9] To address these █████ concerns and the other improper conduct that has recently taken place, Defendants respectfully request that this Court enter an order:

(i) Compelling the NuStar employee deponents to comply with the subpoenas *duces tecum* and produce the requested identification documents at their depositions;

(ii) Directing Plaintiffs' counsel, including Mr. Biss and Mr. Feller, to comply with the Federal Rules of Civil Procedure and Iowa Rules of Professional Conduct with respect to depositions in this case. Specifically, Plaintiffs' counsel should be ordered to refrain from:

a. Interrupting the witness, questioner, interpreter, counsel for the witness, and the videographer, and court reporter;

b. Making improper speaking or argumentative objections or narrative statements or misstatements, particularly such statements that are intended to or may have the effect of intimidating the witness or coaching the witness to testify a certain way; and

c. Otherwise interfering with the depositions or witnesses or interacting with their counsel in a way to influence the employees' testimony;

(iii) ████████████████████████████████████████
████████ ; and

(iv) ████████████████████████████████████████

---

[9] Similarly, Mr. Biss continues to promote conspiracy theories about the genesis of the article at issue and other matters, notwithstanding that discovery has confirmed that there is no truth to his claims. *See, e.g.*, ECF Nos. 35-4, 35-5 (subpoenas to Fusion GPS and an entity that, Plaintiffs suggest, provides funding to Fusion GPS); ECF No. 67, at 5:12-13:12 (describing baseless concern that Defendants would "leak" materials designated Counsel's Eyes Only "to CNN"); Boyer Decl., Ex. H at 6:2-20 ████████████████████████
████████████████████████████████████████████



Under the discretion afforded the Court to fashion relief for discovery abuses under Federal Rules of Civil Procedure 30, 37, and 45 and its inherent authority, Defendants seek this order for the reasons described above and the important public policy considerations of (i) ███████████████████████████████, and (ii) the █████████████████████████ ████████████████████.

## I.

### The Court Should Compel Compliance with the Subpoenas

The Court should compel the NuStar employee witnesses to produce the identification documents requested in the respective subpoenas.  In addition to subpoenaing six NuStar employees for depositions, Defendants also requested that the witnesses produce for inspection, at their depositions, their current government identification cards and social security cards, and any identification documents and the social security cards they presented to NuStar at the time of

their hire.  *See, e.g.*, Boyer Decl., Exs. E, L.  These are all highly relevant documents.

Federal Rule of Civil Procedure 45(d)(2)(B)(i) permits the Court to enter an order to compel compliance with a validly issued Rule 45 subpoena.  Such an order is warranted here. The subpoenas were validly served on Plaintiffs' counsel, who made clear that he was authorized to accept service of the subpoenas on behalf of the NuStar employees sufficient to guarantee their appearances at their depositions pursuant to those subpoenas.  Boyer Decl., ¶ 13; *id.*, Ex. D. No timely objections to the subpoenas were made, and no motions to quash were timely filed. The place for compliance is within 10-15 minutes of the witnesses' workplace in Sibley at their respective depositions, and the requested identification documents were few, and therefore not burdensome.  Boyer Decl., Exs. E, L.

Notwithstanding the lack of objection, the first witness to be deposed testified ███████



███████ Boyer Decl., Ex. F at 20:20-23:4, 28:9-18, 47:8-48:11, 57:14-17 ███████

███████ Therefore, the Court should order each of the six NuStar employee deponents to produce at their depositions the documents identified in their respective subpoenas.[11]  *See Central States, Se. Areas Pension*

---

[10] ███████

[11] ███████

*Fund v. King Dodge, Inc.*, No. 11MC00233, 2011 WL 2784118, at 2-3 (E.D. Mo. July 15, 2011).

## II.

### The Court Should Direct Plaintiffs' Counsel to Abide by Federal and Ethics Rules

As described in *supra* Sections D-E, ██████████████████████████████

████████████████ exceeded the bounds of attorney conduct at depositions permitted by the

Federal Rules of Civil Procedure and the standards of "personal courtesy and professional

integrity" mandated by the Iowa rules. *See* Fed. R. Civ. P. 30(c)(2) (objections "must be stated

concisely in a nonargumentative and nonsuggestive manner," and "[a] person may instruct a

deponent not to answer only when necessary to preserve a privilege, to enforce a limitation

ordered by the court, or to present a motion under Rule 30(d)(3)"); Iowa Court R. 33.1(1).

"[A]rgumentative objections, suggestive objections, and directions to a deponent not to answer,

improperly disrupt, prolong, and frustrate deposition testimony." *Sec. Nat'l Bank of Sioux City,*

*Iowa v. Day*, 800 F.3d 936, 942 (8th Cir. 2015) (citing Fed. R. Civ. P. 30(d)(2), advisory

committee notes (1993 amendments)); *see also Van Pilsum v. Iowa State Univ. of Sci. & Tech.*,

152 F.R.D. 179, 180 (S.D. Iowa 1993) (quoting *Hall v. Clifton Precision*, 150 F.R.D. 525, 527

(E.D. Pa. 1993)) (criticizing objections that were "thinly veiled instructions to the witness": "The

witness comes to the deposition to testify, not to indulge in a parody of Charlie McCarthy, with

lawyers coaching or bending the witness's words to mold a legally convenient record. It is the

witness—not the lawyer—who is the witness."); *Lund v. Matthews,* No. 13CV144, 2014 WL

517569, at *5 (D. Neb. Feb. 7, 2014) (sanctions awarded for objections that coached witness and

impeded, delayed, and frustrated the examination).

Mr. Biss's "objections" were disruptive and ████████████████████████████

████████████████████████ Boyer Decl., Ex. F at 19:23-20:23, 23:11-18, 51:22-53:4, 58:5-

7, 66:6-67:21, 72:24-74:20. Most significantly, ████████████████████████████

██████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████████████████████

███████████████████████████████. *Id*., at 71:21-74:15.

To ensure that Defendants will███████████████████████████████

████████████████ the Court should enter an order directing Plaintiffs' counsel to abide

by applicable rules. *See* Fed. R. Civ. P. 30(d)(1) (court may order appropriate sanction on any

person who frustrates, delays or impedes fair examination of witness); *Rakes v. Life Investors*

*Ins. Co. of Am.*, No. C06-0099, 2008 WL 429060, at *5-7 (N.D. Iowa Feb. 14, 2008) (noting that

counsel admitted *pro hac vice* to the Northern District of Iowa must comply with Federal Rules

of Civil Procedure and Iowa rules at depositions); *Armstrong v. Hussmann Corp.*, 163 F.R.D.

299, 303 (E.D. Mo. 1995) (ordering restrictions on plaintiff's counsel's conduct at deposition in

response to counsel's prior improper speaking objections, coaching and interruptions).

**III.**

██████████████████████████████████████████████

Given ████████████████████████████████████████

████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

████████████████████████████████████████

As the Court recognized at the May 13, 2021 status conference, it is of vital importance

that ███████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████



.

Boyer Decl., Ex. H at 34:16-35:11. The Court has discretion to ▮▮▮▮▮▮▮▮▮▮. *See United States v. Blanche*, 149 F.3d 763, 768-69 (8th Cir. 1998) (district court did not abuse discretion to solicit independent counsel for witness to advise her of consequences of perjury over witness's and defense counsel's objection); *see also* Criminal Justice Act, 18 U.S.C. § 3006A (requiring each Federal District Court to enact a Criminal Justice Plan to provide for the appointment of counsel for indigent persons); Northern District of Iowa's Criminal Justice Act Plan, IV(A)(2)(d) (https://www.iand.uscourts.gov/sites/iand/files/CJA%20Plan.pdf, provides for the appointment of counsel where a witness may be compelled to provide testimony and there is reason to believe the witness could be subject to a criminal prosecution).

Under the Iowa Rules of Professional Conduct, a lawyer may not proffer false testimony or allow a client to testify falsely in a deposition; nor can a lawyer allow false testimony in a deposition to stand on the record after counsel becomes aware that it is false. *See* Iowa R. Prof. Conduct 32:3.3(a)(3), comment no. 1. In other words, a lawyer "must not allow the tribunal to be misled by false statements of law or fact or evidence that the lawyer knows to be false." *Id.*, Comment 2. And a "lawyer's knowledge that evidence is false . . . can be inferred from the circumstances", and "a lawyer cannot ignore an obvious falsehood." *Id.*, comment 8.

Counsel also must be competent, *see* Iowa R. Prof. Conduct 32:1.1, diligent, *id.* at 32:1.3,

and loyal and free from risk of conflicts of interest that would compromise his duty of independent judgment to the client, like payment by someone other than the client or when representing multiple individuals, *id* at 32:1.7(a)-(b) and Comments 1, 8, 13; 32:1.8(f).

Here, ███████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
████████████████████████████████████████████████

Mr. Biss's behavior leading up to the employee depositions, during the first deposition of an employee, and since the deposition was adjourned, calls into serious question ███████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
███████████████████████████████████████████████████.[12]

---

[12] ███████████████████████████████████████████████████
███ Father James Callahan, one of the named sources in the article at issue, ███
█████████████████████████████████████████████████████████
█████████████████████████████████████████ *See* Boyer Decl.,
Ex. K at 71:8-76:15.

**IV.**

███████████████████████████████████████
███████████████████████████████████████

Given the extraordinary circumstances, █████████████████████████████████████

████████████████, the potential for continued misbehavior by Mr. Biss, the NuStar

employee depositions ████████████████████████████████████████████

████████████████████████████████████████. *See, e.g.,*

*GMAC Bank v. HTFC Corp.*, 248 FRD 182, 196-99 (E.D. Penn. 2008) (imposing sanctions on

witness and his counsel under Rules 30 and 37 for impeding and frustrating deposition, and

requiring deposition to be held at courthouse under judicial supervision of magistrate judge);

*Vallejo v. Amgen, Inc.*, No. 14-CV-50, 2017 WL 3037391, at \*2, 5 (D. Neb. May 30, 2017)

(describing court's order to suspend and reconvene deposition with direct judicial supervision

and court's inherent powers to "supervise, monitor and, when appropriate, discipline the conduct

of attorneys").

Defendants therefore request that the employee depositions ████████████████

██████████████████████████████████████████████
██████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████
█████████████████████████

**Conclusion**

For the reasons stated above, Defendants respectfully request that the Court issue the

orders as set forth above.

[*signature block on next page*]

May 17, 2021

**Ryan Lizza and Hearst Magazine Media, Inc.,
Defendants**

By: /s/ Nathaniel S. Boyer
Jonathan R. Donnellan, *Lead Counsel*\*
 *jdonnellan@hearst.com*
Ravi V. Sitwala\*
 *rsitwala@hearst.com*
Nathaniel S. Boyer\*
 *nathaniel.boyer@hearst.com*
Sarah S. Park\*
 *sarah.park@hearst.com*
Nina N. Shah\*
 *nina.shah@hearst.com*
THE HEARST CORPORATION
Office of General Counsel
300 West 57th Street
New York, New York 10019
Telephone: (212) 841-7000
Facsimile: (212) 554-7000
*\*Admitted Pro Hac Vice*

Michael A. Giudicessi
 *michael.giudicessi@faegredrinker.com*
Nicholas A. Klinefeldt
 *nick.klinefeldt@faegredrinker.com*
Susan P. Elgin
 *susan.elgin@faegredrinker.com*
FAEGRE DRINKER BIDDLE & REATH LLP
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309-8003
Telephone: (515) 248-9000
Facsimile: (515) 248-9010

*Attorneys for Defendants*

**Certificate of Service**

The undersigned certifies that a true copy of **Defendants' Brief in Support of Their Resisted <u>Expedited</u> Motion to Compel and for Other Relief Regarding Depositions of NuStar Employees** was served upon the following parties through the Court's CM/ECF electronic filing system on May 17, 2021.

/s/  Nathaniel S. Boyer

Nathaniel S. Boyer

Copy to:

    Joseph M. Feller
    *jfeller@kkfellerlaw.com*
    Steven S. Biss
    *stevenbiss@earthlink.net*

    *Attorneys for Plaintiff*