IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| **NuStar Farms, LLC, Anthony Nunes, Jr., and Anthony Nunes, III,**<br><br>Plaintiffs,<br><br>v.<br><br>**Ryan Lizza** and **Hearst Magazine Media, Inc.,**<br><br>Defendants. | Case No. 5:20-cv-04003-CJW-MAR |

## DECLARATION OF NATHANIEL S. BOYER

I, **NATHANIEL S. BOYER**, declare as follows pursuant to 28 U.S.C. § 1746:

1. I, Nathaniel S. Boyer, represent defendants Ryan Lizza and Hearst Magazine Media, Inc. ("Defendants") in this case. I make this declaration of personal knowledge and if called as a witness I could and would testify competently to the facts stated herein.

2. Annexed hereto as **Exhibit A** are true and correct copies of ███████ ███████████████████████████████████████ ███████ produced by Plaintiffs and bearing Bates numbers PX2264-67, PX2268-75.

3. Annexed hereto as **Exhibit B** is a true and correct copy of a chart dated April 16, 2021 received from the SSA by Defendants in response to this Court's order, ECF Nos. 80, 89.

4. Annexed hereto as **Exhibit C** is a true and correct copy of NuStar's Verified Answer to Defendants' Interrogatory 1, dated April 1, 2021.

5. Annexed hereto as **Exhibit D** is a true and correct copy of an April 26, 2021 to May 6, 2021 email chain between Plaintiffs' counsel and Defendants' counsel.

6. Annexed hereto as **Exhibit E** is a true and correct copy of a subpoena *ad testificandum* and *duces tecum* to ██████████████████, c/o Steven S. Biss, who agreed to

accept service of the subpoena on Defendants' understanding that Mr. Biss had been engaged to represent ▬▬▬▬▬▬▬▬▬▬ for the purpose of accepting the subpoena on his behalf, marked as Defendants' Exhibit 2 at the deposition of ▬▬▬▬▬▬▬▬▬▬. *See supra* Ex. D.

7. Annexed hereto as **Exhibit F** is a true and correct copy of the transcript of the deposition of ▬▬▬▬▬▬▬▬▬▬, which began on May 12, 2021.

8. Annexed hereto as **Exhibit G** is a true and correct copy of Defendants' Exhibit 6 to the May 12, 2021 deposition of ▬▬▬▬▬▬▬▬▬▬, documents produced by Plaintiffs bearing Bates numbers PX 687-689, PX 2257 (redacted in part).

9. Immediately following the close of the May 12, 2021 deposition of ▬▬▬▬▬▬▬▬▬▬, Mr. Biss informed me via the Veritext Virtual remote deposition platform that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ their depositions. Mr. Biss made the latter representation ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ notwithstanding the fact that Mr. Biss does not represent the NuStar employees ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬.

10. Annexed hereto as **Exhibit H** is a true and correct copy of the transcript of the May 13, 2021 telephonic status conference in this case held before Magistrate Judge Roberts. *See* ECF No. 102.

11. Annexed hereto as **Exhibit I** is a true and correct copy of a May 13, 2021 email from Plaintiffs' counsel, Steven Biss, to my colleagues Nicholas Klinefeldt, Michael Giudicessi, and me.

12. Throughout discovery in this case, Mr. Biss has repeatedly communicated to me that Defendants' counsel is prohibited by the Iowa Rules of Professional Conduct from communicating with any NuStar's employees. During a meet and confer telephone call on Tuesday, February 9, I asked Mr. Biss if he appreciated that, by taking this position, he is acknowledging that *all* NuStar employees are persons who "ha[ve] authority to obligate the organization with respect to the matter or whose act or omission in connection with the matter may be imputed to the organization for purposes of civil or criminal liability." See Iowa R. Prof. Conduct 32:4.2, comment no. 7 (identifying which "constituents" of a "represented organization," like NuStar, may not be contacted by Defendants' counsel about the subject of the representation). Mr. Biss responded that he agreed that this was the case.

13. Defendants originally intended to depose eight current NuStar employees. That is, in addition to six NuStar employees who were scheduled to be deposed last week, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Defendants also asked Plaintiffs' counsel to produce current employees ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ for a deposition. On May 6, Mr. Biss stated that that he could not accept service of deposition subpoenas for ▮▮▮▮▮▮▮▮▮▮▮▮▮▮, because the former had recently left the employment of NuStar (and NuStar did not have a forwarding address), and the latter recently died. *See supra* Ex. D.

14. ██████████████████████████████████████████

██████████████████████████ as PX688 (front) and PX689 (back). *See supra* Ex. G. ██

██████████████████████████████████████████

████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████

See PX 689 (annotations in red added). ██████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████ *See* Dep't of Homeland Security, Immigrant Classes of Admission, https://www.dhs.gov/immigration-statistics/lawful-permanent-residents/ImmigrantCOA (last visited May 15, 2021). ██████████████████████████████████

██████████████████████████████████

15. On April 23, 2021, Mr. Klinefeldt and I had a meet and confer telephone conference with Mr. Biss. On the call, ██████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████. Mr. Biss responded that he would consider these concerns.

16. On May 3, 2021, I received an email from Mr. Biss. In the email, he asked to "meet and confer regarding the parameters for the NuStar employee depositions." Mr. Biss wrote that "you will not be permitted to ask questions that are calculated to discriminate against an employee or violate that employee's rights guaranteed by Federal Law," adding that, "[i]f we can't agree on parameters, then Plaintiffs will need to seek relief under Rule 26c." I conferred with Mr. Biss on May 4, 2021, at which time I told Mr. Biss that Defendants intended to ask the witnesses questions concerning their ███████████████████ ███████████████ Mr. Biss said that he would seek a conference with the Court. He never did so.

17. Annexed hereto as **Exhibit J** is a true and correct copy of an excerpt of the transcript of the April 15, 2021 telephonic status conference in this case held before Magistrate Judge Roberts (ECF No. 99).

18. Annexed hereto as **Exhibit K** is a true and correct copy of an excerpt of the transcript of the April 26, 2021 deposition of Father James Callahan.

19. Annexed hereto as **Exhibit L** are true and correct copies of subpoena *ad testificandum* and *duces tecum* to ███████████████████████████████ ███████████████████████████████████, c/o Steven S. Biss, who agreed to accept service of the subpoenas on Defendants' understanding that Mr. Biss had been engaged to represent those individuals for the purpose of accepting the subpoenas on their behalf.

I declare under penalty of perjury that the following is true and correct. Executed this 17th day of May, 2021, in New York, New York.

                                                   /s/    Nathaniel S. Boyer
                                                  **NATHANIEL S. BOYER**