IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
Western Division

| | |
|---|---|
| NUSTAR FARMS, LLC *et al* <br><br> Plaintiffs, <br><br> v. <br><br> RYAN LIZZA *et al* <br><br> Defendants. | Case 5:20-cv-04003-CJW-MAR |

# RESISTANCE AND OPPOSITION TO DEFENDANTS' MOTION TO COMPEL

Plaintiffs, NuStar Farms, LLC, Anthony Nunes, Jr. and Anthony Nunes, III, by counsel, pursuant to Local Rule 7e, respectfully submit this Resistance and Opposition to the motion to compel filed by defendants, Ryan Lizza and Hearst Magazine Media, Inc. (the "Defendants"). [*ECF No. 106*].[1]

## I. INTRODUCTION

The litigation process is – or should be – a search for the truth. *Littlewood v. Federal Realty Inv. Trust*, 2014 WL 6713468, at * 2 (Sup. Mass. 2014); *id. Bartsch v. Lage*, 2019 WL 166206, at * 6 (N.J. Super. 2019) ("The discovery rules are to be construed liberally and broadly to facilitate the search for the truth during litigation"); *Riley v. Goodman*, 315 F.2d 232, 234 (3rd Cir. 1963) ("We have long abandoned the

---

[1] This Opposition is supported by portions of the transcript of the deposition of ▮▮▮▮▮▮▮▮▮▮ attached as *Exhibit "A"*.

1

adversary system of litigation which regards opposing lawyers as players and the judge as a mere umpire whose only duty is to determine whether infractions of the rules of the game have been committed. A trial is not a contest but a search for the truth so that justice may properly be administered.").

Defendants have known the truth all long: that the statements in the article about Plaintiffs are not only false – they were fabricated by the Defendants. Although they destroyed ▮▮▮▮, the Defendants produced ▮▮▮▮ ▮▮▮▮. Those ▮▮▮▮ ▮▮▮▮. For instance, the article represents that "[o]ne source, who was deeply connected in the local Hispanic community, had personally sent undocumented workers to Anthony Nunes Jr.'s farm for jobs. 'I've been there and bring illegal people,' the source said, asserting that the farm was aware of their status". In truth, ▮▮▮▮

▮▮▮▮

▮▮▮▮

▮▮▮▮ ▮▮▮▮

▮▮▮▮ ▮▮▮▮

▮▮▮▮

▮▮▮▮

---

[2] The ▮▮▮▮ was produced by the Defendants and marked ▮▮▮▮ ".



▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The *Esquire* article further represents that a "second source, who claimed to be an undocumented immigrant, also claimed to have worked at NuStar for several years, only recently leaving the dairy … This source … did not want to speculate about the immigration status of fellow employees". In truth, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[3] The ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ was produced by the Defendants and marked ▮▮▮▮▮▮

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ In sum, Defendants' statements published in the article are almost entirely fabricated.

Defendants' motion seeks to distract from the truth and create issues where none exist. Every single NuStar employee was documented at the time of employment. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ The NuStar employees willingly agreed to be deposed. They want to answer questions. The deposition of ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Defendants' goal is to scare the NuStar employees. Harassment and intimidation of witnesses and use of theatrical motions to create a Twitter spectacle transforms litigation into a mere game and renders the entire judicial process – the search for the truth – futile and illusive.

## II. DISCUSSION

The Federal Rules authorize broad discovery. *See, e.g., Fed. R. Civ. P. 26(b)(1)* ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."). For purposes of pretrial discovery, relevancy "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Daniels v. City of Sioux City*, 294 F.R.D. 509, 512 (N.D. Iowa 2013) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). "Discovery Rules are to be broadly and liberally construed in order to fulfill discovery's purposes of providing both parties with 'information essential to the proper litigation of all relevant facts, to eliminate surprise,

and to promote settlement.'" *Daniels*, 294 F.R.D. at 512 (quoting *Marook v. State Farm Mut. Auto Ins. Co.*, 259 F.R.D. 388, 394 (N.D. Iowa 2009)).

Defendants' motion contains a series of misstatements that must be addressed at the outset:

- Plaintiffs and their counsel are **not** ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ This is a categorically false statement.

- The NuStar employees did nothing wrong and ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ This is a categorically false statement as is ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

- Plaintiffs and their counsel did **not** ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆.

- Plaintiffs' counsel has **not** stymied ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆. Plaintiffs' counsel agreed to accept a deposition subpoena for each employee, sparing each employee the inconvenience of having Defendants' ex-Marshalls serve the employees at the employees' homes. Plaintiffs and their counsel, for good reason, were and are concerned about Defendants' numerous attempts to harass and intimidate the NuStar employees. ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

- **NONE** of the documents produced in discovery ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ These defamatory statements are categorically false.

███████████

███████████



███████ Inclusion of a worker's name on a no-match letter[4] makes no statement about the worker's immigration status. Mismatches can result from a variety of reasons, including typographical errors (misspellings), clerical errors, mis-transposition of a number, an incomplete W-4, mistakes by the SSA, name changes, fraud/identity theft.

In *Aramark Facility Services v. SEIU, Local 1877*, the Ninth Circuit Court of Appeals stated that SSA no-match letters "do not indicate that the government suspects the workers of using fraudulent documents. Rather, they merely indicate that the worker's earnings were not being properly credited". 530 F.3d 817, 828 (9th Cir. 2008).

Significantly, the mere receipt of a no-match letter or other no-match notice does not, standing alone, constitute "constructive knowledge" on the part of an employer that the referenced employee is not work authorized.
https://www.justice.gov/sites/default/files/crt/legacy/2010/12/29/FAQs.pdf

Defendants' counsel argues that ███████████ ███████████ ███████████

These statements are categorically false.

---

[4] In response to the Court's Order, ███████████ ███████████.

- Defendants' counsel states that ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████

  These sweeping statements are untrue.

- No misrepresentations were made to the Court or opposing counsel concerning the NuStar employees. Counsel for NuStar has repeatedly and consistently indicated his concern that the Defendants and their agents will attempt to tortiously interfere with NuStar's business, including its relationships with its employees, given the express evidence that ███████████████████████████████████████████████████████████

  Between February 2, 2021 and February 6, 2021, during a discussion of concerning Defendants' counsel's desire to communicate with NuStar employees, Plaintiff's counsel reiterated his concerns: "**Given the seriousness of** ███████████████████████████████████ **, we are concerned more than ever now that the Defendants and their agents will attempt to tamper with witnesses,** ███████████████████████ **and NuStar employees. Lizza has shown that he has no problem** ███████████ **. There is a real danger** ███████████████████████████████████ **… You are entitled to whatever examination you want, but you are not entitled to harass and intimidate NuStar's employees as part of a fishing expedition to dig up ex post facto something to defend** ███████████████ **.**"

  After Defendants identified the employees they wanted to depose, Plaintiffs' counsel facilitated the employee depositions, but was firm he would object to any form of harassment, intimidation or discrimination against the employees at the depositions. Plaintiffs' counsel never represented that he would be representing the NuStar employees at the depositions.

  Title 8 U.S.C. § 1324b(6) provides that "refusing to honor documents tendered that on their face reasonably appear to be genuine shall be treated as an unfair immigration-related employment practice if made for the purpose or with the intent of discriminating against an individual in violation of paragraph (1)."

7

The documents tendered to NuStar █████████████████████████
█████████████████████████████████████████████████████████████.

Plaintiffs and their counsel have consistently denied Defendants' insinuations that ████████████████████████████████████████
█████████████████████████████.

A. <u>**NuStar Obtained Independent Counsel For Its Employees**</u>

As Plaintiffs' counsel informed the Court at the May 13, 2021 status conference, NuStar actively searched for (and subsequently found) competent independent counsel to appear with its employees at the depositions.[5] Defendants' counsel was informed of the fact that the employees have counsel. In spite of the fact that the NuStar employees have independent counsel, Defendants refuse to proceed with the depositions. Defendants refuse to proceed with the employee depositions because they want ███████████ ███████████████████████████████, which the Defendants will then use to attempt to ██████████████████████████████████████. The Defendants do not care about the interests of the employees. The Defendants have already severely prejudiced and defamed the employees and violated their rights under Federal law by ████████████████████████████████████ Defendants falsified facts in the *Esquire* article, and they do not want the NuStar employees to corroborate the truth: that the NuStar employees are fully authorized to work in the United States.

Defendants' motion is a brazen effort at character assassination motivated by a desire to hide their own wrongdoing. In their motion, p. 2, Defendants falsely state that

---

[5] NuStar has not identified new counsel because the moment it does, Defendants' counsel will contact the lawyer and engage in efforts to intimidate the attorney and threaten ethics violations.

8

██████████████████████████████████████████

██████████████████████████████████████████

These scandalous and defamatory statements must be stricken. They are completely untrue.

There is no need for the Court to take the unprecedented step of appointing counsel for witnesses who already have an attorney. There is certainly no need to appoint counsel for witnesses who do want or need lawyers. Defendants argue that ████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████ This *non sequitor* is patently untrue. NuStar and its employees want the depositions to proceed. They diligently sought out and obtained independent counsel. Counsel and the witnesses are ready to proceed.

**B.** <u>**The NuStar Employees Will Produce Whatever Documents They Have**</u>

The NuStar employees recognize that the subpoenas request the production of certain documents. The first employee witness ████████████████████████

████████████████████████████████████████.

Prior to the employee depositions, each will produce any and all documents in their possession and control that are responsive to the subpoena *duces tecum*. Since many of the workers ████████████████████████████, Defendants should not be surprised that ████████████████████████████

C. **The NuStar Employees Must Be Protected From Harassment By Defendants**

Plaintiffs' counsel's limited objections at the deposition were proper and were intended to ██████████████████████████████████████████. No effort was made to "signal to the witness how to answer questions" or to "coach[] the witness to testify in a certain way." Counsel for the Defendants got answers to all his questions, including ██████████████████████████████████. The deponent was never instructed not to answer. Indeed, he wanted to answer all questions. Plaintiff's counsel sought a side bar with counsel for the witness ████████████████████████ ████████████████████████████████████████████████████████ ██████████████████████████████████.

Defendants want the Court to force the NuStar employees to hire counsel of the Defendants' choice, someone who will ████████████████████████ ████████████████████████████████████████████████████████ ██████████████████████. The NuStar employees did nothing wrong. They have the right to testify and they want to testify.

## CONCLUSION

Defendants' motion is replete with falsehoods and unnecessary *ad hominem* attacks on Plaintiffs, Plaintiffs' employees and Plaintiffs' counsel – so many that it is impossible to respond to all of them. The misstatements and attacks are undignified, and are intended to stir up controversy on the Internet, where Defendants' counsel's statements are republished with gusto. Plaintiffs and their counsel are trying to protect

the employees from harassment, intimidation, and outright threats by the Defendants. Plaintiffs and their counsel have facilitated the depositions because the employees want to testify and Plaintiffs want to expose the truth about the *Esquire* article. NuStar found independent counsel for its employees. There is absolutely no reason for the Court to intervene at this point.

For the foregoing reasons, Plaintiffs respectfully request the Court to deny the Defendants' motion to compel.

DATED: June 1, 2021

        NUSTAR FARMS, LLC
        ANTHONY NUNES, JR.
        ANTHONY NUNES, III

By: */s/ Steven S. Biss*
        Steven S. Biss (VSB # 32972)
        300 West Main Street, Suite 102
        Charlottesville, Virginia 22903
        Telephone: (804) 501-8272
        Facsimile: (202) 318-4098
        Email: stevenbiss@earthlink.net
        (*Admitted Pro Hac Vice*)

        Joseph M. Feller, Esquire
        (Iowa State Bar No. AT0002512)
        Koopman, Kennedy & Feller
        823 3rd Avenue
        Sibley, Iowa 51249
        Telephone: (712) 754-4654
        Facsimile: (712) 754-2507
        jfeller@kkfellerlaw.com

        *Counsel for the Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2021 a copy of the foregoing was served via email in PDF on counsel for the Defendants.

By: <u>*/s/ Steven S. Biss*</u>
Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone: (804) 501-8272
Facsimile: (202) 318-4098
Email: stevenbiss@earthlink.net
(*Admitted Pro Hac Vice*)

Joseph M. Feller, Esquire
(Iowa State Bar No. AT0002512)
Koopman, Kennedy & Feller
823 3rd Avenue
Sibley, Iowa 51249
Telephone: (712) 754-4654
Facsimile: (712) 754-2507
jfeller@kkfellerlaw.com

*Counsel for the Plaintiffs*