IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| NuStar Farms, LLC, Anthony Nunes, Jr., and Anthony Nunes, III, <br><br> Plaintiffs, <br><br> v. <br><br> Ryan Lizza and Hearst Magazine Media, Inc., <br><br> Defendants. | Case No. 5:20-cv-04003-CJW-MAR <br><br> **Defendants' Reply Brief in Further Support of Their Resisted Motion to Compel and for Other Relief Regarding Depositions of NuStar Employees** |

Defendants submit this brief in further support of their Motion, and in reply to Plaintiffs' Resistance and Opposition to Defendants' Motion to Compel, ECF No. 107 ("Resistance" or "Res.").[1] Setting aside its bluster, irrelevant and inaccurate attacks on Mr. Lizza's reporting, and baseless accusations of misconduct by Defendants and their representatives, Plaintiffs' Resistance does not dispute the alarming facts that support granting the relief Defendants seek.

1. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *(Mot., Pt. III)*. The Motion sets forth the events, in detail and with record evidence, up to and through the deposition of the first NuStar employee witness, ▮▮▮▮▮▮. Plaintiffs respond with limited, irrelevant ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ECF No. 107-1. Plaintiffs never explain the relevance of these excerpts to the issues presented and relief requested.[2]

2. Plaintiffs do not dispute that the following occurred:

---

[1] Unless otherwise noted, abbreviated and capitalized terms herein shall have the meaning ascribed to them in Defendants' Motion and supporting brief, *see* ECF No. 103-1 ("Brief" or "Br.").
[2] Beyond this, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ mislead. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

1
Case 5:20-cv-04003-CJW-MAR   Document 112   Filed 06/04/21   Page 1 of 7

██████████████████████████████████

██████████████████████████████████

████████████████████████████

████████████████████████████████

████████████████████████████ *See* Br. 7-8.

3. These undisputed events, and Mr. Biss's conduct, establish that ████████

████████████████████████████████

██████████████████████████

██████████████████████████

████████████████████████████

██████████████████

4. Plaintiffs continue to argue that the "NuStar employees are fully authorized to work in the United States," Res. 8, and "did nothing wrong and ████████████ ████████████████████ Res. 5. That Mr. Biss makes this argument

---

3 ████████████████████████████████████████████████████████████████████████████████████████████████

despite *not representing* these employees—or providing any evidence that he or Mr. Feller have ever spoken with any of the employees—is both baseless and troubling. Res. 4-5.

    5.      Although Plaintiffs claim to have identified a ▇ "independent counsel," they refuse to tell Defendants' counsel *or the Court* who that attorney is, alleging that Defendants' lawyers will "engage in efforts to intimidate the attorney and threaten ethics violations." Res. 8 n.5. Plaintiffs cite nothing to support that bizarre and baseless accusation (setting aside *why* an independent counsel would be "intimidate[d]" by Defendants' counsel, anyway). Regardless, this highlights ▇ Plaintiffs, apparently, do not believe this ▇ counsel can act independently and discharge her/his duties to her/his clients and keep NuStar and its lawyers happy at the same time.

    6.      Beyond that, Plaintiffs argue that the Court should disregard the documented ▇ *See* Res. 5; Br. 5 n.3.

    7.      Plaintiffs attempt to explain ▇ with speculative hypotheticals, *see* Res. 6, but cannot explain ▇ Br. 5 n.4. And Plaintiffs' speculation makes no sense here: ▇

3

Case 5:20-cv-04003-CJW-MAR   Document 112   Filed 06/04/21   Page 3 of 7

████████████ [4] And Plaintiffs have no explanation for how occasional scriveners' errors ████████████████████████████████████████████████

8. Plaintiffs further do not explain why ████████████████████████████████████████████████████████████████████████████████ [5] As explained, ██ ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Br. 6-7.

9. Instead, Plaintiffs merely proclaim that ████████████████████████████████████████████████████████████████████████████████ Res. 7. This is not a meaningful response, ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

10. ***The Court Should Compel Compliance with the Subpoenas (Mot., Pt. I)***. All six

---

[4] In arguing that "the mere receipt of a no-match letter or other no-match notice does not, standing alone, constitute 'constructive knowledge' on the part of an employer that the referenced employee is not work authorized," Res. 6, Plaintiffs miss the point (and selectively misread the cited guidance document). What's at issue in the Motion are ████████████████████████████████ ████████████████████████████████████████████████ ot *the employers' knowledge* of their legal status.

[5] Plaintiffs also offer no explanation for ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Br. 5-6. Likewise, ████████████████████████████████████████████████████████████████████████████ Br. 6.

subpoenas compelled employees to produce, for inspection, at their depositions, originals of the employees' (i) social security cards, (ii) current government-issued identification cards, and (iii) the government issued identification cards that the employees presented to NuStar at the time of hire. *See* Boyer Decl., Exs. E, L. Plaintiffs did not object to this aspect of these subpoenas, although they appear to misunderstand it. *Compare id.*, *with* Res. 9-10.[6]

11. ***The Court Should Direct Plaintiffs' Counsel to Limit Deposition Objections to Those Permitted by the Rules (Mot., Pt. II)***. The Motion sets forth examples of ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *See* Br. 9-10. In response, Plaintiffs argue that Mr. Biss's conduct was defensible because ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ But Defendants explained why ▇▇▇▇▇▇ were relevant, *see* Br. 10-11 at n.8, and Plaintiffs do not dispute that.[7]

12. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ***(Mot., Pt. IV)***. Plaintiffs do not directly respond to this request for relief. It should be granted.

## Conclusion

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ The Motion should be granted, in full.

---

[6] Plaintiffs have ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, Res. 10; *e.g.*, Plaintiffs have not produced ▇▇▇▇▇▇▇▇▇▇▇▇▇, one of the proposed deponents. *See* June 4, 2021 Reply Decl. of Nathaniel S. Boyer ¶ 2.

[7] The Motion also described Plaintiffs' counsel's conveniently shifting position on whether he represented NuStar's employees. Plaintiffs' Resistance does not dispute these facts.


June 4, 2021

**Ryan Lizza and Hearst Magazine Media, Inc., Defendants**

By: /s/ Nathaniel S. Boyer
Jonathan R. Donnellan, *Lead Counsel**
 *jdonnellan@hearst.com*
Ravi V. Sitwala*
 *rsitwala@hearst.com*
Nathaniel S. Boyer*
 *nathaniel.boyer@hearst.com*
Sarah S. Park*
 *sarah.park@hearst.com*
Nina N. Shah*
 *nina.shah@hearst.com*
THE HEARST CORPORATION
Office of General Counsel
300 West 57th Street
New York, New York 10019
Telephone: (212) 649-2030
Telephone: (212) 649-2035
**Admitted Pro Hac Vice*

Michael A. Giudicessi
 *michael.giudicessi@faegredrinker.com*
Nicholas A. Klinefeldt
 *nick.klinefeldt@faegredrinker.com*
Susan P. Elgin
 *susan.elgin@faegredrinker.com*
FAEGRE DRINKER BIDDLE & REATH LLP
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309-8003
Telephone: (515) 248-9000
Facsimile: (515) 248-9010

*Attorneys for Defendants*

## Certificate of Service

The undersigned certifies that a true copy of **Defendants' Reply Brief in Further Support of Their Resisted Motion to Compel and for Other Relief Regarding Depositions of NuStar Employees** was served upon the following parties through the court's CM/ECF electronic filing system on June 4, 2021.

/s/ Nathaniel S. Boyer

Copy to:

Joseph M. Feller
 jfeller@kkfellerlaw.com

Steven S. Biss
 stevenbiss@earthlink.net

*Attorneys for Plaintiff*