IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

|  |  |
|---|---|
| NuStar Farms, LLC, Anthony Nunes, Jr., and Anthony Nunes, III,<br><br>Plaintiffs,<br><br>v.<br><br>Ryan Lizza and Hearst Magazine Media, Inc.,<br><br>Defendants. | Case No. 5:20-cv-04003-CJW-MAR<br><br>Declaration of Nathaniel S. Boyer |

I, **Nathaniel S. Boyer**, declare as follows:

1. I represent Defendants Ryan Lizza and Hearst Magazine Media, Inc. ("Defendants") as an attorney of record in this case admitted *pro hac vice*. I make this declaration based on my personal knowledge and, if called as a witness, I could and would testify competently to the facts stated herein.

2. Attached hereto as **Exhibit A** is a true and correct copy of Plaintiffs' Privilege List, which I received by email from Plaintiffs' counsel, Steven S. Biss, on March 30, 2021.

3. Attached hereto as **Exhibit B** is a true and correct copy of an email from Mr. Biss, which I received on July 18, 2021.

4. Attached hereto as **Exhibit C** is a true and correct copy of excerpts from the transcript of the deposition of Toni Dian Nunes, taken on July 19, 2021.

5. Attached hereto as **Exhibit D** is a true and correct copy of excerpts from the transcript of the deposition of Plaintiff Anthony Nunes III, in both his individual capacity and as the 30(b)(6) corporate representative for NuStar, taken on July 14, 2021.

6. Attached hereto as **Exhibit E** is a true and correct copy of excerpts from the transcript of the deposition of Lori Nunes, taken on July 16, 2021.

7. Attached hereto as **Exhibit F** is a true and correct copy of excerpts from the transcript of the deposition of Plaintiff Anthony Nunes Jr., taken on July 15, 2021.

8. Because Plaintiffs' counsel designated these transcripts as Counsel's Eyes Only, Exhibits C, D, E, and F are filed under seal pursuant to the Protective Order entered in this case.

9. On July 20, 2021 (one day after the NuStar and Nunes family depositions concluded), I emailed Mr. Biss and explained, with legal support, why Plaintiffs waived the attorney-client privilege with respect to the 2018 Audit and the 2018 Audit Documents. On July 21, 2021, I conferred with Mr. Biss telephonically concerning this issue, as well. During that telephone conference, Plaintiffs' counsel argued that his clients had not waived the attorney-client privilege, and stated that Plaintiffs do not consent to the relief requested by this Motion.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 26th day of July, 2021, at New York, New York.

/s/ Nathaniel S. Boyer
**Nathaniel S. Boyer**

# Certificate of Service

The undersigned certifies that a true copy of **Declaration of Nathaniel S. Boyer** was served upon the following parties through the court's CM/ECF electronic filing system on July 26, 2021.

/s/ Nathaniel S. Boyer

Copy to:

Bill McGinn
  bmcginn@mcginnlawfirm.com
Steven S. Biss
  stevenbiss@earthlink.net

*Attorneys for Plaintiff*

The undersigned certifies that a true copy of **Declaration of Nathaniel S. Boyer, with Exhibits A and B thereto,** was served upon the following via email at his last known email address as shown below July 26, 2021.

The undersigned further certifies that—once-the below-identified attorney signs and returns Exhibit A to the Protective Order, thereby allowing him to review and consider materials designated as Confidential or Counsel's Eyes Only pursuant to the Protective Order in this case—he will serve a true copy of **Exhibits C, D, E, and F to the Declaration of Nathaniel S. Boyer** upon said attorney via email at his last known email address as shown below.

/s/ Nathaniel S. Boyer

Copy to:

Sander J. Moorhead
  sander.moorhead@woodsfuller.com

*Counsel for Amanda Bahena and Woods, Fuller, Shultz & Smith, P.C.*