IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
Western Division

| NUSTAR FARMS, LLC | ) | |
|---|---|---|
| *et al* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case 5:20-cv-04003-CJW-MAR |
| | ) | |
| | ) | |
| RYAN LIZZA | ) | |
| *et al* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

# RESISTANCE AND OPPOSITION TO DEFENDANTS' MOTION TO COMPEL

Plaintiffs, NuStar Farms, LLC, Anthony Nunes, Jr. and Anthony Nunes, III, by counsel, pursuant to Local Rule 7e, respectfully submit this Resistance and Opposition to the motion to compel testimony and documents from Plaintiffs' counsel, Amanda Bahena, filed by defendants, Ryan Lizza and Hearst Magazine Media, Inc. (the "Defendants"). [*ECF No. 127*].

## I. THE COURT SHOULD DENY THIS MOTION

As the Court is aware, Plaintiffs have consistently and steadfastly objected to any and all inquiry into the communications they had with attorney Amanda Bahena relating to a self-audit performed by NuStar in October 2018 after publication of the defamatory article at issue.

1

- Plaintiffs objected to document requests, and included three (3) communications with Attorney Bahena on Plaintiff's Privilege List, a copy of which is attached as *Exhibit "A"*.

- Plaintiffs objected to production of the "sticky notes", which the Court reviewed *in camera* and preliminarily indicated were likely privileged.

- At their depositions, Plaintiffs repeatedly invoked the attorney-client privileged when asked questions on cross-examination about the communications they had with Ms. Bahena in which she conveyed advice and guidance.

In Iowa, it is well-established that a privilege is not waived by answering questions on cross-examination. *See Sprague v. Brodus*, 245 Iowa, 90, 97, 60 N.W.2d 850 (1953) ("[T]he rule is that waiver does not result from answering questions on cross-examination without objection as to the privileged communication."); *Johnson v. Kinney*, 232 Iowa 1016, 1023, 7 N.W.2d 188 (1942) ("We have frequently said that testimony on cross examination is not voluntary in the sense that it constitutes a waiver of the statutory privilege.") (collecting cases). Other courts agree. *See, e.g., Murray Energy Corp. v. Cassidy, Cogan, Chappell & Voegelin, L.C.*, 2019 WL 3406543, at * 5 (S.D. Ohio 2019) (holding witnesses did not waive their attorney-client privilege by answering questions posed by opposing counsel in their depositions); *State ex rel. Shelter Mut. Ins. v. Wagner*, 575 S.W.3d 476, 481 (Mo. Ct. App. 2018) ("[A] waiver extorted under cross-examination is not voluntary. Likewise, disclosure in response to an adverse party's discovery inquiry is not voluntary.") (alteration in original) (quotation omitted); *Barrier v. Beaman*, 361 Or. 223, 390 P.3d 1048, 1049 (2017) (en banc) ("We now conclude that, by answering questions about his treatment at his discovery deposition, plaintiff did not 'offer'—and

thereby voluntarily disclose—that testimony so as to waive his privilege."); *compare Clay v. Woodbury County*, 965 F.Supp.2d 10651060 (N.D. Iowa 2013) (the plaintiff sued for emotional distress after a jail strip search, disclosed copies of her psychiatric records, executed a valid written waiver, and "testified in detail" during her deposition regarding her psychiatric treatment sessions. When she sought to limit the deposition of her psychiatrist, the court found she had waived privilege and that it was "far too late for [the plaintiff] to change her mind and reinstate the physician-patient privilege.").

Iowa law also permits a party who has waived attorney-client privilege to retract the waiver and reinstate the privilege. *Fenceroy v. v. Gelita USA, Inc.*, 908 N.W.2d 235, 246 (Iowa 2018) (citation omitted).

## **CONCLUSION**

There has been no waiver of the attorney-client privilege. No Plaintiff affirmatively placed their attorney-client communications at issue. *See Rock River Commc'ns, Inc. v. Universal Music Grp.*, 745 F.3d 343, 353 (9th Cir. 2013) (holding that a party must "affirmatively place[] its attorney-client communications at issue" to waive the privilege and an opposing party's placement of attorney-client communications at issue will not result in waiver). Rather, the Defendants repeatedly inquired into matters they knew were privileged. This is not a case where it would be unfair to Defendants to bar them from discovering the nature of the advice given to NuStar by Attorney Bahena or the communications that are identified on the Plaintiffs' privilege list.

Defendants' motion should be denied.

DATED: August 9, 2021

NUSTAR FARMS, LLC
ANTHONY NUNES, JR.
ANTHONY NUNES, III


By: */s/ Steven S. Biss*
Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone: (804) 501-8272
Facsimile: (202) 318-4098
Email: stevenbiss@earthlink.net
(*Admitted Pro Hac Vice*)

William F. McGinn #24477
McGINN LAW FIRM
20 North 16th Street
Council Bluffs, Iowa 51501
Telephone: (712) 328-1566
Facsimile: (712) 328-3707
Email: bmcginn@themcginnlawfirm.com

*Counsel for the Plaintiffs*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on August 9, 2021 a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will send notice of electronic filing to counsel for the Defendants and all interested parties receiving notices via CM/ECF.

By: */s/ Steven S. Biss*
Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone: (804) 501-8272
Facsimile: (202) 318-4098
Email: stevenbiss@earthlink.net
(*Admitted Pro Hac Vice*)

William F. McGinn #24477
McGINN LAW FIRM
20 North 16th Street
Council Bluffs, Iowa 51501
Telephone: (712) 328-1566
Facsimile: (712) 328-3707
Email: bmcginn@themcginnlawfirm.com

*Counsel for the Plaintiffs*