IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| **NuStar Farms, LLC, Anthony Nunes, Jr., and Anthony Nunes, III,**<br><br>  Plaintiffs,<br><br>v.<br><br>**Ryan Lizza** and **Hearst Magazine Media, Inc.,**<br><br>  Defendants. | Case No. 5:20-cv-04003-CJW-MAR<br><br>**Defendants' Reply Brief in Support of Their Resisted Motion to Compel Testimony of and Production of Documents by Amanda Bahena**<br><br>**(Oral Argument Requested)** |

Defendants respectfully submit this reply brief supporting the Motion to Compel Testimony of and Production of Documents by Amanda Bahena.[1]

Plaintiffs' two-and-a-half page Resistance and Opposition to Defendants' Motion to Compel (the "Resistance" or "Res.," ECF No. 133) does nothing to excuse or explain their substantial disclosures of attorney-client communications and their attendant waiver of the asserted privilege. In fact, the Resistance does not quote or cite the disclosures at issue at all. Plaintiffs' conclusory assertion that they have "consistently and steadfastly objected to any and all inquiry into the communications they had with" Bahena is unsupported and demonstrably incorrect.

Indeed, during the deposition of its designated corporate representative, NuStar *volunteered* information regarding the 2018 Audit:

[REDACTED]

---

[1] Unless defined herein, capitalized terms have the same definition as in Defendants' opening brief in support of the Motion ("Opening Br.," ECF No. 126-1).



Boyer Decl., Ex. D, at 189:4–190:15.

Plaintiffs did not disclose this information in response to questions asked during "cross-examination," as they argue. Rather, Plaintiffs *volunteered* this information, without objection or instruction from their counsel, perhaps because they sought to use this selective disclosure to advance their case. *Miller v. Cont'l Ins. Co.*, 392 N.W.2d 500, 504-05 (Iowa 1986) ("[V]oluntary disclosure of the content of a privileged communication constitutes waiver as to all other communications on the same subject."). Plaintiffs cannot "disclos[e] as much as [t]he[y] please[]" regarding the 2018 Audit but "withhold the remainder." *Id.* at 505 (citation omitted).

The two Iowa cases cited by Plaintiffs for the proposition that a privilege is not waived when answering questions upon cross-examination, *see* Res. at 2, (i) do not concern the attorney-

client privilege, and (ii) do not concern questioning at depositions as opposed to trial. And the reasoning for the rule cited in those cases has no force in the context of a deposition, when interjection of an objection presents no risk of prejudicing the party with the jury. *See Rosenfeld v. Ungar*, 25 F.R.D. 340, 342 (S.D. Iowa 1960) (finding waiver where defendant could have "invoked the privilege at the taking of his deposition when he was questioned concerning the contents of his will," but did not, because "[h]e, or his attorney, were not under the dilemma incurred by a party under cross-examination during trial when the interjection of an objection might prove prejudicial"); *See Engineered Prods. Co. v. Donaldson Co.*, 313 F. Supp. 2d 951, 1021 (N.D. Iowa 2004) (privileged waived where witness "made a voluntary statement that [an attorney] was the source of his belief that EPC had 'sat on its rights' *while represented by counsel in a deposition*, and counsel thereafter allowed [the witness] to make further disclosures without interposing an adequate objection").

And regardless, Plaintiffs waived the attorney-client privilege by placing the privileged communications in issue through the claim they assert in the lawsuit they commenced and continue to pursue. *See* Opening Br. II.B. As noted above, Anthony III testified that, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *Id.*, Ex. D, at 190:13-15. Then, for factual allegations sufficient to state a claim for relief, NuStar alleged that it "documents all labor and employment decisions," and that I-9s and supporting identity and work authorization documents are "reviewed and maintained by NuStar in the ordinary course of its business in accordance with Federal law." ECF No. 51 ¶ 4; *see also id.* ¶ 19(a) ("NuStar did not hire undocumented labor as its business records will attest," and "NuStar fully documented all hiring decisions in accordance with Federal law.").

3

Plaintiffs do not [and cannot] deny that they seek to use the 2018 Audit as a sword and shield, consciously withholding parts of it while selectively disclosing unsupported characterizations of the 2018 Audit that, they believe, bolster their case.  Plaintiffs offer no response to the cases explaining that their position is untenable and unfairly prejudicial to Defendants.

Lastly, Plaintiffs state, in one sentence, that "Iowa law also permits a party who has waived attorney-client privilege to retract the waiver and reinstate the privilege."  Res. 3 (citing *Fenceroy v. Gelita USA, Inc.*, 908 N.W.2d 235, 246 (Iowa 2018)).  But they do not (i) identify what, exactly, they want to "retract," or (ii) explain why this Court should allow Plaintiffs to do so here.  If Plaintiffs sought to advance this argument, the Court should reject it as underdeveloped, at best, and, more pointedly, as not preserved because Plaintiffs failed to present the claim for reinstatement of the privilege with the evidentiary record that *Fenceroy* said was required to "clearly and unequivocally" establish retraction of a waiver of privilege.  *Id*.

[*continued on next page*]

## Conclusion

For the reasons stated above and in the Opening Brief, Defendants respectfully request that the Motion to Compel Testimony of and Production of Documents by Amanda Bahena be granted.

Dated: August 16, 2021

**Ryan Lizza and Hearst Magazine Media, Inc., Defendants**

/s/ Nathaniel S. Boyer
Jonathan R. Donnellan, *Lead Counsel*\*
 jdonnellan@hearst.com
Ravi R. Sitwala\*
 rsitwala@hearst.com
Nathaniel S. Boyer\*
 nathaniel.boyer@hearst.com
Sarah S. Park\*
 sarah.park@hearst.com
Nina Shah\*
 nina.shah@hearst.com
Kristen Hauser
 khauser@hearst.com
THE HEARST CORPORATION
Office of General Counsel
300 West 57th Street
New York, New York 10019
Telephone: (212) 841-7000
Facsimile: (212) 554-7000
*\*Admitted Pro Hac Vice*

Michael A. Giudicessi
 michael.giudicessi@faegredrinker.com
Nicholas A. Klinefeldt
 nick.klinefeldt@faegredrinker.com
Susan P. Elgin
 susan.elgin@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309-8003
Telephone: (515) 248-9000
Facsimile: (515) 248-9010

**Attorneys for Defendants**

## Certificate of Service

The undersigned certifies that a true copy of **Defendants' Reply Brief in Further Support of Their Resisted Motion Resisted Motion to Compel Testimony of and Production of Documents by Amanda Bahena (Oral Argument Requested)** was served upon the following parties through the Court's CM/ECF electronic filing system on August 16, 2021.

                  /s/ Nathaniel S. Boyer
Copy to:                  Nathaniel S. Boyer

Bill McGinn
 bmcginn@mcginnlawfirm.com
Steven S. Biss
 stevenbiss@earthlink.net

*Attorneys for Plaintiff*


The undersigned certifies that—once-the below-identified attorney signs and returns Exhibit A to the Protective Order, thereby allowing him to review and consider materials that were designated as Confidential or Counsel's Eyes Only pursuant to the Protective Order in this case—he will serve a true copy of **Defendants' Reply Brief in Support of Their Resisted Motion Resisted Motion to Compel Testimony of and Production of Documents by Amanda Bahena (Oral Argument Requested)** upon said attorney via email at his last known email address as shown below.

                  /s/ Nathaniel S. Boyer

Copy to:

Sander J. Moorhead
 sander.moorhead@woodsfuller.com

*Counsel for Amanda Bahena and Woods, Fuller, Shultz & Smith, P.C.*