IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| NuStar Farms, LLC, Anthony Nunes, Jr., and Anthony Nunes, III, <br><br> Plaintiffs, <br><br> v. <br><br> Ryan Lizza and Hearst Magazine Media, Inc., <br><br> Defendants. | Case No. 5:20-cv-04003-CJW-MAR <br><br> Defendants' Resistance to Plaintiffs' August 13, 2021 Motion to Compel Discovery |

## Introduction

Defendants Ryan Lizza and Hearst Magazine Media, Inc. ("Defendants") resist Plaintiffs NuStar Farms, LLC, Anthony Nunes, Jr., and Anthony Nunes III ("Plaintiffs")'s Motion to Compel Discovery (ECF No. 138, the "Motion"). The Court should promptly deny the Motion, and Plaintiffs and their counsel should be sanctioned for having filed it.

The Motion is an impermissible attempt by non-party Congressman Devin Nunes and the lawyer he shares with Plaintiffs—Steven Biss—to allow a serial libel plaintiff to listen to sensitive interviews by a journalist with his unnamed sources that Plaintiffs received in discovery under the protective order entered in this case. *See* ECF No. 63 (the "Protective Order"). The Protective Order prohibited the disclosure of the designated information to Congressman Nunes during his deposition. And the Congressman testified ███████████████████████████

███████████████████████████████████████████████████████████████

████████████████████████████

Plaintiffs ignore the applicable provisions of the Protective Order. More fundamentally, they do no explain what relevant evidence they sought to or could adduce from Congressman

Nunes after presenting him with these highly sensitive materials. Plaintiffs' counsel does not even identify the questions he intended to ask the Congressman about these recordings.

Accordingly, the Court should deny the Motion, and award Defendants their fees and costs for prevailing on this resistance. *See infra* Point I; Fed. R. Civ. P. 37(a)(5)(B).

Moreover, Plaintiffs' Motion violates two orders of this Court: (1) the Protective Order's bar on the filing of deposition transcripts (or excerpts thereof) within 14 days of receipt, before counsel has an opportunity to serve designations of Confidential or Counsel's Eyes Only portions of the transcript, *see* Protective Order ¶ 12, and (2) Judge Williams' order, issued *sua sponte* in this case, that Plaintiffs and their counsel are "not to file any further public pleadings referencing" certain "spurious allegations" concerning Mr. Lizza "without first obtaining leave of the Court," ECF No. 50, at 41.

Because Plaintiffs attempted to violate a Court order by playing these audio tapes for Congressman Nunes during his deposition; violated two different Court orders in their manner of filing this Motion; and this Motion is, itself, a meritless attempt to sidestep a Court order, the Court should, in addition to denying the Motion in full:

- Issue an Order to Show Cause to attorney Biss, *see e.g. Kehm v. Procter & Gamble Mfg. Co.*, 580 F. Supp. 913 (N.D. Iowa 1983), *aff'd per curiam* 724 F.2d 630 (8th Cir. 1984); *see also Reis v. Iowa Dist. Ct. for Polk Cnty.*, 787 N.W.2d 61 (Iowa 2010) (applying Iowa law);
- Impose sanctions such as authorized by Fed. R. Civ. P. 37(b) for failure to comply with multiple Court orders.

*See infra* Point II.

**Facts and Procedural History**

The facts most relevant to Plaintiffs' Motion are:

***The Protective Order and the Audio Recordings.*** On December 3, 2020, the Court entered the Protective Order regulating the treatment of confidential and sensitive materials that

were produced in discovery. ECF No. 63. The Protective Order permits parties to designate "newsgathering [materials]" as "Confidential." *Id.* ¶ 3(c). It also allows parties to designate as "Counsel's Eyes Only" particularly sensitive newsgathering materials. *Id.* ¶ 4. In reasonable reliance on this, Defendants produced newsgathering materials that identified Mr. Lizza's unnamed sources, who took risks to speak candidly with Mr. Lizza about the use of undocumented labor on area dairy farms, and provided Plaintiffs with presumptively privileged unpublished materials under the terms of the Protective Order. *Id.*

Importantly, pursuant to the Protective Order, a "witness" sitting for his or her "deposition" may only be shown materials designated as "Confidential" or "Counsel's Eyes Only" if doing so is "reasonably necessary," according to the Court's order. *Id.* ¶¶ 7, 8.

In this case, Mr. Lizza produced all newsgathering materials he possesses. That includes audio recordings of interviews with sources, including those who asked not to be named (and who were not named) in the *Esquire* magazine article in question (the "Article"), given the sensitive nature of what they were discussing. Such audio recordings were designated as "Counsel's Eyes Only." *See* Aug. 18, 2021 Decl. of Nathaniel S. Boyer ("Boyer Decl.") ¶ 2.

***Congressman Devin Nunes*** ████████████████████████████ In their Rule 26(a) disclosures (as amended), Plaintiffs disclosed Congressman Devin Nunes as a witness on whom they may rely at trial in this case. Boyer Decl. ¶ 3, Ex. A. Congressman Nunes is not a party in this case. However, in their disclosures, Plaintiffs claimed the Congressman had knowledge that the Article was "false and defamatory," that it was "republi[shed]," that Defendants acted with "actual malice," and of the "actual damages" and "injury to . . . Plaintiffs' reputation[] caused by . . . Defendants' defamation and conspiracy." *Id.*

Seeking to understand what knowledge Congressman Nunes had concerning these matters for which Plaintiffs identified him as a witness, Defendants noticed his deposition, which took place after the close of discovery on August 10, 2021, by consent of the parties and approval of the Court. With regard to Defendants' alleged "actual malice," the Congressman ██████████████████████████████████████████████████████████████

██████████

████████████████████████████████████

████████████

Boyer Decl., Ex. B, at 163:15-17. The Congressman further testified that ████████

████████████████████████████████ *Id.* at 163:7-25 ████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████.[1]

Although these answers were not surprising, the questions were necessary predicates to determining if Congressman Nunes mistakenly was listed as a witness with knowledge of Defendants' purported "actual malice."

***Plaintiffs' Counsel Attempts to Play Audio Recordings for and Disclose Counsel's Eyes Only Information to Devin Nunes During His Deposition.*** On cross-examination, Plaintiffs'

---

[1] Indeed, the Congressman testified that ████████████████████████████████ *See, e.g.*, Boyer Decl., Ex. B, at 143:22-24 ████████████████████████████████████████ *see also* ECF No. 51 ¶ 5 (Second Amended Complaint: "Devin Nunes has never had any ownership or financial interest whatsoever in NuStar or any involvement of any kind in its operations, including, without limitation, any of NuStar's labor and employment, hiring or compliance practices.").

attorney, Steven Biss, attempted to allow Congressman Nunes to hear the audio recordings of interviews with Mr. Lizza's unnamed sources, which Plaintiffs accepted under the Protective Order as "Counsel's Eyes Only" recordings and information.

Defendants' counsel immediately objected. What followed on the record was an exchange between counsel for the parties, with Congressman Nunes interjecting with his own monologues on multiple occasions.[2]

Plaintiffs have already (impermissibly, *see infra* Point II) submitted this exchange in full on the public docket. *See* ECF No. 138-1. The exchange need not be further described here, except to note that (i) Defendants' counsel directed Plaintiffs' counsel to Paragraph 8(e) of the Protective Order, quoted above, which restricted disclosure of Confidential and Counsel's Eyes Only material to a deponent only when "reasonably necessary" to do so, *id.* at 199:14-19, and (ii) Plaintiffs' counsel never explained on the record (or now in the Motion) how playing the source recordings to Congressman Nunes, a third-party witness, would yield any relevant evidence in this case.

---

[2] Plaintiffs' argument that Defendants' adherence to the terms of the Protective Order "violates every tenet of . . . the First Amendment," ECF No. 138-2, at 3, is rich, and wrong. Preventing the public disclosure of the identities of unnamed and confidential sources advances the interests of the First Amendment, so that sources may discuss sensitive matters with members of the press without fear of retribution or retaliation. This was Defendants' motivating factor in stipulating to the terms of the Protective Order. If Plaintiffs are now concerned that the Protective Order is overbroad, then Defendants would welcome a discussion about "lifting the protective order so that all materials subject to the protective order" other than the information that identifies unnamed sources "are disclosed." ECF No. 138-1, 205:5-9. *Cf. Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984) (no First Amendment right to disseminate information obtained in discovery pursuant to a confidentiality order).

## Authority and Argument

### I. This Court Should Deny Plaintiffs' Motion to Compel.

Plaintiffs' Motion seeks relief under Fed. R. Civ. P. 30(d)(2), which states, "[t]he court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates *the fair examination of the deponent*" (emphasis added). Plaintiffs therefore must provide sufficient factual and legal grounds to qualify for the remedies the rule provides upon proof that an opposing party improperly impeded, delayed, or frustrated deposition discovery.

Plaintiffs cannot meet that burden. In their Motion, Plaintiffs do not explain what relevant evidence their counsel was attempting to secure from Congressman Nunes upon presenting him with these highly sensitive audio recordings. ███████████████████ ███████████████████████████████, Congressman Nunes could have nothing of relevance to say about them. Notably, Plaintiffs do not explain what their counsel intended to ask the Congressman about these audio recordings.

The relief Plaintiffs request under Rule 30(d)(2) further has no bearing on their case and its single remaining issue of whether a statement regarding NuStar's hiring of undocumented workers was false and defamatory. A third-party witness listening to and then opining on information and recordings about which that witness lacks personal knowledge provides no evidentiary value.

Moreover, there is no basis for the Congressman, as a third-party witness, to receive confidential materials governed by the Protective Order. The Order expressly limited such disclosures to when "reasonably necessary" and only upon the recipient's prior written agreement to adhere to the Order. See ECF No. 63 ¶ 8(e) and ¶ 11.

Neither is the case here—the excerpted testimony shows Congressman Nunes did not sign the Protective Order, and ██████████████████████████████████ ██████████████████████████████. This makes it entirely unreasonable and unnecessary for the third-party witness, by way of example, to learn the names of sources or hear recordings of source interviews. Plaintiffs make no argument that it was "reasonably necessary" to play these audio recordings for Congressman Nunes to hear, and they do not even attempt to explain how playing these tapes for Congressman Nunes serves the interests of Plaintiffs' case.

The only conclusion to draw is that Plaintiffs' counsel—rather than engaging in a "*fair examination of the deponent*" about relevant matters—was, instead, attempting to present his other client, Congressman Nunes, with the audio recordings, to provide him yet another platform within his deposition for commentary, if not soap-boxing, about matters outside the scope of permissible discovery authorized by Fed. R. Civ. P. 26(b)(1).

The questioning sought by attorney Biss to occasion the grandstanding testimony of his client Congressman in no way resembled *a fair examination* designed or directed to produce facts, rather than outrage and comment, from the lawyer's non-party witness-client. And, that non-party witness not only has an axe to grind against Defendants, he: (i) is pursuing an appeal against them for his now-dismissed libel and conspiracy case, and (ii) harbors a desire to have his diatribes publicly available as part of a court record, which attorney Biss sought to accomplish by his filing of the Congressman's screed in the public docket of a matter where he is not a party and should not attain any privilege or immunity for court filings, *see infra* Point II.

The Court should deny Plaintiffs' Motion and award Defendants their costs in opposing this Motion pursuant to Fed. R. Civ. P. 37(a)(5)(B).

## II. This Court Should Sanction Plaintiffs and Their Counsel for Filing This Motion in Violation of Multiple Court Orders.

Considering the lack of argument and legal authority presented in Plaintiffs' Motion papers, the Court should not ignore how attorney Biss uses the publicly-filed appendix document supporting his Motion to take another pass at besmirching journalist Ryan Lizza's reputation by peppering the record with a false and absurd name-calling statement by Congressman Nunes. *See* ECF No. 138-1, at 209:13.

By including in their public filings reference to impertinent and scandalous matter that has already been stricken from the case, *see id.*, *see also* ECF No. 50, at 41, Plaintiffs and their counsel violated Judge Williams' Order, entered *sua sponte* in this case, as follows:

> Thus, the Court will, as part of this order, require plaintiffs to file a second amended complaint. That amended complaint should be stripped of all such spurious allegations and plaintiffs are not to file any further public pleadings referencing such matters without first obtaining leave of the Court and showing that there is a good faith factual basis for the allegations and that they are relevant and material to some matter at issue in this litigation.

*Id*. at 41; *cf*. ECF No. 125 (entering a protective order prohibiting attorney Biss from certain questioning of Defendant Lizza).[3]

Defendants do not repeat the scurrilous allegations made by Congressman Nunes at his deposition here. Instead, they request that the Court place Plaintiffs' offending, and offensive, exhibit under seal, and order it remain sealed unless and until such time as Plaintiffs' counsel properly redacts it and/or follows the Court's order for approval to file it in the public docket.

---

[3] Although Judge Williams entered this order *sua sponte* in this case, he included a similar admonishment in the Court's order dismissing the parallel case brought by Devin Nunes in response to a Rule 12(f) motion to strike filed by Defendants. *See Nunes v. Lizza*, No. 19-cv-4064-CJW-MAR, ECF No. 53, at 47 (Aug. 5, 2020). Thus, Judge Williams has warned Plaintiffs' counsel regarding these allegations not once, but twice.

Plaintiffs should have filed the excerpts under seal for an additional reason. The Protective Order states that counsel has 14 days to serve designations of Confidential or Counsel's Eyes Only portions of the transcript. *See* ECF No. 63 ¶ 12. Plaintiffs filed the excerpts publicly only three days after the deposition occurred, without waiting the 14 days after the transcript was prepared for Defendants to serve their designations. Plaintiffs' counsel did not ask Defendants' counsel if they would consent to filing the excerpts publicly. And, had Plaintiffs' counsel inquired, then Defendants' counsel likely would have reminded Plaintiffs' counsel about his obligation to not file publicly the scandalous and irrelevant materials that have been stricken from this case.

This conduct by Plaintiffs' counsel deserves calling out for what it is: an effort to use discovery for improper purposes, most notably to further the Nunes/Biss campaign of striking back at any voice that says or prints something he dislikes. Boyer Decl., Ex. B, at 79:3-14 (███████████████████████████████████████████████████████ ███). And, as the Court knows, this latest incident with Plaintiffs' counsel comes after this Court already has admonished Plaintiffs' counsel for discovery misconduct. *See, e.g.*, ECF No. 119, at 3-6 (describing Mr. Biss's "behavior" during a deposition of a witness; describing Mr. Biss's explanation for his conduct as "puzzling and troubling"; and "adjur[ing]" Plaintiffs' counsel to read a case regarding appropriate discovery conduct).

Regardless, it is clear that this Motion seeks to benefit only third-party Devin Nunes, without ever articulating why he, by way of hypothetical, needs to hear the recordings or obtain the identity of Mr. Lizza's sources, or how his hearsay testimony about those matters could conceivably provide admissible evidence in this litigation.

## Conclusion

For the reasons stated above, Defendants respectfully request that the Court deny Plaintiffs' August 13, 2021 Motion to Compel Discovery, ECF No. 138, and enter such other relief in their favor as Defendants identified above.

Dated: August 18, 2021

**Ryan Lizza and Hearst Magazine Media, Inc., Defendants**

/s/ Jonathan R. Donnellan
Jonathan R. Donnellan, *Lead Counsel\**
 jdonnellan@hearst.com
Ravi R. Sitwala\*
 rsitwala@hearst.com
Nathaniel S. Boyer\*
 nathaniel.boyer@hearst.com
Sarah S. Park\*
 sarah.park@hearst.com
Nina Shah\*
 nina.shah@hearst.com
Kristen Hauser
 khauser@hearst.com
THE HEARST CORPORATION
Office of General Counsel
300 West 57th Street
New York, New York 10019
Telephone: (212) 841-7000
Facsimile: (212) 554-7000
*\*Admitted Pro Hac Vice*

Michael A. Giudicessi
 michael.giudicessi@faegredrinker.com
Nicholas A. Klinefeldt
 nick.klinefeldt@faegredrinker.com
Susan P. Elgin
 susan.elgin@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309-8003
Telephone: (515) 248-9000
Facsimile: (515) 248-9010

**Attorneys for Defendants**

## Certificate of Service

The undersigned certifies that a true copy of **Defendants' Resistance to Plaintiffs' August 13, 2021 Motion to Compel Discovery** was served upon the following parties through the Court's CM/ECF electronic filing system on August 18, 2021.

/s/ Jonathan R. Donnellan<br>Jonathan R. Donnellan

Copy to:

Bill McGinn
  bmcginn@mcginnlawfirm.com
Steven S. Biss
  stevenbiss@earthlink.net

*Attorneys for Plaintiffs*