IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF IOWA

WESTERN DIVISION

| | |
|---|---|
| **NuStar Farms, LLC, Anthony Nunes, Jr., and Anthony Nunes, III,**<br><br>Plaintiffs,<br><br>v.<br><br>**Ryan Lizza** and **Hearst Magazine Media, Inc.,**<br><br>Defendants. | **Case No. 5:20-cv-04003-CJW-MAR**<br><br>**Brief in Support of Eugene Volokh's Motion to Intervene and Unseal Judicial Records** |

Table of Contents

Introduction ................................................................................................................. 1

Argument ..................................................................................................................... 2

I.   Volokh Is Entitled to Intervene Under Rule 24(b) ................................................ 2

II.  The Common Law Right of Access Applies Here ................................................ 3

III. Plaintiffs Have Failed to Show Good Cause for Sealing the Documents ............. 7

IV.  The Parties Have Not Complied with the Protective Order .................................. 8

V.   Volokh Has A First Amendment Right of Access ................................................ 9

Conclusion ................................................................................................................. 10

**Cases**

*Bertroche v. Mercy Physician Assocs., Inc.*, No. 18-CV-59-CJW-KEM, 2019 WL 7761810 (N.D. Iowa Dec. 16, 2019) ........................................................................ 5

*Fant v. City of Ferguson*, No. 4:15-CV-00253-AGF, 2019 WL 4221515 (E.D. Mo. Sept. 5, 2019) ............................................................................................ 7

*Flynt v. Lombardi*, 782 F.3d 963 (8th Cir. 2015) ....................................................... 2, 3

*IDT Corp. v. eBay*, 709 F.3d 1220 (8th Cir. 2013) ................................................. 3, 4, 9

*John Bean Techs. Corp. v. Morris & Assocs., Inc.*, No. 2:15-CV-02211, 2019 WL 4246696 (W.D. Ark. Sept. 6, 2019) ........................................................................ 8

*Levin v. Alms & Assocs., Inc.*, 634 F.3d 260 (4th Cir. 2011) ........................................ 9

*Marden's Ark, Inc. v. UnitedHealth Grp., Inc.*, No. 19-CV-1653 (PJS/DTS), 2021 WL 1846803 (D. Minn. Apr. 15, 2021) ................................................................. 3, 4, 5

*Mokhiber v. Davis*, 537 A.2d 1100 (D.C. 1988). ..................................................... 9, 10

*Nixon v. Warner Communications, Inc.*, 435 U.S. 589 (1978) ..................................... 3

*Rolscreen Co. v. Pella Prod. of St. Louis, Inc.*, 145 F.R.D. 92 (S.D. Iowa 1992) .......... 8

*Scott v. City of Sioux City, Iowa*, 96 F. Supp. 3d 898 (N.D. Iowa 2015) ................... 3, 6

*Skky, LLC v. Facebook, Inc.*, 191 F. Supp. 3d 977 (D. Minn. 2016) ............................ 7

*Steele v. City of Burlington, Iowa*, 334 F. Supp. 3d 972 (S.D. Iowa 2018) .................. 3

**Rules**

Electronic Case Filing Procedure VIII (A) .................................................................... 8

Local Rule 5(c) ................................................................................................................ 8

## Introduction

In this case, the Ranking Member of the House Intelligence Committee is suing a journalist for his reporting. Members of the public should be able to closely monitor the case and the arguments that this Court is considering in making its decisions.

Proposed intervenor Volokh is a professor at UCLA School of Law, and writes regularly at the *Reason Magazine* website (http://reason.com). Volokh has written about this case at *Reason*.[1] To continue informing the public about this case, Volokh seeks access to the unredacted versions of Defendants' Brief in Support of Their Motion to Compel (Doc. 103), Plaintiffs' Resistance to that motion (Doc. 107), and what appears to be the Defendants' Reply (Doc. 111). Volokh therefore moves to intervene under Federal Rule of Civil Procedure 24(b) and access unredacted versions of those documents. (Volokh does not object to the continued deletion of the names and identities of third parties, such as unnamed sources or NuStar employees other than the plaintiffs, but will use "unredacted" as shorthand for versions that only have such personal material removed.)

1. Volokh is entitled to intervene, because Rule 24(b) intervention is the appropriate procedure for non-parties seeking access to judicial records in civil cases.

---

[1] Eugene Volokh, *Court in Devin Nunes Libel Lawsuit: "The Tedious and Laborious Exercise . . .*, VOLOKH CONSPIRACY (REASON) (May 13, 2020, 12:53 PM), https://reason.com/volokh/2020/05/13/court-in-devin-nunes-libel-lawsuit-the-tedious-and-laborious-exercise/; Eugene Volokh, *Judge Throws Out Devin Nunes' Libel Lawsuit Against Ryan Lizza*, VOLOKH CONSPIRACY (REASON) (Aug. 25, 2020, 1:28 PM), https://reason.com/volokh/2020/08/05/judge-throws-out-devin-nunes-libel-lawsuit-against-ryan-lizza/; Eugene Volokh, *Devin Nunes's Libel Lawyering, Employee Witnesses, and the Privilege Against Self-Incrimination*, VOLOKH CONSPIRACY (REASON) (June 18, 2021, 7:48 PM), https://reason.com/volokh/2021/06/18/devin-nuness-libel-lawyering-employee-witnesses-and-the-privilege-against-self-incrimination/.

2. Volokh should get access to the unredacted documents, because plaintiffs have not overcome the common-law presumption favoring public access to judicial records.

3. Even if that common-law presumption does not apply to discovery motions, Volokh should get access to the unredacted documents because plaintiffs have failed to meet Rule 26(c)'s good-cause requirement.

4. Volokh is further entitled to access the unredacted documents because they have not been properly filed under seal, given that the parties apparently did not comply with Local Rule 5(c) and with the Electronic Case Filing Procedures for the United States District Court for the Northern District of Iowa.

5. Volokh should also gain access to the documents under the First Amendment right of access to judicial records.

## Argument

### I. Volokh Is Entitled to Intervene Under Rule 24(b)

"[P]ermissive intervention under Rule 24(b) is an appropriate procedural vehicle for non-parties seeking access to judicial records in civil cases." *Flynt v. Lombardi*, 782 F.3d 963, 967 (8th Cir. 2015). "Normally, parties seeking permissive intervention pursuant to Rule 24(b) must show: (1) an independent ground for jurisdiction, (2) timeliness of the motion, and (3) that the applicant's claim or defense and the main action have a question of law or fact in common." *Id.* at 966. But when people seek access to court documents, the first element is satisfied because "when a party is seeking to intervene only to modify a protective order or unseal documents . . . an independent basis of jurisdiction is not required." *Id.* at 967. The third element is also met because "the public's interest in the confidentiality of the judicial records . . . [is]

2

a question of law . . . in common between the Parties." *Id.* And Volokh's request to access documents filed within the last three months (plus a day), is timely.

## II. The Common Law Right of Access Applies Here

There is a common law presumption in favor of public access to judicial records. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 602 (1978). To determine whether a party contesting access to judicial records should prevail, courts must "first decide if the document in question is a 'judicial record,' and, if it is, consider whether the party seeking to prevent disclosure has overcome the common-law right of access that would otherwise apply to 'judicial records.'" *Scott v. City of Sioux City, Iowa*, 96 F. Supp. 3d 898, 904 (N.D. Iowa 2015); *accord IDT Corp. v. eBay*, 709 F.3d 1220, 1223 (8th Cir. 2013).

### A. The Unredacted Documents Are Judicial Records

The Eighth Circuit has not yet reached a consensus on the definition of judicial records. The most sensible reading of *IDT Corp.*, though, is that the court has "accepted the notion that all documents filed in federal court are judicial records." *Marden's Ark, Inc. v. UnitedHealth Grp., Inc.*, No. 19-CV-1653 (PJS/DTS), 2021 WL 1846803 at *3 (D. Minn. Apr. 15, 2021). Some district courts have interpreted *IDT Corp.* as suggesting that some filed documents, including discovery motions, are not judicial records, *see, e.g., Steele v. City of Burlington, Iowa*, 334 F. Supp. 3d 972, 979 (S.D. Iowa 2018); but that is a misreading of *IDT Corp.*

The Eighth Circuit in *IDT Corp.* acknowledged that other courts adopted differing approaches for determining whether a document filed with a court is a judicial record. On one hand, the court said, "[t]here may be a historical case to be made that a civil

3

complaint filed with a court, but then soon dismissed pursuant to a settlement, is not the sort of judicial record to which there is a presumption of public access." *IDT*, 709 F.3d 1223. That is the narrower approach. On the other hand, there appears to be a "modern trend in federal cases to treat pleadings in civil litigation (other than discovery motions and accompanying exhibits) as presumptively public, even when the case is pending before judgment or resolved by settlement." *Id.*

But, as the *Marden's Ark* court explained, the litigants in *IDT Corp.* "rejected the definition of 'judicial record' that excluded certain categories of court-filed documents and the Eighth Circuit accepted that procedural posture." *Marden's Ark, Inc.,* 2021 WL 1846803 at *3. In fact, "the Eighth Circuit did not distinguish between documents filed in federal court that are 'judicial records' and those that are 'not judicial records.' Rather, the court noted but did not endorse an approach that distinguished between judicial records to which the presumption of public access attached and those to which it did not; rather, it accepted the notion that all documents filed in federal court are 'judicial records.'" *Id.*

The *Marden's Ark* interpretation of *IDT Corp.*, as covering "all documents filed in federal court," better serves the purpose of public access. The common law right of access "bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings, and to 'keep a watchful eye on the workings of public agencies.'" *IDT*, 709 F.3d at 1222.

To exclude access to discovery motions would block access to important facts and arguments that affect the outcome of the case—especially given the importance of

4

discovery, and therefore of discovery disputes, to modern litigation. Instead, the presumption in favor of public access should initially attach to all documents filed with a court. Those seeking to limit transparency and accountability should bear the burden of overcoming the presumption on a case-by-case basis.

### B. Plaintiffs Have Not Overcome the Common Law Presumption Favoring a Right of Access

Courts consider six factors when deciding whether a judicial document should be sealed:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purpose for which the documents were introduced during the judicial proceeding.

*Bertroche v. Mercy Physician Assocs., Inc.*, No. 18-CV-59-CJW-KEM, 2019 WL 7761810 at *1 (N.D. Iowa Dec. 16, 2019).

There is "need for public access to the documents" here because they are valuable to those monitoring the federal courts. The unredacted documents formed the basis of this court's Order responding to Defendant's Motion to Compel and Plaintiffs' response to that motion. Order, Doc. 119. Among other things, the Order notes "the appearance" of plaintiff's counsel "pressuring a witness," but declines to appoint counsel for the witness. *Id.* at 5, 6. To properly evaluate this Court's decision, the public must know why the Court made this decision. And the public cannot fully evaluate the Court's reasoning without access to the unredacted documents. Just as "[h]ow and why a court decides whether litigation must be stayed or may proceed are matters in which the public has a keen interest," *Marden's Ark, Inc.*, 2021 WL 1846803

at *8, the same is true of how discovery disputes are resolved—and how employee-witnesses are treated.

The second factor is hard for Volokh to evaluate. The documents Volokh seeks have apparently not been made fully available to the public before; but without knowing what is redacted, Volokh cannot tell if that material had been publicly accessible in other documents.

As to the third and fourth factors, the privacy interests asserted are minimal. Plaintiff is the Ranking Member of the House Intelligence Committee. Defendants are a nationally recognized journalist and a prominent publisher. All are figures "who might reasonably expect a higher degree of public scrutiny." *Scott,* 96 F. Supp. 3d at 910. And the redactions in the documents apparently go well beyond the names of the nonparty witnesses.

The fifth factor also weighs in favor of releasing the documents. The redactions, coupled with the absence of a motion to seal tailored to those particular redactions, make it hard for Volokh to know for certain why the redactions were made. But it seems likely that much of the redacted information here would cause nothing more than embarrassment for the parties. And "neither 'secrecy for secrecy's sake' nor a public person's 'embarrassment' over . . . misconduct . . . is sufficient to justify" such extensive redactions. *See Id.* at 910–11. Prejudice that "amounts to little more than 'embarrassment'" is not prejudice at all. *See Id.*

As to the sixth factor, Defendant filed a motion to compel depositions of NuStar employees, depositions which were previously disrupted by plaintiff's counsel's "troubling" behavior. Order, Doc. 119 at 4. As this Court acknowledged, counsel at least appeared to pressure a witness not to assert a privilege and "effectively [cancelled] the deposition to obtain that result." *Id.* at 5. Plaintiffs then filed Document 107 to resist Defendant's motion, and defendants replied in Document 111. All these documents provided the basis for this Court's Order, which is an important judicial decision that could significantly affect the outcome of this case. The unredacted documents are therefore "valuable to the public's confidence in the judicial system and the . . . ability to monitor, measure, and hold accountable the federal courts." *See Skky, LLC v. Facebook, Inc.*, 191 F. Supp. 3d 977, 980-81 (D. Minn. 2016).

### III. Plaintiffs Have Failed to Show Good Cause for Sealing the Documents

"[E]ven if the common law right of access does not apply [to discovery motions], Federal Rule of Civil Procedure 26(c)'s good-cause requirement does." *Fant v. City of Ferguson*, No. 4:15-CV-00253-AGF, 2019 WL 4221515 at *3 (E.D. Mo. Sept. 5, 2019). "To establish good cause, [plaintiffs] cannot rely solely on the stipulated protective order entered in this case." *Id.* Protective orders often expedite the flow of discovery, but, "when challenged, the burden remains on the party seeking to maintain protection under the stipulated order to demonstrate good cause." *Id.* Here, plaintiffs have failed to meet that burden.

At most, disclosure of the documents will bring plaintiffs some negative attention. But "[a] claim that public disclosure of information will be harmful to [plaintiffs'] reputation is not good cause for a protective order." *Id.* at *4. "This Court belongs to

7

the public. It is a forum for the public resolution of disputes. Where there is no good cause to keep filed material from public view, the Court is reluctant to do so." *John Bean Techs. Corp. v. Morris & Assocs., Inc.*, No. 2:15-CV-02211, 2019 WL 4246696 at *8 (W.D. Ark. Sept. 6, 2019). "Because Rule 26(c) good cause is not apparent from the face of the filings kept from public view," this Court should grant access. *Id.*

To the extent that plaintiffs can demonstrate good cause for keeping secret some portions of the documents, transparency and accountability are best served if the relief is narrowly tailored, to reduce redactions to the minimum necessary. *See Rolscreen Co. v. Pella Prod. of St. Louis, Inc.*, 145 F.R.D. 92, 96 (S.D. Iowa 1992) (noting "'the goal that the Court only grant as narrow a protective order as is necessary under the facts'").

**IV. The Parties Have Not Complied with the Protective Order**

The Stipulated Protective Order states, "[i]f a party files a Designated Document with the Court, it must be filed under seal in compliance with Local Rule 5(c) and the Electronic Case Filing Procedures for the United States District Court for the Northern District of Iowa." Doc. 63, at 8, ¶ 14. Local Rule 5(c) requires that

> a party seeking to file documents under seal first must file a motion requesting leave to do so. The documents sought to be filed under seal must not be attached to the motion or they will become part of the public case file. Instead, the documents must be described in the motion with sufficient particularity to enable the court to rule on the motion without reviewing the documents.

And Electronic Case Filing Procedure VIII (A) states that "[d]ocuments may be filed under seal only if an order is entered granting the motion."

But nothing in the record indicates that either party requested leave to file Docs. No. 103, 107 & 111 (presumably the unredacted but sealed versions of documents

that were filed in redacted form at No. 106, 108 & 112) under seal. Nor does there appear to be any record of this Court granting or denying a motion to file documents under seal. There thus appears not to have been an affirmative decision by this Court to seal those documents, or to authorize the redactions.

## V. Volokh Has a First Amendment Right of Access

The Eighth Circuit has not decided whether there is a First Amendment right of access to documents filed in civil proceedings. *IDT*, 709 F.3d at 1224 n.*. "For such a right to be recognized, the Supreme Court's decisions establish at least two prerequisites: (1) a historical tradition of accessibility, and (2) a significant positive role for public access in the functioning of the judicial process in question." *Id.* Courts in this circuit have not had occasion to apply this test to determine whether there is a First Amendment right of access to discovery motions filed in civil proceedings. But the D.C. Court of Appeals has, *Mokhiber v. Davis*, 537 A.2d 1100 (D.C. 1988), and its reasoning is persuasive.

"It would make little sense to shut off access for what is . . . a new kind of judicial process just because that particular procedure did not exist at common law." *Id.* at 1112. It is true that "discovery issues historically occupied a far less significant role in civil trials than they have recently assumed." *Id.* But modern discovery rules have "qualitatively altered the character of pretrial discovery and the demands it makes on the courts as well as on the parties." *Id.* Discovery has become "a vital part of the litigation process," *Levin v. Alms & Assocs., Inc.*, 634 F.3d 260, 264 (4th Cir. 2011), and rightly so—what information a party is able to discover can radically alter the course of a case. This makes it especially important for the public to be able to monitor

how courts make decisions about discovery, and that will often require understanding the precise arguments that the parties have made in their discovery motions and oppositions.

"[T]he public should enjoy the right to view new kinds of proceedings when they are like traditional ones in this significant respect: that access will serve the same values and policies which underlie the common law's recognition of the public right to view parts of court procedure and which, indeed, are similar to those values and policies upon which asserted first amendment rights are justified." *Mokhiber*, 537 A.2d at 1112. And public access to the discovery process can indeed "play a significant role in the administration of justice . . . except insofar as the 'discovery process' includes the fruits of discovery rather than the manner in which the court manages discovery requests by the parties." *Id*. Volokh only seeks access to the briefs submitted to the court and not attachments or other documents that are themselves the "fruits of discovery," and his access would make it easier for the public to understand the Court's decisions.

## Conclusion

Volokh is entitled to intervene to seek access to unredacted versions of the documents in this case; and he is also entitled to prevail on the merits of his request. Plaintiffs have not overcome the common law presumption favoring public access. They have not met Rule 26(c)'s good-cause requirement, if that applies instead of the common law presumption. It is unlikely that the documents were properly sealed in

10

the first place, as neither party complied with the procedures set forth in the Protective Order. And, if necessary, this Court should recognize a First Amendment right of access to these documents as well.

For these reasons, Volokh respectfully requests that this court grant his motion to intervene and unseal the judicial records.

DATED: August 18, 2021.

Eugene Volokh
*Pro se*
UCLA First Amendment Clinic
UCLA School of Law
385 Charles E. Young Dr.
Los Angeles, CA 90095
(310) 206-3926
volokh@law.ucla.edu

## Certificate of Service

I certify that a true copy of the Brief in Support of Eugene Volokh's Motion to Intervene and Unseal Judicial Records was submitted to the Court at iand.ecfmail@iand.uscourts.gov, as instructed by the Clerk's Office. All parties are registered for CM/ECF service, and the submission to the Clerk's Office will lead them to be served. It was also e-mailed to the following parties:

William F. McGinn <bmcginn@mcginnlawfirm.com>
Steven S. Biss <stevenbiss@earthlink.net>
*Attorneys for Plaintiff*

Michael A. Giudicessi <michael.giudicessi@faegredrinker.com>
Jonathan Donnellan <jdonnellan@hearst.com>
Nicholas A. Klinefeldt <nick.klinefeldt@faegredrinker.com>
Nathaniel Boyer <nathaniel.boyer@hearst.com>
Ravi Sitwala <rsitwala@hearst.com>
Nina Shah <nina.shah@hearst.com>
Kristen Hauser <khauser@hearst.com>
*Attorneys for Defendant*

                                          s/ Eugene Volokh
                                          Eugene Volokh