IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| NuStar Farms, LLC, Anthony Nunes, Jr., and Anthony Nunes, III, <br><br> Plaintiffs, <br><br> v. <br><br> Ryan Lizza and Hearst Magazine Media, Inc., <br><br> Defendants. | Case No. 5:20-cv-04003-CJW-MAR <br><br> **Defendants' Resisted Motion to Compel Responses to Third-Party Litigation Funding Discovery Requests** <br><br> **(Oral Argument Requested)** |

Through this Motion to Compel, Defendants Ryan Lizza ("Lizza") and Hearst Magazine Media, Inc. ("collectively, "Defendants"), seek an order requiring Plaintiffs NuStar Farms, LLC, Anthony Nunes, Jr., and Anthony Nunes, III (together, "Plaintiffs") and their attorneys to disclose responsive information and documents regarding their source of funding for this lawsuit and the material terms of their third-party litigation funding arrangement(s). This information goes directly to a dispositive issue in the case and is relevant to other issues as well; Plaintiffs cannot meet their burden to resist providing the information, which imposes no burden to produce.

Further, if the Court harbors any reservation regarding the discoverability of the information sought or if a resister to this motion asserts the records contain privileged information, Defendants suggest the Court could initiate an *in camera* review of third-party litigation funding information regarding this and ancillary libel lawsuits involving the Nunes family members prior to ruling on the motion.

■ ■ ■

1

During discovery, Defendants requested "Documents sufficient to show the person or persons who, or entity or entities that, are funding Plaintiffs' prosecution of this action, including but not limited to the person or persons who, or entity or entities that, are paying Mr. Biss's and/or Mr. Feller's legal fees." (Inter. No. 92).

Plaintiffs responded on November 9, 2020 with "Objection – relevance" and provided no further response.

This lack of discovery became the subject of prior communications with the Court and a topic at one or more case management conferences. *See, e.g.*, ECF No. 72. The Court invited this motion if the issues remained unresolved.

Defendants deferred filing this motion until now with the hope that Plaintiffs would provide litigation funding details in their depositions and Congressman Devin Nunes would answer unresolved questions regarding whether Plaintiffs were motivated to file and pursue this lawsuit directly or indirectly by others who would pay for it in exchange for, by way of example, furtherance of a common purpose or participation in the sharing of a potential recovery. As such, Defendants agreed to "table the issue . . . in the hopes that the subpoenas [would] yield comparable information." ECF No. 74.

None of those alternatives worked, making this motion to compel necessary for Defendants to obtain discovery relevant to their defenses and necessary to present a full record on material issues that could prove dispositive on summary judgment or appeal.

As discussed in greater detail in their contemporaneously-filed Brief in Support of Defendants' Resisted Motion to Compel Responses to Third-Party Litigation Funding Discovery Requests, mandated disclosure of third-party litigation funding information occurs by rule in many federal courts and by order pursuant to Fed. R. Civ. P. 26(b)(1).

Here, this Court should find that the litigation funding information sought is relevant and discoverable because of the context of this litigation and the constitutional ramifications of a libel case against media defendants.

In addition to discussing this matter with the Court, the issue of third-party litigation funding discovery was the subject of several meet and confer sessions among counsel for the parties. Those exchanges included conferring orally with counsel for Plaintiffs pursuant to Local Rule 7(k), wherein which Plaintiffs' lead attorney indicated his clients would resist this motion. *See* Declaration of Nathaniel S. Boyer as attached and filed in conformity with L.R. 37. Defendants incorporate that declaration and its exhibits, some of which are submitted under seal pursuant to the protective order applicable to this case, here by this reference.

Considering the importance and complexity of the issues raised by this motion and Defendants' need for the relevant evidence it seeks, good cause exists for oral argument. Accordingly, Defendants request that the Court grant them oral argument on this motion.

WHEREFORE, for these reasons and those stated in their accompanying brief (which also is filed under seal pursuant to the protective order and incorporated here by this reference), Defendants respectfully request that the Court require Plaintiffs to provide all third-party litigation funding information and documents responsive or relating to document production request No. 92 directly to Defendants, or in the alternative, to the Magistrate Judge for his *in camera* review if the Court deems that initial step necessary.

Ultimately, this Court should compel Plaintiffs to produce complete responses to Defendants' discovery requests, including its deposition questions and requests for production that sought information and documents regarding the source of funding for this litigation that, without limitation, discloses:

3
Case 5:20-cv-04003-CJW-MAR   Document 147   Filed 08/23/21   Page 3 of 5

(a) If Plaintiffs or their attorneys are receiving third-party litigation funding, including specifically non-party advancement or payment of legal fees and costs,

(b) If so, from whom and in what amounts, and

(c) Whether and to what extent the third-party funder(s) has (have) provided support or financing for other libel lawsuits by Devin Nunes against media defendants.

Dated: August 23, 2021.

**Ryan Lizza and Hearst Magazine Media, Inc., Defendants**

/s/ Michael A. Giudicessi
Jonathan R. Donnellan, *Lead Counsel\**
 jdonnellan@hearst.com
Ravi R. Sitwala\*
 rsitwala@hearst.com
Nathaniel S. Boyer\*
 nathaniel.boyer@hearst.com
Sarah S. Park\*
 sarah.park@hearst.com
Nina Shah\*
 nina.shah@hearst.com
Kristen Hauser\*
 khauser@hearst.com
THE HEARST CORPORATION
Office of General Counsel
300 West 57th Street
New York, New York 10019
Telephone: (212) 841-7000
Facsimile: (212) 554-7000
*\*Admitted Pro Hac Vice*

Michael A. Giudicessi
 michael.giudicessi@faegredrinker.com
Nicholas A. Klinefeldt
 nick.klinefeldt@faegredrinker.com
Susan P. Elgin
 susan.elgin@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309-8003
Telephone: (515) 248-9000
Facsimile: (515) 248-9010

**Attorneys for Defendants**

**Certificate of Service**

      The undersigned certifies that a true copy of **Defendants' Resisted Motion to Compel Responses to Third-Party Litigation Funding Discovery Requests (Oral Argument Requested)** was served upon the following parties through the court's CM/ECF electronic filing system on August 23, 2021.

                                                    /s/ Katie Miller

Copy to:

Bill McGinn
  *bmcginn@mcginnlawfirm.com*
Steven S. Biss
  *stevenbiss@earthlink.net*

*Attorneys for Plaintiffs*

US.134298365.07