IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | | |
|---|---|---|
| NuStar Farms, LLC, Anthony Nunes, Jr., and Anthony Nunes, III, | ) ) ) | Case No. 5:20-cv-04003-CJW-MAR |
| Plaintiffs, | ) ) ) | Defendants' Unresisted Motion to Extend Deadlines |
| v. | ) ) | |
| Ryan Lizza and Hearst Magazine Media, Inc., | ) ) ) | (Expedited Treatment Requested) |
| Defendants. | ) ) ) | |

Through this Motion to Extend Deadlines, Defendants Ryan Lizza ("Lizza") and Hearst Magazine Media, Inc. ("Hearst") (collectively "Defendants") ask that the Court extend the dispositive motion deadline, currently set for September 3, 2021, *see* ECF No. 61, to September 24, 2021, or thereafter.

The following facts and developments present good cause for the requested extension:

1.  Delays in discovery that are not attributable to Defendants and recent case events are impeding Defendants from the timely preparation of Rule 56 pleadings and filings. As a result, Defendants seek additional time to identify the undisputed material facts and arguments supporting entry of summary judgment in their favor.

2.  The most immediate cause for this extension request stems from Plaintiffs' service of their Rule 26(a)(2) Rebuttal Expert Disclosures on Monday, August 23, 2021, which contained the report of Clete P. Samson relating to immigration law and compliance and that sought to attack Defendants' timely-served expert reports of Claude Arnold and Phil Martin.

3. Plaintiffs' August 23, 2021 expert disclosure and its single-spaced, 17-page opinion of immigration attorney Clete P. Samson came, with permission of the Court, after the close of discovery set by the Court's presently operative scheduling order, ECF No. 61.

4. Plaintiffs had not previously disclosed Mr. Samson as an expert, nor had they indicated prior to service of his report that they would seek to rely on any alleged expert or opinions on immigration law and compliance standards and requirements.

5. On August 24, 2021, Defendants asked Plaintiffs' counsel to make Mr. Samson available for deposition on August 27, 2021 (the last day for Defendants to depose Plaintiffs' experts, *see* ECF No. 110), but that deposition remains unconfirmed and well could occur after August 27, 2021, based on witness and lawyer availability.

6. Defendants may need to depose Mr. Samson and provide his testimony to their experts before they can effectively and fully prepare their summary judgment motion and briefing. They further should have the opportunity to examine him without first formulating and filing their summary judgment arguments.

7. Defendants may want to supplement the disclosures and reports provided by Claude Arnold and Phil Martin so those experts may respond to the materials provided by Plaintiffs in their August 23, 2021 disclosure and report of Mr. Samson.

8. Defendants will incur prejudice in presenting their summary judgment motion and briefing (and case at trial) if Plaintiffs are allowed to assert or rely on the opinions of their newly-disclosed expert and to offer his testimony at any time without affording Defendants a fair and adequate opportunity to undertake this aforementioned analysis, deposition, and supplementation prior to submission of their Rule 56 motion and materials.

2
Case 5:20-cv-04003-CJW-MAR   Document 150   Filed 08/25/21   Page 2 of 7

9. Other delays, such as in completing the depositions of six NuStar workers and as imposed by the need for Defendants to file two separate motions to compel,[1] coupled with the legal analysis mandated by the record made during the NuStar employee depositions and the effect and inferences caused by that record, warrant that Defendants receive additional time before their deadline to file their summary judgment motion and supporting materials.

10. Under the presently operative Scheduling Order, ECF No. 61, discovery closed on August 2, 2021, with the exception of (i) certain discovery related to Defendants' experts, which closed July 30, 2021, and Plaintiffs' experts, which closes August 27, 2021, *see* ECF No. 110; (ii) Defendants' deadline to complete depositions of the NuStar employees for whom the Court appointed independent counsel, which closed on August 13, 2021, *see* ECF Nos. 122 and 130; and (iii) Plaintiffs' expert deadline, which closed August 23, 2021, *see* ECF No. 142.

11. Against this backdrop, and the importance of the issues underlying the above discovery matters, the September 3, 2021 dispositive motion deadline would, if left unaltered, prejudice Defendants in their ability to present a full and fair dispositive motion.

12. Therefore, Defendants request that the Court extend the dispositive motion deadline at least until September 24, 2021, with the prospect of an additional extension if the deposition of Mr. Samson and any other depositions arising out of the forthcoming motion to compel rulings cannot occur reasonably in advance of that date.

---

[1] Specifically, Defendants await decisions on their motions to compel the deposition of Amanda Bahena, *see* ECF No. 127, and to compel information and documents regarding Plaintiffs' source of third-party litigation funding for this lawsuit, *see* ECF No. 147. An affirmative ruling on any part of either motion would not provide an effective remedy to Defendants unless the Court also permits them to complete depositions occasioned by release of the information withheld or obstructed by Plaintiffs to date *before* their dispositive motion is due and to include the information ordered disclosed as part of their initial evidentiary record supporting their summary judgment request.

13. In compliance with L.R. 7(j), Defendants advise the Court that it previously extended the August 2, 2021 deposition deadline to allow for certain discovery related to Defendants' experts, *see* ECF No. 110; again to accommodate NuStar employee depositions after the Court appointed them counsel, *see* ECF No. 122; and again most recently when it granted Plaintiffs' request to extend their expert rebuttal deadline, *see* ECF No. 142.

14. As outlined above, good cause exists for granting this requested extension.

15. Further, Defendants diligently sought to complete discovery and the outstanding issues—highlighted by Plaintiffs' disclosure of an expert after the close of discovery—were outside of Defendants' control. *See* Fed. R. Civ. P. 16(b)(4); *see also Lewis v. J&M Partnership, LLP*, 20008 WL 4181157, at *4 (N.D. Iowa April 4, 2008) (finding good cause to grant requested extension because the moving party had made "a good faith effort" to meet the deadlines in the scheduling order).

16. This requested extension will not affect the scheduled trial date of February 14, 2022, and will not prejudice the parties or this Court. *See* ECF No. 61.

17. In contrast, if Defendants were not allowed the opportunity to depose Plaintiffs' newly-disclosed expert, Mr. Samson, and offer replies from their experts who were attacked in Plaintiffs' newly-provided report, Defendants could incur prejudice by any use of an expert report delivered after the close of discovery and without a meaningful opportunity for scrutiny or reply. *See Mullen v. Heinkel Filtering Sys., Inc.*, 2013 WL 4766785, at *5 (N.D. Iowa Sept. 4, 2013) (granting a three-month extension "to avoid any prejudice to the" Plaintiffs).

18. Under the Local Rules, no supporting brief is necessary or supplied in support of this deadline extension motion.

19. Counsel for Defendants conferred by telephone with Steven Biss, one of the attorneys of record for Plaintiffs, about this motion on August 25, 2021. Mr. Biss indicated that Plaintiffs do not resist this request so long as the dispositive motion deadline is equally extended for all parties.

20. Because of the impeding September 3, 2021 summary judgment deadline, Defendants request that the Court expedite its consideration and ruling on this motion.

WHEREFORE, Defendants Ryan Lizza and Hearst Media Magazine, Inc. respectfully request that this Court enter an order extending the dispositive motion deadline at least until September 24, 2021, and providing such other deadline relief as becomes necessary or just under the circumstances.

_____
*[signature block on next page]*

Dated: August 25, 2021.

**The Hearst Corporation**

Jonathan R. Donnellan, *Lead Counsel*\*
 jdonnellan@hearst.com
Ravi R. Sitwala\*
 rsitwala@hearst.com
Nathaniel S. Boyer\*
 nathaniel.boyer@hearst.com
Sarah S. Park\*
 sarah.park@hearst.com
Nina Shah\*
 nina.shah@hearst.com
Kristen Hauser
 khauser@hearst.com
THE HEARST CORPORATION
Office of General Counsel
300 West 57th Street
New York, New York 10019
Telephone: (212) 841-7000
Facsimile: (212) 554-7000
*\*Admitted Pro Hac Vice*

/s/ Michael A. Giudicessi
Michael A. Giudicessi
 michael.giudicessi@faegredrinker.com
Nicholas A. Klinefeldt
 nick.klinefeldt@faegredrinker.com
Susan P. Elgin
 susan.elgin@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309-8003
Telephone: (515) 248-9000
Facsimile: (515) 248-9010

**Attorneys for Defendants**

**Certificate of Service**

The undersigned certifies that a true copy of **Defendants' Unresisted Motion to Extend Deadlines (Expedited Treatment Requested)** was served upon the following parties through the court's CM/ECF electronic filing system on August 25, 2021.

/s/ Katie Miller

Copy to:

Bill McGinn
  *bmcginn@mcginnlawfirm.com*
Steven S. Biss
  *stevenbiss@earthlink.net*

*Attorneys for Plaintiffs*

US.134327992.15

7

Case 5:20-cv-04003-CJW-MAR   Document 150   Filed 08/25/21   Page 7 of 7