IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
Western Division

| | |
|---|---|
| NUSTAR FARMS, LLC *et al* | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )     Case 5:20-cv-04003-CJW-MAR<br>) |
| RYAN LIZZA *et al* | )<br>)<br>) |
| Defendants. | )<br>) |

# **PLAINTIFFS' RESISTANCE AND OPPOSITION TO DEFENDANTS' MOTION TO COMPEL**

Plaintiffs, NuStar Farms, LLC, Anthony Nunes, Jr. and Anthony Nunes, III, by counsel, pursuant to Local Rule 7e, respectfully submit this Resistance and Opposition to the motion to compel filed by defendants, Ryan Lizza and Hearst Magazine Media, Inc. (the "Defendants"). [*ECF Nos. 147, 148*].

## I. **DEFENDANTS LEAKED "COUNSEL'S EYES ONLY" INFORMATION**

Defendants' obsession with the question "who is paying Plaintiffs' legal fees" in this matter reached as apogee on August 23, 2021, when Defendants violated the Court's Protective Order and leaked parts of the sealed deposition transcripts of NuStar Farms (Anthony Nunes, III corporate representative), Lori Nunes and Anthony Nunes, Jr.

Plaintiffs seek sanctions for this unconscionable breach of duty and trust.

The leak was deliberate. Defendants' counsel improperly redacted their brief in support of motion to compel [*ECF No. 147-1*] and exhibits attached to the Declaration of

1

Nathaniel Boyer,[1] so that third-parties could see what was underneath.  Defendants either knew that the press would discover that the "sealed" filings were improperly redacted or secretly told their colleagues about the leak.  Defendants knew that their colleagues in the press would publish a flurry of hit pieces about Plaintiffs and Congressman Devin Nunes.  The leak was intended to injure.

On August 25, 2021, Jacob Shamsian, a reporter for *Business Insider* ("Shansian"), contacted Rep. Nunes' communications director, Jack Langer.  Shamsian claimed to be writing a story about "a brief that attorneys representing Hearst and Ryan Lizza filed to court [sic] Monday as part of a lawsuit from [sic] members of the [sic] Rep. Devin Nunes' family."  Shamsian's email linked to the brief.  To our amazement and dismay, Shamsian revealed the following facts:

> The filing appears to have been improperly redacted. I was able to see what was under them by copying and pasting the text. I am writing about the material under those improper redactions. One such segment is from a deposition from Rep. Devin Nunes, where he says "my policy is, and I have a new policy, that if you defame or slander me, I take you to court." The attorneys described it as a "libel litigation strategy" developed with Steven Biss, who represents members of his family in the lawsuit.
>
> I wanted to reach out and see if you had any additional comment on the matter, whether about the redactions themselves or the suggestion of some sort of secretly funded legal strategy against members of the media.
>
> I also wanted to ask — who *is* paying your bills? And if you won't name them specifically, is it a commercial litigation funder? A third-party company paying fees in exchange for a portion of any recovery? I'm happy to discuss that element on background if you prefer.
>
> I'm planning to publish this story by EOD today.

A true copy of the email is attached hereto as *Exhibit "A"*.

---

[1] The exhibits attached to the Declaration of Nathaniel Boyer included parts of deposition transcripts that had been designated "Counsel's Eyes Only" pursuant to the Court's Protective Order.  Select parts of the 30(b)(6) deposition of NuStar Farms were attached as exhibit B to the Boyer Declaration. [*ECF No. 148-3*].  Select parts of the deposition of Lori Nunes were attached as exhibit C to the Boyer Declaration. [*ECF No. 148-4*].  Select parts of the deposition of Anthony Nunes, Jr. were attached as exhibit D to the Boyer Declaration. [*ECF No. 148-5*].

On August 25, 2021 at 4:50 p.m., Plaintiffs' counsel received an email from Eugene Volukh ("Voluhk"). The subject matter of the email was "**Leaky redaction in Doc 147-1 in Nunes v. Lizza**". Voluhk advised:

> Dear counsel: You may have already heard about this from other sources, but the redactions in Doc. 147-1 in *Nunes v. Lizza* were incorrectly redacted (likely because this was done using black highlighting in Word instead of using Adobe PDF redaction or some such). Anyone who selects the blacked-out text and copy and paste it into Word can then see it as clear text, e.g., "[A]nd now my policy is, and I have a new policy, that if you defame or slander me, I take you to court."

By September 3, 2021, the leaks had found their way to CNN. CNN joined the chorus of media outlets asking the question, "[w]ho is paying the legal fees in this case".

> From: "Auerbach, Jonathan" <Jonathan.Auerbach@cnn.com>
> Date: Friday, September 03, 2021 12:52 PM
> To: <stevenbiss@earthlink.net>
> Subject: CNN request for comment
>
> Dear Mr. Biss,
>
> This Sunday, CNN's Reliable Sources is planning on doing a segment focusing on recent developments in cases brought by Congressman Devin Nunes and his family members against journalists, media organizations, and other individuals. We request comment from you regarding the following:
>
> - During a deposition in the NuStar Farms LLC v. Lizza and Hearst Magazines case, Anthony Nunes III, the brother of Congressman Nunes, said he had "no idea" who is paying the lawyers in that case. Who is paying the legal fees in this case?

A copy of the CNN email is attached as *Exhibit "C"*.

Neither Plaintiffs nor their Counsel has responded to a single one of the press inquiries spawned by Defendants' leaks. Plaintiffs and their Counsel do not intend to litigate any part of this case in the press.

## II. THE HIT PIECES

As intended, Defendants' leaks spawned a series of hit pieces that began to be published on August 26, 2021 and have continued ever since. The following articles are all devoted to the question prompted by Defendants' leaks: who is funding this litigation?

https://www.businessinsider.com/devin-nunes-family-doesnt-know-defamation-lawsuit-funder-docs-show-2021-8;

https://lawandcrime.com/high-profile/i-have-no-idea-brother-of-devin-nunes-reportedly-stumped-as-to-how-pro-trump-republicans-family-is-funding-their-lawsuit/;

https://gvwire.com/2021/08/26/devin-nunes-brother-admits-he-has-no-idea-whos-paying-for-his-libel-lawsuit-against-a-political-journalist/;

https://abovethelaw.com/2021/08/someones-paying-devin-nuness-familys-lawyer-and-it-isnt-devin-nuness-family/.

True copies of the hit pieces are attached as *Exhibits "D", "E", "F" and "G"*.

The hit pieces refer expressly to Counsel's Eyes Only testimony in what was supposed to be sealed depositions.

The purpose of the leaks and the hit pieces is to distract and influence the Court and put pressure on the Court ahead of summary judgment. It is no coincidence that Defendants leaked Counsel's Eyes Only information ***the same day*** – August 23, 2021 – that Plaintiffs produced the rebuttal expert report of Clete P. Samson, Esquire. Mr. Samson's rebuttal expert report all but annihilates Defendants' experts opinion, and, together with the expert opinions of Christopher Buskirk, demonstrates that Ryan Lizza and Hearst intentionally published false statements in an article that should never have been written.

**The Court cannot condone Defendants' unlawful behavior.**

**What will Defendants do next to avoid liability for the injuries caused by their defamation?**

**When will they leak again?**

## III.  THE ADDED STING

What makes the Defendants' leaks and misconduct especially pernicious is the fact that Defendants knew before they ever filed their motion on August 23, 2021 that the motion was doomed and would likely be summarily denied.

On January 18, 2021, Defendants submitted a lengthy letter to the Court in which they claimed, *inter alia*, that they would seek to establish that Plaintiffs are "limited purpose public figures".  A true copy of the letter is attached as *Exhibit "H"*.  In their letter, Defendants represented to the Court that information related to "who is funding this litigation" is "highly relevant to whether Plaintiffs constitute public figures.  The true party(ies) in interest behind this action, and Plaintiffs' relationship to and dependence on them, are probative of this question."

The Court held a status conference on January 21, 2021.  At that conference, the Court heard argument.  Plaintiffs advised that Court that even if there was a "litigation funder(s)", Plaintiffs are not entitled to attorney's fees and have made no claim to recover attorney's fees in the second amended complaint.  Plaintiffs asserted in January (and repeat now) that Defendants are on a deep sea fishing expedition to satisfy the obsession of internet trolls, some of whom devote almost every waking hour of the day to the "really important question" of who is funding this lawsuit and the lawsuits filed by Congressman Nunes.

The Court advised counsel in January that it did not see the relevance of who is paying Counsel in this action.  Before they leaked Counsel's Eyes Only information, Defendants knew the Court's view about the funding issue.  The leaks can only be

5

Case 5:20-cv-04003-CJW-MAR   Document 153   Filed 09/03/21   Page 5 of 11

viewed as a deliberate attempt to violate the Protective Order and use the press to pressure Plaintiffs and their Counsel.

## IV. DEFENDANTS IGNORED THE COURT'S ADVICE

In spite of the Court's "crystal ball" guidance at the January 21, 2021 status conference, Defendants persisted in their odyssey to learn the identity of who is paying for this lawsuit. On February 9, 2021, Defendants issued a Rule 45 subpoena to Congressman Devin Nunes, requesting, *inter alia*, production of the following documents:

> **REQUEST NO. 6.** All documents relating to the retention of Biss or Joe Feller as counsel for Plaintiffs, including but not limited any retainers, engagement letters, communications regarding same, or communications introducing Plaintiffs to Biss.

> **REQUEST NO. 7.** All documents relating to any compensation that has been, will be, or may be provided by any party to Biss or Joe Feller in connection with Biss and Mr. Feller's representation of Plaintiffs.

A subpoena requesting the same documents was issued to the Devin Nunes Campaign Committee (the "Committee") and to Toni Dian Nunes ("Toni Dian"). Neither Rep. Nunes nor the Committee nor Toni Dian had any responsive documents.

The Defendants claim they "deferred" filing the instant motion in the "hope" that someone would answer "unresolved questions regarding whether Plaintiffs were motivated to file and pursue this lawsuit directly or indirectly by others who would pay for it in exchange for, by way of example, furtherance of a common purpose or participation in the sharing of a potential recovery." These allegations are utter nonsense.

6

Case 5:20-cv-04003-CJW-MAR   Document 153   Filed 09/03/21   Page 6 of 11

The Defendants timed the leaks and filing of this motion to coincide with the close of discovery, and the upcoming summary judgment motions. The Defendants are using their motion as a thinly-veiled tactic to suggest that Plaintiffs are hiding some monumental secret. Perhaps its Sheldon Adelson who's paying Mr. Biss from beyond the grave? Perhaps its billionaire Peter Thiel, chairman of Palantir Technolgies? There is no good faith basis for Defendants' motion. It violates Rule 11(b) because it is interposed for an improper purpose.

## V. DEFENDANTS' MOTION SHOULD BE DENIED

The Federal Rules authorize broad discovery. *See, e.g., Fed. R. Civ. P. 26(b)(1)* ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."). For purposes of pretrial discovery, relevancy "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Daniels v. City of Sioux City*, 294 F.R.D. 509, 512 (N.D. Iowa 2013) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). "Discovery Rules are to be broadly and liberally construed in order to fulfill discovery's purposes of providing both parties with 'information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement.'" *Daniels*, 294 F.R.D. at 512 (quoting *Marook v. State Farm Mut. Auto Ins. Co.*, 259 F.R.D. 388, 394 (N.D. Iowa 2009)).

Defendants' motion contains a series of self-serving, fictional misstatements. The truth is:

- There has been no "coordination" or interaction between Plaintiffs and Devin Nunes regarding this lawsuit. **Defendants failed to include these parts of Plaintiffs' deposition testimony in the cherry-picked excerpts attached to the Boyer Declaration**.

7

- Devin Nunes does not have a "policy to sue media outlets". He is defamed and disparaged daily by certain media outlets, and he has simply decided to take these bad actors to Court in order to protect his entitlement to an unimpaired reputation.

    In *Nunes v. Washington Post*, 2021 WL 3550896 (D. D.C. 2021), for instance, the United States District Court for the District of Columbia denied the defendants' motion to dismiss and affirmed that Rep. Nunes was fully within his rights to sue the Washington Post and reporter Ellen Nakashima for defamation.

    The Defendants pepper their motion with insulting and impertinent comments, such as the statement in footnote 1 of Defendants' brief that Rep. Nunes "and attorney Biss now employ [a libel litigation strategy] in their nationwide assault on journalists and media organizations." **The Court must strike these immaterial and scandalous statements pursuant to Rule 12(f).**[2]

    **The Defendants are interjecting defamatory statements about Rep. Nunes and Counsel in pleadings knowing that their colleagues in the media are republishing these statements with gusto. The Court needs to stop this practice and guard against Defendants' abuse of process.**

- The Plaintiffs control and direct all aspects of this lawsuit with the advice and guidance of Counsel. For instance, Lori Nunes assisted in the preparation of NuStar's answer to Interrogatory No. 1, which Ms. Nunes verified. [*ECF No. 148-4 (Dep. Tr. 118:6-20*]. Ms. Nunes has been fully engaged in NuStar's production of documents in this action.[3]

- The Plaintiffs are private individuals. There is no evidence that they are limited purpose public figures.

---

[2] Page 7 and footnote 4 of Defendants' brief is a prime example of Defendants' misleading suggestion that "this case is a mere surrogate the Congressman's libel action against Defendants" and that Congressman Nunes is a "shadow litigant". These statements are completely false.

[3] In the limited excerpts of the depositions of NuStar, Lori Nunes and Anthony Nunes, Jr., Defendants cherry-picked certain statements to make it appear that Plaintiffs have had limited involvement in the case. This is disingenuous and grossly misleading.

- The Defendants represent to the Court that some third-party is "funding, supporting, and/or controlling this and ancillary libel litigation". This is sheer speculation. Defendants have no evidence that any third-party is funding or supporting this or any "ancillary" lawsuit. Defendants' entire motion is baseless and unsupported.

- This is a defamation case. This case is only "unusual" because of the lengths to which the Defendants will go to leak to the press and pursue a pipedream about unidentified "wealthy private donors" who are supposedly funding this lawsuit.

- The Defendants' suggestion that "Plaintiffs are simply a part of a larger program of striking media defendants with defamation suits as a strategy of intimidation and incursion of the exercise of free speech and press rights" violates Rule 11(b). These statements are nothing more than morsels for Defendants' media circus.

## **CONCLUSION**

The Court should not entertain Defendants' motion. Here, Defendants offer nothing but conjecture:

> "For instance, if a political action committee (PAC) or a political interest group were underwriting any part of this lawsuit, such funding (and any participation in its outcome) would demonstrate why Plaintiffs should not qualify as private figures in a case that relates to significant issues of public concern. Those organizations exist to raise and distribute money to elect or defeat political candidates—not to assist western Iowa farmers in waging a libel campaign against media defendants."

*Def. Brief, p. 8*.

For the foregoing reasons, Plaintiffs respectfully request the Court to deny the Defendants' motion to compel.

DATED:   September 3, 2021

Signature of Counsel on Next Page

NUSTAR FARMS, LLC
ANTHONY NUNES, JR.
ANTHONY NUNES, III


By: */s/ Steven S. Biss*
Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone:     (804) 501-8272
Facsimile:     (202) 318-4098
Email:         stevenbiss@earthlink.net
(*Admitted Pro Hac Vice*)

William F. McGinn #24477
McGINN LAW FIRM
20 North 16th Street
Council Bluffs, Iowa 51501
Telephone: (712) 328-1566
Facsimile: (712) 328-3707
Email: bmcginn@themcginnlawfirm.com

*Counsel for the Plaintiffs*

10

**CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2021 a copy of the foregoing was served via email in PDF on counsel for the Defendants.

By: /s/ *Steven S. Biss*
Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone: (804) 501-8272
Facsimile: (202) 318-4098
Email: stevenbiss@earthlink.net
(*Admitted Pro Hac Vice*)

William F. McGinn #24477
McGINN LAW FIRM
20 North 16th Street
Council Bluffs, Iowa 51501
Telephone: (712) 328-1566
Facsimile: (712) 328-3707
Email: bmcginn@themcginnlawfirm.com

*Counsel for the Plaintiffs*