IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
Western Division

| | |
|---|---|
| NUSTAR FARMS, LLC *et al* | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case 5:20-cv-04003-CJW-MAR |
| | )<br>) |
| RYAN LIZZA *et al* | )<br>)<br>) |
| Defendants. | )<br>)<br>) |

# BRIEF IN SUPPORT OF MOTION FOR SANCTIONS

Plaintiffs, NuStar Farms, LLC, Anthony Nunes, Jr. and Anthony Nunes, III, by counsel, pursuant to Local Rule 7, respectfully submit this Brief in Support of their motion for sanctions against defendants, Ryan Lizza and Hearst Magazine Media, Inc. (the "Defendants").

## I. INTRODUCTION

It is well-established that a District Court is vested with discretion to impose sanctions upon a party under its inherent disciplinary power and Rule 37(b)(2). *Liebing v. Sand*, 2018 WL 1474936 (N.D. Iowa 2018); *Fed.R.Civ.P. 37(b)(2)*.

Plaintiffs seek sanctions against the Defendants for their violations of the Court's Protective Order. Plaintiffs request the Court to strike Defendants' affirmative defense of substantial truth, to enjoin the Defendants from perpetrating any further violations of the Protective Order, and to award attorney's fees and costs.

1

## II. DEFENDANTS LEAKED "COUNSEL'S EYES ONLY" INFORMATION

As previously discussed in detail in Plaintiffs' Resistance to Defendants' motion to compel [*ECF No. 153*], on August 23, 2021 Defendants violated the Court's Protective Order and leaked parts of the sealed deposition transcripts of NuStar Farms (Anthony Nunes, III corporate representative), Lori Nunes and Anthony Nunes, Jr.

In addition to multiple hit pieces published on the Internet, the leaks caused CNN to publish the Counsel's Eyes Only information (and multiple false and defamatory statements about Plaintiffs, Plaintiffs' Counsel and Devin G. Nunes) during a segment of *Reliable Sources* broadcast on September 5, 2021 to hundreds of thousands of households in Iowa and elsewhere. [https://www.cnn.com/videos/business/2021/09/05/liz-mair-and-david-folkenflik-on-rep-nunes-media-lawsuits.cnn/video/playlists/reliable-sources-highlights/].

CNN – who employs Ryan Lizza as an "analyst" – worked hard to trumpet the Defendants' cause. CNN prominently highlighted parts of Defendants' motion to compel and republished certain of the leaked Counsel's Eyes Only information on air:







3





CNN made a grand spectacle of the violations of the Protective Order. CNN invited guests, including NPR media correspondent David Folkenflik, to comment on the leaked information and the question who is funding the lawsuits:



CNN falsely represented to its viewers that:

- "In two and a half years, the California Congressman **_and his family_** have launched at least eight defamation suits against journalists, media companies and even some Twitter users" (Emphasis added).



- CNN falsely accused Rep. Nunes and his family of engaging in "lawfare" against journalists.

- CNN falsely stated that Rep Nunes was "Using Courts To Bully Press".

5

- CNN falsely stated that "Rep. Nunes Attacks The First Amendment".

- CNN even falsely implied that "Russian oligarchs" were funding the litigation.



The Defendants flagrantly violated the Protective Order. They are indisputably litigating this case in the press. They are using media sympathizers at CNN to republish false and defamatory statements about Plaintiffs, Plaintiffs' counsel and one of Plaintiffs' witnesses – all for the undoubted purpose of poisoning the well, tainting the Jury pool, prejudicing the Plaintiffs, and ensuring that Plaintiffs do not get a fair trial.

This is not the first time the Defendants and their agents have disclosed Counsel's Eyes Only information, **but it must be the last**. The Court must send a message to Defendants that they are bound by the Protective Order. They are not above the law.

**CONCLUSION**

The District Court possesses an inherent authority to sanction the Defendants for their abuse of the judicial process. *Liebing*, 2018 WL 1474936 at * 24 (citing *Harlan v. Lewis*, 982 F.2d 1255, 259 (8th Cir. 1993)). The Court's inherent authority to sanction "reaches both conduct before the court and that beyond the court's confines." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) ("The district court possesses inherent powers 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases.'") (quotation and citation omitted). In addition to its inherent authority, the Court possesses the authority to hold Defendants in contempt for their violation of the Protective Order and to impose Rule 37(b) sanctions, including striking Defendants' affirmative defense of substantial truth. *Rule 37(b)(2)(A)* (if a party "fails to obey an order to provide or permit discovery … the court where the action is pending may issue further just orders. They may include the following … striking pleadings in whole or in part"); *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 489 (5th Cir. 2012) ("There is thus significant authority in support of the imposition of Rule 37(b) sanctions for violation of Rule 26(c) protective orders."); *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 784 (9th Cir. 1983) ("failure to obey the protective discovery order exposed counsel and Falstaff to liability under Rule 37(b)(2)"); *Life Technologies Corp. v. Biosearch Technologies, Inc.*, 2012 WL 1600393 (N.D. Cal. 2012 (Rule 37 "grants courts the authority to impose sanctions where a party has violated a discovery order, including a protective order issued pursuant to Rule 26(f)."); *Dorsett v. County of Nassau*, 2012 WL 2076911, at * 6 (E.D.N.Y. 2012) ("The Advisory Committee Notes make clear that noncompliance with protective orders issued pursuant

to Rule 26(c) may be sanctioned under [Rule 37(b)(2)) (citing *Poliquan v. Garden Way, Inc.*, 154 F.R.D. 29, 31 (D. Me. 1994) ("Discovery orders that can be enforced through Rule 37(b) include protective orders issued under Federal Rule of Civil Procedure 26(c).")); *Koch v. Greenberg*, 2011 WL 13260757, at * 9-10 (S.D.N.Y. 2011) ("[A]lthough preclusion of evidence and dismissal of the action are harsh remedies and should be imposed only in rare situations, they are necessary to achieve the purpose of Rule 37 as a credible deterrent 'rather than a 'paper tiger.'") (citations and quotations omitted).

For the foregoing reasons, Plaintiffs respectfully request the Court to grant this Motion, strike the Defendants' affirmative defense of substantial truth, enjoin any future violations, and award fees and costs against Defendants.

DATED: September 7, 2021

Signature of Counsel on Next Page

NUSTAR FARMS, LLC
ANTHONY NUNES, JR.
ANTHONY NUNES, III


By: */s/ Steven S. Biss*
      Steven S. Biss (VSB # 32972)
      300 West Main Street, Suite 102
      Charlottesville, Virginia 22903
      Telephone:   (804) 501-8272
      Facsimile:    (202) 318-4098
      Email:        stevenbiss@earthlink.net
      (*Admitted Pro Hac Vice*)

      William F. McGinn #24477
      McGINN LAW FIRM
      20 North 16th Street
      Council Bluffs, Iowa 51501
      Telephone: (712) 328-1566
      Facsimile: (712) 328-3707
      Email: bmcginn@themcginnlawfirm.com

*Counsel for the Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 7, 2021 a copy of the foregoing was served via email in PDF on counsel for the Defendants.

By: */s/ Steven S. Biss*
Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone: (804) 501-8272
Facsimile: (202) 318-4098
Email: stevenbiss@earthlink.net
(*Admitted Pro Hac Vice*)

William F. McGinn #24477
McGINN LAW FIRM
20 North 16th Street
Council Bluffs, Iowa 51501
Telephone: (712) 328-1566
Facsimile: (712) 328-3707
Email: bmcginn@themcginnlawfirm.com

*Counsel for the Plaintiffs*