IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| **NuStar Farms, LLC, Anthony Nunes, Jr., and Anthony Nunes, III,** <br><br> Plaintiffs, <br><br> v. <br><br> **Ryan Lizza and Hearst Magazine Media, Inc.,** <br><br> Defendants. | Case No. 5:20-cv-04003-CJW-MAR <br><br> **Defendants' Reply in Further Support of Their Resisted Motion to Compel Responses to Third-Party Litigation Funding Discovery Requests** <br><br> **(Oral Argument Requested)** <br><br> **REDACTED** |

Defendants Ryan Lizza ("Lizza") and Hearst Magazine Media, Inc. ("collectively, "Defendants"), file this reply in further support of their Motion to Compel Responses to Third-Party Litigation Funding Discovery Requests (ECF Nos. 147 & 151, the "Mot. to Compel"), which seeks an Order compelling Plaintiffs NuStar Farms, LLC, Anthony Nunes, Jr., and Anthony Nunes, III (together, "Plaintiffs") and their attorneys to disclose responsive information and documents regarding any third-party sources of funding for this lawsuit and the material terms of such arrangement(s).

Plaintiffs' Resistance and Opposition to Defendants' Motion to Compel (ECF No. 153, "Plaintiffs' Resistance") is almost entirely focused on an ineffectively redacted brief originally filed by Defendants as ECF No. 147-1 (and corrected as ECF No. 151)[1], arguing that Defendants' inadvertent filing error was sanctionable, an "unconscionable breach of duty and trust," and part of an unexplained but nefarious conspiracy among Defendants and various third-

---

[1] At ECF No. 153 at 1-2 n.1, Plaintiffs incorrectly accuse Defendants of "improperly redact[ing]" exhibits to the Declaration of Nathaniel S. Boyer in support of Defendants' Motion to Compel. In fact, those exhibits were filed under seal with Defendants' initial filing at ECF No. 147.

party media outlets that have covered this lawsuit and numerous other defamation lawsuits against media entities filed by Congressman Nunes and counsel Biss.[2] Because Plaintiffs recently filed a Motion for Sanctions (ECF Nos. 155 & 155-1) in connection with that inadvertent filing error, Defendants instead will respond to Plaintiffs' allegations in their forthcoming resistance to that motion.

For present purposes, the filing error has nothing to do with the merits of Defendants' pending Motion to Compel, from which Plaintiffs' Resistance attempts to distract the Court.

On *that* issue—that is, whether this Court should compel Plaintiffs to produce documents and information about litigation funding that is relevant to Plaintiffs' status as private-versus-public figures in this defamation case—Plaintiffs' Resistance is almost silent. Plaintiffs provide no argument, and no legal authority, as to why the facts and documents requested by Defendants are outside the bounds of permissible discovery. In fact, Plaintiffs cite to case law that only supports Defendants' position that discoverability and relevancy are broadly construed by federal courts. *See* ECF No. 153 at 7. Plaintiffs' Resistance does not meaningfully argue that the Defendants' requested discovery is not relevant, nor does it make any argument that the

---

[2] Since 2019, Congressman Devin Nunes has sued a number of media organizations alleging defamation, and in each lawsuit, Steven Biss is attorney of record for the Congressman and/or signatory to plaintiff's major pleadings. *See Nunes v. Twitter, Inc., Elizabeth Mair, et al.*, Case No. CL19-1715-00 (Va. Circuit Court, Henrico County); *Nunes v. McClatchy Co. d/b/a Fresno Bee, et al.*, Case No. CL19-629, (Va. Circuit Court, Albemarle County); *Nunes v. Fusion GPS, et al.*, No. 19-cv-01148 (E.D. Va.); *Nunes v. Hearst Magazines, Inc. (Esquire) & Lizza*, No. 19-cv-04064 (N.D. Iowa); *Nunes v. Cable News Network d/b/a CNN*, No. 20-cv-03976 (S.D.N.Y.); *Nunes v. WP Company LLC d/b/a Washington Post, et al.*, No. 20-cv-1403 (D.D.C.); *Harvey v. Cable News Network, Inc. d/b/a CNN, et al.*, No. 20-cv-03068 (D. Md.) (according to the complaint, plaintiff was senior advisor to Congressman Nunes); *Nunes v. WP Company LLC d/b/a Washington Post, et al.*, No. 21-cv-00506 (D.D.C.); *Nunes v. NBCUniversal Media, LLC d/b/a MSNBC*, No. 21-cv-00608 (E.D. Tex.). Congressman Nunes's and Biss's libel litigation strategy, and its nationwide assault on journalists and media organizations, cannot be ignored. *Compare* ECF No. 151 at 4 n.1 *and* ECF No. 153 at 8.

requested discovery would present undue burden or prejudice to Plaintiffs.

Instead, Plaintiffs' Resistance merely relies on "crystal ball" observations by this Court in a status conference (ECF No. 153 at 5-6). But the Court's observations a) were not a ruling on the propriety of the Defendants' requested discovery, b) recognized that the sought-after discovery may be relevant for at least some purposes, which formed the basis for Defendants' inquiry into these matters during depositions, c) expressly reserved the question for formal motion practice, and d) came prior to deposition discovery that showed ███████████ ███████████████████████████████████████████████, and that otherwise suggests that ███████████████████████████████████████████ ███████████████████████████████████. *See* ECF No. 151 at 4 n.1; 6-8; 9.

When Plaintiffs' Resistance finally attempts to address the merits of Defendants' Motion to Compel, ECF No. 153 at 7-9, Plaintiffs' bulleted arguments do nothing to dispel the outstanding questions: who is funding and controlling this litigation, and who is the real party-in-interest to prosecuting this defamation case? This Court should remain mindful of the relevancy of these questions in civil lawsuits generally,[3] and how their answers are even more important in this defamation case implicating the First Amendment freedoms. And Plaintiffs' specific responses in their Resistance only reaffirm why discovery on these points is needed.

---

[3] *See generally* Maya Steinitz, *Whose claim is this anyway? Third-party litigation funding*, 95 Minn. L. Rev. 1268, 1331 (2010) (noting, "Courts also may wish to scrutinize, *ex ante* or when a challenge is raised, the terms of the funder-client and funder-attorney contracts as a whole"). The article notes considerations for such review "may include . . . the taxonomy of the client, process, and area of law in question; whether there is a fee-splitting agreement between the funder and attorney and, if so, what kind of incentive structure it sets up; whether the attorney was chosen by the client or by the funder; the sophistication of the client and whether she was assisted by counsel in her negotiation of the funding agreement; whether adequate disclosures were made to the client by the funder and the attorney; whether the client is in a position to make informed decisions regarding the conduct of proceedings; and whether independent advice is reasonably available to the client." *Id*.

For example, Plaintiffs' Resistance states, "[t]he Plaintiffs control and direct all aspects of this lawsuit *with the advice and guidance of Counsel*," ECF No. 153 at 8 (emphasis added). Deposition testimony thus far has revealed that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[4] Therefore, based on Plaintiffs' response, one can rightly assume that Plaintiffs' case is effectively being controlled and directed by counsel Steven Biss, who has a well-documented record of prosecuting libel cases against media defendants on behalf of Congressman Nunes (indeed, the Congressman and Biss filed a now-dismissed companion lawsuit against these same Defendants in this District). Plaintiffs' response in Resistance only begs the fundamental questions Defendants seek discovery to answer: who is paying Biss, and who is actually the party-in-interest who would benefit from prosecution of this case? In this case, it appears that party is not the Plaintiffs.[5]

Similarly, Plaintiffs' Resistance attempts to dispel the question of outside litigation funding by stating, "[t]he Court held a status conference on January 21, 2021. . . . Plaintiffs advised that Court that even if there was a 'litigation funder(s)', Plaintiffs are not entitled to attorney's fees and have made no claim to recover attorney's fees in the second amended complaint." ECF No. 153 at 5. The fact that Plaintiffs do not seek attorney fees again underscores the need for discovery on litigation funding: If Biss's fees ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮, nor are recoverable as part of a fee-shifting award, *who* is paying Biss and seeking to benefit from the prosecution of this case?

---

[4] Plaintiffs' Resistance attempts to characterize Defendants' cited deposition excerpts (ECF No. 147-1 at 6-7, 8, 9) as "cherry-picked," "disingenuous," and "grossly misleading," but tellingly, cites to no evidence refuting these cited excerpts. ECF No. 153 at 8 n.3.

[5] The fact that Plaintiffs ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ all make this case particularly "unusual," contrary to the characterization in Plaintiffs' Resistance. *See* ECF No. 153 at 9.

4

Case 5:20-cv-04003-CJW-MAR   Document 158   Filed 09/10/21   Page 4 of 7

Third, Plaintiffs' Resistance raises a non-sensical argument that because Defendants have been stonewalled on discovery regarding litigation funding thus far, Defendants' Motion to Compel is therefore improper. *See* ECF No. 153 at 8 ("The Plaintiffs are private individuals. *There is no evidence that they are limited purpose public figures*.") (emphasis added); *id.* at 9 ("*Defendants have no evidence* that any third-party is funding or supporting this or any 'ancillary' lawsuit.") (emphasis added). Plaintiffs' argument has it exactly backwards: it is *because* Defendants have not been provided discovery to date on an issue relevant to this case that this Court should grant Defendants' Motion to Compel.[6]

Finally, Plaintiffs' Resistance ignores Defendants' suggestion that, if this Court harbors any doubt on discoverability of third-party litigation funding sources and terms, it should initiate an *in camera* review of pertinent records and information from this and ancillary libel lawsuits involving any member of the Nunes family prior to ruling on Defendants' Motion to Compel. At a minimum, this Court should require Plaintiffs to provide third-party litigation funding documents and information to the Court for *in camera* inspection.

■ ■ ■

WHEREFORE, this Court should require Plaintiffs to provide all third-party litigation funding information and documents responsive or relating to document production request No. 92 directly to Defendants, or in the alternative, to the Magistrate Judge for a preliminary *in camera* review.

_____
*(Signature block follows on next page)*

---

[6] Plaintiffs' Resistance similarly calls Defendants' suggestion that this lawsuit is funded by a political action committee or political interest group "nothing but conjecture." ECF No. 153 at 9. Of course, Defendants don't know who is actually funding this lawsuit because Plaintiffs have refused to provide meaningful discovery on this point to date; hence, Defendants had to file the Motion to Compel.

Dated: September 10, 2021

**Ryan Lizza and Hearst Magazine Media, Inc., Defendants**

/s/ Nathaniel S. Boyer
Jonathan R. Donnellan, *Lead Counsel*\*
 jdonnellan@hearst.com
Ravi R. Sitwala\*
 rsitwala@hearst.com
Nathaniel S. Boyer\*
 nathaniel.boyer@hearst.com
Sarah S. Park\*
 sarah.park@hearst.com
Nina Shah\*
 nina.shah@hearst.com
Kristen Hauser\*
 khauser@hearst.com
THE HEARST CORPORATION
Office of General Counsel
300 West 57th Street
New York, New York 10019
Telephone: (212) 841-7000
Facsimile: (212) 554-7000

Michael A. Giudicessi
 michael.giudicessi@faegredrinker.com
Nicholas A. Klinefeldt
 nick.klinefeldt@faegredrinker.com
Susan P. Elgin
 susan.elgin@faegredrinker.com
Scott W. Wright\*
 scott.wright@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309-8003
Telephone: (515) 248-9000
Facsimile: (515) 248-9010

*\*Admitted Pro Hac Vice*

**Attorneys for Defendants**

## Certificate of Service

      The undersigned certifies that a true copy of **Defendants' Reply in Further Support of Their Resisted Motion to Compel Responses to Third-Party Litigation Funding Discovery Requests (Oral Argument Requested)** was served upon the following parties through the court's CM/ECF electronic filing system on September 10, 2021.

                                                             /s/ Nathaniel S. Boyer

Copy to:

Bill McGinn
  *bmcginn@mcginnlawfirm.com*
Steven S. Biss
  *stevenbiss@earthlink.net*

*Attorneys for Plaintiffs*