IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| ANTHONY NUNES, JR., ANTHONY NUNES, III, and NUSTAR FARMS, LLC,<br><br>    Plaintiffs,<br><br>vs.<br><br>RYAN LIZZA and HEARST MAGAZINE MEDIA, INC.,<br><br>    Defendants. | No. 20-cv-4003-CJW<br><br>**ORDER GRANTING EUGENE VOLOKH'S MOTION TO INTERVENE AND UNSEAL JUDICIAL RECORDS** |

_____

Before me is Eugene Volokh's Motion to Intervene and Unseal Judicial Records, filed on September 14, 2021. (Doc. 145.) Mr. Volokh's Motion recites that Defendants take no position on the motion and that Plaintiffs resist it. In fact, Plaintiffs have filed no resistance.

The motion proposes that Mr. Volokh (hereinafter "Intervenor") be permitted to intervene for the purpose of seeking access to documents filed under seal. I conclude that intervention is appropriate under Rule 24 (b). *Flynt v. Lombardi*, 782 F.3d 963, 967 (8th Cir. 2015.)

Intervenor seeks access to "unredacted"[1] versions of Defendants' Brief in Support of Their Motion to Compel (Doc. 103), Plaintiffs' resistance thereto (Doc. 107), and Defendant's reply (Doc. 111). Intervenor argues that there is a common law presumption in favor of access to "judicial records" and that the unredacted briefs constitute judicial

---

[1] Intervenor has no objection to continued redaction of names of third parties and sources. (Doc. 145-1 at 4.) I concluded continued redaction of such information is appropriate.

1

records. It is not entirely clear whether Intervenor seeks only personal access to the documents or he seeks to have them unsealed for more general access by the public. Intervenor asserts, "Volokh should get access to the unredacted documents . . ." and "Volokh is further entitled to access . . ." (Doc. 145-1 at 5.) His prayer, however, is more general, i.e., to "unseal the judicial records." (*Id.* at 14.) Ultimately, Intervenor does not attempt to distinguish himself from other members of the public or claim his circumstances warrant exceptional treatment. Therefore, I interpret Intervenor's motion as seeking to unseal the documents and make them available for inspection by the public.

It is also unclear exactly which filings Intervenor seeks to have unsealed. While he appropriately identifies the documents by their docket numbers, each of the documents has attachments. For example, the motion in question (Doc. 103) consists of a seven-page motion (Doc. 103), a twenty-six-page brief (Doc. 103-1) and well over 100 pages of exhibits. (Docs. 103-2 to 103-14.) Intervenor's interest in the documents appears to relate to the arguments that the parties assert rather than the facts shown in the voluminous attachments. Moreover, the attachments contain personal identifying information that would be burdensome for the Court to redact. Thus, I interpret Intervenor's request to include only the following documents: Docs. 103, 103-1, 107, and 111. No other attachments are covered by the request or will be provided.

On December 3, 2020, I entered a protective order based largely on the stipulation of parties. (Doc. 63.) The protective order was intended to facilitate discovery while affording some degree of protection to confidential information. It is unclear from Intervenor's motion and the lack of response by the parties, exactly where the protective order fits into the present analysis. Without the benefit of the information that was redacted, Intervenor cannot be expected to clarify this issue. Having chosen not to respond or resist the instant motion, the parties cannot claim to be prejudiced by having the requested documents unsealed despite the protective order.

Intervenor cites *IDT Corp. v. eBay*, 709 F.3d 1220, 1223 (8th Cir. 2013) as establishing that any document filed with a court is a judicial record subject to a presumption in favor of public access. Intervenor suggests that courts holding that discovery motions are not judicial records have misread *IDT Corp*. I conclude it would be imprudent and unnecessary for me to address this issue in response to an unresisted motion where the contrary position has not been briefed. Thus, this order should not be construed as a ruling regarding the scope of judicial records or regarding whether motions pertaining to discovery and associated documents should be more broadly available to public inspection. Nor should it be construed as a waiver by the parties with respect to other documents. Rather, it appears that the parties are content to forgo whatever interest in confidentiality they have asserted under the protective order or otherwise with respect to the documents at issue in the instant motion. They have not challenged Intervenor's request for access or asserted any basis for me to conclude the public should be prohibited from accessing the records in question.

For the reasons set forth herein, Eugene Volokh's Motion to Intervene and Unseal Judicial Records **(Doc. 145)** is **granted.** In lieu of simply unsealing Documents 103, 103-1, 107, and 111, I have attached hereto versions of those documents that redact the names of third parties and sources but are otherwise identical to the sealed versions. This order and the four referenced attachments are unsealed to the public.

**IT IS SO ORDERED** this 16th day of September, 2021.

Mark A. Roberts, United States Magistrate Judge
Northern District of Iowa