IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

|  |  |
|---|---|
| NuStar Farms, LLC, Anthony Nunes, Jr., and Anthony Nunes, III, <br><br> Plaintiffs, <br><br> v. <br><br> Ryan Lizza and Hearst Magazine Media, Inc., <br><br> Defendants. | Case No. 5:20-cv-04003-CJW-MAR <br><br> **Defendants' Resisted <u>Expedited</u> Motion to Compel and Other Relief Regarding NuStar Employee Depositions** <br><br> **FILED UNDER SEAL** |

Defendants Ryan Lizza ("Lizza") and Hearst Magazine Media, Inc. ("Hearst") (collectively "Defendants"), by and through the undersigned attorneys, file this Expedited Motion to Compel and for Other Relief regarding NuStar Employee Depositions (the "Motion").

Defendants respectfully request that the Court enter an order pursuant to Fed. R. Civ. P. 30, 37, 45 and the Court's inherent authority: (i) compelling the NuStar employee deponents to comply with the subpoenas *duces tecum*; (ii) directing Plaintiffs' counsel to refrain from improper objections, witness coaching, interruptions, and disruptions during the employee depositions; and, because of the threat of a violation of witnesses' Fifth Amendment rights and/or possibility of false testimony, (iii) appointing independent counsel for the employee deponents, and (iv) providing partial Court supervision over the employee depositions.

The Motion should be granted for multiple reasons, which are described in detail in the accompanying brief in support of this Motion, and are summarized below:

*First*, NuStar's employees—Spanish-speaking immigrant farm laborers—have a significant need for competent, *independent* counsel in connection with their depositions in this case. The events of last week make plain that Plaintiffs and their counsel have no intention of providing it to

them. They, instead, intend to pressure the witnesses to provide false testimony that conforms to the allegations Plaintiffs made to state a claim sufficient to survive Defendants' motion to dismiss.

Plaintiffs' lawsuit is proceeding solely on the "claim that defendants defamed Plaintiffs by falsely alleging that they knowingly employed undocumented workers." ECF No. 50, at 42. NuStar's laborers are critical witnesses to this central issue. Depositions of six NuStar employees were scheduled for last week, pursuant to duly noticed and properly served subpoenas. The witnesses were to be represented by independent counsel made available to them by NuStar.

Defendants were only able to complete part of the first deposition, before the depositions were all adjourned *sine die*.

Specifically, when the first employee's independent counsel advised his client to assert his Fifth Amendment right in response to questioning about the Form I-9 he completed to gain employment at NuStar's farm, Plaintiffs' counsel, Steven Biss, suddenly took the deposition off the record. Then, two hours of discussions took place between and among Mr. Biss, the witness's independent counsel, and one or both of the Nunes plaintiffs. At the conclusion of those conversations, the parties went back on the record. Defendants' counsel asked the first employee witness if he understood his lawyer's advice, and if he was going to follow it and assert his Fifth Amendment right. Before the witness could answer, Mr. Biss responded, "No, he's not going to follow it." The independent counsel then stated that he had been fired, and that his services would not be offered to the other NuStar employees, either.

This startling event, together with the surrounding circumstances discussed in greater detail in the accompanying brief (including evidence showing that the witness in fact submitted fraudulent documents to gain employment at NuStar), demonstrate that Plaintiffs and their counsel are putting their employees in an untenable position: Either falsely testify that they are in the United States

legally; or tell the truth, and lose their jobs, lose their housing, and put themselves in legal jeopardy. To a vulnerable illegal alien who is reliant on Plaintiffs for his livelihood and home, this sounds like a Hobson's Choice. Truly *independent* counsel is critical here, and Plaintiffs and their counsel simply cannot be trusted to arrange for such a lawyer to represent NuStar's workers.

Mr. Biss appears to not appreciate the seriousness of this matter. He continues to assert that the employees will not assert their Fifth Amendment rights, without *any* apparent consultation with those employees. There is an obvious conflict between the interests of Plaintiffs and the rights and interests of their employees, and therefore between the interests of Plaintiffs' counsel and Plaintiffs' employees. Plaintiffs and their counsel appear incapable of navigating that conflict.

*Second*, the first witness to be deposed did not comply with the subpoena *duces tecum* seeking production at the deposition of current identification documents and any identification documents presented to NuStar. In fact, the first witness testified that he did not learn about the deposition until his boss, Anthony Nunes III, told him about it the morning of the noticed deposition after arriving at work. The witness added that he had not seen the subpoena before the moment it was presented to him in the deposition.

*Third*, Plaintiffs' counsel's behavior at the first NuStar employee's deposition violated the Federal Rule of Civil Procedure 30, and was clearly intended to intimidate the witness and signal to the witness how to answer questions. Plaintiffs' conduct—which included proclaiming, on the record with the witness present, that the witness (whom he did not represent) is not going to assert his Fifth Amendment right against self-incrimination—prevented the deposition from going forward.

For the reasons above, as well as those included in Defendants' brief in support of this Motion (which is incorporated here by this reference pursuant to Local Rule 7(d)), Defendants

3

respectfully request that the Court grant this Motion. In further support of this Motion, Defendants contemporaneously file the Declaration of Nathaniel S. Boyer and its exhibits, some of which are submitted under seal pursuant to the protective order applicable to this action, and incorporate that declaration and its exhibits here by this reference.

Pursuant to Local Rule 7(k), Defendants have conferred with Plaintiffs regarding this Motion. Plaintiffs resist the Motion.

WHEREFORE, for the reasons stated above and in their contemporaneously filed supporting brief, Defendants Ryan Lizza and Hearst Magazine Media, Inc. respectfully request that this Court issue a discovery order:

(i) Compelling the NuStar employee deponents to comply with the subpoenas *duces tecum* and produce the requested identification documents at their depositions;

(ii) Directing Plaintiffs' counsel, including Mr. Biss and Mr. Feller, to comply with the Federal Rules of Civil Procedure and Iowa Rules of Professional Conduct with respect to depositions in this case. Specifically, Plaintiffs' counsel should be ordered to refrain from:

a. Interrupting the witness, questioner, interpreter, counsel for the witness, videographer, and court reporter;

b. Making improper speaking or argumentative objections or narrative statements or misstatements, particularly such statements that are intended to or may have the effect of intimidating the witness or coaching the witness to testify a certain way; and

c. Otherwise interfering with the depositions or witnesses or interacting with their counsel in a way to influence the employees' testimony;

(iii) Appointing independent counsel to represent the employee deponents at their depositions; and

(iv) Given the extraordinary circumstances and threat of a violation of witnesses' Fifth Amendment rights and/or the possibility of false testimony being provided, providing Court supervision of the employee depositions as follows:

    a. Location/Time: That these depositions be held at the location identified on the subpoenas as well as at a time when the Court may be consulted if necessary;

    b. *Ex Parte* Communication w/Appointed Counsel: That appointed counsel for NuStar employees be permitted during that time to consult with the Court on an *ex parte* basis to address any concerns regarding his/her ability to provide effective representation to his/her clients; and

    c. Materials Provided to New Counsel: That discovery regarding the NuStar employees be provided to their new counsel and that this Motion and any responses, hearings, or orders regarding this Motion be shared with counsel for the NuStar employees; and

(v) such other relief the Court deems just and proper.

[*signature block on next page*]

Dated: May 17, 2021

**Ryan Lizza & Hearst Magazine Media, Inc., Defendants**

/s/ Nathaniel S. Boyer
Jonathan R. Donnellan, *Lead Counsel*\*
  jdonnellan@hearst.com
Ravi R. Sitwala\*
  rsitwala@hearst.com
Nathaniel S. Boyer\*
  nathaniel.boyer@hearst.com
Sarah S. Park\*
  sarah.park@hearst.com
Nina Shah\*
  nina.shah@hearst.com
THE HEARST CORPORATION
Office of General Counsel
300 West 57th Street
New York, New York 10019
Telephone: (212) 841-7000
Facsimile: (212) 554-7000
*\*Admitted Pro Hac Vice*

Michael A. Giudicessi
  michael.giudicessi@faegredrinker.com
Nicholas A. Klinefeldt
  nick.klinefeldt@faegredrinker.com
Susan P. Elgin
  susan.elgin@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309-8003
Telephone: (515) 248-9000
Facsimile: (515) 248-9010

**Attorneys for Defendants**

## Certificate of Service

     The undersigned certifies that a true copy of **Defendants' Resisted <u>Expedited</u> Motion to Compel and Other Relief Regarding NuStar Employee Depositions** was served upon the following parties through the court's CM/ECF electronic filing system on May 17, 2021.

                                                                          /s/ Nathaniel S. Boyer

Copy to:

Joseph M. Feller
 *jfeller@kkfellerlaw.com*
Steven S. Biss
 *stevenbiss@earthlink.net*

*Attorneys for Plaintiff*