IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | | |
|---|---|---|
| NuStar Farms, LLC, Anthony Nunes, Jr., and Anthony Nunes, III, | ) ) ) | Case No. 5:20-cv-04003-CJW-MAR |
| Plaintiffs, | ) ) | |
| v. | ) ) | Defendants' Resistance to Plaintiffs' Motion for Sanctions |
| Ryan Lizza and Hearst Magazine Media, Inc., | ) ) ) | |
| Defendants. | ) ) ) | |

Defendants Ryan Lizza ("Lizza") and Hearst Magazine Media, Inc. ("Hearst") (collectively "Defendants") resist Plaintiffs NuStar Farms, LLC, Anthony Nunes, Jr., and Anthony Nunes, III's (collectively "Plaintiffs") Motion for Sanctions filed on September 7, 2021 (ECF No. 155).

For the reasons stated below and considering the facts set forth in the Declaration of Michael A. Giudicessi filed with this Resistance as Exhibit A, which is incorporated here by this reference, Defendants ask that this Court summarily deny Plaintiff's sanctions motion.

## Introduction

There is no basis to grant Plaintiffs any sanctions. First, Plaintiffs cite to no legal authority, and cite no case law, supporting entry of sanctions in connection with a mistakenly redacted filing. Second, as demonstrated in the annexed declaration, the redaction error resulted from an inadvertent mistake by counsel, who quickly remedied it with the clerk's office as soon as it was made known—the mistake was not a willful or deliberate violation of the Protective Order in this case (ECF No. 63). Third, the revealed testimony regarding Plaintiffs' preparedness for their depositions and lack of awareness of who is funding their litigation and

certain earlier discovery orders in this case is not Confidential or Counsel's Eyes Only within the meaning of the Protective Order or the Federal Rules of Civil Procedure, irrespective of the fact that Plaintiffs designed the entirety of their deposition transcripts as Counsel's Eyes Only. Relatedly, Plaintiffs' motion did not identify any prejudice, nor have they suffered any prejudice in fact, caused by the redaction mistake. Fourth, the remedies Plaintiffs seek—specifically, for the Court to preclude Defendants from presenting at summary judgment or trial the overwhelming evidence of substantial truth obtained in discovery—are wholly unrelated to the redaction mistake, disproportionate to that error, and would eviscerate well-established constitutional protections on speech and the press that have long been recognized and reaffirmed by the Supreme Court and the Iowa Supreme Court. At bottom, no basis in fact or law supports an order imposing the requested sanctions.

Finally, it cannot pass noting that Plaintiffs' counsel recently committed a more egregious filing error in this case—the submission of portions of the Devin Nunes deposition transcript containing unsubstantiated and impertinent allegations about Ryan Lizza—that violated not only the Protective Order in this case, but an order by Judge C.J. Williams that he could not file such allegations on the record without leave of court. *See* Sept. 14, 2021 Hearing Tr. 4:14-6:18 (ECF No. 166). Plaintiffs' counsel explained his own error to this Court as an inadvertent mistake (and was not sanctioned for his error), but offers no explanation for why Defendants' counsel's more innocuous filing error should result in an entry of sanctions.

## Background

Throughout this litigation, Plaintiffs' counsel routinely made blanket designations of deposition testimony and other documents as "Counsel's Eyes Only"—notwithstanding that the scope and intent of the Protective Order (ECF No. 63), approved by the parties and entered by

the Court, specified that such a restrictive demarcation was reserved only for limited personal and financial information, not entire transcripts. *See, e.g.*, Sept. 14, 2021 Hearing Tr. at 7:25-8:22 (ECF No. 166); *see also* Protective Order at ¶¶ 4, 15.[1]

Despite the scope of the Protective Order, Plaintiffs now assume (without providing any basis) that testimony about their degree of preparation for their depositions and their lack of knowledge about who is funding their lawsuit qualified for shielding by the Protective Order and should never become public.

On August 23, 2021, Defendants filed a motion to compel discovery responses from Plaintiffs regarding third-party litigation funding discovery requests. ECF No. 147 (including 147-1 through 147-7). The motion itself contained no redactions and needed none. ECF No. 147. The Declaration of Nathaniel Boyer and its accompanying exhibits were filed under seal. ECF No. 147-2 through 147-8. The brief supporting the motion, ECF No 147-1, contained modest redactions because Plaintiffs' counsel had, at Plaintiffs' depositions, made a blanket designation of the entireties of their transcripts as Counsel's Eyes Only, ostensibly pursuant to the Protective Order.

While Defendants complied with the Protective Order by filing a public version of ECF No. 147-1 marked to redact those select portions of the brief that referenced the full transcripts

---

[1] Paragraph 4 of the Protective Order indicates how the Counsel's Eyes Only designation was earmarked for limited use, only when "such party in good faith believes such documents contain sensitive business and/or individual personal information that the party has maintained as confidential." Paragraph 15 of the Protective Order states that the "party asserting that material is Confidential or Counsel's Eyes Only shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c) and this Order." Plaintiffs have made no argument, in their sanctions motion or otherwise, as to why they had 'good faith' in designating as Counsel's Eyes Only the information revealed in the improperly redacted brief, nor how they have met their 'burden of proving' that that information is within the scope of protection afforded by Fed. R. Civ. P. 26(c) and the Protective Order.

that Plaintiffs' counsel had designated as Counsel's Eyes Only, less than 48 hours later

Defendants' counsel learned from a journalist that he was able to bypass the redactions. The

Faegre Drinker filing team learned that the bypass was possible because it had redacted the brief

in Microsoft Word and then "converted" to an Adobe PDF file submitted on PACER as ECF No.

147-1, rather than "printing" it to an Adobe PDF file. Such an inadvertent and technical error

permitted unmasking of the redactions by others despite a lack of any intent by Defendants or

their counsel to file the information publicly. Ex. A, Giudicessi Decl. ¶ 15.

　　As soon as Defendants learned that third-party members of the press had bypassed the

redaction, they took curative steps. *Id.* at ¶ 11-14. Counsel for Defendants informed the Court,

who immediately sealed the brief. *Id.* at 13. Plaintiff now seeks sanctions based on redacted

sentences in four paragraphs of ECF No. 147-1, identifying by them as the "leaked parts of the

sealed deposition transcripts of NuStar Farms (Anthony Nunes, III corporate representative),

Lori Nunes, and Anthony Nunes, Jr." ECF No. 155-1 at p. 2.[2]

## Argument

### 1. Case law does not support the imposition of sanctions as Plaintiffs seek.

　　Plaintiffs request an entry of sanctions under the Court's "inherent disciplinary power and

Rule 37(b)(2)" for what they allege is Defendants' "violations of the Court's Protective Order."

ECF No. 155-1, at 1. No sanctions are appropriate here.

---

[2] Plaintiffs do not seek sanctions based on redactions to Toni Dian Nunes' transcript or Congressman Nunes's transcript. The latter is likely because Plaintiffs' counsel already filed large portions of Congressman Nunes's deposition transcript publicly, in violation of Judge Williams's order commanding that he not publicly file irrelevant allegations about Ryan Lizza. Therefore, the last screenshot of a CNN broadcast on page 4 of Plaintiffs' motion, ECF No. 155-1 at p. 4, does not even concern information that Plaintiffs' motion alleges is sanctionable.

While federal courts have inherent authority to impose sanctions upon those who abuse the judicial process through bad faith conduct, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers v. NASCO, Inc*., 501 U.S. 32, 44 (1991); *see also Baycol Steering Comm. v. Bayer Corp*., 419 F.3d 794, 802 (8th Cir. 2005). Courts refrain from exercising inherent powers when rules otherwise authorize them to deal with discrete issues unless the rules are not "up to the task." *Schlafly v. Eagle Forum*, 970 F.3d 924, 936 (8th Cir. 2020).

Federal Rule of Civil Procedure 37 concerns the failure of a party to make disclosures or to cooperate in the discovery process. Subprovision (b)(2)(A) permits a Court to impose appropriate sanctions if a party "fails to obey an order to provide or permit discovery…". Fed. R. Civ. P. 37(b)(2)(A). The Rule, by its plain language, does not encompass the improper redaction issue raised in Plaintiffs' sanctions motion: the improper redaction was simply not a failure to "obey an order to provide or permit discovery" even if Rule 37 arguably applies to discovery protective orders. *Id.*

Here, Plaintiffs seek to invoke the Court's inherent powers *and* the discovery sanctions provision of Fed. R. Civ. P. 37(b)(2).[3] Glaringly, Plaintiffs cite to no case where a federal court

---

[3] Tellingly, Plaintiffs did not move for sanctions under Fed. R. Civ. P. 16(f) to remedy what they (misguidingly) allege to be, in effect, a culpable violation of a pretrial order. Fed. R. Civ. P. 16(f) provides for limited sanctions in certain instances—namely, the award of reasonable expenses—but does not provide for the sanctions Plaintiffs seek here, *e.g.*, that the Court strike Defendants' constitutional arguments and/or enjoin compliance with the Protective Order. Plaintiffs' attempt, here, to shoe-horn sanctions that potentially are available under Fed. R. Civ. P. 37 and the Court's inherent powers, only reveals Plaintiffs' sanctions motion as a gross overreach to obtain a strategic advantage that is wholly disproportionate to Defendants' counsel's inadvertent mistake in filing an unsuccessfully-redacted brief.

imposed sanctions pursuant to Federal Rule 37 or its inherent powers based on a party's inadvertent error in redacting a single document.

Remarkably, Plaintiffs ask this Court to sanction Defendants by, among other things, precluding Defendants from arguing that any allegedly defamatory aspect of Defendants' article is substantially true. This relief, of course, seeks to shift the burden that Iowa and federal constitutional defamation precedent imposes on a plaintiff to prove that the challenged publication is substantially false, *i.e.* that it is not true or not substantially true. But neither a federal court's inherent power nor Rule 37 vest this Court with authority to eviscerate the well-established constitutional protections afforded to speech on matters of public concern recognized by the Supreme Court and the Iowa Supreme Court. Plaintiffs' motion cites no authority suggesting that a federal court should wield its inherent power, or the sanctions provision of Fed. R. Civ. P. 37, to grant an extraordinary sanction for what was ultimately an inadvertent redaction mistake by Defendants' counsel, particularly a mistake that is immaterial to the merits of this case and caused no prejudice to any party. *See Chambers*, 501 U.S. at 48.

Plaintiffs' other requested sanctions—for this Court to enjoin compliance with the Protective Order, and to award Plaintiffs with fees and costs—are also disproportionate to the filing error at the root of Plaintiffs' motion. As detailed below, the filing error was an isolated incident, made without any bad faith, and one that caused no prejudice to Plaintiffs or in any way impacted the merits of this case. Neither an injunction nor an award of fees and costs is appropriate here.

**2.    The Court should deny Plaintiff's motion because Defendants acted in good faith and quickly corrected the filing in question.**

Defendants are represented by experienced Iowa counsel who regret the redaction error made by their filing team.[4]  The error that occurred was not done willfully, and it was immediately corrected.  Ex. A, Giudicessi Decl. ¶ 15.  Mistakes happen, and an avalanche of sanctions motions would suffocate the Court if they were countenanced every time a technology malfunction occurred through human error.[5]

Plaintiff's request for sanctions reinforces how Benjamin Franklin and Geoffrey Chaucer correctly counselled that those in glass houses should not throw stones.  *See Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp.*, 744 F. Supp. 2d 1297, 1302 n. 8 (S.D. Fla. 2010); *see also Bovino v. Levenger Co.*, No. 14-cv-00122-RM-KLM, 2016 WL 1597501 at *7 (D. Colo. Apr. 21, 2016) (denying request for attorney fees as a sanction with the admonition "[I]t is a fine example of when people in glass houses are throwing stones wrapped in accusations of misconduct or

---

[4] The Faegre Drinker team filed ECF No. 147-1, not Defendants nor members of the Hearst legal department.  While sanctions are not appropriate, Plaintiffs' outrageous requests to strike constitutional arguments and penalize Faegre's *clients* highlights how their motion is nothing but a trial tactic.

[5] The American Bar Association reported in May 2019 "there were thousands, and probably tens of thousands, of documents in PACER containing redaction failures."  *See* https://www.americanbar.org/groups/judicial/publications/judges_journal/2019/spring/embarrassing-redaction-failures/ (last accessed Sept. 17, 2021).  In conducting research for this resistance, Defendants learned that in February 2020 a similar occurrence regarding improper redactions arose in the U.S. District Court for Minnesota.  It undertook a review of all redacted filings and restricted access dating back to 2015, having determined that ineffective redactions were commonplace.  *See* "Federal court officials in Minnesota order review after discovery of improperly redacted filings," available at https://www.startribune.com/federal-court-officials-in-minnesota-order-review-after-discovery-of-improperly-redacted-filings/567957942/ (last accessed Sept. 17, 2021).  Instead of laying blame, or entertaining unmerited sanctions motions such is this one, the Court announced implemented this prospective remedy: "Effective immediately, the Court will mark newly filed and improperly redacted documents as filed in error and request they be refiled using the appropriate redaction methods."  *Id.*

7

misrepresentations they should be especially careful that their own conduct and representations are of the highest exemplar lest their glass house shatter around them.").

Indeed, during the Court's September 14, 2021 hearing, Magistrate Judge Mark Roberts questioned Plaintiffs' counsel regarding why *he* filed portions of Congressman Nunes's deposition testimony that contained superfluous allegations about Ryan Lizza, in direct violation of a prior order of Judge Williams. This excerpt is particularly illustrative:

> *Magistrate Judge Roberts*: And so before we go further, I thought I'd give you an opportunity to explain whether that was inadvertent or intentional or how that managed to get in the record under these circumstances.
>
> *Mr. Biss*: Well, Judge, I can tell you, it was certainly inadvertent.

Sept. 14, 2021 Hearing Tr. 4:14-6:18 (ECF No. 166).

The Court graciously accepted Plaintiffs' counsel's explanation of events and moved on, remarking that "we all realize that that happens occasionally in filings even where people are trying to be careful." *Id.*

Defendants and their lawyers merit receiving this same latitude because the redaction issue regarding ECF No. 147-1 also was inadvertent and despite an effort to exercise care. *Cf. Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997) ("There is no better guide to professional courtesy than the golden rule: you should treat opposing counsel the way you yourself would like to be treated").

### 3. The inadvertent disclosure did not materially prejudice Plaintiffs.

The context of the inadvertent disclosure that occurred with the initial filing of ECF No. 147-1 further demonstrates why this Court should deny Plaintiffs' sanctions motion.

Notably, the content of the transcript testimony included in ECF No. 147-1 was not, in substance, the type that the Protective Order sought to make confidential or permitted for blanket restriction for Counsel's Eyes Only. *See e.g.* ECF No. 63 at p. 1 (specifying that the Protective

Order covers "sensitive personal, proprietary, business and/or financial information"); *see also id*. at ¶ 4 (permitting a "CEO" designation "to protect information that the disclosing party reasonably believes is so sensitive that it could jeopardize the safety, security, or well-being of a party or an individual or cause substantial harm to that party or a nonparty, if disclosed to persons other than Counsel"). Plaintiffs have done nothing to justify why their blanket designation of testimony was in "good faith" pursuant to the Protective Order, or why it would qualify for protection under the Federal Rules. *See also supra* at n. 1.

Nevertheless, Plaintiffs' counsel designated each of his clients' deposition transcripts as "Counsel's Eyes Only" documents in their entirety, perhaps for the innocent but unavailing reason that he did not want to go page-by-page and designate portions that qualified for such designation (for example, NuStar employee social security numbers) or, possibly because he simply did not want his client's testimony to become public even though it related to matters under consideration by the Court.

Irrespective of the motivation, entry of sanctions here would impose inconsistent standards whereby one party willfully could make overinclusive designations under a protective order without accountability but the other could not make an honest mistake.

Even more important, given the nature of the information disclosed by error, namely, Plaintiffs' lack of preparation and lack of knowledge, no substantively confidential "facts" within the meaning of the Protective Order were revealed and consequently, no meaningful or lasting damage or prejudice has occurred or could occur by the inadvertent disclosure.

Tellingly, Plaintiffs offer no compelling reason how the redaction error prejudiced them. Plaintiffs offer a single ground for filing their testimony at issue under seal: it could taint the jury pool. ECF No. 155-1 at 6. While Defendants find such a bald assertion unlikely

considering the nature of the testimony cited in ECF No. 147-1, even if it were true, the courts have ample tools to cure any minor and adverse pretrial publicity conceivably suffered long before trial, such as through use of voir dire, admonitions, and the host of other measures available to an able Iowa federal court trial judge to assure a fair trial. Moreover, the Protective Order does not state that prevention of pretrial publicity provides a grounds to make confidentiality designations.

Further, sanctioning Defendants would do nothing to cure this supposed and speculative harm. Sanctions are inappropriate, as is keeping the testimony redacted from public review. Therefore, this Court should deny Plaintiffs' motion. Beyond that, it well could consider unsealing the unredacted version of the brief filed under seal at ECF No. 147.

## Conclusion

Foremost, this Court should deny Plaintiffs' sanctions motion as unwarranted under law and because there is no evidentiary basis showing that Defendants purposefully violated the Protective Order. Further, this Court should deny Plaintiffs' motion because the passages inadvertently and unsuccessfully redacted did not contain confidential information but were instead part of Plaintiffs' counsel's overbroad designations, and the inadvertent disclose of the information did not result in any prejudice.

_____
*(Signature block follows on the next page)*

Dated:  September 21, 2021.  **Ryan Lizza and Hearst Magazine Media, Inc., Defendants**

Jonathan R. Donnellan, *Lead Counsel**
 *jdonnellan@hearst.com*
Ravi R. Sitwala*
 *rsitwala@hearst.com*
Nathaniel S. Boyer*
 *nathaniel.boyer@hearst.com*
Sarah S. Park*
 *sarah.park@hearst.com*
Nina Shah*
 *nina.shah@hearst.com*
Kristen Hauser*
 *khauser@hearst.com*
THE HEARST CORPORATION
Office of General Counsel
300 West 57th Street
New York, New York 10019
Telephone: (212) 841-7000
Facsimile: (212) 554-7000
*Admitted Pro Hac Vice*

/s/ Michael A. Giudicessi
Michael A. Giudicessi
 *michael.giudicessi@faegredrinker.com*
Nicholas A. Klinefeldt
 *nick.klinefeldt@faegredrinker.com*
Susan P. Elgin
 *susan.elgin@faegredrinker.com*
FAEGRE DRINKER BIDDLE & REATH LLP
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309-8003
Telephone: (515) 248-9000
Facsimile: (515) 248-9010

Scott W. Wright*
 *scott.wright@faegredrinker.com*
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center/90 S. 7th Street
Minneapolis, Minnesota 55402
Telephone: (612) 766-7000
Facsimile: (612) 766-1600
*Admitted Pro Hac Vice*

**Attorneys for Defendants**

**Certificate of Service**

The undersigned certifies that a true copy of **Defendants' Resistance to Plaintiffs' Motion for Sanctions** was served upon the following parties through the Court's CM/ECF electronic filing system on September 21, 2021.

<u>/s/ Trisha Richey</u>

Copy to:

Bill McGinn
  *bmcginn@mcginnlawfirm.com*
Steven S. Biss
  *stevenbiss@earthlink.net*

*Attorneys for Plaintiffs*

US.134639188.06