IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
Western Division

| | | |
|---|---|---|
| NUSTAR FARMS, LLC *et al* | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Case 5:20-cv-04003-CJW-MAR |
| RYAN LIZZA *et al* | ) ) ) ) | **Filed With Counsel's Eyes Only Material Redacted** |
| Defendants. | ) ) ) | |

# PLAINTIFFS' BRIEF IN SUPPORT OF RESISTED MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiffs, NuStar Farms, LLC, Anthony Nunes, Jr. and Anthony Nunes, III ("Plaintiffs"), by counsel, pursuant to Local Rule ("LR") 7 of the United States District Court for the Northern District of Iowa, respectfully submits this Brief in support of their motion for leave to file an amended complaint in this action.

1. On September 15, 2021, in the parallel case of *Nunes v. Lizza*, the United States Court of Appeals for the Eighth Circuit reversed in part the District Court's order granting Defendants' motion to dismiss, and remanded the case for further proceedings. *Nunes v. Lizza*, 2021 WL 4177754 (8th Cir. Sept. 15, 2021). The Court of Appeals specifically found that Devin Nunes stated claims of defamation by implication and conspiracy upon which relief can be granted. The Court of Appeals further found that

sufficient facts were alleged to show that Defendants republished the false and defamatory statements with actual malice.

2. The Court of Appeals' ruling applies with equal force to Plaintiffs.

3. Additionally, discovery in this case has revealed that Defendants in fact fabricated statements in the article at issue and falsely attributed to "sources" statements that the sources never made.

4. This case presents one of the most egregious examples of actual malice ever. To deny Plaintiffs leave to file an amended complaint in light of the Eighth Circuit's rulings would be manifest error.

5. Rule 15(a)(2) provides that a party may amend its pleading once as a matter of right and thereafter "only with the opposing party's written consent or the court's leave." The Federal Rules of Civil Procedure mandate that Courts "should freely give leave [to amend] when justice so requires." *Rule 15(a)(2)*. This Rule reflects the "principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v.. Davis*, 371 U.S. 178, 182 (1962). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id.* For that reason, denying leave to amend a potentially viable claim requires a "justifying reason," such as "undue delay, bad faith[,] or dilatory motive on the part of the movant." *Id.* Absent such a justification, denying leave to amend "is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Id.*

6. "'If a party files for leave to amend outside of the court's scheduling order, [however,] the party must show cause to modify the schedule.'" *Sherman v. Winco*

*Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008) (alterations in original) (quoting *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008)). "Rule 16(b)'s good-cause standard governs when a party seeks leave to amend a pleading outside of the time period established by a scheduling order, not the more liberal standard of Rule 15(a)." *Id.* In short, the party moving to modify a scheduling order to amend a pleading bears the burden of showing "diligence in attempting to meet the order's requirement." *Rahm v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006).

7. In this case, the deadline to amend pleadings under the Court's original Scheduling Order and Discovery Plan was July 10, 2020. [*ECF No. 24*]. The Court granted Defendants' motion to stay discovery. [*ECF No. 45*]. On September 11, 2020, the District Court entered an Order granting in part and denying in part Defendants' motion to dismiss. [*ECF No. 50*]. In its Order, the Court granted Defendants' motion to dismiss Plaintiff's defamation by implication claim, for the same reasons it dismissed the defamation by implication claim in *Nunes v. Lizza*. On December 3, 2020, the Court entered a Scheduling Order that established a discovery cut-off was August 2, 2021. [*ECF No. 61*]. That Scheduling Order did not set a deadline for the parties to amend pleadings.

8. There is good cause to grant Plaintiffs leave to file an amended complaint. The Eighth Circuit's ruling restores Plaintiffs' right to pursue a claim of defamation by implication claim, and restores Plaintiff's right to seek punitive damages. Plaintiffs diligently seek leave after the Eighth Circuit's reversal. Further, the evidence developed in discovery establishes beyond any doubt that Defendants published the Article with knowledge of its falsity.

3

9. There is also no harm to the Defendants in permitting Plaintiffs to add a claim of False Light Invasion of Privacy (Count III) at this stage because discovery will have to be reopened in light of the Eight Circuit's ruling. Adding the false light claim will not complicate this case and will not affect case administration or trial. False light is a causes of action that may be pled as a result of the publicization of Defendants' untrue statements. *Betz v. Federal Home Loan Bank of Des Moines*, 2021 WL 3046668, at * 11 (S.D. Iowa 2021) ("The essential element of untruthfulness differentiates 'false light' from the other forms of invasion of privacy and many times affords an alternate remedy for defamation even though it is not necessary for a plaintiff to prove that he or she was defamed.") (quotation omitted).

10. Denial of a motion for leave to amend is appropriate if there are "compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005).

11. There are no reasons to deny leave to amend in this case.

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request the Court to grant their Motion for Leave to File An Amended Complaint, and to direct the Clerk to detach and docket Plaintiffs' Third Amended Complaint.

DATED: October 8, 2021

NUSTAR FARMS, LLC
ANTHONY NUNES, JR.
ANTHONY NUNES, III


By: <u>*/s/ Steven S. Biss*            </u>
      Steven S. Biss (VSB # 32972)
      300 West Main Street, Suite 102
      Charlottesville, Virginia 22903
      Telephone:   (804) 501-8272
      Facsimile:    (202) 318-4098
      Email:         stevenbiss@earthlink.net
      (*Admitted Pro Hac Vice*)

      William F. McGinn #24477
      McGINN LAW FIRM
      20 North 16th Street
      Council Bluffs, Iowa 51501
      Telephone: (712) 328-1566
      Facsimile: (712) 328-3707
      Email: bmcginn@themcginnlawfirm.com

      *Counsel for the Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 8, 2021 a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will send notice of electronic filing to counsel for the Defendants and all interested parties receiving notices via CM/ECF.

By: /s/ *Steven S. Biss*
Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone: (804) 501-8272
Facsimile: (202) 318-4098
Email: stevenbiss@earthlink.net
(*Admitted Pro Hac Vice*)

William F. McGinn #24477
McGINN LAW FIRM
20 North 16th Street
Council Bluffs, Iowa 51501
Telephone: (712) 328-1566
Facsimile: (712) 328-3707
Email: bmcginn@themcginnlawfirm.com

*Counsel for the Plaintiffs*