**Office of**
**General Counsel**

Eve Burton
**Executive Vice President**
**Chief Legal Officer**

Jonathan R. Donnellan
Mark C. Redman
**Vice President**
**Co-General Counsel**

Kenan J. Packman
Maureen Walsh Sheehan
Ravi V. Sitwala
Jack Spizz
**Associate General Counsel**

Carolene S. Eaddy
**Vice President**
**Corporate Human Resources**

Adam Colón
Travis P. Davis
Monika Jedrzejowska
Suzanne Peters
Jennifer G. Tancredi
**Senior Counsel**

Catherine A. Bostron
**Corporate Secretary**

Sultan Barazi
Liddy Barrow*
Nathaniel S. Boyer
David Brioso
Michael A. Canencia
James Coil
Howard Davis
Ignacio Diaz*
Vincent Floyd*
Kerry A. Flynn
Matthew Greenfield
Diego Ibargüen
Kate Mayer
Aimee Nisbet*
Sarah S. Park
Christina Robinson
Andrea S. Ryken
Eva M. Saketkoo
Jennifer Schanes
Nina Shah
Federica Tigani*
Kitty Yang*
Stephen H. Yuhan
Jim Zeng
**Counsel**

\* Not admitted or
resident in New York

Nathaniel S. Boyer
Counsel

# HEARST

October 21, 2021

**VIA CM/ECF**

The Hon. Mark A. Roberts
United States Magistrate Judge
U.S. District Court for the Northern District of Iowa
111 Seventh Avenue SE
Cedar Rapids, IA 52401

Re:  *NuStar Farms, LLC et al. v. Lizza et al.*,
 Case No. 5:20-cv-04003-CJW-MAR

Dear Judge Roberts:

 Jointly with Plaintiffs' counsel, we write to submit a statement regarding "any proposed new deadlines" for discovery and dispositive motions in the NuStar case, as directed by the Court. *See* ECF No. 171. Defendants' counsel has met and conferred with Plaintiffs' counsel, who has reviewed this letter and joins in its deadline requests.

 The parties respectfully request that the Court defer setting deadlines for dispositive motions or future discovery, if necessary, until after (i) the Court has ruled on Plaintiffs' resisted motion for leave to file a third amended complaint (the "Motion to Amend"), *and* (ii) the Court of Appeals has issued its mandate in *Devin G. Nunes v. Ryan Lizza*, 8th Cir. No. 20-2710 (the "Devin Nunes Appeal").

 Although neither side wishes to delay the proceedings, the parties agree that it would promote efficiency and conserve judicial resources to await the Court's ruling on the Motion to Amend before taking further steps in this case.[1] Plaintiffs indicate they would seek additional discovery, if permitted to amend. While Defendants disagree with Plaintiffs on the effect

---

[1]  Defendants note that Plaintiffs' Motion to Amend seeks to expand their defamation claims, add two new causes of action, and include a demand for punitive damages. Defendants will resist the motion, for reasons they will set forth in their upcoming resistance papers.

300 West 57th Street
New York, NY 10019
T 212.649.2030
Nathaniel.Boyer@hearst.com

of the proposed amendment on the discovery schedule, the Court's ruling will inform the parties' evaluations as to what if any additional discovery is necessary, and relatedly, the appropriate deadline for the filing of dispositive motions. Moreover, awaiting the Court's ruling on the Motion to Amend will allow the parties to structure any additional discovery in a non-piecemeal manner.

Further, Plaintiffs' Motion to Amend is, at least in part, predicated on the Court of Appeals' ruling in the Devin Nunes Appeal. The Court of Appeals has not yet issued its mandate because, on October 13, 2021, Defendants petitioned the Court of Appeals for rehearing and rehearing *en banc* of its September 15, 2021 opinion. Insofar as this Court's decision on the Motion to Amend will be guided by the ultimate disposition of the Devin Nunes Appeal, it would promote efficiency and conserve judicial resources to await issuance of the Court of Appeals' mandate.

Two additional observations. First, pending before the Court at present are three motions, two of which are seeking additional discovery. *See* ECF Nos. 126, 147, 155 (the "Pending Motions"). A slight delay in re-setting deadlines may permit the parties to address any additional discovery sought by Plaintiffs concurrently with the discovery that results from the Court's ruling on the Pending Motions.

Second, presently, the NuStar trial is set to begin on February 14, 2022. *See* ECF No. 64. A dispositive motion deadline at least 150 days before that trial date, as required by the Local Rules, is no longer possible. The parties respectfully request that the NuStar trial date be continued *sine die*, to be re-set when the deadline for dispositive motions is re-set. The highly unusual procedural posture in which this case finds itself is "exceptional cause" for the continuance of the trial date. *See* ECF No. 64, Point III.

The parties thank the Court for its time, and for this opportunity to present our views on the scheduling and deadline questions we and the Court are facing.

Respectfully submitted,

 /s/    Nathaniel S. Boyer
Nathaniel S. Boyer*
*Admitted pro hac vice

cc: all counsel of record (by email)