IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
Western Division

| | |
|---|---|
| NUSTAR FARMS, LLC *et al* | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case 5:20-cv-04003-CJW-MAR |
| | )<br>) **Filed With Counsel's Eyes** |
| RYAN LIZZA *et al* | ) **Only Material Redacted**<br>)<br>) |
| Defendants. | )<br>) |

# PLAINTIFFS' REPLY BRIEF
# IN SUPPORT OF MOTION FOR LEAVE
# TO FILE AMENDED COMPLAINT

Plaintiffs, NuStar Farms, LLC, Anthony Nunes, Jr. and Anthony Nunes, III ("Plaintiffs"), by counsel, pursuant to Local Rule ("LR") 7(g) of the United States District Court for the Northern District of Iowa, respectfully submit this Reply Brief in support of their motion for leave to file an amended complaint in this action.

1. The Eighth Circuit's decision in *Nunes v. Lizza* added back Plaintiffs' claim of defamation by implication ***and*** reversed the dismissal of Plaintiffs' claim for punitive damages. The Eighth Circuit squarely ruled that the plaintiff, Devin Nunes, plausibly alleged actual malice. 12 F.4th 890, 901 (8th Cir. 2021) ("In reviewing a ruling on a motion to dismiss, … we consider only whether Nunes's complaint states enough factual matter, accepted as true, to raise a 'reasonable expectation that discovery will reveal evidence' of actual malice … Lizza tweeted the article in November 2019 after

1

Nunes filed this lawsuit and denied the article's implication. The pleaded facts are suggestive enough to render it plausible that Lizza, at that point, engaged in 'the purposeful avoidance of the truth.'") (citations omitted).

2. In finding that the Defendants republished the *Esquire* article with actual malice, the Eighth Circuit followed well-established precedent. Every Court to consider the issue has ruled that republication of a statement after a plaintiff contends that it is false and defamatory may be treated as evidence of actual malice. *See, e.g., Castellani v. Scranton Times, L.P.*, 633 Pa. 230, 124 A.3d 1229, 1244 (2015) (citing and quoting *Weaver v. Lancaster Newspapers, Inc.*, 592 Pa. 458, 926 A.2d 899, 905 (2007)); *see also Hand v. Hughey*, 2016 WL 1470188, at * 6 (Tex. App. 2016); *Holbrook v. Casazza*, 204 Conn. 336, 528 A.2d 774, 780-781 (1987).

3. Like the plaintiff in *Nunes v. Lizza*, Plaintiffs in this case alleged in their amended complaint and more definite statement that Defendants' republication of the article in November 2019 was evidence of actual malice that supported Plaintiffs' claim for punitive damages. [*ECF No. 38 ("Am. Compl., ¶¶ 2, 19, 44(j), 46)*].[1] As in *Nunes v. Lizza*, the District Court in this case found that Plaintiffs did not plausibly allege actual malice. [*ECF No. 50, pp. 39-40*].

4. Because Plaintiffs *did* plausibly allege and *can* plausibly allege actual malice, as the Eighth Circuit has now expressly decided, Plaintiffs have the right to claim punitive damages. Discovery will reveal whether Defendants can come up with evidence to support the defamatory implication of the article. *See Blessum v. Howard County Bd.*

---

[1] The Court can take judicial notice of the fact that the complaint in *Nunes v. Lizza* – clearly putting Defendants on notice that the implication of a "conspiracy" is absolutely false and defamatory – was filed on September 30, 2019.

*of Sup'rs*, 295 N.W.2d 836, 843 (1980) (evidence that defendant "did not have knowledge of any facts which would lead him to believe that Blessum was a crook" was "sufficient to submit the actual malice charge of slander to the jury.").

5. The third amended complaint clarifies that Plaintiffs' demand for retraction was served on November 14, 2019.[2] When viewed together with the complaint in *Nunes v. Lizza*, there is no question that Defendants' republished the article on November 20, 2019 with actual malice. Significantly, ▮▮▮▮▮▮▮▮ provides irrefutable evidence that Defendants were actually aware of the falsity of their statements and, in fact, fabricated statements in the article at issue and falsely attributed statements to "▮▮▮▮" that the ▮▮▮▮ never made. The ▮▮▮▮▮ are damning evidence of actual malice. Their inclusion in the third amended complaint cannot under any circumstances be deemed unfair or prejudicial – Defendants produced the ▮▮▮▮▮ in ▮▮▮▮▮!

6. Punitive damages "serve a vital function in our tort system." *Spaur v. Owens-Corning Fiberglas Corp.*, 510 N.W.2d 854, 865 (Iowa 1994). Such damages exist to punish and deter the defendant and to deter "like-minded individuals from committing similar acts." *Ryan v. Arneson*, 422 N.W.2d 491, 496 (Iowa 1988). The purpose and goal of punitive damages is satisfied in a case such as this, where the defendants knowingly and egregiously fabricated fact. Defendants' wrongdoing cannot be understated. This case presents the textbook example of constitutional actual malice. *St. Amant v. Thompson*, 390 U.S. 727, 732 (1968) ("Professions of good faith will be

---

[2] In its memorandum order and opinion [*ECF No. 50, p. 39*], the Court noted that "the amended complaint does not state that [the Plaintiffs gave notice to Defendants and made demand for retraction] before the alleged republications". A true copy of Plaintiffs' notice and demand for retraction is attached hereto as *Exhibit "A"*.

unlikely to prove persuasive, for example, where a story is fabricated by the defendant [or] is the product of his imagination").

7. Good cause under Rule 16(b)(4) may be shown by pointing to a change in the law, newly discovered facts, or another significant changed circumstance that requires amendment of a party's pleading. *Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012). The Eighth Circuit's decision constitutes a "change in the law" or another "significant changed circumstance" that constitutes "good cause" under Rule 16(b)(4) to modify the schedule in this case[3] and allow the proposed amendments. Discovery only recently closed in September 2021. No party has filed a motion for summary judgment.[4] After the Eighth Circuit ruled on September 15, 2021, Plaintiffs promptly advised Defendants and the Court of Plaintiffs' intend to file a motion for leave to amend. *Compare Stark v. Hamelton*, 2021 WL 4056716, at * 5 (S.D. Iowa 2021) ("Defendants sought leave to amend within three weeks of the effective date of the new statute, and thus their request is timely and supported by good cause.") (citing *Valspar Corp. v. PPG*

---

[3] The Court's Scheduling Order and Discovery Plan [*ECF No. 61*] does not contain a deadline for filing motions to amend the pleadings. It states "N/A" because in December 2020 the parties had only begun discovery and there was no need amend.

[4] Plaintiffs waited to bring their motion to amend until after deposing Defendant Hearst. This was reasonable. Plaintiffs needed to determine whether Hearst had any explanation for the fabrication of statements by Lizza as revealed by the ▮▮▮▮. *See EEOC v. CRST International, Inc.*, 352 F.Supp.3d 1163, 1170 (N.D. Iowa 2018) ("The Court further finds that defendants would have been justified in waiting to bring their motion until after deposing L.L. and receiving elaboration and clarification regarding the records."). Plaintiffs deposed Defendant Hearst on August 2, 2021. After August 2, 2021, the parties were actively involved in completing the depositions of the NuStar employees, and addressing numerous discovery-related issues, including multiple motions to compel. Plaintiffs' rebuttal expert report was due on August 23, 2021, and, thereafter, Defendants deposed Plaintiff's expert, Clete Samson, on September 8, 2021. Under the circumstances, Plaintiffs acted with diligence in bringing their motion for leave to amend.

*Indus., Inc.*, 2017 WL 3382063, at * 4 (D. Minn. 2017) (granting leave to amend where defendant filed motion shortly after Supreme Court decision case making defense viable); *McDonald Apiary, LLC v. Starrh Bees, Inc.*, 2016 WL 4919885, at * 2 (D. Neb. 2016) (granting leave to amend to include allegations that previously were unavailable)). The claim for false light[5] presents no new facts. The Eighth Circuit in *Nunes v. Lizza* reversed and remanded the claim alleging common law conspiracy. 12 F.4th at 901. The question whether the claim satisfies Rule 12(b)(6) has been decided. It is now the law of the case. The conspiracy claim in Plaintiffs' third amended complaint is the same claim asserted in *Nunes v. Lizza*. The claim is not futile, especially given Lizza's deposition testimony that ▮▮▮▮▮▮▮▮▮▮▮▮ and Hearst's deposition testimony that ▮▮▮▮▮▮▮▮▮▮. Finally, the Defendants do not and cannot credibly feign surprise or claim any prejudice.

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request the Court to grant their Motion for Leave to File An Amended Complaint, and to direct the Clerk to detach and docket Plaintiffs' Third Amended Complaint.

DATED: October 27, 2021

---

[5] To the extent that Plaintiffs' false light claim relates to their claim of defamation by implication, by, for instance, the allegation that Defendants publicized the untrue statement that Plaintiffs conspired with others, Plaintiffs could not have filed this claim until the Eighth Circuit reversed. Plaintiffs ought to be able to proceed with a false light claim in light of the Eighth Circuit's ruling, and in light of the complete lack of prejudice to Defendants.

NUSTAR FARMS, LLC
ANTHONY NUNES, JR.
ANTHONY NUNES, III


By: */s/ Steven S. Biss*
     Steven S. Biss (VSB # 32972)
     300 West Main Street, Suite 102
     Charlottesville, Virginia 22903
     Telephone:   (804) 501-8272
     Facsimile:    (202) 318-4098
     Email:        stevenbiss@earthlink.net
     (*Admitted Pro Hac Vice*)

     William F. McGinn #24477
     McGINN LAW FIRM
     20 North 16th Street
     Council Bluffs, Iowa 51501
     Telephone: (712) 328-1566
     Facsimile: (712) 328-3707
     Email: bmcginn@themcginnlawfirm.com

     *Counsel for the Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2021 a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will send notice of electronic filing to counsel for the Defendants and all interested parties receiving notices via CM/ECF.

By: <u>/s/ *Steven S. Biss*</u>
Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone: (804) 501-8272
Facsimile: (202) 318-4098
Email: stevenbiss@earthlink.net
(*Admitted Pro Hac Vice*)

William F. McGinn #24477
McGINN LAW FIRM
20 North 16th Street
Council Bluffs, Iowa 51501
Telephone: (712) 328-1566
Facsimile: (712) 328-3707
Email: bmcginn@themcginnlawfirm.com

*Counsel for the Plaintiffs*