IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| ANTHONY NUNES, JR., ANTHONY NUNES, III, and NUSTAR FARMS, LLC,<br><br>    Plaintiffs,<br><br>vs.<br><br>RYAN LIZZA and HEARST MAGAZINE MEDIA INC.,<br><br>    Defendants. | No. 20-cv-04003-CJW<br><br><br><br>**ORDER DENYING PLAINTIFFS'**<br>**MOTION FOR SANCTIONS** |

Before the Court is Plaintiffs' Motion for Sanctions, filed on September 7, 2021. (Doc. 155.) Defendants filed a timely resistance on September 21, 2021. (Doc. 168.) No hearing on the matter was necessary.

## I.     BACKGROUND

The nature of the case has been repeated many times in prior orders. Plaintiffs now seek sanctions against Defendants pursuant to Federal Rule of Civil Procedure 37 for violation of a protective order ("the Protective Order") relating to public filings. (Doc. 63.) On December 3, 2020, the Court issued a Protective Order in this matter mandating that "no person receiving . . . Confidential or Counsel's Eyes Only Documents or information shall, directly or indirectly, use, transfer, disclose, or communicate in any way the Documents or information to any person except in strict accordance with the express terms and conditions of this Order." (*Id.* at ¶ 6.) The Court further provided that "[a] party who produces books, records, files, and other documents and material[s] may designate them as Confidential or Counsel's Eyes Only only when such party in

1

good faith believes such documents contain sensitive business and/or individual personal information that the party has maintained as confidential." (*Id.* at ¶ 5.) However, the Protective Order goes on to clarify that "[a]ll depositions or portions of depositions taken in this action that contain Confidential and Counsel's Eyes Only Documents or information, as well as all transcripts of such depositions, may be designated 'Confidential' or 'Counsel's Eyes Only' Documents and information." (*Id.* at ¶ 12.)

Plaintiffs' Motion for Sanctions arises out of Defendants' filing of a brief containing redacted portions of a deposition transcript that could be un-redacted when downloaded. (Doc. 168 at 3.) Plaintiffs had designated the entirety of such deposition transcript as Counsel's Eyes Only. (*Id.*) Defendants filed the redacted brief on August 23, 2021 and were informed by a journalist shortly thereafter that the journalist had been able to "bypass the redactions" due to a technical error when converting the brief from a Microsoft Word document to an Adobe PDF. (*Id.* at 3, 4.) Defendants immediately took measures to cure the error and informed the Court of the issue; the Court then sealed the brief. (*Id.*)

Plaintiffs argue that "Defendants violated the Court's Protective Order and leaked parts of the sealed deposition transcripts of NuStar Farms (Anthony Nunes, III corporate representative), Lori Nunes[,] and Anthony Nunes, Jr." (Doc. 155-1 at 2.) Plaintiffs further allege that this "leak" caused CNN to publish the Counsel's Eyes Only information meant to be redacted in Defendant's brief on air, prejudicing Plaintiffs by "tainting the Jury pool." (*Id.* at 2, 6.) Plaintiffs therefore seek two sanctions against Defendants under Federal Rule of Civil Procedure 37(b): (1) that the Court "strike the Defendants' affirmative defense of substantial truth," prohibiting Defendants from raising such defense in the underlying matter, and (2) that the Court award Plaintiffs attorneys' fees and other reasonable expenses. (*Id.* at 8.) Plaintiffs also ask the Court to enjoin Defendants from any future violations of the Protective Order. (*Id.*)

Defendants resist the motion and argue that they did not willfully or deliberately violate the Protective Order, and that Plaintiffs have failed to identify any actual prejudice they have suffered because of the redaction error. Defendants also argue that Plaintiffs have cited no legal authority or case law supporting the imposition of sanctions when a filing is improperly redacted. Finally, Defendants argue that the sanctions Plaintiffs seek are unrelated to the redaction error, disproportionate to the error, and "would eviscerate well-established constitutional protections on speech and the press that have long been recognized and reaffirmed by the Supreme Court and the Iowa Supreme Court."[1] (Doc. 168 at 1-2.)

## II. DISCUSSION

### A. *Whether Defendants' Affirmative Defense of Substantial Truth May be Precluded*

Plaintiffs first seek a court order under Federal Rule of Civil Procedure 37(b)(2)(A) precluding Defendants from asserting the affirmative defense that any alleged defamation in Defendants' article is substantially true.

Federal Rule of Civil Procedure 37(b)(2)(A) allows the court to sanction a party for its failure to obey a court discovery order where the action is pending. The sanctions may include:

---

[1] Defendants also assert that the portion of the deposition transcript that was improperly redacted in their brief "is not Confidential or Counsel's Eyes Only within the meaning of the Protective Order or the Federal Rules of Civil Procedure, irrespective of the fact that Plaintiffs designated the entirety of their deposition transcript[] as Counsel's Eyes Only." (Doc. 168 at 2.) However, the Protective Order clearly states that entire deposition transcripts may be designated Counsel's Eyes Only if the transcript contains any Counsel's Eyes Only information. (Doc. 63 at ¶ 12.) Defendants remedy for improper designation – if the material was designated improperly – was not to simply disregard the designation. While Defendants may be misguided in putting forth this argument, it ultimately has little bearing on my findings on this motion and requires no further analysis.

3

Case 5:20-cv-04003-CJW-MAR    Document 184    Filed 11/02/21    Page 3 of 6

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). Discovery orders under Rule 37(b)(2)(A) include protective orders. *Sandoval v. American Bldg. Maintenance Indus., Inc.* 267 F.R.D 257, 264 (D. Minn. 2007).

As the Eighth Circuit stated, "[t]he opportunity to be heard is a litigant's most precious right and should sparingly be denied." *Chrysler Corp. v. Carey*, 186 F.3d 1016, 1020 (8th Cir.1999) (citing *Edgar v. Slaughter*, 548 F.2d 770, 773 (8th Cir. 1977)). Sanctions striking pleadings or resulting in dismissal under Rule 37 are appropriate only when three prerequisites are established: "(1) an order [under Rule 37] compelling discovery, (2) a willful violation of the order, and (3) prejudice." *Comstock v. UPS Ground Freight, Inc.*, 775 F.3d 990, 992 (8th Cir. 2014) (quoting *Bergstrom v. Frascone*, 744 F.3d 571, 576 (8th Cir. 2014)) (internal citation omitted); *see also Am. Civil Liberties Union of Minn. v. Tarek ibn Ziyad Academy*, 643 F.3d 1088 (8th Cir. 2011) (noting that parties are prejudiced in the discovery context when new parties are added after substantial discovery has occurred), *Comstock*, 775 F.3d at 992 (citing *Nat'l Liberty Corp. v. Wal-Mart Stores, Inc.*, 120 F.3d 913, 917 (8th Cir. 1997)) (noting that failure to comply with a motion to compel, as well as requiring depositions to be retaken, are prejudicial in the discovery context). However, "[t]he sanction

imposed by the district court must be proportionate to the litigant's transgression." *Bergstrom*, 744 F.3d at 574-75 (quoting *Rodgers v. Curators of Univ. of Mo.*, 135 F.3d 1216, 1219 (8th Cir. 1998)).

I do not believe sanctions, especially the sanction Plaintiffs seek of striking Defendants' affirmative defense, are warranted or appropriate in this case. I do not find Defendants' redaction error prejudicial to Plaintiffs. I am convinced by Defendants' assertions that the error in redacting Counsel's Eyes Only deposition transcript text from their filing was an inadvertent mistake. (*See* Doc. 168 at 7; Doc. 168-1 at ¶ 14-15.) This should come as no surprise to Plaintiffs, as I was previously accepted their explanation that their inclusion of information covered by a protective order in a public filing was inadvertent. (Doc. 166 at 5-6.) I found no sanctions to be warranted when Plaintiffs improperly redacted a filing in violation of a protective order in this matter; I will not now sanction Defendants for engaging in what is substantially the same conduct, despite Plaintiffs' insistence I do so. In both instances, there has been no showing that failure to properly redact documents was the product of something other than inadvertence.

### B. *Whether Defendant Ought to be Awarded Attorneys' Fees and Other Reasonable Expenses*

The Eighth Circuit succinctly stated the circumstances under which an award of attorneys' fees would be appropriate following a motion for sanctions under Federal Rule of Civil Procedure 37(b).

> Rule 37(b) authorizes sanctions for failure to comply with discovery orders. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763, 100 S.Ct. 2455, 2462, 65 L.Ed.2d 488 (1980). A party and its counsel "may be held personally liable for expenses, 'including attorney's fees,' caused by the failure to comply with discovery orders." *Id.* "Rule 37, interpreted consistent with its purposes, authorizes an award encompassing 'all expenses, whenever incurred, that would not have been sustained had the

opponent conducted itself properly.'" *In re Stauffer Seeds, Inc.*, 817 F.2d 47, 50 (8th Cir. 1987) (quoting *Aerwey Lab. v. Arco Polymers*, 90 F.R.D. 563, 565–66 (N.D. Ill. 1981)). "Rule 37 sanctions must be applied diligently both 'to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent.'" *Piper*, 447 U.S. at 763–64, 100 S.Ct. at 2462–63 (quoting *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976)).

*Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1011-12 (8th Cir. 1993). Additionally, attorney's fees are not available under Rule 37 when the violation "was substantially justified or other circumstances make an award of expenses unjust." Federal Rule of Civil Procedure 37(b)(2)(C).

Here, there is no basis to award attorney's fees. When Defendants previously sought sanctions in connection with Plaintiffs' redaction errors, I did not award monetary sanctions of attorney's fees or reasonable expenses. (Doc. 166 at 58-59.) To do so when the positions are reversed and now Plaintiffs are seeking sanctions for Defendants' redaction errors would be unjust under the circumstances.

### C. Whether Defendant Ought to be Enjoined from Future Violations of the Protective Order

Just as I admonished Plaintiffs to be more careful in their filings to safeguard against any future violations of the Court's orders, I admonish Defendants to do the same. (*Id.* at 59.) I encourage both parties to exercise caution in all their filings, as a great deal of information in this case is covered by the Protective Order.

### III. CONCLUSION

Plaintiffs' Motion for Sanctions (Doc. 155) is **denied.**

**IT IS SO ORDERED** this 2nd day of November, 2021.

Mark A. Roberts, United States Magistrate Judge
Northern District of Iowa