# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

| | |
|---|---|
| ANTHONY NUNES, JR., ANTHONY NUNES, III, and NUSTAR FARMS, LLC, | No. 20-CV-04003-CJW |
| Plaintiffs, | |
| vs. | |
| RYAN LIZZA and HEARST MAGAZINE MEDIA INC., | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' RESISTED MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** |
| Defendants. | |

---

## TABLE OF CONTENTS                                   Page

I.    *BACKGROUND* ............................................................................ 3

II.   *DISCUSSION* ............................................................................... 4

    A.    *The Parties' Contentions* ...................................................... 4

    B.    *Applicable Standards for Motions to Amend Pleadings* ..................... 5

    C.    *Whether the Motion to Amend Should be Denied for Failure to Comply with Local Rule 7(k)* ........................................................... 8

        1.    *The Parties' Arguments* .................................................. 8

        2.    *Analysis* ................................................................ 10

    D.    *Whether Plaintiffs' Motion to Amend is Timely* ............................ 12

Case 5:20-cv-04003-CJW-MAR   Document 187   Filed 12/16/21   Page 1 of 36

1. The Parties' Arguments .................................................... 12

2. Analysis ................................................................ 13

E. Whether Plaintiffs' Motion to Amend Should be Denied Under Federal Rule of Civil Procedure 16(b) ................................................ 14

1. The Parties' Arguments .................................................... 14

2. Analysis ................................................................ 15

    a. False Light Invasion of Privacy ............................... 15

    b. Common Law Conspiracy ...................................... 18

    c. Defamation by Implication and Actual Malice ............. 20

F. Whether Plaintiffs' Motion to Amend Should be Denied Under Federal Rule of Civil Procedure 15(a) ................................................ 22

1. The Parties' Arguments .................................................... 22

2. Analysis ................................................................ 25

    a. Whether Plaintiffs' Proposed Actual Malice and Defamation by Implication Claims are Futile ............... 26

        i. Actual Malice ............................................. 26

        ii. Defamation by Implication ............................ 30

    b. Whether Plaintiffs' Proposed Actual Malice and Defamation by Implication Claims Unduly Prejudice Defendants ............................................... 35

3. Conclusion .............................................................. 36

III. CONCLUSION ................................................................ 36

Before the Court is the Resisted Motion for Leave to File Amended Complaint, filed on October 7, 2021 filed by Plaintiffs Anthony Nunes, Jr.; Anthony Nunes, III; and NuStar Farms, LLC. (Doc. 172.) Defendants Ryan Lizza and Hearst Magazine Media, Inc. ("Hearst") filed a Brief in Resistance on October 21, 2021. (Doc. 175.) Plaintiffs filed a Reply on October 26, 2021. (Doc. 181.) No hearing on the motion is necessary.

## I.    BACKGROUND

The nature of the case has been repeated many times in prior orders. Defendants now seek leave to file a Third Amended Complaint in light of the Eighth Circuit's decision in *Nunes v. Lizza*, 12 F.4th 890 (8th Cir. 2021), a lawsuit arising from the same article that sparked the instant dispute. (Doc. 172 ¶ 1.) Plaintiffs have amended their complaint twice already, and Defendants do not consent to the third proposed amendment. (Doc. 175.) Therefore, pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiffs may only amend their complaint with the Court's leave.

Devin Nunes, son of Anthony Nunes, Jr. and brother to Anthony Nunes, III (both Plaintiffs in this case), brought a defamation suit against Hearst and Mr. Lizza arising out of the same article published by Mr. Lizza in *Esquire* magazine regarding the Nuneses and NuStar Farms. *See Nunes v. Lizza*, 476 F. Supp. 3d 824 (N.D. Iowa 2020). This Court dismissed all claims Devin Nunes brought against Hearst and Mr. Lizza in this suit. *Id.* at 857-62. However, on appeal, a three-judge panel for the Eighth Circuit Court of Appeals reversed the dismissal of a defamation by implication claim, a related conspiracy claim, and an actual malice claim, remanding the case for further proceedings. *Nunes v. Lizza*, 12 F.4th at 901. Defendants petitioned for a rehearing or a rehearing en banc. *See* Appellees' Petition for Rehearing and Rehearing En Banc, *Nunes v. Lizza*, 12 F.4th 890 (8th Cir. 2021) (No. 20-2710). The Eighth Circuit denied this petition on November 23, 2021. *See Nunes*, 12 F.4th at 890.

Plaintiffs now seek leave to amend their complaint, stating their intention to assert additional claims based on the Eighth Circuit's ruling in Devin Nunes's suit. Specifically, Plaintiffs hope to add Count III, a claim of false light invasion of privacy, and Count IV, a common-law conspiracy claim. (Docs. 172 ¶¶ 1-4; 172-2 at 29-30.) Plaintiffs also seek leave to reinstate Count II, their claim of defamation by implication, and a claim for punitive damages by alleging that Hearst and Mr. Lizza acted with actual malice. (Docs. 172 ¶ 5; 172-2 at 28-29, 32.)

## II.    DISCUSSION

### A.    The Parties' Contentions

Plaintiffs maintain that their motion is timely, arguing that the Scheduling Order (Doc. 61) has no set deadline for parties to amend their pleadings. (Doc. 172-3 at 3.) Plaintiffs assert that there is good cause to grant them leave to amend their complaint, as "[t]he Eighth Circuit's ruling restores Plaintiffs' right to pursue a claim of defamation by implication . . . and Plaintiff[s'] right to seek punitive damages." (*Id.*) Plaintiffs further assert that Defendants will not be prejudiced if Plaintiffs are permitted "to add a claim of False Light Invasion of Privacy (Count III) at this stage because discovery will have to be reopened in light of the Eighth Circuit's ruling," and that the common-law conspiracy claim is also neither prejudicial nor futile. (*Id.*; Doc. 181 at 5.) Finally, Plaintiffs represent that they conferred in good faith with Defendants, as required by Local Rule 7(k), prior to filing their Resisted Motion for Leave to File Amended Complaint. (Doc. 172 at 2.)

Defendants respond that Plaintiffs did not, in fact, confer with them in good faith about the motion to amend prior to its filing, and this violation of Local Rule 7(k) is itself grounds for denial of Plaintiffs' entire motion. (Doc. 175 at 7.) Defendants also argue that Plaintiffs' motions to add Count III (false light) and Count IV (conspiracy) should be denied because Plaintiffs did not diligently pursue these claims pursuant to Federal Rule

of Civil Procedure 16(b) and the claims are therefore futile under Federal Rule of Civil Procedure 15. (*Id.* at 8, 13.) Defendants argue Plaintiffs' claim for punitive damages is similarly futile because it "do[es] not sufficiently allege actual malice" and would not survive a motion to dismiss. (*Id.* at 13, 18.) Finally, Defendants respond that Plaintiffs' motion is untimely because it comes after the motion to amend pleadings deadline. (*Id.* at 1-2.)

## B.     *Applicable Standards for Motions to Amend Pleadings*

While leave to amend a pleading prior to the deadline for doing so "shall be freely given when justice so requires" under Federal Rule of Civil Procedure 15(a), "[t]here is . . . no absolute right to amend a pleading." *Hammer v. City of Osage Beach*, 318 F.3d 832, 844 (8th Cir. 2003) (citations omitted); *see also, e.g.*, *Becker v. Univ. of Neb.*, 191 F.3d 904, 908 (8th Cir. 1999); *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 224 (8th Cir. 1994). Leave to amend may be denied where the proposed amendment is futile, brought in bad faith, would unduly prejudice the non-moving party, or would cause undue delay. *Dennis v. Dillard Dept. Stores, Inc.* 207 F.3d 523, 525 (8th Cir. 2000) (citations omitted); *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008).

"The interplay between Rule 15(a) and Rule 16(b) is settled in this circuit." *Sherman*, 532 F.3d at 716. The liberal amendment standard contained in Rule 15(a) applies when a motion for leave to amend is filed within the time permitted by the court's scheduling order and discovery plan. *See id.* However, "[i]f a party files for leave to amend outside of the court's scheduling order, the party must show cause to modify the schedule." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008); *see also In re Milk Prods. Antitrust Litig.*, 195 F.3d 430, 437-38 (8th Cir. 1999) ("If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement

5

out of the Federal Rules of Civil Procedure.") (quoting *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998)). If a party cannot show good cause under Federal Rule of Civil Procedure 16(b) for failing to seek leave to amend its pleadings prior to the scheduling deadline, the court will not "consider whether amendment is proper under Rule 15(a)." *Sherman*, 532 F.3d at 716 (quoting *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003)).

"The primary measure of good cause is the movant's diligence in attempting to meet the [scheduling] order's requirements." *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006). This Court has held that good cause for an untimely amendment under Rule 16(b) "requires a showing that, despite the diligence of the movant, the belated amendment could not reasonably have been offered sooner." *Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, 590 F. Supp. 2d 1093, 1100 (N.D. Iowa 2008). Eighth Circuit cases "reviewing Rule 16(b) rulings focus in the first instance (and usually solely) on the diligence of the party who sought modification of the [scheduling] order" or amendment of the complaint. *Sherman*, 532 F.3d at 717. "Where there has been 'no change in the law, no newly discovered facts, or any other changed circumstance . . . after the scheduling deadline for amended pleadings,' the[ court] may conclude that the moving party has failed to show good cause." *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012) (omission in original) (quoting *Sherman*, 532 F.3d at 718).

A proposed amendment may be denied based on futility if it is "contrary to a determination that the court has already made." *Baldwin v. Estherville*, 333 F. Supp. 3d 817, 828 (N.D. Iowa 2018) (citing *Mississippi River Revival, Inc. v. City of Minneapolis*, 319 F.3d 1013, 1018 (8th Cir. 2003)). An amendment may also be denied because of futility where the Court reaches the legal conclusion that the amendment cannot "withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Zutz v.*

6

*Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) (quoting *Cornelia I. Crowell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 781-82 (8th Cir. 2008)).

This Court has succinctly addressed pleading requirements imposed by the Federal Rules of Civil Procedure as interpreted by *Twombly* and *Iqbal*:

> Federal Rule of Civil Procedure 8(a) provides that a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . and a demand for the relief sought." Rule 12(b)(6) provides that a party may assert the defense of failure to state a claim upon which relief can be granted by motion and that "[a] motion asserting [this] defense [ ] must be made before pleading if a responsive pleading is allowed." "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level," but "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely." *Id.*, at 555-56. Indeed, a theory asserted need only be plausible, which requires "enough fact to raise a reasonable expectation that discovery will reveal evidence of [the conduct alleged]." *Id.*

> "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (emphasis added) (citation and internal quotation marks omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* When a pleading contains no more than conclusions, however, those conclusions are not entitled to the assumption of truth. *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* "[T]here is no justification for dismissing a complaint for insufficiency of statement, except where it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the

7

claim." *Leimer v. State Mut. Life Assur. Co. of Worcester*, 108 F.2d 302, 306 (8th Cir. 1940).

*Fialkoff v. VGM Grp., Inc.*, 2019 WL 5103813, at *2 (N.D. Iowa Oct. 11, 2019) (alterations in original).

Local Rule 7(k) poses additional requirements on parties seeking leave to amend a pleading. This rule requires that motions to amend pleadings include "a representation that counsel for the moving party personally has conferred in good faith with counsel for all other parties . . . and a statement of whether or not the other parties consent to the motion." Local Rule 7(k). "If the moving party has not conferred with another party, the motion must contain a description of the efforts made to consult with the party and an explanation of why the efforts were unsuccessful. *Id.* Failure to comply with local rules can be grounds to deny a motion to amend. *O'Neil v. Simplicity, Inc.*, 574 F.3d 501, 505 (8th Cir. 2009) ("A district court does not abuse its discretion in denying leave to amend where a plaintiff has not followed applicable procedural rules.").

**C.    *Whether the Motion to Amend Should be Denied for Failure to Comply with Local Rule 7(k)***

### 1.    *The Parties' Arguments*

Defendants argue that Plaintiffs failed to comply with Local Rule 7(k), and that "[t]his failure to follow a federal court's procedural rules is alone a sufficient basis to deny [Plaintiffs'] motion to amend." (Doc. 175 at 7.) At a status conference for both the Devin Nunes and NuStar Farms cases, counsel for Plaintiffs stated that:

> [Plaintiffs] intend to amend the complaint in light of the . . . reversal on the defamation by implication issue. And [counsel for Defendants] indicated that they'd like to see— and I think it's a reasonable request— that they would like to see the proposed amended complaint before making a determination whether they would resist the NuStar plaintiff's [sic] motion.

(Doc. 178 at 7.) At the close of this conference, I asked Plaintiffs' counsel to send the amended complaint to Defendants' counsel prior to filing so that Defendants' counsel could indicate whether Defendants intended to contest the amendment. (*Id.* at 23-24.)

This status conference occurred on September 23, 2021,[1] and I set the deadline for Plaintiffs to file their motion to seek leave to file an amended complaint as October 7, 2021 at 5:00 p.m. (Doc. 171.) However, Plaintiffs' counsel did not send Defendant's counsel a copy of the proposed amended complaint until October 7, 2021 at 3:06 p.m. (Doc. 175-9 at 3.) Defendants argue that this gave Defendants' "counsel insufficient time to review the pleadings and discuss with their clients, let alone confer with Plaintiffs." (Doc. 175 at 7.) After receiving a copy of Plaintiffs' proposed amendments, Defendants also requested that Plaintiffs include Defendants' statement resisting the amendments verbatim in their filing. (Doc. 175-9 at 2-3.)

In their motion for leave to file an amended complaint, Plaintiffs certify that:

> The undersigned counsel for Plaintiffs has conferred in good faith with counsel for Defendants pursuant to Local Rule 7(k). Plaintiffs stated their intent to amend in light of the 8th Circuit's ruling in *Nunes v. Lizza*. On October 7, 2021, Plaintiffs provided a copy of the proposed Third Amended Complaint to Defendants' counsel. Defendants have indicated their objection to the 8th Circuit's ruling and their intention to file a petition for rehearing. Defendants resist this Motion.

(Doc. 172 at 2.) Defendants assert that, because Plaintiffs did not send them the proposed amended complaint until hours before it was due, Plaintiffs failed to actually meet and confer with Defendants regarding the proposed amendments. (Doc. 175 at 7-8.) Defendants further maintain that Plaintiffs "declined to fairly represent Defendants' counsel's preliminary position in the Motion." (*Id.* at 8.) Defendants argue that

---

[1] At the status conference, counsel for Plaintiffs represented that the proposed amended complaint would be prepared "next week." (Doc. 178 at 13.) As the conference took place on Thursday, September 23, 2021, "next week" would be, at the very latest, Sunday, October 3, 2021.

Plaintiffs' conduct violates Local Rule 7(k) and, accordingly, that "the Court should deny the motion to amend in its entirety." Plaintiffs do not address Defendants' arguments under Local Rule 7(k), nor do Plaintiffs raise any arguments on this issue themselves.

### 2. *Analysis*

A party's failure to comply with local rules can be a valid basis for a court to deny the party's motion for leave to amend pleadings. *See O'Neil*, 574 F.3d at 505. However, Eighth Circuit precedent reveals that the circumstances in which a court has denied motions to amend for failure to follow local rules are narrower than Defendants contend. A motion to amend pleadings will be denied for failing to comply with a local rule when such a failure directly affects the substance of the motion and proposed amendment(s). *See Axline v. 3M Co.*, 8 F.4th 667, 672 (8th Cir. 2021); *Drobnack v. Andersen Corp.*, 561 F.3d 778, 788 (8th Cir. 2009) ("We have previously affirmed orders denying a . . . request for leave to amend in cases in which the substance of the proposed amendment was unclear *and* the local rules were not followed.") (emphasis added).

In *O'Neil*, the party moving to amend "did not submit a proposed amended pleading to the district court" even though a local rule required that they do so. 574 F.3d at 505. The court denied the moving party leave to amend for failing to comply with the local rule. *Id.* Similarly, in *Axline*, the party seeking to amend their pleadings failed to submit a "clean copy of the proposed amended pleading" as required by local rule. 8 F.4th at 672, 676. Having warned the moving party twice that a clean copy was required, the court denied a third motion to amend due to the party's non-compliance with the local rule that affected the substance of the pleading. *Id.* When failure to comply with the local rules would require the court "to engage in a guessing game" as to what the substance of the motion is, the motion is properly denied for non-compliance with local rules. *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 914 (8th Cir. 2002); *see also Libel v. Adventure Lands of Am., Inc.*, 482 F.3d 1028, 1032-33 (8th

Cir. 2007) (noting, in the summary judgment context, that "[c]ourts have neither the duty nor the time to investigate the record in search of an unidentified genuine issue of material fact to support a claim or a defense").

Here, I find that Plaintiffs failed to comply with Local Rule 7(k).[2] While Plaintiffs' counsel represented in Plaintiffs' motion for leave to file an amended complaint that that they had conferred in good faith with Defendants' counsel, as Local Rule 7(k) requires, this representation proves baseless. Sending opposing counsel the proposed amendments at the eleventh hour, as Plaintiffs' counsel did, can hardly be considered conferring in "good faith." Complying with Local Rule 7(k) requires more than merely an empty recitation that the moving party has met and conferred in good faith with all other parties. To satisfy Local Rule 7(k), such a recitation must also be true.

However, Plaintiffs' failure to comply with Local Rule 7(k) does not warrant denial of their motion for leave to amend in its entirety. Unlike the parties in *O'Neil* and *Axline*, whose violations of local rules also affected the substance of their proposed amendments, Plaintiffs' violation of Local Rule 7(k) does not leave this Court guessing as to the content of their motion. I also do not find it in the interest of judicial economy to deny the entirety of this motion now for violating Local Rule 7(k) only to have Plaintiffs refile substantially the same motion shortly after this order is filed. Though Plaintiffs did fail to comply with Local Rule 7(k), this failure did not cause the substance of the proposed amendments to become unclear. I therefore do not deny Plaintiffs' motion for leave to file an amended complaint in its entirety on the basis of Plaintiffs' violation of Local Rule 7(k).

_____

[2] Despite not including Defendants' position on the proposed amendments in the motion verbatim, Plaintiffs' counsel did represent that "Defendants resist this Motion," satisfying the Local Rule 7(k) requirement to include "a statement of whether or not the other parties consent to the motion." (Doc. 172 at 2.) My finding that Plaintiffs violated Local Rule 7(k) is therefore not based on Plaintiffs' counsel's decision not to include Defendants' position verbatim.

While I do not deny Plaintiffs' motion because of their failure to comply with Local Rule 7(k), this does not excuse the Plaintiffs' violation of the local rule. Local Rule 1(f) allows the Court to sanction parties for failure to comply with the local rules "in any appropriate manner." Such "[s]anctions may include, but are not limited to, the exclusion of evidence, the prevention of witnesses from testifying, the striking of pleadings or other filings, the denial of oral argument, and the imposition of attorney fees and costs." Local Rule 1(f). Additionally, Federal Rule of Civil Procedure 11(c) allows courts to impose sanctions on a party who has made a factual representation to the court, knowing such representation to be without evidentiary support, in violation of Federal Rule of Civil Procedure 11(b)(3). By stating that they conferred with Defendants in good faith prior to filing their motion to amend, Plaintiffs come dangerously close to violating Rule 11(b)(3), and I have already found that Plaintiffs violated Local Rule 7(k). Though I impose no sanctions at this time, I believe that either one of these violations by Plaintiffs could have been grounds for sanctions under Rule 11(c) or Local Rule 1(f) and Plaintiffs and their counsel are admonished to comply with the local rules.

**D.    *Whether Plaintiffs' Motion to Amend is Timely***

      *1.    The Parties' Arguments*

Plaintiffs argue that their motion for leave to file an amended complaint is timely because the updated scheduling order does "not set a deadline for parties to amend pleadings." (Docs. 172-3 at 3; 181 at 4 n.3.) The scheduling order Plaintiffs are referencing, which is the scheduling order currently in effect in this matter, states that the deadline for motions to amend pleadings is "N/A." (Doc. 61 at 1.) Plaintiffs argue the scheduling order states "N/A" because at the time the order was entered "the parties had only begun discovery and there was no need to amend." Defendants respond that Plaintiffs' motion is untimely and does not "adhere[] to the rules and scheduling orders of this Court." (Doc. 175 at 2.) Defendants argue that an updated scheduling order "did

not even reset the [original] deadline for amending pleadings because the parties represented that they saw no need to do so." (*Id.* at 8-9.)

### 2. *Analysis*

Plaintiffs' motion for leave to file an amended complaint is not timely because it has been filed after the deadline for motions to amend pleadings. The initial scheduling order in this case set a deadline of July 10, 2020 for motions to amend pleadings. (Doc. 24 at 1.) Following the dismissal of some of Plaintiffs' claims, I requested that the parties file an updated scheduling order and discovery plan by December 1, 2020. (Doc. 55.) After conferring with Plaintiffs, Defendants filed a proposed scheduling order stating that "[t]he parties anticipate no need to further amend pleadings" and proposed a deadline for motions to amend pleadings of "N/A."[3] (Doc. 59 at 2.) The parties' proposed deadline of "N/A" for motions to amend pleadings was thus incorporated into the updated scheduling order. (Doc. 61 at 1.)

In context, the proposed deadline of "N/A" indicates that the parties did not seek to extend the deadline for motions to amend pleadings because they did not anticipate further amending their pleadings. The use of "N/A" in the updated scheduling order does not mean, as Plaintiffs argue, that there is no deadline for motions to amend pleadings.[4] Instead, it means that the updated scheduling order does not extend the

---

[3] In the proposed scheduling order, Plaintiffs also assert that they "reserve the right to seek leave pursuant to Rule 15(b)(1-2) and Rule 15(d) to amend their second amended complaint to conform to the evidence produced by Defendants in discovery and the evidence adduced at trial." (Doc. 59 at 2.) Plaintiffs would have these rights under the Federal Rules of Civil Procedure regardless of whether they reserve them in a proposed scheduling order; therefore, this statement has no bearing on my findings.

[4] Additionally, Plaintiffs should be aware that the Northern District of Iowa's Instructions and Worksheet for Preparation of Trial Schedule and Discovery Plan require the deadline for motions to amend pleadings to be "no more than 2 months after the date the proposed scheduling order and discovery plan is filed." Plaintiffs should know, then, that a deadline for motions to amend pleadings of "N/A" would be inconsistent with the Court's Instructions and with Federal Rule of Civil Procedure 16(b)(3)(A), which requires scheduling orders to "limit the time to . . . amend

13

deadline for motions to amend pleadings. That deadline therefore remained July 10, 2020. Because Plaintiffs filed this motion for leave to file an amended complaint on October 7, 2021, almost fifteen months after the deadline, this motion is untimely and outside the scheduling order. Due to the untimeliness of this motion, Plaintiffs must show good cause under Federal Rule of Civil Procedure 16(b) for each of their proposed amendments for the Court to grant their request for leave to amend. *See Popoalii*, 512 F.3d at 497.

### E.    *Whether Plaintiffs' Motion to Amend Should be Denied Under Federal Rule of Civil Procedure 16(b)*

#### 1.    *The Parties' Arguments*

Plaintiffs assert that that the Eighth Circuit's ruling in *Nunes v. Lizza* "constitutes a 'change in the law' or another 'significant changed circumstance' that constitutes 'good cause' under Rule 16(b)(4) to modify the schedule in this case and allow the proposed amendments." (Doc. 181 at 4 (footnote omitted) (quoting *Hartis*, 694 F.3d at 948).) Plaintiffs maintain that they were diligent in bringing their motion for leave to file an amended complaint. (*Id.*) Plaintiffs specifically argue that good cause exists to reinstate Plaintiffs' claims for defamation by implication and punitive damages. (Doc. 172-3 at 3.) Plaintiffs do not raise any specific arguments as to why there is good cause to grant them leave to amend their complaint to add claims of false light invasion of privacy and conspiracy. Instead, Plaintiffs assert that there would be "no harm to Defendants in permitting Plaintiffs to add a claim of False Light Invasion of Privacy (Count III) because discovery will have to be reopened in light of the Eight [sic] Circuit's ruling." (*Id.* at

---

the pleadings." Furthermore, Defendants filed the updated proposed order on December 1, 2020. (Doc. 59.) Under the Instructions, the proposed deadline for filing motions to amend could thus be no later than February 1, 2021. Plaintiffs' filing of the motion at issue on October 7, 2021 would be untimely even if the updated scheduling order had extended the deadline for motions to amend.

4.)  Plaintiffs also note that the Eighth Circuit "reversed and remanded the claim alleging common law conspiracy" in the Devin Nunes case, and argue that "[t]he conspiracy claim in Plaintiffs' third amended complaint is the same claim asserted in *Nunes v. Lizza*." (Doc. 181 at 5.)

Defendants respond that "Plaintiffs have not demonstrated the requisite diligence under Rule 16(b) to modify the scheduling order to pursue their new false light invasion of privacy and civil conspiracy claims." (Doc. 175 at 8.)  Defendants assert that Plaintiffs false light claim, and evidence of any alleged injury arising from this claim, is "entirely premised on facts known to Plaintiffs, or of which Plaintiffs had notice, since virtually the inception of the case." (*Id.* at 9-10.)  Defendants further assert that Plaintiffs have also been aware of, or at least had the opportunity to discover, facts supporting their conspiracy claim since April 2020. (*Id.* at 10.)  Defendants maintain that Plaintiffs have not shown good cause to modify the scheduling order to add claims of false light invasion of privacy and conspiracy after the motion to amend pleadings deadline because they did not diligently pursue those claims. (*Id.* at 5, 8-10.)  Defendants also argue that allowing Plaintiffs to add claims of false light invasion of privacy and conspiracy at this stage in the litigation "would occasion delay and unnecessarily prejudice Defendants." (*Id.* at 11.)  Defendants raise no specific arguments under Federal Rule of Civil Procedure 16(b)(4) challenging Plaintiffs' proposed addition of the defamation by implication or actual malice claims.

### 2.    *Analysis*

#### a.    *False Light Invasion of Privacy*

Plaintiffs have failed to show that they were diligent in seeking to add a claim for false light invasion of privacy.  Because Plaintiffs filed their motion seeking leave to amend their complaint fifteen months after the deadline in the scheduling order to amend pleadings, they must show good cause for such motion to be granted.  *See Hartis*, 694

F.3d at 948. The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Id.* (quoting *Popoalii*, 512 F.3d at 497). Diligence can be established through a showing that "a change in the law, the discovery of new facts, or some other change in circumstances" makes it possible for the moving party to now bring a claim they were previously unable to assert within the scheduling order's timeline. *Id.* at 949. "Determin[ing] whether a party was diligent in asserting a claim . . . [requires] consider[ing] what would be required to prove such a claim." *Transamerica*, 590 F. Supp. 2d at 1101.

To succeed on a claim of false light invasion of privacy under Iowa law, a plaintiff must show that:

> "[A]n untruthful publication . . . places [the plaintiff] before the public in a manner that would be highly offensive to a reasonable person." In addition, the [defendant] must have "had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the [plaintiff] would be placed."

*Doe v. Hagar*, 765 F.3d 855, 864 (8th Cir. 2014) (quoting *Willson v. City of Des Moines*, 386 N.W.2d 76, 83 n.8 (Iowa 1986); *Winegard v. Larsen*, 260 N.W. 2d 816, 823 (Iowa 1977)) (applying Iowa law); *see also McFarland v. McFarland*, 684 F. Supp. 2d 1073, 1092-93 (N.D. Iowa 2010). A claim of false light invasion of privacy "overlaps the law of defamation." *McFarland*, 684 F. Supp. 2d at 1093 (quoting *Winegard*, 260 N.W. 2d at 823). The facts Plaintiffs seek to allege here in support of their false light invasion of privacy claim are essentially the same facts alleged in their initial complaint. Plaintiffs' proposed amended complaint alleges that:

> By publishing the Article online, in print and via social media, by appearing on CNN to discuss the Article, and by causing the republication of the untrue and defamatory statements, Defendants generated substantial and widespread publicity about the false statements of or concerning Plaintiffs, and placed Plaintiffs before the public at large in a false light.

16

(Doc. 172-1 at 30.)  However, Plaintiffs' original complaint filed January 16, 2020 alleged, "Lizza and Hearst made and published to third-parties . . . and to print media, mainstream media, and social media[] numerous false factual statements of and concerning Plaintiffs." (Doc. 1 at 12.)

The factual basis for Plaintiffs' false light invasion of privacy claim— the publication of the article— has clearly been known to Plaintiffs since at least January 16, 2020.  Plaintiffs even admit that the false light invasion of privacy claim "presents no new facts." (Doc. 181 at 5.)  "[W]here a party could have pleaded the claim . . . within the parameters of the court's scheduling order[] because the party was aware of the underlying facts and circumstances giving rise to the claim . . . , lack of diligence and unwarranted delay, not 'good cause,' are present." *Transamerica*, 590 F. Supp. 2d at 1104 (citing *Leary*, 349 F.3d at 907).  Because Plaintiffs have been aware of the factual basis for their proposed false light invasion of privacy claim for essentially the entire lifespan of this litigation, they have failed to show diligence in bringing this claim due to the existence of newly discovered facts.

However, Plaintiffs maintain that they were nevertheless diligent in seeking leave to add a false light invasion of privacy claim because the Eighth Circuit's ruling in Devin Nunes's suit "constitutes a 'change in the law' or another 'significant changed circumstance.'" (Doc. 181 at 4.)  While this argument may have merit as it relates to some of Plaintiffs' other proposed amendments, it is irrelevant to my determination of Plaintiffs' false light invasion of privacy claim.  There is no mention of a false light invasion of privacy claim in the Eighth Circuit's decision in *Nunes v. Lizza*, as such a claim was never alleged by Devin Nunes.  Plaintiffs had all relevant facts to bring a false light invasion of privacy claim in their possession, or such facts were discoverable to Plaintiffs, well before the motion to amend pleadings deadline of July 10, 2020.  Rather than incorporating new facts or a change in the law, the false light invasion of privacy

claim is merely a "legal variation[] on a theme [Plaintiffs] have been litigating for years."[5] *Kmak v. Am. Century Co.*, 873 F.3d 1030, 1034 (8th Cir. 2018). The ruling in *Lizza v. Nunes* does not open the door for Plaintiffs to add claims that they could have, but did not, plead prior to the ruling or to the motion to amend pleadings deadline. Plaintiffs have therefore failed to show the requisite diligence and good cause under Federal Rule of Civil Procedure 16(b) to amend their pleadings to add a false light invasion of privacy claim.[6] Plaintiffs' motion for leave to amend their complaint to include Count III False Light Invasion of Privacy is denied.

### b.    *Common Law Conspiracy*

Plaintiffs have also failed to show that they were diligent in seeking to add a claim of common law conspiracy for many of the reasons discussed above. Under Iowa law, a conspiracy claim is not an independent cause of action, "but rather requires the commission of an underlying wrong for which liability may be extended to an additional defendant by virtue of a conspiracy." *Cunningham v. PFL Life Ins. Co.*, 42 F. Supp. 2d 872, 884 (8th Cir. 1999) (analyzing and applying Iowa law). To succeed on a conspiracy claim under Iowa law, a plaintiff must prove both the underlying wrong and that "an agreement was made to commit the wrong." *Id.*

Plaintiffs clearly contemplated bringing a conspiracy claim as early as April 14, 2020, as evidenced through their statements in their Rule 26(a)(1) Disclosures. (*See* Doc. 175-3.) In their disclosures, Plaintiffs state that:

---

[5] This is supported by the fact that false light invasion of privacy "overlaps the law of defamation," a claim that Plaintiffs have alleged since the inception of this suit. *McFarland*, 684 F. Supp. 2d at 1093 (quoting *Winegard*, 260 N.W. 2d at 823).

[6] Because Plaintiffs were not diligent in seeking leave to add a false light invasion of privacy claim, there is no need to consider whether Defendants would be prejudiced by the addition of this claim. Lack of diligence can be, as it is here, the sole basis for denying a motion to amend. *See Hartis*, 694 F.3d at 948 (The focus of a good cause analysis under Rule 16(b) is "in the first instance (and usually solely) on the diligence of the party who sought modification of the order.") .

18

> The following persons are likely to have discoverable information that the
> Plaintiffs may use to support the facts and allegations in his [sic] complaint.
> . . . Devin G. Nunes[,] . . . Ryan Lizza and Esquire[,] . . . Olivia Nuzzi[,]
> . . . [and] Cable News Network, Inc. (CNN).

(*Id.* at 3-4.) Plaintiffs further state in their disclosures that Devin Nunes has knowledge of "the Defendants' defamation and *conspiracy*," that Ryan Lizza and Esquire have knowledge of "Lizza's *conspiracy* to publish false and defamatory statements," and that Olivia Nuzzi has knowledge of her "*conspiracy* with Lizza to defame Plaintiff [sic]." (*Id.* (emphasis added).) Additionally, between June 2, 2020 and January 28, 2021, Plaintiffs subpoenaed Ms. Nuzzi, CNN, and Fusion GPS. (*See* Docs. 175-4; 175-5; 175-6; 175-7.) It appears that no depositions or further discovery ever resulted from these subpoenas.

In their proposed amended complaint seeking to add a common law conspiracy claim, Plaintiffs now name Mr. Lizza, agents of *Esquire*, Ms. Nuzzi, agents of CNN, and "political operatives and agents of opposition research firms" as members of the alleged conspiracy. (Doc. 172-1 at 30.) However, Plaintiffs' Rule 26(a)(1) disclosures identify all the persons named above as having discoverable information relevant to Plaintiffs' claims, and identify Ms. Nuzzi, Mr. Lizza, and *Esquire* (as well as Devin Nunes and Plaintiffs themselves) as having knowledge of "Defendants' defamation and conspiracy." (Doc. 175-3 at 3-4.) This demonstrates that Plaintiffs had knowledge of a conspiracy claim, and the ability to discover facts that could support that claim, since at least April 14, 2020. *See Barstad v. Murray Cnty.*, 420 F.3d 880, 883 (8th Cir. 2005) (holding that a district court does not abuse its discretion in denying leave to amend when the plaintiffs "knew of the claims they sought to add when they filed the original complaint.") Plaintiffs' untimely motion now seeking to add a common law conspiracy claim is not diligent because Plaintiffs could have alleged that same claim prior to the deadline to amend pleadings.

19

Despite having knowledge of, and the ability to discover facts supporting, a possible common law conspiracy claim since April 2020, Plaintiffs appear to be arguing that the Eighth Circuit's decision in *Nunes v. Lizza* constitutes a change in the law or change in circumstances sufficient to show good cause for their late proposed amendment. But *Nunes v. Lizza* involves no change in the law that makes Plaintiffs' conspiracy claim "more viable" now than it was prior to the scheduling deadline for amending pleadings. *See Sherman*, 532 F.3d at 718. Devin Nunes's complaint alleged a conspiracy claim from the outset; this claim was dismissed by the district court because the tort underlying the claim, defamation, was also dismissed. *Nunes v. Lizza*, 476 F. Supp. 824, 861 (N.D. Iowa 2020) ("[A] claim for conspiracy must be predicated on some underlying tortious conduct" under Iowa law). The Eighth Circuit then reinstated the conspiracy claim because it also reinstated the claim for the underlying wrong, defamation by implication. *Nunes*, 12 F.4th at 901.

The Eighth Circuit's reinstatement of Devin Nunes's conspiracy claim has no bearing on Plaintiffs' conspiracy claim because Plaintiffs could have, but did not, seek leave to plead that claim before the deadline, whereas Devin Nunes alleged a conspiracy claim in his initial complaint. Because Plaintiffs had available, but chose not to plead, a viable conspiracy claim prior to the deadline to amend pleadings, Plaintiffs were not diligent in pleading this claim. *See Hartis*, 694 F.3d at 948. Therefore, Plaintiffs' motion for leave to amend their complaint to include Count IV Common Law Conspiracy is denied.

### c.  *Defamation by Implication and Actual Malice*

Plaintiffs were diligent in seeking leave to amend their complaint to add claims of defamation by implication and actual malice. Plaintiffs alleged both defamation by implication and actual malice in their Complaint (Doc. 1), filed January 16, 2020, and their Amended Complaint (Doc. 28), filed May 24, 2020. Both Plaintiffs' complaint and

amended complaint were filed prior to the July 10, 2020 deadline for motions to amend pleadings. The Court subsequently dismissed all but one of Plaintiffs' claims, including their claims of defamation by implication and actual malice, under Federal Rule of Civil Procedure 12(b)(6). (*See* Doc. 50.) In a separate action, Devin Nunes also brought defamation and actual malice claims against Defendants arising out of substantially the same conduct that forms the basis of Plaintiffs' claims; the Court similarly dismissed Devin Nunes's claims under Rule 12(b)(6). *See Nunes*, 476 F. Supp. 3d at 862. However, Devin Nunes appealed the dismissal, and the Eighth Circuit reversed the Court's ruling in part, reinstating Devin Nunes's claims for defamation by implication and actual malice.[7] *Nunes*, 12 F.4th at 901.

On the same day that the Eighth Circuit reinstated Devin Nunes's claims for defamation by implication and actual malice, which closely mirror the claims Plaintiffs hope to add, Plaintiffs notified the Court of their intent to seek "leave to file an amended complaint re-asserting the claim of defamation by implication" in this action. (Doc. 162 at 2.) Plaintiffs filed this motion a little over three weeks later. Plaintiffs were therefore diligent in moving to amend their complaint to restate claims for defamation by implication and actual malice because they promptly sought leave to amend their complaint after the Eighth Circuit's decision in *Nunes*. *See Baldwin*, 333 F. Supp. 3d at 829 ("[T]he [moving party] was diligent in that it acted promptly to amend its [pleading] to assert the new [claim resulting from a change in the law] by filing its request to amend within two weeks of the Iowa Supreme Court's decision."); *see also Stark v. Hamelton*, No. 2:18-CV-00069, 2021 WL 4056716, at *5 (S.D. Iowa, Sept. 2, 2021) (finding the

---

[7] The Eighth Circuit also reinstated Devin Nunes's related common law conspiracy claim because it reversed the dismissal of the underlying tort—defamation by implication. *Nunes*, 12 F.4th at 901. The implications of this part of the Eighth Circuit's decision in *Nunes* for Plaintiffs are discussed above.

moving party was diligent when he sought leave to amend within three weeks of a change in the law).

The Eighth Circuit's ruling reinstating Devin Nunes's defamation by implication and actual malice claims constitutes a sufficient change in the law, or at least a sufficient change in circumstances, to satisfy the good cause requirement of Federal Rule of Civil Procedure 16(b). Because this Court dismissed Devin Nunes's claims, I find that Plaintiffs "could not have . . . reasonably foreseen" the Eighth Circuit's reversal of that dismissal. *Baldwin*, 333 F. Supp. 3d at 829 (concluding that the defendant met the Rule 16(b) good cause requirement when an unforeseeable change in Iowa law made an affirmative defense available). However, Plaintiffs' showing of good cause to amend their complaint to add claims of defamation by implication and actual malice does not end the inquiry. Instead, the proposed amendments must also pass muster under Federal Rule of Civil Procedure 15(a). And while leave to amend under Rule 15 should be freely given "when justice so requires," such leave is properly denied when "there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Hartis*, 694 F.3d at 948 (quoting *Sherman*, 532 F.3d at 715).

## F. Whether Plaintiffs' Motion to Amend Should be Denied Under Federal Rule of Civil Procedure 15(a)

### 1. The Parties' Arguments

Plaintiffs argue that there has been no undue delay, futility, bad faith, or prejudice to Defendants to justify denying them leave to amend to add claims of defamation by implication and actual malice. (Doc. 172-3 at 4.) Plaintiffs maintain that amending the complaint to add a claim of actual malice would not be futile because, following the Eighth Circuit's ruling reinstating Devin Nunes's actual malice claim, Plaintiffs "can

plausibly allege actual malice [and] . . . have the right to claim punitive damages."[8]
(Doc. 181 at 2 (emphasis omitted).)  Plaintiffs seek leave to add a claim that Mr. Lizza's
tweet of a hyperlink to the article they allege is defamatory on November 20, 2020 was
a republication of the article with actual malice because "Plaintiffs delivered notice and
demand for retraction to Hearst that put Hearst on notice" of the article's alleged
defamatory nature on November 14, 2020.  (Docs. 172-1 at 15; 181 ¶ 3.)  Plaintiffs
allege that Mr. Lizza, in tweeting the hyperlink after Plaintiffs made their retraction
demand to Hearst, "engaged in purposeful avoidance of the truth, which constitutes actual
malice."  (Doc. 172-1 at 23.)

Plaintiffs argue that they should be permitted to add their claim of actual malice
because these alleged facts are similar to those in Devin Nunes's suit, where the Eighth
Circuit held that Devin Nunes plausibly pled a claim of actual malice based on Mr.
Lizza's tweet of a hyperlink to the alleged defamatory article after Devin Nunes filed his
lawsuit.  (Doc. 181 ¶ 1 (citing *Nunes*, 12 F.4th at 901).)  Plaintiffs contend that, just as
Devin Nunes's claim of actual malice was reinstated by the Eighth Circuit, so too should
their claims of actual malice and punitive damages be reinstated because they can allege
facts plausibly showing that Mr. Lizza's tweet of the hyperlink after Plaintiffs' retraction
demand to Hearst was a republication of the article with actual malice.  (*Id.* ¶¶ 3, 5.)
Additionally, Plaintiffs maintain that audiotapes Mr. Lizza made while writing the article,
which were turned over to Plaintiffs during discovery, "demonstrate that Defendants
published statements in the [a]rticle that they knew to be false" and therefore show that
Defendants acted "with actual malice and reckless disregard for the truth."  (Docs. 172-
1 at 22; 172-3 ¶ 3.)

---

[8] Plaintiffs do note, however, that "[d]iscovery will reveal whether [they] can come up with
evidence to support the defamatory implication of the article."  (Doc. 181 at 2.)

Though Plaintiffs spend much of their briefing arguing for the addition of an actual malice claim, Plaintiffs also seek to add a claim of defamation by implication. Because the Eighth Circuit reinstated Devin Nunes's defamation by implication claim, Plaintiffs believe they should also be granted leave to reassert a defamation by implication claim because, like the actual malice claim, it would arise out of the same article. (*See* Docs. 172-3 ¶ 1; 181 ¶ 1.) Plaintiffs argue that "the [a]rticle juxtaposes a series of facts so as to imply a defamatory connection between them" and that "[t]he defamatory gist and implication of the [a]rticle is that Plaintiffs conspired or colluded with Devin [Nunes] and with others to hide or cover-up that NuStar employs undocumented labor." (Doc. 172-1 at 16-17.) Finally, Plaintiffs argue that amending the complaint to add actual malice and defamation by implication claims should not surprise, and will not prejudice, Defendants. (Doc. 181 ¶ 7.)

Defendants respond that Plaintiffs should not be granted leave to assert a claim of actual malice and demand for punitive damages because this claim and demand are futile and could not survive a motion to dismiss. (Doc. 175 at 13.) Defendants argue that "Plaintiffs' proposed third amended complaint . . . does not contain . . . facts that plausibly support a finding of fault as set by the *Times v. Sullivan* actual malice standard." (*Id*. at 13-14 (citing *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964).) Defendants contend that Plaintiffs did "not supply any facts indicating that Lizza knew about [Plaintiffs'] retraction demand at the time" he tweeted the hyperlink to the article. (*Id*. at 15.) Further, Defendants assert that Mr. Lizza no longer worked for *Esquire* magazine, owned by Hearst, at the time he tweeted the hyperlink, and that Plaintiffs know this fact but omitted it from their proposed third amended complaint. (*Id*.)

Defendants also argue that the fact that Devin Nunes had filed his lawsuit prior to Mr. Lizza's tweet has no bearing on whether Plaintiffs in this case believed the article to be false or defamatory. (*Id*.) Defendants maintain that, because Plaintiffs had not filed

their lawsuit prior to Mr. Lizza's tweet on November 20, 2019, the more likely inference is that "Plaintiffs did not contend the reporting was false" at that time. (*Id.* at 15-16.) Defendants argue that "there is no factual allegation in the Third Amended Complaint that Mr. Lizza was on notice of Plaintiffs' retraction demand sufficient to meet the pleading standard for actual malice" and that the Eighth Circuit's reinstatement of Devin Nunes's actual malice claim is irrelevant to Plaintiffs' motion seeking leave to amend. (*Id.* at 1, 16.) Defendants also respond that Mr. Lizza's audiotapes do not support allegations of actual malice or reckless disregard for the truth, but rather demonstrate "the diligence with which Lizza conducted his reporting." (*Id.* at 14.) Defendants ask the Court to deny Plaintiffs' motion to amend in its entirety, but otherwise provide no argument against Plaintiffs' proposed addition of a defamation by implication claim in light of the Eighth Circuit's ruling.

  *2. Analysis*

  Because, as discussed above, Plaintiffs were diligent in asserting their claims of actual malice and defamation by implication and have shown a requisite change in the law constituting good cause under Federal Rule of Civil Procedure 16(b), the inquiry is now whether there is a "compelling reason" to deny Plaintiffs leave to amend under Federal Rule of Civil Procedure 15(a). *See Sherman*, 532 F.3d at 715, 717 (noting that the court will not consider prejudice to the non-movant, and other compelling reasons for denying a motion to amend under Rule 15(a), "if the movant has not been diligent in meeting the scheduling order's deadlines"). Compelling reasons to deny leave to amend include undue delay or intent to cause delay, bad faith, undue prejudice to the non-movant, repeated failure to cure deficiencies in previous amendments, and futility of the amendment. *Id.* at 715. If no such compelling reason for denial is present, then leave to amend should be "freely give[n] . . . when justice so requires." *Id.* Defendants do not argue, and I do not find, that Plaintiffs have caused or intend to cause undue delay in

bringing this motion, have brought this motion in bad faith, or have failed to cure previous pleading deficiencies. Therefore, I will focus my analysis on whether Plaintiffs' proposed claims are futile and whether addition of these claims at this stage of the litigation will unfairly prejudice Defendants.

### a. Whether Plaintiffs' Proposed Actual Malice and Defamation by Implication Claims are Futile

As discussed above, a proposed amendment may be denied based on futility if it is contrary to a court's prior determination. Furthermore, an amendment may also be denied because of futility where it cannot survive a motion to dismiss.

### i. Actual Malice

Plaintiffs' proposed claim of actual malice must not be futile to be to be added. This does not require Plaintiffs to *prove* Defendants acted with actual malice by clear and convincing evidence,[9] but rather merely requires Plaintiffs to "lay out enough facts from which [actual] malice might reasonably be inferred." *Id.* (quoting *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 58 (1st Cir. 2012)). Because the question of futility of a proposed amendment sounds in Federal Rule of Civil Procedure 12(b)(6), Plaintiffs need only allege concrete facts that are reasonably likely to have evidentiary support to assert a plausible, non-futile claim of actual malice. *See Twombly*, 550 U.S. at 555-56.

For the Court to reasonably infer that Defendants acted with actual malice, Plaintiffs must plead facts sufficient to show that Defendants published a statement "with knowledge that it was false or with reckless disregard of whether it was false or not." *New York Times*, 376 U.S. at 280. A reasonable inference of actual malice will not be

---

[9] Under Iowa law, proving actual malice by clear and convincing evidence is instead the standard at the trial, or summary judgment, stage of litigation. *See Betrand v. Mullin*, 846 N.W.2d 884, 892 (Iowa 2014). When considering whether a claim of actual malice could survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the hurdle is not so high.

"satisfied merely through a showing of ill will or 'malice' in the ordinary sense of the term," but instead requires Plaintiffs to plead facts indicating the likely existence of evidence showing that Defendants "made [a] false publication with a 'high degree of awareness of . . . probable falsity[]' or . . . 'entertained serious doubts as to the truth of [the] publication.'" *Harte-Hanks Comms., Inc. v. Connaughton*, 491 U.S. 657, 667 (1989) (first omission in original) (citations omitted) (quoting *Garrison v. Louisiana*, 379 U.S. 64, 74 (1964); *St. Amant v. Thompson*, 390 U.S 727, 731 (1968)).

The Eighth Circuit held that Devin Nunes's complaint was "insufficient to state a claim of actual malice as to [Defendants'] original publication" of the article. *Nunes*, 12 F.4th at 899. However, the Eighth Circuit reversed the dismissal of Devin Nunes's actual malice claim as is relates to Mr. Lizza's tweet of a hyperlink to the article on November 20, 2019—after Devin Nunes had filed his suit against Defendants. *Id.* at 899-901. The Eighth Circuit reasoned the November 20, 2019 tweet of a hyperlink to the article could plausibly be a republication of the article because the tweet reached, and intended to reach, a new audience, constituting a separate publication of the article that "justifies a new cause of action" and actual malice claim. *Id.* at 900 (quoting Restatement (Second) of Torts § 577A(3) (Am. L. Inst. 1977)). Additionally, the Eighth Circuit found that Devin Nunes pleaded facts plausibly showing "Lizza was on notice of the article's alleged defamatory implication by virtue of [Devin Nunes's] lawsuit," which had been filed about two months prior to the tweet of the hyperlink. *Id.* Under these circumstances, the Eighth Circuit held that "[t]he pleaded facts are suggestive enough to render it plausible that Lizza . . . engaged in the purposeful avoidance of the truth" by tweeting the hyperlink and, in doing so, acted with actual malice. *Id.* at 901 (quoting *Harte-Hanks*, 491 U.S. at 692).

The Eighth Circuit held that Devin Nunes pled facts sufficient to support the inference that the tweet was a separate publication of the article. *Id.* at 900-01. Plaintiffs

seek leave to plead essentially the same facts, i.e., that Mr. Lizza tweeted the hyperlink intending the article to become part of the news cycle surrounding then-President Trump's November 2019 impeachment hearings. (*See* Doc. 172-1 ¶ 25.) While other jurisdictions may indicate "that 'mere reference to an article,' or a 'mere hyperlink,'" are not alone republications, the Eighth Circuit has held that Devin Nunes "adequately allege[d]" that the November 20, 2019 tweet is a republication of the article intending to reach, and actually reaching, a new audience. *Nunes,* 12 F.4th at 900 (citations omitted). Therefore, I find that Plaintiffs' proposed amended complaint similarly pleads facts sufficient to support the conclusion that the November 20, 2019 tweet is a republication of the article upon which a claim of actual malice may be based.

To support their proposed claim that Mr. Lizza's tweet is a republication of the article with actual malice, Plaintiffs seek leave to allege that:

> On November 14, 2019, Plaintiffs delivered notice and demand for retraction to Hearst that put Hearst on notice of the false and defamatory statements in the Article. The Defendants disregarded Plaintiffs' notice. The November 2019 tweet was [therefore] published with actual malice and reckless disregard for truth and consequences to Plaintiffs.

(Doc. 172-1 ¶ 25.) Plaintiffs' proposed amended complaint further alleges that "Lizza tweeted the Article in November 2019 after Plaintiffs sent Hearst notice and a demand to retract *and* after Devin filed a lawsuit and denied the Article's defamatory implication." (*Id.* ¶ 40(b) (emphasis added).) As the Eighth Circuit notes, a person "who repeats a defamatory statement or implication after being informed of its falsity 'does so at the peril of generating an inference of actual malice.'" *Nunes,* 12 F.4th at 900 (quoting *Bertrand v. Mullin*, 846 N.W.2d 885, 901 (Iowa 2014)). In Devin Nunes's suit, the Eighth Circuit held that, by alleging he had filed his lawsuit prior to Mr. Lizza's November 2019 tweet, Devin Nunes plausibly pled facts supporting the inference that

Mr. Lizza had, at the time of the tweet, recklessly disregarded the truth and acted with actual malice. *Id.* at 901.

The facts Plaintiffs seek leave to plead regarding actual malice are not as similar to the facts in Devin Nunes's case as the proposed allegations relating to republication. The Eighth Circuit held that, by filing his lawsuit, Devin Nunes put Mr. Lizza on notice that he believed the article created false or defamatory implications about him. *Id.* In that case, Devin Nunes filed suit against Mr. Lizza and Hearst Magazine Media, and Mr. Lizza tweeted the hyperlink after the suit had been filed. In contrast, Plaintiffs in this case delivered a notice and demand to retract the article to Hearst prior to Mr. Lizza's November 20, 2019 tweet, but not to Mr. Lizza.[10] As Defendants point out, Mr. Lizza was no longer employed by Hearst at the time Plaintiffs sent this notice and demand for retraction. (Doc. 175 at 15.) Additionally, Plaintiffs did not file this lawsuit until January 16, 2020, after Mr. Lizza had tweeted the hyperlink on November 20, 2019. (*See* Doc. 1.) The factual differences between Devin Nunes's actual malice claim, which was reinstated by the Eighth Circuit, and Plaintiffs' actual malice claim, which they are seeking leave to reassert, appear significant.

However, under the *Twombly/Iqbal* standard employed when determining whether a proposed amendment is futile under Federal Rule of Civil Procedure 15(a), there is no "probability requirement at the pleading stage." *Nelson Auto Ctr., Inc. v. Multimedia Holdings Corp.*, 951 F.3d 952, 958 (8th Cir. 2020). Despite some dissimilarity between the facts Plaintiffs seek leave to allege regarding actual malice and the facts Devin Nunes alleged, I find that Plaintiffs have proposed "enough fact[s] to raise a reasonable inference that discovery will reveal evidence" that Mr. Lizza was on notice when he tweeted the

---

[10] Devin Nunes also alleged that he notified Hearst and Mr. Lizza and demanded a retraction of the article prior to filing his lawsuit. *See* Amended Complaint ¶ 38, *Nunes v. Lizza*, 476 F. Supp. 3d 824 (N.D. Iowa 2020) (No. 19-CV-4064). The Eighth Circuit did not mention this in its opinion reinstating Devin Nunes's claim for actual malice.

29

hyperlink to the article on November 20, 2019 that Plaintiffs' found the article defamatory and, therefore, it was tweeted with actual malice.[11]  Whether Plaintiffs' actual malice claim is more or less likely to succeed than Devin Nunes's actual malice claim is irrelevant for the purposes of deciding this motion to amend.  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of th[e] facts is improbable, and that a recovery is very remote and unlikely."  *Twombly*, 550 U.S. at 556.  Plaintiffs propose pleading facts (i.e., that Mr. Lizza was put on notice that Plaintiffs found the article defamatory prior to his November 20, 2019 tweet of a hyperlink to the article) for which evidentiary support could plausibly exist.  Plaintiffs' proposed actual malice claim is therefore not futile under Federal Rule of Civil Procedure 15(a) because it states a plausible cause of action under the *Twombly/Iqbal* standard.

## ii.    *Defamation by Implication*

Similarly, Plaintiffs' proposed claim of defamation by implication must not be futile under Federal Rule of Civil Procedure 15(a) for their motion seeking leave to add this claim to be granted.  Neither Plaintiffs nor Defendants spent much effort developing their arguments on this issue, perhaps because they felt it was a foregone conclusion in light of the Eighth Circuit's ruling in Devin Nunes's suit.  Nevertheless, I will examine whether Plaintiffs' motion to add a defamation by implication claim is futile under Rule 15, that is, whether their proposed defamation by implication claim "could . . . withstand

---

[11] In originally dismissing Plaintiffs' actual malice claim under Federal Rule of Civil Procedure 12(b)(6), the Court noted that Plaintiffs' prior amended complaint alleged no facts showing that the demand for retraction was made prior to Mr. Lizza's tweet, or that this demand put Defendants on notice that Plaintiffs believed the article to be false or defamatory.  *See Nunes v. Lizza*, 486 F. Supp. 3d 1267, 1298 (N.D. Iowa 2020).  In their proposed amended complaint, Plaintiffs directly address these previous pleading deficiencies by alleging that the demand for retraction was sent to Hearst on November 14, 2019 and that this demand put Mr. Lizza on notice that Plaintiffs considered the article defamatory.  (Doc. 172-1 ¶¶ 25, 40(b).)  Plaintiffs have therefore added "further factual enhancement" to their actual malice allegations sufficient to plausibly state a claim under the *Twombly/Iqbal* standard.  *Twombly*, 550 U.S. at 557.

a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Zutz*, 601 F.3d at 850 (quoting *Cornelia*, 519 F.3d at 782). In undertaking this analysis, as discussed above, I will determine whether Plaintiffs' proposed amended "complaint . . . contain[s] sufficient factual matter, accepted as true, to 'state a claim [of defamation by implication] that is plausible on its face'" and reasonably likely to have evidentiary support. *See Iqbal*, 556 U.S. at 129 (quoting *Twombly*, 550 U.S. at 570).

To plausibly plead a claim of defamation by implication under Iowa law, a plaintiff must allege facts sufficient to demonstrate the reasonable likelihood that discovery will reveal evidence "that a defendant has juxtaposed a series of facts so as to imply a defamatory connection between them, or created a defamatory implication by omitting facts even though the facts were correct." *Nelle v. WHO Television, LLC*, 342 F. Supp. 3d 879, 900 (S.D. Iowa 2018) (citing *Stevens v. Iowa Newspapers, Inc.*, 728 N.W.2d 823, 827-28 (Iowa 2007) (holding that Iowa now "expressly adopt[s] the principle of defamation by implication"). In Devin Nunes's suit, the Eighth Circuit held that pleading a plausible claim of defamation by implication does not require demonstrating that the alleged defamatory implications are juxtaposed in consecutive sentences, but rather requires showing only that a reader could "connect the dots" and draw a defamatory implication from the article as a whole. *Nunes*, 12 F.4th at 897. The Eighth Circuit stated that:

> [T]he article's principal theme is that [Devin] Nunes and his family hid the farm's move to Iowa—the "politically explosive" secret. The article then sets forth a series of facts about the supposed conspiracy to hide the farm's move, the use of undocumented labor at Midwestern dairy farms, the Nunes family farm's alleged use of undocumented labor, and [Devin Nunes's] position on immigration enforcement, in a way that reasonably implies a connection among those asserted facts.

*Id.* "Based on the article's presentation of facts, [the Eighth Circuit found that] the complaint plausibly alleges that a reasonable reader could draw the implication that [Devin] Nunes conspired to hide the farm's use of undocumented labor." *Id.*

Plaintiffs assert essentially the same claim as Devin Nunes, alleging substantially the same facts, just in reverse. While the alleged defamatory implication in Devin Nunes's suit is that he conspired with his family and others to hide NuStar Farms' use of undocumented labor, Plaintiffs seek leave to assert that "[t]he defamatory gist and implication of the Article is that *Plaintiffs* conspired or colluded with *Devin* and with others to hide or cover-up that NuStar employs undocumented labor."[12] (Doc. 172-1 ¶ 30 (emphasis added).) Plaintiffs lay out the same list of statements in the article that the Eighth Circuit summarized, above, asserting that these "statements insinuate that the farm's use of undocumented labor is the reason that Plaintiffs and Devin were hiding the family's move and their operation of an Iowa dairy farm." (*Id.* ¶ 29.) Because the Eighth Circuit found that Devin Nunes had plausibly pled a defamation by implication claim by asserting these facts, I therefore find Plaintiffs' proposed amended complaint also contains sufficient, nearly identical factual assertions to state a plausible claim for defamation by implication.

The Eighth Circuit also concluded that Devin Nunes pled facts plausibly showing that the article's alleged defamatory "implication 'is factual and provable'" and is thus not protected opinion. *Nunes*, 12 F.4th at 899 (quoting *Toney v. WCCO Television, Midwest Cable & Satellite, Inc.*, 85 F.3d 383, 393-94 (8th Cir. 1996)). Plaintiffs quote

---

[12] Paragraph 30 of Plaintiffs' proposed third amended complaint, where this language is drawn from, is almost identical to Paragraph 13 of Devin Nunes's amended complaint that was before the Eighth Circuit. *See* Amended Complaint ¶ 13, *Nunes v. Lizza*, 476 F. Supp. 3d 824 (N.D. Iowa 2020) (No. 19-CV-4064) ("The strong defamatory gist and false implication of the [article] is that [Devin Nunes] conspired or colluded with his family and with others to hide or cover-up a "Politically Explosive Secret": that [Devin Nunes's] dairy farm, NuStar Farms, employs undocumented labor.").

32

verbatim, without citation, language from the Eighth Circuit's opinion in Devin Nunes's suit in their proposed amended complaint[13] to support their claim that the implication that Plaintiffs conspired with Devin Nunes and others to keep NuStar's use of undocumented labor secret is capable of being proven true or false and is therefore not protected opinion. (*See* Doc. 172-1 ¶ 32.) Just as the Eighth Circuit found the implication that Devin Nunes conspired with Plaintiffs (his family) to keep NuStar Farms' use of undocumented labor secret an "issue[] of verifiable fact," I find that by asserting substantially the same facts, Plaintiffs have also plausibly shown that the implication they conspired with Devin Nunes to keep NuStar's secret is capable of being proven true or false. *Nunes*, 12 F.4th at 898.

Finally, the Eighth Circuit assumed, without deciding, "that the First Amendment imposes a subjective intent requirement in defamation-by-implication cases." *Id.* at 899. A plaintiff demonstrates a defendant's subjective intent by showing that "the particular manner or language in which the true facts are conveyed[] supplies . . . affirmative evidence suggesting that the defendant intends or endorses the defamatory inference." *Id.* (omission in original) (emphasis omitted) (quoting *White v. Fraternal Order of Police*, 909 F.2d 512, 520 (D.C. Cir. 1990)). Noting that Devin Nunes's complaint "points to the article's 'click-bait headline' . . . , its discussion of [Devin Nunes's] efforts to conceal the farm's move to Iowa, and its claim that the farm employs undocumented labor," the

---

[13] *Compare Nunes*, 12 F.4th at 898 ("But the important facts can be confirmed or refuted. . . . A conspiracy is an agreement that requires knowledge—here, knowledge that the farm employed undocumented labor and a knowing agreement to cover up that politically embarrassing fact. . . . Whether Nunes knew about the farm's hiring practices, including the potential use of undocumented labor, and whether he agreed with others to keep that information secret, are issues of verifiable fact."), *with* Amended Complaint ¶ 32, *Nunes v. Lizza*, 476 F. Supp. 3d 824 (N.D. Iowa 2020) (No. 19-CV-4064) ("The Defendants' false facts can be confirmed and refuted. A conspiracy is an agreement that requires knowledge—here, knowledge that the farm employed undocumented labor and a knowing agreement to cover up that politically embarrassing fact. Whether Devin or Rep. King knew about NuStar's hiring practices, including the potential use of undocumented labor, and whether they agreed with Plaintiffs to keep that information secret, are issues of verifiable fact.").

Eighth Circuit held that "[t]he manner in which the article presents the discussion of the farm's use of undocumented labor permits a plausible inference that Lizza and Hearst intended or endorsed the implication." *Id.* Plaintiffs once again pull the language in their proposed amended complaint almost directly from the Eighth Circuit's opinion in Devin Nunes's case without citation.[14] However, because Plaintiffs' complaint alleges essentially the same facts as Devin Nunes's complaint regarding subjective intent, and the Eighth Circuit found that Devin Nunes had plausibly shown Defendants intended or endorsed the article's alleged defamatory implication, I find that Plaintiffs, under the *Twombly/Iqbal* standard, also propose pleading facts sufficient to allege Defendants intended or endorsed the alleged defamatory implication.

To summarize, Plaintiffs propose alleging facts that I find sufficient to support a defamation by implication claim. Plaintiffs also propose pleading facts that I find support a plausible inference that the alleged defamatory implication is not protected opinion and the defamatory implication was either intended or endorsed by Defendants. Therefore, I find that Plaintiffs' proposed third amended complaint "allege[s] 'enough fact[s] to raise a reasonable expectation that discovery will reveal evidence'" to support their plausibly pled defamation by implication claim. *Nelson Auto Ctr., Inc.*, 951 F.3d at 958 (second alteration in original) (quoting *Twombly*, 550 U.S. at 556). Because Plaintiffs' "proposed

---

[14] *Compare Nunes*, 12 F.4th at 899 ("The complaint points to the article's 'click-bait headline' that Nunes is hiding a 'politically explosive secret,' its discussion of his efforts to conceal the farm's move to Iowa, and its claim that the farm employs undocumented labor. The manner in which the article presents the discussion of the farm's use of undocumented labor permits a plausible inference that Lizza and Hearst intended or endorsed the implication."), *with* Amended Complaint ¶ 33, *Nunes v. Lizza*, 476 F. Supp. 3d 824 (N.D. Iowa 2020) (No. 19-CV-4064) ("The Article's click-bait headline that 'Devin Nunes's family farm' is hiding a 'politically explosive secret,' its discussion of Plaintiffs and Devin's efforts to conceal the farm's move to Iowa, its claim that NuStar employs undocumented labor, and the manner in which the Article presents the discussion of NuStar's use of undocumented labor, including the use of a menacing cartoon and stock photographs of ICE agents, permits a plausible inference that Lizza and Hearst intended or endorsed the implication.").

amended complaint states a cause of action under the *Twombly* pleading standard" for defamation by implication, I find that Plaintiffs' proposed defamation by implication claim is not futile under Federal Rule of Civil Procedure 15(a). *Zutz*, 601 F.3d at 850-51.

### b. Whether Plaintiffs' Proposed Actual Malice and Defamation by Implication Claims Unduly Prejudice Defendants

Leave to amend may also be denied under Federal Rule of Civil Procedure 15(a) if the proposed amendment would unduly prejudice the non-moving party. *Sherman*, 532 F.3d at 715. Defendants maintain that allowing Plaintiffs to add actual malice and defamation by implication claims "would unfairly prejudice Defendants, who litigated through discovery on the reasonable basis that these claims were not part of the case." (Doc. 175 at 2.) Though discovery closed in this case on August 2, 2021, I do not find that granting Plaintiffs leave to add actual malice and defamation by implication claims is unduly prejudicial to Defendants. (Doc. 61 at 1.) Plaintiffs originally asserted an actual malice claim in their complaint and first amended complaint, so the fact that Plaintiffs now seek to reassert this claim following the Eighth Circuit's ruling in the Devin Nunes case should come as no surprise to Defendants.

Additionally, a defamation by implication claim arising out of substantially the same facts has already been reinstated by the Eighth Circuit in Devin Nunes's case. Defendants will need to engage in discovery on what is essentially the same defamation by implication claim in that suit, and there has already been discussion of combining or incorporating discovery between Plaintiffs' case and Devin Nunes's case. (*See* Doc. 178 at 5-6, 15, 20.) And though there may be some disagreement on this point, it also appears that any additional discovery necessary to support claims of actual malice and defamation by implication should be minimal, as the parties have already engaged in substantial discovery on Plaintiffs' single express defamation claim. Because discovery may only be

reopened on the narrow issues of actual malice and defamation by implication, the parties have already engaged in significant discovery on other issues that will likely be applicable to these new claims, and the discovery in Devin Nunes's case on substantially the same issues is likely to be incorporated into Plaintiffs' case, I find that Plaintiffs' proposed additions of actual malice and defamation by implication claims do not unduly prejudice Defendants.

### 3.    *Conclusion*

Under Federal Rule of Civil Procedure 15(a), absent compelling reasons to the contrary, leave to amend "should [be] freely give[n] . . . when justice so requires." *Sherman*, 532 F.3d at 715.  I find that there are no compelling reasons, such as futility or undue prejudice, to deny Plaintiffs' leave to amend to add claims of actual malice and defamation by implication.   Therefore, Plaintiffs' motion for leave to amend their complaint to include Count II Defamation by Implication, and a claim of actual malice and punitive damages, is granted.

## III.    CONCLUSION

For the reasons provided herein, Plaintiffs' Motion for Leave to Amend their Complaint **(Doc. 172)** is **GRANTED IN PART AND DENIED IN PART**.  Plaintiffs' motion is **GRANTED** to allow Plaintiffs to add Actual Malice and Defamation by Implication claims.  Plaintiffs' motion is **DENIED** as to leave to amend to add False Light Invasion of Privacy and Common Law Conspiracy claims.

**DONE AND ENTERED** this 16th day of December, 2021.

Mark A. Roberts, United States Magistrate Judge
Northern District of Iowa

36