IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

|  |  |
|---|---|
| NuStar Farms, LLC, Anthony Nunes, Jr., and Anthony Nunes, III,<br><br>    Plaintiffs,<br><br>v.<br><br>Ryan Lizza and Hearst Magazine Media, Inc.,<br><br>    Defendants. | Case No. 5:20-cv-04003-CJW-MAR<br><br>**Defendants' Answer and Defenses to Plaintiffs' Third Amended Complaint** |

Defendants Ryan Lizza ("Lizza") and Hearst Magazine Media, Inc. ("Hearst," together with Lizza, "Defendants"), by and through their attorneys, hereby answer the Third Amended Complaint, ECF No. 188 (the "Complaint"), filed in this case by Plaintiffs NuStar Farms, LLC's ("NuStar"), Anthony Nunes, Jr. ("Anthony Jr."), and Anthony Nunes, III ("Anthony III," together with NuStar and Anthony Jr., "Plaintiffs"), and assert their denials and defenses to the Complaint.

The following headings and numbered paragraphs correspond to the headings and numbered paragraphs in the Complaint. Except as expressly admitted in the following enumerated Paragraphs 1-56, Defendants deny each and every allegation in the Complaint, including allegations contained in any headings, numbered paragraphs, or in unnumbered paragraphs of the Complaint.

The untitled first three paragraphs in the Complaint contain no allegations, so no response is required. To the extent a response is required, Defendants admit that Plaintiffs seek compensatory damages with interest and costs, but deny that Plaintiffs are entitled to recover anything, and further deny the remaining allegations in those paragraphs.

1

## Introduction

1. Defendants deny that "Plaintiffs are private individuals" or that they "operate a private business." Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and therefore deny them.

2. Denied.

3. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning the alleged "threatening phone calls," and therefore deny them. Defendants deny all other allegations in this paragraph.

4. Defendants admit that Plaintiffs seek monetary damages. Defendants deny that Plaintiffs are entitled to any monetary damages, and deny all other allegations in this paragraph.

## Parties

5. Defendants admit that NuStar operates a dairy farm in Sibley, Iowa. Defendants admit that Devin Nunes, a now-former California Congressman, is Anthony, Jr.'s son and Anthony III's brother. Defendants admit that Anthony Jr. and Anthony III "manage NuStar." Defendants deny all other allegations in this paragraph. Plaintiffs misstate the record that has developed in this case, and Defendants reserve all rights concerning Plaintiffs' false allegations in this paragraph.

6. Defendants admit that, "in 2006, Anthony Jr., Anthony Jr.'s wife Toni Dian ("Dian"), Anthony III and his family moved to Iowa [and] formed NuStar." Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph (including the footnote), and therefore deny them.

7. Lizza admits that he "works for Politico," and but denies that he was previously "a senior correspondent for Hearst," or that he was ever "employ[ed]" by Hearst, or that he ever

"[a]ct[ed] in a managerial capacity" with Hearst. Lizza admits that he "wrote the article at issue in this action for Hearst for publication in *Esquire* magazine." Lizza admits that the "article at issue in this case did not appear in any 'op-ed' column," but Hearst adds that *Esquire* magazine does not typically include distinct "op-ed" pages or columns like those typically found in newspapers. Lizza admits that he is a "political news correspondent." Lizza has, from time-to-time, referred to himself as a "political analyst." Defendants deny all remaining allegations in this paragraph.

8. Hearst admits that it is a Delaware corporation with its headquarters and principal place of business in New York. Hearst admits that it is an indirect subsidiary of the Hearst Corporation, a global media, information, and services company. With regard to the allegations concerning Hearst and *Esquire*'s circulation and reach, Defendants observe that, in this paragraph, Plaintiffs link to a publicly available document; Hearst refers Plaintiffs and the Court to the document for its true content and meaning, and otherwise denies the allegations. Hearst denies that it "operates multiple active websites that target Iowans." Hearst lacks knowledge or information sufficient to form a belief as to the truth of the allegation that it has "hundreds of thousands of print and digital subscribers, followers and viewers who live and work in Iowa, and has sold millions of copies of *Esquire* to Iowans," and therefore denies these allegations. Hearst admits that it published online the article at issue in this action on September 30, 2018. Defendants deny all remaining allegations in this paragraph.

9. Denied. Plaintiffs misstate the record that has developed in this case, and Defendants reserve all rights concerning Plaintiffs' false allegations in this paragraph.

## Jurisdiction and Venue

10. This paragraph consists of legal conclusions to which no response is required, but to the extent a response is required, Defendants admit these allegations.

11. This paragraph consists of legal conclusions to which no response is required, but to the extent a response is required, Defendants deny these allegations. Defendants do not dispute that this Court may exercise personal jurisdiction over each of them.

12. This paragraph consists of legal conclusions to which no response is required, but to the extent a response is required, Defendants deny the allegations of the second sentence of this paragraph. That said, Defendants do not dispute that venue is proper in this District in this Court.

## Statement of the Facts

A. <u>Knowledge of Falsity</u>

13. Defendants admit that Lizza traveled to Sibley, Iowa in August 2018. Defendants deny all remaining allegations in this paragraph. Plaintiffs misstate the record that has developed in this case, and Defendants reserve all rights concerning Plaintiffs' false allegations in this paragraph.

14. Defendants admit that Lizza has interviewed the source identified in this paragraph, and that at least some of those interviews were recorded. In this paragraph, Plaintiffs misstate the record that has developed in this case and take statements wildly out of context. Defendants deny the allegations in this paragraph, and reserve all rights concerning Plaintiffs' false allegations in this paragraph.

15. Defendants admit that Lizza has interviewed the source identified in this paragraph, and that this interview was recorded. In this paragraph, Plaintiffs misstate the record

that has developed in this case and take statements wildly out of context. Defendants deny the allegations in this paragraph, and reserve all rights concerning Plaintiffs' false allegations in this paragraph.

16. Denied. Plaintiffs misstate the record that has developed in this case, and Defendants reserve all rights concerning Plaintiffs' false allegations in this paragraph.

17. Lizza admits that he took notes and communicated with sources. Defendants deny all other allegations in this paragraph. Plaintiffs misstate the record that has developed in this case, and Defendants reserve all rights concerning Plaintiffs' false allegations in this paragraph.

B. Publication and Republication

18. Hearst admits that it published the article at issue in this action, which is entitled "Devin Nunes's Family Farm is Hiding a Politically Explosive Secret" (the "Article") in *Esquire* Magazine. Hearst admits that the Article was published on the Esquire.com website on September 30, 2018, and that it was and is accessible by following the hyperlink that is included in this paragraph. Hearst admits that the Article appeared in the November 2018 print edition of *Esquire* magazine. Hearst admits that the words "Milking the System" appear in the print version, along with the text, "So why did [Devin Nunes's] parents and brother cover their tracks after quietly moving the farm to Iowa? Are they hiding something politically explosive?," together with other text. Defendants deny all remaining allegations in this paragraph.

19. Lizza admits that he tweeted a hyperlink to the Article as it appeared on Esquire.com, but Defendants deny that this constitutes a "republi[cation]" of the underlying article under applicable state law, and deny all remaining allegations in this paragraph.

20. Lizza denies that he and his girlfriend, Olivia Nuzzi, "discussed and coordinated ways to increase the breadth of the publication," and he denies that there was an "agree[ment]" between him and Nuzzi "to tweet out the Article to her 200,000 followers." Plaintiffs have included these allegations without any evidentiary support, and Defendants reserve all rights concerning Plaintiffs' false allegations in this paragraph. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and therefore deny them.

21. Denied. Plaintiffs misstate the record that has developed in this case, and Defendants reserve all rights concerning Plaintiffs' false allegations in this paragraph.

22. Hearst admits that it posted a hyperlink on the @Esquire Twitter account to the Article as it appeared on Esquire.com, but Defendants deny that any such posting constitutes a "republi[cation]" of the underlying article under applicable state law. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations regarding the activities of the @JayFielden Twitter account, and therefore deny them. Defendants deny all remaining allegations in this paragraph.

23. Lizza admits that he posted a hyperlink to the Article on his Twitter account as it appeared on Esquire.com, but Defendants deny that any such posting constitutes a "republi[cation]" of the underlying article under applicable state law, and Defendants deny all remaining allegations in this paragraph.

24. Hearst admits that it posted a hyperlink on the @Esquire Twitter account to the Article as it appeared on Esquire.com, but Defendants deny that any such posting constitutes a "republi[cation]" of the underlying article under applicable state law, and Defendants deny all remaining allegations in this paragraph.

25. Lizza admits that he posted a hyperlink to the Article on his Twitter account as it appeared on Esquire.com, but Defendants deny that any such posting constitutes a "republi[cation]" of the underlying article under applicable state law. Lizza lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Devin's criticism of House Democrats, and therefore deny these allegations. Defendants deny all remaining allegations in this paragraph.

26. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny these allegations.

C. <u>The False Statements And Why They Are False</u>

27. Defendants admit the Article includes the words that are quoted in this paragraph, but observe that Plaintiffs have omitted many sentences and words from the quoted paragraphs from the Article, and refer Plaintiffs and the Court to the Article for the accurate quotation and its full context and meaning. Defendants deny all remaining allegations in this paragraph. Plaintiffs take matters out of context and misstate the record, and Defendants reserve all rights concerning Plaintiffs' false allegations in this paragraph.

D. <u>Defamation by Implication</u>

28. This paragraph consists of legal conclusions to which no response is required, but to the extent a response is required, Defendants deny these allegations. Defendants refer Plaintiffs and the Court to the Article for its full context and meaning.

29. This paragraph consists of legal conclusions to which no response is required, but to the extent a response is required, Defendants deny these allegations. Defendants refer Plaintiffs and the Court to the Article for its full context and meaning.

30. This paragraph consists of legal conclusions to which no response is required, but to the extent a response is required, Defendants deny these allegations. Defendants refer Plaintiffs and the Court to the Article for its full context and meaning.

31. This paragraph consists of legal conclusions to which no response is required, but to the extent a response is required, Defendants deny these allegations. Defendants refer Plaintiffs and the Court to the Article for its full context and meaning.

32. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in footnote two, and therefore deny these allegations. Defendants deny all other allegations in this paragraph. Further, this paragraph contains legal conclusions to which no response is required, but to the extent a response is required, Defendants deny these allegations.

33. Denied. Plaintiffs take matters out of context and misstate the record, and Defendants reserve all rights concerning Plaintiffs' false allegations in this paragraph. Defendants refer Plaintiffs and the Court to the Article for its full context and meaning.

E. <u>Readers Understood the Article to convey a Defamatory Meaning</u>

34. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore deny them.

F. <u>The False And Defamatory Statements Are Of Or Concerning Plaintiffs</u>

35. Defendants admit that Plaintiffs are identified in the Article. Defendants deny all remaining allegations in this paragraph. Defendants refer Plaintiffs and the Court to the Article for its full context and meaning.

36. Defendants admit that Plaintiffs are identified in the Article. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's generic

allegation that "recipients of the Article understood that it was referring to Plaintiffs explicitly in a defamatory way," and therefore deny these allegations. Defendants deny all other allegations in this paragraph. Defendants refer Plaintiffs and the Court to the Article for its full context and meaning.

G. <u>Negligent Breach Of The Standard Of Care</u>

    37. Denied.

    38. Denied. Plaintiffs take matters out of context and misstate the record, and Defendants reserve all rights concerning Plaintiffs' false allegations in this paragraph.

    39. Denied. Plaintiffs' allegations are not supported by the record in this case and lack any evidentiary support, and Defendants reserve all rights concerning Plaintiffs' false allegations in this paragraph.

H. <u>Actual Malice</u>

    40. This paragraph consists of legal conclusions to which no response is required, but to the extent a response is required, Defendants deny these allegations. Plaintiffs take matters out of context and misstate the record, and Defendants reserve all rights concerning Plaintiffs' false allegations in this paragraph.

I. <u>Plaintiffs Suffered Actual Injury And Damages</u>

    41. Denied.

    42. Denied.

    43. Denied.

    44. Prior to filing this action, Plaintiffs notified Hearst, but not Lizza, that they took issue with multiple statements in the Article. Through counsel, Hearst asked for Plaintiffs to explain why each of the challenged statements were false. Plaintiffs did not respond to this

request from Defendants' counsel, and instead filed this lawsuit. Hearst has not retracted any statements in the Article, and it stands by the reporting in the Article. Except as so admitted, Defendants deny all allegations in this paragraph.

## Count I – Defamation

45. Defendants incorporate by reference their responses to all preceding paragraphs of the Complaint as if fully set forth herein. This paragraph fails to state any allegation of fact and is therefore denied.

46. This paragraph consists of legal conclusions to which no response is required, but to the extent a response is required, Defendants deny these allegations.

47. This paragraph consists of legal conclusions to which no response is required, but to the extent a response is required, Defendants deny these allegations. Defendants deny that sharing a hyperlink to the Article constitutes a "republi[cation]" of the underlying article under applicable state law. Plaintiffs' allegations are not supported by the record in this case and lack any evidentiary support, and Defendants reserve all rights concerning Plaintiffs' false allegations in this paragraph.

48. This paragraph consists of legal conclusions to which no response is required, but to the extent a response is required, Defendants deny these allegations.

49. Denied.

50. This paragraph consists of legal conclusions to which no response is required, but to the extent a response is required, Defendants deny these allegations.

51. Denied.

## Count II – Defamation by Implication

52. Defendants incorporate by reference their responses to all preceding paragraphs of the Complaint as if fully set forth herein. This paragraph fails to state any allegation of fact and is therefore denied.

53. This paragraph consists of legal conclusions to which no response is required, but to the extent a response is required, Defendants deny these allegations.

54. Denied. Plaintiffs take matters out of context and misstate the record, and Defendants reserve all rights concerning Plaintiffs' false allegations in this paragraph.

55. This paragraph consists of legal conclusions to which no response is required, but to the extent a response is required, Defendants deny these allegations.

56. Denied.

## Conclusion and Request for Relief

Defendants deny any factual allegations contained in any paragraph or un-numbered heading of the Complaint, except as expressly admitted above. Defendants also deny that Plaintiffs are entitled to any of the relief requested in the Request for Relief.

## Defenses

As and for separate and distinct defenses (the statement of a defense hereafter does not assume the burden of proof for any issue as to which applicable law places the burden on Plaintiffs), Defendants allege as follows:

1. The Complaint fails to state a claim upon which relief can be granted.

2. Only two claim remains in this case—specifically, "a claim that defendants defamed plaintiffs by falsely alleging that they knowingly employed undocumented workers," and that that they conspired with others to hide that. *See* ECF Nos. 50 (order granting in part

Defendants' Motion to Dismiss), at 42, and ECF No. 187 (order granting in part Plaintiffs' motion for leave to amend complaint), at 31-35 (the "Remaining Claims"). To the extent the Complaint alleges any other claims, they have already been adjudicated by the Court and found to be meritless.

3. Any express and/or implied statements at issue in the Remaining Claims are not "of and concerning" Anthony Jr. or Anthony III.

4. Any express and/or implied statements at issue in the Remaining Claims are true or substantially true.

5. The Remaining Claim constitutes protected opinion or fair comment and criticism or otherwise is covered by state law or common law privilege.

6. Plaintiffs, public figures, cannot prove, by clear and convincing evidence, that Defendants acted with actual malice toward the facts in connection to the Remaining Claims— that is, with knowledge of falsity or reckless disregard for the truth.

7. Plaintiffs' claim is barred because Defendants did not make any express and/or implied statements at issue in the Remaining Claims with negligence, or with any degree of fault that may be applicable.

8. Plaintiffs' claim against Defendants is barred under the doctrine of incremental harm.

9. Any express and/or implied statements at issue in the Remaining Claims are protected by and privileged under the First Amendment to the Constitution of the United States and any applicable state constitutions.

10. Plaintiffs did not request a retraction in compliance with the Iowa retraction statute, so Plaintiffs' recovery is limited to actual damages.

11. Plaintiffs did not suffer actual, special, exemplary, or any other damages as a result of the publication(s) of which they complain, and without limitation, the purported publication of the Remaining Claims.

12. To the extent Plaintiffs have been harmed, that harm was caused by individuals or entities other than Defendants or an individual or entity within Defendants' control.

13. To the extent Plaintiffs have been harmed, they have failed to mitigate their damages.

14. To the extent Plaintiffs have been harmed, any damages they have suffered were the result of intervening or superseding cause(s).

15. Plaintiffs' conduct was the cause and/or contributed to their alleged damages, if any, and therefore Plaintiffs are barred from recovery or any award must be proportionately diminished.

16. Plaintiffs' claim is barred in whole or in part by the doctrines of waiver, laches, estoppel, and/or unclean hands.

17. Plaintiffs' claim for punitive damages is barred and/or limited under the United States Constitution and the constitutions and statutes of the States of Iowa and California.

18. Defendants presently have insufficient knowledge or information upon which to form a belief as to whether there may be other, as yet unstated, defenses available to them, and therefore expressly: (a) reserve the right to amend or supplement their Answer, defenses, and all other pleadings; and (b) reserve the right to assert any and all additional defenses under any applicable law in the event that discovery indicates such defenses would be appropriate.

| January 18, 2022 | **Ryan Lizza and Hearst Magazine Media, Inc., Defendants** |
|---|---|
| | By: /s/ Jonathan R. Donnellan |
| | Jonathan R. Donnellan, *Lead Counsel*\* |
| | jdonnellan@hearst.com |
| | Ravi V. Sitwala* |
| | rsitwala@hearst.com |
| | Nathaniel S. Boyer* |
| | nathaniel.boyer@hearst.com |
| | Sarah S. Park* |
| | sarah.park@hearst.com |
| | Nina Shah* |
| | nina.shah@hearst.com |
| | Kristen Hauser* |
| | khauser@hearst.com |
| | THE HEARST CORPORATION |
| | Office of General Counsel |
| | 300 West 57th Street |
| | New York, New York 10019 |
| | Telephone: (212) 841-7000 |
| | Facsimile: (212) 554-7000 |
| | *Admitted Pro Hac Vice* |
| | |
| | Michael A. Giudicessi |
| | michael.giudicessi@faegredrinker.com |
| | Nicholas A. Klinefeldt |
| | nick.klinefeldt@faegredrinker.com |
| | Susan P. Elgin |
| | susan.elgin@faegredrinker.com |
| | FAEGRE DRINKER BIDDLE & REATH LLP |
| | 801 Grand Avenue, 33rd Floor |
| | Des Moines, Iowa 50309-8003 |
| | Telephone: (515) 248-9000 |
| | Facsimile: (515) 248-9010 |
| | |
| | Scott W. Wright* |
| | scott.wright@faegredrinker.com |
| | FAEGRE DRINKER BIDDLE & REATH LLP |
| | 2200 Wells Fargo Center/90 S. 7th Street |
| | Minneapolis, Minnesota 55402 |
| | Telephone: (612) 766-7000 |
| | Facsimile: (612) 766-1600 |
| | *Admitted Pro Hac Vice* |
| | |
| | *Attorneys for Defendants* |

## Certificate of Service

The undersigned certifies that a true copy of **Defendants' Answer to Plaintiffs' Third Amended Complaint** was served upon the following parties by ECF on January 18, 2022.

/s/ Jonathan R. Donnellan

Original to:

William F. McGinn
 bmcginn@themcginnlawfirm.com

Steven S. Biss
 stevenbiss@earthlink.net

*Attorneys for Plaintiffs*